**DONALD W. COOK**, CSB 116666
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
manncook@earthlink.net
(213) 252-9444 / (213) 252-0091 facsimile

**CYNTHIA ANDERSON-BARKER**, CSB 175764
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
(213) 381-3246
E-Mail: cablaw@hotmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMYA BREWSTER, individually and as class representative,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, individually and in his official capacity, and Does 1 through 10,<br><br>       Defendants. | Case No.<br><br>**CLASS ACTION CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Injunctive Relief (42 U.S.C. § 1983)<br>2. Damages (42 U.S.C. § 1983)<br><br><u>DEMAND FOR JURY TRIAL</u> |

## I.      JURISDICTION

1. Plaintiff's claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff's claims arise out of, *inter alia*, acts of the City of Los Angeles and the Los Angeles Police Department, acts which occurred in the City of Los Angeles. Accordingly, venue is proper within the Central District of California.

///

00099758.WPD

## II.    PARTIES.

3. Plaintiff Lamya Brewster, an individual, is and was at all times relevant hereto, a resident of the County of San Bernardino.

4. Defendant City of Los Angeles ("City") is a municipal corporation organized and existing under the laws of the State of California. Defendant LAPD is a public entity within the meaning of California law, and is a City agency.

5. Defendant Chief Charlie Beck ("Beck"), an individual is and was, at all times relevant hereto, the LAPD police chief and a policymaker for his department. He is sued in both his individual and official capacities.

6. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES, and therefore sues these defendants by fictitious names.  Plaintiff will give notice of their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

7. The complained of acts and omissions were performed by persons within the course and scope of employment with their employers, City and/or LAPD. All acts and omissions were under color of state law.

## III.    FACTS COMMON TO ALL CLAIMS

A. *LAPD Vehicle Impound Policy.*

8. Plaintiff is informed and believes and based thereon alleges that defendants City, LAPD and Beck have promulgated an official policy, hereinafter "Impound Policy," by which an LAPD officer may direct or cause a vehicle to be seized then impounded for 30 days whenever the officer concludes one or more of the following conditions exist:

A. The vehicle's driver has never been issued a driver's license and has one or more prior citations and/or convictions of Cal. Veh. Code § 12500 (driving

without valid license); or

    B. The driver's license for the vehicle's driver is suspended or revoked; or

    C. The driver can only drive a vehicle with a functioning, certified interlock device, and the vehicle the driver is driving lacks such a device.

9. Under the Impound Policy, when the vehicle is impounded for 30 days, the LAPD bars the vehicle's owner from reclaiming possession of her vehicle and instead, directs that the vehicle be held at a tow yard designated by the LAPD. The Impound Policy prohibits the vehicle's owner from reclaiming possession even though (a) the owner is a validly licensed driver, or has available to drive the vehicle a licensed driver, (b) is willing and able to reclaim possession, (c) the owner has the statutorily required vehicle insurance, (d) is tending payment of accrued administrative fees and storage charges, (e) the vehicle is not posing a danger to public safety and (f) the owner is not at fault for whatever defect in the vehicle's driver's license status that caused the seizure and 30 day impound.

10. Under the Impound Policy, both the initial vehicle seizure and subsequent 30 day vehicle impoundment are made without a warrant or judicial review of any type.

11. During the 30 days or more the vehicle is impounded, vehicle storage charges are accruing which, per the Impound Policy, must be paid in full before the vehicle will be released even though the 30 day impound period has expired. If not paid, the privately-owned storage yard will sell the vehicle at a lien sale to satisfy the unpaid storage charges and administrative fees. If the amount recovered by the lien sale is insufficient to pay outstanding storage charges and administrative fees, the vehicle's (former) registered owner remains liable to the tow yard for the difference. Typically, following a 30 day vehicle impound administrative fees and storage charges add up to about $1500 to $1800.

///

00099758.WPD

B. *The Seizure and 30 Day Impound Of Plaintiff's Vehicle.*

12. Plaintiff is the registered owner of a 2010 Chevrolet Impala ("Impala").

13. On Monday, October 27, 2014, Plaintiff drove into Los Angeles to stay overnight in Los Angeles for an October 28, 2014 medical appointment for Plaintiff's six year old daughter "M." M was scheduled for evaluation and possible surgery for removal of a brain tumor. The medical facility was Kaiser Permanente hospital on Sunset Boulevard in Hollywood ("Kaiser").

