1  **BARRETT S. LITT**, CSB 45527
   KAYE, MCLANE, BEDNARSKI & LITT
2  975 East Green Street
   Pasadena, CA 91106
3  (626) 844-7660 / (626) 844-7670 facsimile
   blitt@kmbllaw.com
4
   **DONALD W. COOK**, CSB 116666
5  ATTORNEY AT LAW
   3435 Wilshire Blvd., Suite 2910
6  Los Angeles, CA 90010
   (213) 252-9444 / (213) 252-0091 facsimile
7  manncook@earthlink.net

   **PAUL L. HOFFMAN**, SBN 071244
   **CATHERINE SWEETSER**, SBN 271142
   SCHONBRUN DESIMONE SEPLOW HARRIS & HOFFMANN LLP
   11543 W. Olympic Blvd.
   Los Angeles, CA 90064
   (310) 396-0731 / (310) 399-7040 facsimile
   hoffpaul@aol.com
   csweetser@sshhlaw.com

8  Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMYA BREWSTER and ELIAS ARIZMENDI, individually and as class representatives,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, individually and in his official capacity, and Does 1 through 10,<br><br>Defendants. | Case No. EDCV 14-2257 JGB (SPx)<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**<br><br>Date: N/A<br>Time: N/A<br>Ctrm: 1 (Riverside)<br><br>DCO: 11/12/18<br>Pretrial: 3/4/19<br>Trial: 3/19/19 |

Pursuant to the stipulation executed by Plaintiffs and Defendants, the Court issues the following protective order:

**A.    ITEMS COVERED BY THIS PROTECTIVE ORDER**

1. The protective order applies only to the following:

   a. The Los Angeles Police Department's Investigation which relates to Plaintiff Lamya Brewster's complaint that her vehicle was unlawfully

1						seized and impounded on October 28, 2014.

2			2.	Should any party wish to stamp any of the above records as "CONFIDENTIAL" that party may not stamp the records in such a way as to cover any written portion of the records. The documents must remain completely legible.

			3.  Birth dates and social security numbers may be redacted from the records produced, which are NOT covered by this protective order.

**B.  USE OF RECORDS**

			1.  Absent further order of the Court, the items covered by this protective order may be used in this case only, including any appeals, and not for any other purpose whatsoever.

			2.   Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

					a.  The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

					b.  Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

					c.  The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

					d.  Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be redacted to omit names, birth dates, social security numbers, and addresses.

			3.  Before any disclosure of the items covered by this protective order, they will inform any person identified in Paragraph 2 above, of the terms of the protective order.

4. If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph 2 above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure. Any such motion must be made in compliance with Local Rule 37. The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's motion is ruled on by the court. If however, the other party does not file its motion within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

5. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiff shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed. This provision does not obligate the Court to act in a certain matter in relation to the confidential documents.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this order should be construed as authorizing or encouraging a

party to disobey a lawful directive from another court.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contains or discloses confidential information shall be filed and maintained under Local Rule 79-5, which governs the filing of documents under seal. If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal; the application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. At the commencement of trial, unless good cause is shown, the terms of the protective order are dissolved, except for the return of the confidential documents to the party providing them at the completion of the case.

9. Any use of Confidential Information at trial, or in open court during pretrial proceedings, shall be governed by the orders of the presiding judge. This order does not govern the use of Confidential Information at trial.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11. This Stipulation may be signed in parts and may be transmitted by facsimile as if it were the original document.

**C. OTHER**

1. The execution of this protective order shall not preclude any party from moving the court for other or further protective orders during this action.

///

///

///

2. This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

***IT IS SO ORDERED.***

DATED: July 30, 2018

_____
**HON. SHERI PYM**
United States Magistrate Judge