UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:

None Present    None Present

**Proceedings:** **(In Chambers) Order Denying Plaintiffs' Motion to Compel Non-Party California DMV to Produce Electronic Data at No Cost to Plaintiffs [149]**

# I. INTRODUCTION

On June 25, 2019, plaintiffs Lamya Brewster, Elias Arizmendi, and Julian Vigil filed a motion to compel non-party California Department of Motor Vehicles ("DMV") to produce computer data in response to plaintiffs' subpoena duces tecum, without plaintiffs being required to pay for the costs of such production as determined by the California Legislature. The motion is supported and opposed in a Joint Stipulation ("JS"). Plaintiffs' arguments are supported by the declarations of Donald W. Cook ("Donald Decl.") and Dwight W. Cook ("Dwight Decl."), and exhibits thereto. The DMV's arguments are supported by the declaration of James Woodward ("Woodward Decl."). The DMV filed a supplemental memorandum ("DMV Suppl. Mem.") on July 2, 2019.

The court has considered the papers submitted and held a hearing on July 16, 2019. For the reasons discussed below, the court now denies plaintiffs' motion to the extent they seek the requested information without payment.

# II. BACKGROUND

The instant motion concerns plaintiffs' May 16, 2019 subpoena to the DMV. The subpoena requests the following:

> DMV electronically recorded data reflecting vehicle owners names & addresses, as matched to the vehicle license plate number with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

corresponding date, and vehicle identification number (VIN) and corresponding date, per attached TXT files (provided on DVD).

JS, Ex. A.

The DMV is generally prohibited from disclosing personal information by California Vehicle Code § 1808.21(a), but § 1808.22 allows exceptions for attorneys. Cal. Veh. Code §§ 1808.21(a), 1808.22. An attorney is allowed to access the DMV's database if the attorney states the information is necessary in order to represent a client "in a criminal or civil action that directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated." Cal. Veh. Code § 1808.22(d). In order to obtain this information, an attorney must first submit an application to open a Commercial Requester Account, which must include certain basic information. JS at 12; *see* 13 C.C.R. § 350.16(a). A filing fee of $250 is required for such an application. 13 C.C.R. § 350.22(a).

If the DMV approves the application, which the DMV indicates it would do here on an expedited basis, and the requester posts a $50,000 bond, the DMV and the requester enter into a Commercial Requester Account Agreement. JS at 12; 13 C.C.R. § 350.24. The $50,000 bond is required by Cal. Veh. Code § 1810.2(c). The bond is conditioned that the applicant shall: (1) pay the state for application fees and department costs related to the release or access of information from DMV records; and (2) pay for any loss or damage to the state, the department, its officers, and employees arising from the use of the requester account, including obtaining information from the department by means of false or misleading information, using information obtained from the department from any purpose different from the purpose specified in the application for a Commercial Requester Account, and selling, giving, or otherwise furnishing any information obtained from department records to any third party not specifically authorized and approved by the department. 13 C.C.R. § 350.24(a).

The requester is given a commercial requester code, which lets the DMV identify the requester and the end user of the information, and determine whether the information sought to be released is consistent with the requester's stated purpose. JS at 12; *see* 13 C.C.R. § 350.02. Requesters are charged for $2 for each record requested electronically, and are then billed monthly for the requests. 13 C.C.R. §§ 350.44(b)(1), 350.46(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

## III. DISCUSSION

The Joint Stipulation sets out the following issues for the court's consideration: (1) whether plaintiffs should be required to obtain names and addresses through alternative means; (2) whether plaintiffs should be required to pay the statutory cost for obtaining names and addresses from the DMV; (3) whether the subpoena is overbroad and burdensome in calling for the DMV to produce the data outside the statutory procedure; and (4) whether the data is privileged from disclosure. JS at 9-18. But the fourth issue is not actually in dispute; the DMV does not contend the data is privileged from disclosure, and both sides agree a protective order should be entered to bar public dissemination of personal identity information. The first three issues really amount to one central issue: whether plaintiffs must follow the existing state statutory procedure to obtain the DMV records, or may instead obtain these records without payment of the statutory fees.

