UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 14-2257 JGB (SPx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Lamya Brewster v. City of Los Angeles, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DENYING Plaintiffs' Motion for Review of Magistrate Judge's July 22, 2019 Discovery Order (Dkt. No. 172); and (2) VACATING the September 9, 2019 Hearing (IN CHAMBERS)

Before the Court is Plaintiffs' motion for review of Magistrate Judge Sheri Pym's July 22, 2019 discovery order. ("Motion," Dkt. No. 172.) The Court determines the Motion is appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The hearing scheduled for September 9, 2019 is VACATED.

## I. BACKGROUND

On November 2, 2014, Plaintiff Lamya Brewster filed a class action complaint against Defendants City of Los Angeles, Los Angeles Police Department ("LAPD"), and Police Chief Charlie Beck (collectively, "Defendants") seeking injunctive relief and damages under 42 U.S.C. § 1983. ("Complaint," Dkt. No. 1.) The Complaint alleged Defendants violated Brewster's Fourth Amendment rights by impounding her vehicle pursuant to a policy under which LAPD officers could cause a vehicle to be seized and then impounded for thirty days under certain conditions. (Id. ¶¶ 8, 41, 44.) Additional claims and two new named plaintiffs – Elias Arismendi and Julian Vigil - have since been added.[1] (See Dkt. Nos. 103, 139.)

On May 16, 2019, Plaintiffs served a subpoena duces tecum on non-party California Department of Motor Vehicles ("DMV"), seeking the electronically-stored information of

---

[1] The Court refers to Brewster, Arizmendi, and Vigil collectively as "Plaintiffs."

vehicle owners whose vehicles had been impounded. ("Subpoena," Dkt. No. 149-1 at 30.) On May 29, 2019, the DMV sent a letter to Plaintiffs' counsel asserting a number of objections to the subpoena. ("Objections," Dkt. No. 149-1 at 31–34.) The DMV objected to the subpoena on the following grounds: 1) undue burden/equally-available, 2) privacy/data confidentiality, 3) DMV data protocols, 4) improper location for production, and 5) improper service/lack of notice. (Objections.)

On June 25, 2019, Plaintiffs moved to compel the DMV to produce the requested data. ("Motion to Compel" or "MTC," Dkt. No. 149.) Along with the Motion to Compel, Plaintiffs filed a joint stipulation pursuant to Local Rule 37-2 in which Plaintiffs and the DMV advance their respective arguments. ("MTC Stip.," Dkt. No. 149-1.) Attached to the MTC Stip. was the declaration of James Woodward, Chief of the Information Services Branch of the DMV's Communications Program Division. ("Woodward Decl.," Dkt. No. 149-1 at 28–29.) Plaintiffs argued they should not be required to pay the cost established by state law for obtaining names and addresses from the DMV. (MTC Stip. at 11.) Under the California Vehicle Code, an attorney may request otherwise confidential driver information if that information "is necessary in order to represent his or her client in a criminal or civil action that directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated." Cal. Veh. Code § 1808.22(d). To do so, the attorney must submit a commercial requester account application, accompanied by a $250 filing fee. 13 C.C.R. §§ 350.16(a); 350.22(a). If the application is approved, the requester must then post a $50,000 bond. Id. § 350.24. In addition, requesters are charged $2 for each record requested electronically. Id. § 350.44(b)(1).

On July 22, 2019, Magistrate Judge Pym issued an order denying the Motion to Compel insofar as it sought production of the electronic data at no cost to Plaintiffs. ("Order," Dkt. No. 159.) Magistrate Judge Pym found that the court was not bound by state judicial procedures, and thus that Plaintiffs were not required to pay all costs established by California law. (Id. at 4.) However, she also found "the $2 per record fee established by the Legislature to be a reasonable assessment of the costs to DMV, and one that should fairly be passed on to plaintiffs here." (Id. at 6.) On August 5, 2019, Plaintiffs filed the instant Motion. The DMV filed an opposition on August 19, 2019. ("Opp.," Dkt. No. 176.) Plaintiffs filed a reply on August 26, 2019. ("Reply," Dkt. No. 177.)

