1   **BARRETT S. LITT**, CSB 45527
KAYE, MCLANE, BEDNARSKI & LITT
2   975 East Green Street
Pasadena, CA 91106
3   (626) 844-7660 / (626) 844-7670 facsimile
blitt@kmbllaw.com
4
**DONALD W. COOK**, CSB 116666
5   ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
6   Los Angeles, CA  90010
(213) 252-9444 / (213) 252-0091 facsimile
7   manncook@earthlink.net

**PAUL L. HOFFMAN**, SBN 071244
**JOHN CLAY WASHINGTON**, SBN 315991
SCHONBRUN SEPLOW HARRIS & HOFFMANN LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 396-0731 / (310) 399-7040 facsimile
hoffpaul@aol.com
jwashington@sshhlaw.com

8   Attorneys for Plaintiffs

9
10
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
11

12 | LAMYA BREWSTER, and ELIAS ARIZMENDI, and JULIAN VIGIL, individually and as class representatives, | Case No. EDCV 14-2257 JGB (SPx)
13
14
15   Plaintiff, | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIFTH AMENDED COMPLAINT**
16   vs.
17   CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, individually and in his official capacity, and Does 1 through 10, | Date: 9/21/20
Time: 9:00 a.m.
Ctrm: 1 (Riverside)
18
19
20   Defendants.

21
22
23
24
25
26
27
28

-1-                                                    00140120.WPD

**I. Plaintiffs Adequately Plead A Substantive Due Process Violation.**

To state a substantive due process violation -- governmental conduct that "shock[s] the conscience" --  a plaintiff must plead facts showing "a purpose to cause harm unrelated to the legitimate object of arrest." *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998); *see also Porter v. Osborn*, 546 F.3d 1131, 1133 (9th Cir. 2008) (Police action intended "to harm" "without regard to legitimate law enforcement objectives" satisfies the deliberate indifference standard for a substantive due process violation.).

Plaintiffs have pled sufficient facts for a substantive due process claim. Defendants' decision to impound a vehicle for 30 days was discretionary. 7/29/19 Order (doc. 171) @ page 12. Plaintiffs allege that defendants exercised that discretion in favor of 30 day impounds deliberately in order to punish vehicle owners for having permitted an unlicensed driver (as defined by defendants' policy, Special Order No. 7) to drive the car:

> . . . Det. Papietro was relying on and acting pursuant to the Impound Policy
> and the LAPD objective to *punish* Plaintiff Arizmendi for having driven
> the Sienna as an unlicensed driver.

Fifth Amended Complaint ("FAC") ¶30 (emphasis added).

* * * *

> . . . [T]he LAPD's refusal [to release Mr. Vigil's car from the 30 day
> impound] was pursuant to the LAPD policy to *punish* Mr. Vigil for having
> driven his vehicle while his driver's license was suspended.

FAC ¶31.2 (emphasis added).

* * * *

> . . . [T]he 30 Day Impound Policy and Practice . . . is intended to deter
> and/or *punish* . . .

FAC ¶37(F) (emphasis added).

* * * *

00140120.WPD

1    . . . LAPD . . . admitted the purpose of the 30 day impound was to [] *punish*

2    vehicle owners who permitted a driver with a suspended license to drive

3    the owner's vehicle . . .

4    FAC ¶64(E) (emphasis added).

5                                        *    *    *    *

6    . . . [T]he 30 day impoundments of Class members' vehicles . . . were

7    specifically undertaken for the purpose of *punishing* Plaintiffs and Class

8    members . . .

9    FAC ¶81 (emphasis added).

10   Few propositions are as well established as that the policeman is not permitted

11   to punish, *ever*. *E.g., Nelson v. Colorado*, 581 U.S. ___, 137 S.Ct. 1249, 1255-56 (2017)

12   ([U]nder the Due Process Clause, [an individual] who has not been adjudged guilty of

13   any crime may not be punished."); *Bell v. Wolfish*, 441 U.S. 520, 536 (1979) ("For under

14   the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt

15   in accordance with due process of law."), 441 U.S. 539 n.20 (Custodial officials not

16   authorized to punish); *Wong Wing v. United States*, 163 U.S. 228, 237 (1896) (Statute

17   authorizing executive branch to impose summary punishment on aliens subject to

18   deportation, violated due process).