14. On Tuesday, October 28, 2014, Plaintiff and her daughter were at Kaiser for M's evaluation and treatment. With Plaintiff were family members and friends. Because of unexpected complications, Kaiser personnel concluded M's surgery would be postponed for a few weeks. Before Plaintiff could leave Kaiser, Plaintiff's brother-in-law Yonnie Percy and others decided to go to a nearby Chipotle restaurant. With Plaintiff's permission, Percy left driving the Impala. With Percy were two passengers, both licensed California drivers. When Percy left Kaiser, Plaintiff did not know, and had no reason to know, that Percy's driver's license had been suspended on account he had not appeared in court on a minor traffic ticket for a moving violation.

15. As Percy, driving the Impala, was about to pull into the parking lot for the Chipotle restaurant near Sunset Boulevard and Stanley Avenue, LAPD officers effected a traffic stop. As justification for the traffic stop, an officer would later claim Percy had failed to stop behind a stop line and instead drove over it and stopped. During the course of the traffic stop the LAPD officers learned, via their official information systems, that Percy's driver's license was suspended. Thereupon, pursuant to the Impound Policy the officers seized the Impala and directed that it be impounded for 30 days. The officers made this decision even though Percy and/or the Impala's two passengers were telling the officers the passengers were licensed drivers and could and would lawfully drive the Impala to a safe and legal location. The officers also ignored Percy and the two

-4-

00099758.WPD

passengers telling the officers that Plaintiff, the Impala's registered owner, was but a few minutes away at Kaiser, was reachable via her cell phone, and could be there in minutes to take possession of the Impala.

16. Shortly after the traffic stop, Plaintiff learned, via a phone call she received on her cell phone, the officers were going to seize and tow the Impala. After first insuring her daughter was cared for, Plaintiff called for a taxi and left Kaiser. A few minutes later, Plaintiff arrived at the traffic stop's location. By this time, the Impala had already been towed from the scene at the direction of the LAPD officers. Percy was present and the two passengers were also present. Because Plaintiff identified herself as the Impala's registered owner, an Officer Garcia gave her a form, called "CHP 180," that per the Impound Policy, an officer prepared to document the Impala's seizure. Garcia told Plaintiff the vehicle would be impounded for 30 days during which she could *not* reclaim possession. In so many words, Garcia told Plaintiff she could reclaim possession after expiration of the 30 days and provided she paid all accrued administrative fees and storage charges.

17. The October 28, 2014 seizure of the Impala was without a warrant. Plaintiff is informed and believes and based thereon alleges, that at no time up to and including the present, has the LAPD obtained or even sought a warrant to justify either (a) the Impala's initial seizure, or (b) impounding it for 30 days.

18. At all times since arriving at the scene of the traffic stop, Plaintiff is willing and able to take possession of the Impala but cannot do so on account of the Impound Policy.

19. On October 31, 2014, Plaintiff, through her legal representative, made demand on the LAPD to release the Impala to Plaintiff because she is (a) the registered owner, (b) a licensed California driver, (c) the vehicle does not pose a traffic or safety hazard, (d) the LAPD was depriving Plaintiff of her property without a warrant, and (e)

-5-

00099758.WPD

Plaintiff was willing to pay the charges and fees accrued to-date. The LAPD, however, refuses to release the Impala.

20. Presently, the Impala is held in an LAPD-designated privately-owned vehicle storage yard. Pursuant to the Impound Policy, the storage yard will not release the Impala to Plaintiff unless an appropriate LAPD official authorizes the Impala's release. But pursuant to the Impound Policy, the LAPD refuses to authorize the Impala's release. Plaintiff is informed and believes and based thereon alleges, that pursuant to the Impound Policy the LAPD has no intention of seeking a warrant justifying impounding the Impala for 30 days, an ongoing seizure that is occurring over Plaintiff's protests and requests that she be allowed to reclaim possession.

## IV. CLASS ACTION ALLEGATIONS – PLAINTIFF'S CLASSES.

21. Plaintiff bring this action on her own behalf, and on behalf of the class of all persons similarly situated, pursuant to Rule 23, Federal Rules of Civil Procedure.

22. There is an "Injunctive Relief Class" as defined under Rule 23(b)(2) to include all registered owners whose vehicles are presently being held in a 30 day impound without warrants and pursuant to the LAPD's Impound Policy, or who may in the future have their vehicles so seized/impounded. This class seeks an injunction commanding defendants, and each of them, to immediately release vehicles not held pursuant to a warrant, to either the vehicle's registered owner or to a licensed driver designed by the registered owner who can drive the vehicle lawfully, and after payment of reasonable fees and/or storage charges accrued. Plaintiff is the proposed Class Representative for the Injunctive Relief Class.

23. There is a "Damages Class" as defined by Rule 23(b)(3), consisting of those vehicle owners whose vehicles were seized and impounded for 30 days pursuant to the LAPD Impound Policy and held for 30 days without warrants, at any time from two years from before this lawsuit was filed and up to the present. Plaintiff is the proposed

Class Representative for the Damages Class.