Plaintiffs argue they should not be required to pay the DMV statutory fees to obtain the names and addresses of the owners whose vehicles were seized by defendants pursuant to California Vehicle Code § 14602.6. JS at 4, 11. Plaintiffs claim there is no actual cost to the DMV when its computer system runs the formatted text file provided by plaintiffs because the process already exists and is automated. *Id.* at 11. Plaintiffs state there are 45,000 class members, meaning the statutory fees for record retrieval would be some $90,000; plaintiffs contend this cost is without merit. *Id.* at 10-11.

Plaintiffs also argue that in a similar pending case involving vehicle seizures by defendants, *Gonzalez-Tzita, et al. v. City of Los Angeles, et al.*, Case No. CV 16-194-FMO (Ex), the court ordered the DMV to produce electronic data to plaintiffs. JS at 5; Donald Decl. ¶ 5, Ex. C. The court ordered the DMV not to require a $50,000 bond, a $200 application fee, or a $2 fee for each record search from plaintiffs. Donald Decl., Ex. E.

The DMV argues these costs are real costs to the DMV, and include the cost to maintain the commercial requester system, assist individuals with requests, and employ the 65 staff members needed. JS at 13; Woodward Decl. ¶¶ 4-5. The DMV maintains the Legislature considered the actual cost to the DMV when enacting the statutory procedure. JS at 13. It argues the statute would be meaningless if a party could use discovery procedures to circumvent the statutory system. *Id.* at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

In its supplemental memorandum, the DMV argues the *Gonzalez-Tzita* matter involved different issues, that is, issues of driver confidentiality and inserting of foreign media into DMV systems. DMV Suppl. Mem. at 4. More importantly, the DMV notes, the discovery there involved only 1,570 records, not the 45,000 at issue here. *Id.*

The DMV's supplemental memorandum also includes a supplemental declaration from Wendy Lang, a Staff Services Manager II at the DMV, which was prepared for the *Gonzalez-Tzita* matter. Lang states it took five to seven minutes to run each record search. Lang Decl. ¶¶ 3-8. Lang also explains various difficulties the DMV encountered when assisting plaintiffs' counsel with the record searches. *Id.* ¶¶ 11-15. Specifically, plaintiffs' data file yielded errors that took DMV staff over 40 hours to fix in order to run the record searches. *Id.* ¶¶ 10-14. The DMV argues Lang's declaration shows the significant work required from DMV staff to run the record searches. DMV Suppl. Mem. at 5.

As an initial matter, the court finds that as a federal court adjudicating enforcement of a federal subpoena, it is not bound by state statutory procedures. This is a civil rights action with federal question jurisdiction, and discovery disputes are governed by the Federal Rules of Civil Procedure. *See also Crenshaw v. Herbert*, 2005 WL 8149043, at *2 (W.D.N.Y. Sep. 9, 2005) (federal courts are not bound by state statutes prohibiting disclosure of personnel files). Nonetheless, the court may – and for the reasons discussed below, here will – take the state statutory scheme into consideration. *See Broussard v. Lemons*, 186 F.R.D. 396, 398 (W.D. La. 1999) (finding in the production of medical facility documents pursuant to a subpoena that although the state statute dictating the costs of copying was "not dispositive, it [did] provide guidance in the assessment of reasonable costs").

Turning to the Federal Rules of Civil Procedure, there is a question as to whether, under these rules, plaintiffs are permitted to evade the legislatively-created procedure to obtain the very records it seeks in this case by serving a federal subpoena in an attempt to avoid paying for the costs of production. Rule 26(b)(2)(C)(ii) states the court must limit discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(ii). The state statutory procedure allows plaintiffs here to obtain the information they seek without participating in the formal federal discovery process. Yet while plaintiffs are seeking to obtain information from the same source, that is, the DMV using functionally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

the same Requester Account procedure as provided in the statutory scheme, they are attempting to avoid paying the statutorily required fees by simply issuing a federal subpoena, making the procedure less expensive for plaintiffs and more for non-party DMV. This is contrary to Rule 26(b)(2)(C)(ii).

Furthermore, pursuant to Rule 45(d)(1), a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). By refusing to pay the statutorily required $90,000, plaintiffs are essentially shifting this cost to California taxpayers. This constitutes an undue burden and expense on the DMV.