## II.  LEGAL STANDARD

A district court has authority to modify or vacate a magistrate judge's pretrial order where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual determinations and discretionary decisions, while legal conclusions are reviewed to determine whether they are contrary to law. Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

Rule 45(d)(1) of the Federal Rules of Civil Procedure provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing

undue burden or expense on a person subject to the subpoena." When the party served with a subpoena objects, the serving party may move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). The court, in ruling on the motion, "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Id. (d)(2)(B)(ii). "Thus, when discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" Legal Voice v. Stormans Inc., 738 F.3d 1178, 1184 (9th Cir. 2013) (citing Linder v. Calero-Portocarrero, 251 F.3d 178, 182 (D.C. Cir. 2001)).

### III. DISCUSSION

Pursuant to California Vehicle Code § 1810 et seq., the DMV maintains the commercial requester account system ("System"), through which "attorneys and other specified individuals and entities" may search for vehicle registration information. (MTC Stip. at 6; Woodward Decl. ¶ 2.) The DMV describes the System as "a comprehensive system for attorneys to request vehicle owner information in connection with pending litigation[.]" (MTC Stip. at 6.) However, commercial requester accounts are also available to other applicants with "a legitimate business need for the information requested." See Cal. Veh. Code § 1810.2. Approximately 65 DMV employees support the System. (Woodward Decl. ¶ 4.) These employees

> facilitat[e] the application process for those seeking commercial requester accounts (including attorneys) and the process for those seeking to renew their requester accounts, assist[] those issued with requester codes with accessing the system, maintain[] the system itself, address[] needs for updates to the data in the system to insure its integrity and accuracy, and investigat[e] allegations of improper use of the data.

Id. ¶ 3.

The central dispute in this Motion is whether the "expense[s] resulting from [the DMV's] compliance" with the subpoena "include the costs of maintaining and updating the requester system," as Judge Pym found and the DMV argues (Order at 5), or are limited to employee time "that would not have been spent but for this subpoena[,]" as Plaintiffs argue (Motion at 10). Magistrate Judge Pym's determination of which types of costs are contemplated by Rule 45(d)(2)(B)(ii) is a legal conclusion, which the Court reviews to determine if it is contrary to law. See Perry, 268 F.R.D. at 348. Plaintiffs contend the cost of maintaining and updating the System is a "sunk cost – it costs what it costs, regardless of whether or not the DMV responds to Plaintiffs' subpoenas." (Motion at 9.) They analogize the costs of maintaining the System to the costs incurred in storing hardcopies of documents or maintaining a copy machine. (Id. at 5.) According to Plaintiffs, such costs constitute the "cost of doing business[,]" not "the actual cost of complying with the subpoena." (Id. at 4, 5.) However,

Plaintiffs provide no authority for the proposition that only those costs that would not have been incurred but for the specific subpoena in question "result from compliance."

The Court agrees that "expense[s] resulting from compliance" cannot reasonably be interpreted to include the DMV's general operating expenses. However, as the DMV points out, "it is the requester system (rather than the DMV's operations broadly) that is supported by the fee[.]" (Opp. at 9.) Rule 45(d)(2)(B)(ii) is susceptible to the interpretation that "expense[s] resulting from compliance" include the costs of maintaining a system specifically designed to accommodate requests of the type made by Plaintiffs here, among others. Plaintiffs cite – and the Court knows of – no authority foreclosing such an interpretation. Accordingly, the Court finds Magistrate Judge Pym's consideration of the costs of maintaining the System among the "expense[s] resulting from compliance" was not contrary to law.

The Court now turns to the question of whether Magistrate Judge Pym's factual determination that the $2-per-record fee was a reasonable assessment of the costs to the DMV was clearly erroneous. In reaching this determination, Magistrate Judge Pym considered Woodward's declaration that the $2 fee "recovers the costs" of "maintaining the system[,] . . . assisting individuals (including attorneys) with requests[,] . . . processing data[,] . . . [and] employing the staff needed to maintain the system[.]" (Woodward Decl. ¶ 5; Order at 5–6.) She also took into account the time expended by DMV staff responding to a similar request in another action. (Order at 6 ("[I]n the *Gonzalez-Tzita* matter, DMV staff spent over 40 hours formatting plaintiffs' data file to assist them in obtaining 1,570 records. The instant subpoena concerns 45,000 records, almost 30 times the amount previously sought. While it may not necessarily take DMV staff 1,200 hours to assist plaintiffs in seeking this information, it will undoubtedly take many hours of work by DMV staff.").) Finally, Magistrate Judge Pym considered that the California Legislature established the $2 fee in order to pay for maintenance to the System. (Id.) As evidence that the Legislature considered the amount of $2 per record to be the actual cost of compliance, the DMV cited the Legislature's statement of its intent "to establish fees for vehicle programs at amounts necessary and sufficient to cover the actual cost of administering the program." (MTC Stip. at 6–7 (quoting Section 23 of Stats. 1982, c. 1273, p. 4705).) The DMV also pointed to the language of Section 1810 of the Vehicle Code, which permits the DMV to charge fees "sufficient to pay at least the actual cost to the department for providing the inspection or sale of the information[.]" (Id. (quoting Cal. Veh. Code § 1810(a)).)[2]