19   Here, *no* Plaintiff or class member had been adjudicated guilty of crime for which

20   the punishment was a 30 day impound of their vehicle. Yet defendants punished every

21   class member by impounding their vehicle for 30 days in order to punish, based merely

22   on the say-so of defendants' employees, police officers all.

23   Defendants cannot deny that 30 day impounds imposed per the Impound Policy

24   (Special Order No. 7) was punishment, by claiming the actual purpose was deterrence

25   (as then-Deputy now Chief Michel Moore testified in 2013[1]). Deterrence *is* punishment.

26   *Kokesh v. Securities and Exchange Commission*, 581 U.S. ___, 137 S.Ct. 1635, 1643-44

27   _____

28   [1] See doc. 192 filed 7/10/20 @ page 11, ¶25.

00140120.WPD

1    (2017) ("Sanctions imposed for the purpose of deterring infractions of public laws are

2    inherently punitive because deterrence (is) not (a) legitimate nonpunitive governmental

3    objectiv(e).' " [*Quoting Bell v. Wolfish*, 441 U.S. 520, 539 n.20 (1979)]); *United States*

4    *v. Bajakajian*, 524 U.S. 321, 329 (1998) ("Deterrence ... has traditionally been viewed

5    as a goal of punishment.").

6           Because punishment is not "a legitimate law enforcement objective" (*Porter v.*

7    *Osborn*) but defendants deliberately imposed the 30 day impound in order to punish, the

8    FAC adequately alleges defendants acted with deliberate indifference in subjecting

9    Plaintiffs and class members to punishment.

10          Defendants dishonestly argue that the Court has "already rejected" the theory that

11   "the 30-day impoundment was a 'punitive sanction.' " Doc. 204 @ pp. 5-6 n.2. The

12   Court made no such ruling. Rather, as the cited portion of the Court's July 14, 2020

13   Order show (doc. 197 --  footnote 3 at page 5), for purposes of *procedural* due process

14   the Court merely rejected a claim that the "the Impound Policy [was] a 'punitive

15   sanction' " *like* "court-imposed criminal sanctions." Nowhere does the Court's Order

16   say or suggest that the Impound Policy's mandated 30 day impound was not

17   punishment. And that includes page 12 of the 7/14/20 Order, also cited by defendants.

18   There, after stating the legal standard was for a substantive due process claim, the Court

19   simply found that the Fourth Amended Complaint "omit[ted] allegations that could

20   support a substantive due process claim"; there was no mention of whether a 30-day

21   impound was or could be considered punishment albeit not raising to the level of "court-

22   imposed criminal sanctions." Significantly, the Court granted leave to amend because,

23   the Court concluded, "Plaintiffs could amend . . . to include allegations that the City

24   acted with deliberate indifference towards their constitutional rights . . ."

25          Defendants' argument that Plaintiffs' substantive due process claim only concerns

26   "economic and property rights" and thus fails (doc. 204 @ page 6), is also meritless.

27   Plaintiffs' substantive due process claim is not about a deprivation of property (although

28   that is what happened); it is the taking of property (and money) ***in order to punish***.

00140120.WPD

When the state takes one's property or money to *punish*, that triggers due process guarantees even though the only deprivation is property or money. The defendants in *Nelson v. Colorado*, 581 U.S. ___, 137 S.Ct. 1249 (2017) complained only of a lost of money; they made no claim of wrongful deprivation of liberty. Yet the Supreme Court held this monetary deprivation violated their due process rights because the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty enough for monetary exactions . . ." *Id.*, at 1255-56.

For similar reasons, that the 30 day impound violated the Fourth Amendment (doc. 204 @ page 6) does not preclude the substantive due process claim. The former concerns the seizure of property without a warrant or an exception to the warrant requirement; the latter is about taking property and money to *punish*. *See also United States v. James Daniel Good Real Property*, 510 U.S. 43, 49-50 (1993) ("We have rejected the view that the applicability of one constitutional amendment pre-empts the guarantees of another.").

Finally, defendants' "we acted in good faith" argument because the impounds pre-dated the Ninth Circuit's 2017 *Brewster* decision and defendants claim they merely were following the law as it existed pre-*Brewster* (doc. 204 @ pp. 7-9), inexcusably ignores the FAC's allegations. To wit: the FAC alleges that via defendants' statutory discretion, defendants deliberately imposed the 30 day impounds so as to *punish* Plaintiffs. Whether pre- or post-*Brewster*, no court has ever held that it is within the policeman's discretion to punish based on the policeman's word.