24.  On information and belief, the Injunctive Relief Class numbers at least in the hundreds while the Damages Class numbers in the thousands. The members of the classes are so numerous that joinder is impracticable.

25. The classes are ascertainable because defendants maintain paper and computer records tracking and identifying every vehicle seized under the Impound Policy, including the registered owner (name and address), vehicle description, date and location where the vehicle was seized, where the vehicle is being held, whether the vehicle is being impounded for 30 days without a warrant, the date the vehicle was released, whether it was sold at a lien sale and for how much, and the amounts paid for administrative fees and storage charges, and who paid these charges.

26. Questions of law and fact common to each class include:

A. Whether the Impound Policy is  constitutional, under either the Fourth Amendment, the Eighth Amendment, the Fifth Amendment and the Fourteenth Amendment.

B. Whether the Impound Policy violates the Fourth Amendment by directing a vehicle seize for 30 days without a warrant and in the absence of justification for the warrantless seizure.

C. Whether the Impound Policy violates the Fourth Amendment by directing a 30 day impound, without a warrant, of a vehicle in the absence of justification for the warrantless seizure.

D. Whether Defendants maintain any records which can justify the warrantless seizures of vehicles without consent, by showing exigent circumstances, emergency or the community caretaking doctrine.

27. Plaintiff's claims are typical of the claims of members of each class on whose behalf she acts as a class representative, in that as with each class member, Plaintiff's

vehicle was seized and impounded without a warrant and pursuant to the Impound Policy. As with each class member, Plaintiff is willing and able to safely and lawfully reclaim possession of her vehicle but for the Impound Policy's mandatory requirement of a 30 day impound.

28. Plaintiff will fairly and adequately protect the interests of each class on whose behalf she is acting as a class representative. Plaintiff has no interest which is now or may be potentially antagonistic to the interests of each class on whose behalf they are acting as a class representative. As with all class members, Plaintiff's vehicle was seized without a warrant and impounded for 30 days pursuant to the Impound Policy. As with all class members, Plaintiff seeks to reclaim possession of her vehicle immediately. The attorneys representing the Plaintiff are experienced civil rights attorneys, and are considered able practitioners in federal constitutional and statutory adjudications.

29. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(A), prosecutions of separate actions by individual members of each class would create a risk that is inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

30. In accordance with Fed.R.Civ.P. Rule 23(b)(1)(B), prosecutions of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

31. The Damages Class qualifies for certification pursuant to the provisions of Fed.R.Civ.P. Rule 23(b)(3) in that 1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and 2) this class action is superior to other available methods for the fair and efficient adjudication of the controversy between the parties.

00099758.WPD

32.   Plaintiff is informed and believes and thereon alleges that the interests of members of each class in individually controlling the prosecution of a separate action are low. Most class members would be unable to individually prosecute any action at all. Plaintiff is informed and believes and thereon alleges that the amounts at stake for individuals are so small that separate suits would be impracticable. Plaintiff is informed and believes and thereon alleges that most members of the class will not be able to find counsel to represent them.

33.   Plaintiff is informed and believes and thereon alleges it is desirable to concentrate all litigation in one forum because the Impound Policy is a Los Angeles City-wide policy presumptively enforced by LAPD as against all drivers and owners within LAPD jurisdiction. It would consume undue and unnecessary resources to litigate the identical issues in different forums.

34. Liability can be determined on a class-wide basis regarding what provisions of the Impound Policy are lawful. For instance, if it is determined that the 30 day impound is a "seizure" within the meaning of the Fourth Amendment, and it is further determined that defendants cannot justify a 30 day vehicle impound made without a warrant for *any* vehicle so seized (because, as of the point that the vehicle is in a storage yard by definition it posses no hazard and community caretaking has been satisfied), then the 30 day impound of every class member vehicle violated the Fourth Amendment.

35.   To the extent it is determined that notice is required for the Plaintiff Class, then, class members will be identified by the records of Defendants.

## VI. APPROPRIATENESS OF EQUITABLE RELIEF.

36. Plaintiff and Injunctive Relief Class members do not have an adequate remedy at law for the injuries alleged herein. The continuing enforcement of the Impound Policy violates Plaintiff's and class members Fourth Amendment rights guaranteeing that all

seizures must be reasonable, and causes continuing, sweeping and irreparable harm to Plaintiff and class members by the ongoing deprivation of their vehicles, property that is essential for Plaintiff and class members' livelihood and necessities of life, e.g., transporting children to hospitals. Plaintiff is required to drive into Los Angeles to transport her daughter for essential medical treatment, and is often accompanied by family members given the gravity of the situation. Thus, the situation that occurred on October 28, 2014, may repeat itself. Indeed, on Saturday, November 1, Plaintiff's daughter had to be transported by ambulance to Los Angeles for admittance into Kaiser on account of an emergency caused by the tumor.