In ruling on a motion to compel compliance with a subpoena, Rule 45(d)(2)(B)(ii) requires a court to shift a nonparty's costs if the expense of compliance is "significant." *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("only two considerations are relevant" to the inquiry: "whether the subpoena imposes expenses on the non-party, and whether those expenses are 'significant.'"); *see* Fed. R. Civ. P. 45(d)(2)(B)(ii). If the cost is significant, the "district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" *Id.* (citing *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). The Ninth Circuit has found a $20,000 cost significant. *Id.* at 1185.

Considering these requirements, the court will not quash the subpoena and require plaintiffs to simply obtain the records through the statutorily provided mechanism, but the court also will not permit plaintiffs to evade paying their fair share of the costs of production.[1] At the hearing, plaintiffs suggested they would be willing to pay for whatever time Ms. Lang or another DMV employee spends on the production, but DMV's costs are not so limited. They also include the costs of maintaining and updating the requester system. *See* Woodward Decl. ¶¶ 3-5. While plaintiffs' particular requests

---

[1] The court notes that while plaintiffs were not ordered to pay the costs of production in the *Gonzalez-Tzita* matter, the state statutory scheme was not a principal issue there. Instead, the primary dispute concerned privacy and confidentiality issues. *See Gonzalez-Tzita*, No. CV 16-194, docket no. 109. Further, with only 1,570 records at issue there, the expense of production was far less significant than may be anticipated for the 45,000 records at issue here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

may only incrementally burden the system – apart, of course, from the hours spent by DMV employees reviewing and addressing errors in plaintiffs' requests – the costs of maintaining and updating the system are fairly spread among all requestors.

The California Legislature has established a fee of $2 per record; for the 45,000 sought records, this equates to $90,000. These fees are intended to pay for maintenance of the DMV system and should be borne by all users of the system. Furthermore, in the *Gonzalez-Tzita* matter, DMV staff spent over 40 hours formatting plaintiffs' data file to assist them in obtaining 1,570 records. The instant subpoena concerns 45,000 records, almost 30 times the amount previously sought. While it may not necessarily take DMV staff 1,200 hours to assist plaintiffs in seeking this information, it will undoubtedly take many hours of work by DMV staff. Considering these expenses, the court finds the $2 per record fee established by the Legislature to be a reasonable assessment of the costs to DMV, and one that should fairly be passed on to plaintiffs here. *See Broussard*, 186 F.R.D. at 398.

The state statutory procedure requires a $50,000 bond, but the court will not require a $50,000 bond from plaintiffs because this production of discovery is outside the scope of the state statutes. The same is true of the $250 application fee. The DMV also indicated at the hearing it was amenable to waiving the $50,000 bond and application fee. But as discussed above, the state statutory procedure provides a reasonable assessment of the actual costs to the DMV, and the costs of production are properly shifted to plaintiffs under the Federal Rule of Civil Procedure. Therefore, plaintiffs must pay $2 for each record they seek.

The court notes the current discovery cut-off is July 29, 2019. Although plaintiffs seek these records now in light of the discovery cutoff, they will not really need them unless the class is certified, and therefore they may not wish to incur the expense of obtaining the records at this time. Accordingly, although the court now orders that plaintiffs may obtain these records from DMV by paying the $2 per record cost, they may delay actually obtaining the records until after a determination on class certification if they wish, particularly since the DMV system exists for their access at any time outside of the discovery process. But regardless of when plaintiffs obtain the information, they must pay the costs associated with such production.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2257-JGB (SPx) | Date | July 22, 2019 |
|---|---|---|---|
| Title | Lamya Brewster, et al. v. City of Los Angeles, et al. | | |

## IV. CONCLUSION

Accordingly, plaintiffs' motion to compel the DMV to produce electronic data (docket no. 149) is DENIED to the extent they seek the requested information without payment of the costs of production. Plaintiffs may obtain this data from DMV, but must pay DMV $2 per record. Plaintiffs are also directed to work with DMV and the other parties in this case to reach agreement on a stipulated protective order to protect the personal identity information they seek from public dissemination.