---

[2] Plaintiffs argue Magistrate Judge Pym's decision to require Plaintiffs to pay the $2 per record fee, after determining that the state statutory scheme does not apply to a party serving a subpoena in a federal action, was clearly erroneous. (Motion at 9.) There is no basis in case law or logic for a rule prohibiting federal judges from considering the fees established by a state statutory scheme as evidence of the costs of maintaining the system the fees were established to support. Magistrate Judge Pym was not required to completely ignore the statutory scheme simply because she found the court was not bound by the state statutory procedures. Accordingly, her consideration of the $2 fee established under state law was not clearly erroneous.

As the DMV points out, Plaintiffs presented no evidence to Magistrate Judge Pym contradicting the DMV's evidence that $2 per record represents the actual cost of complying with the subpoena, including the expense of maintaining the System. (See Opp. at 7–8.) Rather, Plaintiffs rely entirely on their argument, addressed above, that maintenance costs cannot constitute part of the costs of compliance. (See generally Reply.) Because Magistrate Judge Pym's determination of that legal issue was not contrary to law, and in light of the evidence presented by the DMV and the lack of evidence to the contrary, the Court concludes Magistrate Judge Pym's finding that the $2-per-record fee was a reasonable assessment of the costs to the DMV was not clearly erroneous. It is undisputed that Plaintiffs seek approximately 45,000 records. (See Motion at 4; Opp. at 1.) Consequently, Magistrate Judge Pym's finding that the cost of compliance to the DMV would be $90,000 was not clearly erroneous.

Plaintiffs do not argue a cost of $90,000 is not "significant" within the meaning of Rule 45(d)(2)(B)(ii).[3] The Court therefore accepts Magistrate Judge Pym's determination – implicit in the Order – that the cost of $90,000 would be significant to the DMV. Under Rule 45(d)(2)(B)(ii), Magistrate Judge Pym was thus required to shift at least part of the costs of compliance to Plaintiffs.[4] See Legal Voice, 738 F.3d at 1184. Accordingly, the decision to shift the $90,000 cost to Plaintiffs was neither clearly erroneous nor contrary to law.

In the alternative, Plaintiffs urge the Court to independently order the DMV to produce the data pursuant to Rule 23(d) of the Federal Rules of Civil Procedure. (Motion at 10.) Plaintiffs rely on Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978), and Soto v. Castlerock Farming and Transport, Inc., 282 F.R.D. 492 (E.D. Cal. 2012). In Oppenheimer, the Supreme Court held that "Rule 23(d) . . . authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent." 437 U.S. at 355 (emphasis added). As the DMV points out, the Soto court considered two motions: the plaintiffs' motion to compel the defendant to produce records pursuant to Rule 23 and a non-party's motion to quash the plaintiffs' subpoena pursuant to Rule 45(c)(3)(A). See 282 F.R.D. at 498–05, 505–06; (Opp. at 12.) Thus, it is doubtful whether the Court may order a non-party, as opposed to a defendant, to produce class member information under Rule 23(d). Moreover, even if the Court could issue such an order, it is not inclined to do so. Rule 45 establishes a procedure meant to protect non-parties from burdensome discovery requests. The Court declines to circumvent that procedure.

//

---

[3] Rather, they argue only that the costs of compliance excluding the costs of maintaining the system are insignificant.

[4] If the expense of compliance is "significant," the court "must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" Legal Voice, 738 F.3d at 1184. Plaintiffs do not argue that shifting a lesser amount would have sufficed to render the cost to the DMV non-significant. Accordingly, the Court will not disturb Magistrate Judge Pym's conclusion that the entire $90,000 should be shifted to Plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is DENIED.  The hearing scheduled for September 9, 2019 is VACATED.

**IT IS SO ORDERED.**