**II. Plaintiff Brewster's Cal. Gov't Code § 910 Claim Adequately Preserved The State Law Claims Of The Other Plaintiffs.**

Plaintiffs' Fourth Amended Complaint did not include a copy of the Cal. Gov't Code § 910 claim filed by Plaintiff Ms. Brewster. The FAC, however, includes a copy of that § 910 claim. See Exhibit A to the FAC. In her § 910 claim, Ms. Brewster stated:

● She submitted her claim "on behalf of herself and all others similarly situated, that is, a class of claimants whose rights were violated as were Claimant Brewster's";

1    ● "[T]he subsequent 30 day [vehicle] impound [was] made without a warrant and

2    without judicial review of any type";

3    ● That both the 30 day impound and subsequent refusal to release the vehicle,

4    were "pursuant to LAPD Special Order No. 7."

5    See Exhibit A to FAC.

6    Ms. Brewster's § 910 claim thus shows she was complaining the 30 day impound

7    violated her rights in the same way and manner the 30 day impounds violated the rights

8    Mr. Arizmendi and Vigil: all their vehicles were impounded for 30 days without a

9    warrant or any judicial review, and the LAPD refused to release to Plaintiffs their

10   vehicle in less than 30 days, based on defendants' enforcement of the Impound Policy

11   (Special Order No. 7). Insofar as the 30 day impounds are concerned, the injuries are *not*

12   "separate and distinct." Instead, the 30 day impounds occurred under similar

13   circumstances: unlicensed driver within the meaning of Cal. Veh. Code § 14602.6(a)(1)

14   *and* Special Order No. 7; defendants did not procure a warrant for any 30 day impound;

15   none of Plaintiffs' vehicles were released to the Plaintiffs in less than 30 days because

16   such release was not authorized by Special Order No. 7. Hence, Mr. Arizmendi and Mr.

17   Vigil and Ms. Brewster all suffered the same injury -- 30 day vehicle impound without

18   a warrant -- for the same reasons -- Special Order No. 7. Because a class claim on behalf

19   of others is expressly allowed under California law, *Ardon v. City of Los Angeles*, 52

20   Cal.4th 241, 248 (2011); *City of San Jose v. Superior Court*, 12 Cal.3d 447, 457 (1974)

21   ("reject[ing] the suggested necessity of filing an individual [tort] claim for each member

22   of the purported class"), Ms. Brewster's § 910 claim adequately preserved the state law

23   claims of Mr. Arizmendi and Mr. Vigil (as well as other class members).

24   Moreover, the waiver provision of Cal. Gov't Code § 911.3(b) applies. Ms.

25   Brewster's § 910 claim expressly stated it was being filed as a *class action* claim.

26   Defendants therefore knew that Ms. Brewster was purporting to preserve claims of

27   persons like Mr. Arizmendi and Mr. Vigil -- vehicle owners who, like Ms. Brewster, had

28   their vehicles subjected to 30 day impounds without a warrant, and had their requests

00140120.WPD

1  for early release rejected because defendants were following Special Order No. 7.

2  *Defendants never objected to Ms. Brewster's claim as being inadequate to preserve the*

3  *claims of the **other** vehicle owners like herself.* Consequently, the state law claims of

4  Mr. Arizmendi and Mr. Vigil are preserved. *Craft v. County of San Bernardino*, No.

5  5:05-cv-359, 2006 U.S. Dist. LEXIS 96979, at *17 (C.D. Cal. Mar. 21, 2006) (rejecting

6  assertion that named plaintiffs needed to file individual tort claims where another class

7  member filed a class claim on behalf of all individuals affected by the county jail's strip

8  search policy and there was little "factual or legal diversity in the nature of the claim").[2]

9  **III.  Conclusion.**

10      Defendants' motion should be denied.

11  DATED: August 31, 2020

12          **BARRETT S. LITT**
           **PAUL L. HOFFMAN**
13          **DONALD W. COOK**
           Attorneys for Plaintiffs

14

15      By _____

16              Donald W. Cook

---

28  [2] Defendants "do[] not quarrel with this proposition." Doc. 204 @ 9:20-21.

-7-

00140120.WPD