37. Plaintiff and Injunctive Relief Class members are also entitled to declaratory relief with respect to the constitutionality of the Impound Policy, and an injunction preventing the enforcement of those aspects determined to be unconstitutional. Such relief is necessary in that an actual and substantial controversy exists between Plaintiff and class members, who contend that the Impound Policy is unconstitutional, and Defendants, who deny such contention and enforce its provisions. Without such a declaration and injunction, Plaintiff faces the ongoing threat of its enforcement.

38. Injunctive relief does not raise any mootness issues because the harm alleged may be revisited on the class where it is capable of repetition, yet evading review due to the transitory nature of Plaintiffs' claims. *County of Riverside v. McLaughlin*, 500 U.S. 44, 51-52 (1991).

## COUNT ONE

Injunctive Relief Barring Unlawful 30 Day Impoundment

(Against All Defendants)

(42 U.S.C. § 1983)

39. By this reference, Plaintiff, on behalf of herself and members of the Injunctive Relief Class, re-alleges and incorporates all previous and following

00099758.WPD

paragraphs as if fully set forth herein.

40.   The present ongoing impoundment for 30 days and without a warrant of vehicles belonging to Plaintiff and members of the Injunctive Relief Class do not meet the requirements of the community caretaking doctrine, i.e., the vehicles do not present a threat to public safety. Specifically, the impounded vehicles presently do not "impede traffic, threaten public safety, or be[come] subject to vandalism," *Miranda v. City of Cornelius*, 429 F.3d 858, 862-65 (9th Cir. 2005). Meanwhile, Plaintiff and Injunctive Relief Class members are willing and able to lawfully reclaim possession, and seek possession of their vehicles, but are denied possession on account of the Impound Policy.

41. The 30 impoundment of vehicles pursuant to the Impound Policy even when there was an available driver with a valid driver's license to drive the car away from the storage yard and the owner is prepared to pay the accrued storage fee, violates the Fourth Amendment to the United States Constitution, regardless of whether the initial seizure and removal of the vehicle was constitutionally valid or not.

42. The acts alleged herein were the product of a custom, practice and/or policy of the Defendants, which custom, practice and/or policy caused the constitutional violation alleged herein.

## COUNT TWO

Damages Claim Against All Defendants

(42 U.S.C. §1983)

43.   By this reference, Plaintiff, on behalf of herself and members of the Damages Class, re-alleges and incorporates all previous and following paragraphs as if fully set forth herein.

44.   The 30 day impoundments of vehicles belonging to Plaintiff and members of the Damages Class where such impoundments were made without a warrant, did not

00099758.WPD

meet the requirements of the community caretaking doctrine, i.e., during the 30 day impoundment the vehicles do not present a threat to public safety, violated the Fourth Amendment to the United States Constitution, thereby entitling Plaintiff and class members to recover compensatory damages proximately caused by the 30 day impoundments.

45. The acts alleged herein were the product of a policy or custom of the Defendants, which policy or custom caused the constitutional violation alleged herein.

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

*On The First Cause of Action:*

46. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(2) as a class action on behalf of a class of Plaintiff composed of the Injunctive Relief Class described above;

47. That the Court issue a declaration that the Impound Policy, in the respects set forth herein, is unconstitutional on its face and of no force or effect. Specifically, that this Court declare that the Impound Policy is facially unconstitutional to the extent that it directs a 30 impoundment of a vehicle without a warrant in the absence of consent, exigent circumstances, emergency or community caretaking;

48. That the Court issue a preliminary and permanent injunction on behalf of Plaintiff and class members commanding defendants, and each of them, to release immediately to Plaintiff and class members their respective vehicles, upon proof that Plaintiff and class members can lawfully take possession and drive the vehicles;

*On The Second Cause of Action:*

49. That the Court certify this case pursuant to F. R. Civ. P. 23(b)(3) as a class action on behalf of a class of Plaintiff composed of the Damages Class described above;

50. That this Court award Plaintiff and the class members compensatory damages,

00099758.WPD

1   according to proof;

2        51. That this Court award attorneys fees and costs incurred in this action under

3   42 U.S.C. § 1988, and any other appropriate statute.

4        52. That this Court grant such other and further relief as may be just and proper.

5   DATED: November 2, 2014

6
7                           **DONALD W. COOK**
                              Attorney for Plaintiff

8
9        By_____
                           Donald W. Cook
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on her own behalf and on behalf of the Damages Class.

DATED: November 2, 2014

**DONALD W. COOK**
Attorney for Plaintiff

By_____
Donald W. Cook

00099758.WPD