MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, 6th Floor, City Hall East
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
Los Angeles, CA 90012
Phone No.: (213) 978-7558
Fax No.:    (213) 978-7011

*Attorneys for Defendants,*
**CITY OF LOS ANGELES et al.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LAMYA BREWSTER and ELIAS ARIZMENDI, and JULIAN VIGIL, individually and as a class representatives, | **CASE NO.  EDCV 14-02257 JGB (SPx)** |
|  | **OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION** |
| Plaintiffs, |  |
| vs. | <u>Hearing</u><br>Date: January 3, 2022<br>Time: 9:00 a.m.<br>Courtroom: 1, Riverside |
| CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, individually and in his official capacity, and Does 1 through 10, |  |
| Defendants. |  |

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   BACKGROUND ....................................................................................2

    A.   Plaintiffs' Claims ......................................................................2

    B.   Plaintiffs' First Class Certification Motion ...............................3

    C.   Plaintiffs' Renewed Class Certification Motion.......................3

III.  LEGAL STANDARD .............................................................................4

IV.   PLAINTIFFS' MOTION SHOULD BE DENIED ...............................4

    A.   The Court's Prior Ruling On This Issue ....................................5

    B.   Plaintiffs Cannot Show Commonality or Typicality ...............6

        1.   Resolution of the claims requires case-by-case inquiry .................6

        a)  Community Caretaking Doctrine........................................6

        b)  Plaintiffs' position is inconsistent with Brewster ...............7

        c)  Plaintiffs' position was rejected by the Ninth Circuit .........8

        d)  Because duration of impound is not dispositive, Plaintiffs cannot establish commonality or typicality ........................8

    C.   Plaintiffs Cannot Show Predominance or Superiority...........10

    D.   Vigil Cannot Serve As A Class Representative ....................11

        1.   Vigil cannot establish typicality ....................................11

        2.   Vigil is an inadequate class representative ...................12

    E.   Plaintiffs' Proposed Classes Are Temporally Overbroad .....................13

V.    CONCLUSION ...................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Action Apt. Ass'n v. Santa Monica Rent Control Opinion Bd.*,
   509 F.3d 1020, 1026-27 (9th Cir. 2007) ...................................................................14

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*,
   568 U.S. 455, 465-66 (2013) ............................................................................4

*Brewster v. Beck*,
   859 F.3d 1194, 1196 (9th Cir. 2017) ..............................................................2, 8, 13

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800, 1806 (2018)............................................................15

*Comcast Corp. v. Behrend*,
   569 U.S. 27, 33 (2013).........................................................................4, 10

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   903 F.2d 176, 180 (2nd Cir. 1990) ....................................................13

*In re Optical Disk Drive Antitrust Litig.*,
   303 F.R.D. 311, 324 (N.D. Cal. 2014)........................................................12

*J. H. Cohn & Co. v. Amer. Appraisal Assocs., Inc.*,
   628 F.2d 994, 999 (7th Cir. 1980) ...............................................................13

*Keilholtz v. Lennox Hearth Prods.*,
   268 F.R.D. 330, 336 (N.D. Cal. 2010)......................................................14

*Khachatryan v. Toyota Motor Sales U.S.A., Inc.*,
   Case No. SACV 08-00663-JVS (RNBx), 2009 U.S. Dist. LEXIS 133190, at *2-8
   (C.D. Cal. Oct. 28, 2009) ........................................................11

*Miranda v. City of Cornelius*,
   429 F.3d 858, 864 (9th Cir. 2005) ......................................................7, 12

*Moore v. Addus Healthcare, Inc.*,
   Case No. 19-cv-01519-HSG, 2021 U.S. Dist. LEXIS 104778, at *23-24 (N.D. Cal.
   Mar. 17, 2021)........................................................13

*Nguyen v. Nissan N. Am., Inc.*,

   487 F.Supp.3d 845, 857-60 (N.D. Cal. 2020)...........................................................15

*Palmer v. Stassinos*,

   236 F.R.D. 460, 466 (N.D. Cal. 2006)......................................................................15

*Rosenbaum v. Syntex Corp.*,

   95 F.3d 922, 935 (9th Cir. 1996) ..............................................................................15

*Safaie v. City of Los Angeles*,

   Case No. CV 19-3921 FMO (PJWx), 2020 U.S. Dist. LEXIS 87227, at *8-9 (C.D.

   Cal. Mar. 23, 2020) .....................................................................................................7

*Sandoval v. Cnty. of Sonoma*,

   912 F.3d 509, 516 (9th Cir. 2018) .....................................................................7, 9, 11

*Savino v. Computer Credit*,

   164 F.3d 81, 87 (2nd Cir. 1998) ...............................................................................14

*Sidibe v. Sutter Health*,

   333 F.R.D. 463, 498 (N.D. Cal. Oct. 18, 2019)........................................................11

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,

   904 F.2d 1301, 1305 (9th Cir. 1990) ........................................................................11

*Stoebner Holdings, Inc. v. Automobili Lamborghini S.P.A.*,

   Case No. 06-00446 JMS/LEK, 2007 U.S. Dist. LEXIS 88227, at *3-4 (D. Haw.

   Nov. 30, 2007) ...........................................................................................................11

*Sypherd v. Lazy Dog Rests.*,

   2020 U.S. Dist. LEXIS 187686, at *14-15 (C.D. Cal. July 24, 2020) ......................14

*Taafua v. Quantum Global Techs., LLC*,

   Case No. 18-cv-06602-VKD, 2020 U.S. Dist. LEXIS 3806, at *18-25 (N.D. Cal.

   Jan. 8, 2020)...............................................................................................................15

*Thomas v. Magnachip Semiconductor Corp.*,

   167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016)..........................................................15

OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION

*United States v. Cervantes*,

   703 F.3d 1135, 1141 (9th Cir. 2012) ............................................................7

*United States v. Rodriguez-Morales*,

   929 F.2d 780, 785 (1st Cir. 1991) ...............................................................7

*Wal-Mart Stores, Inc. v. Dukes*,

   564 U.S. 338, 350 (2011) ...............................................................4, 9, 12

*Zinser v. Accufix Research Inst., Inc.*,

   253 F.3d 1180, 1192 (9th Cir. 2001) .......................................................10

### Statutes

42 U.S.C. § 1983 ..........................................................................................3, 15

Cal. Veh. Code § 14602.6 ...................................................................3, 5, 10, 19

Cal. Veh. Code § 14601.2 ......................................................................................14

### Other Authorities

*How much is my car worth: Instant used car value and trade in value*, EDMUNDS,

   *available at* https://www.edmunds.com/appraisal/ (last visited Oct. 28, 2021)........12

IRS, PUBLICATION 561 (02/2020), DETERMINING THE VALUE OF DONATED PROPERTY,

   CARS, BOATS, AND AIRCRAFT.......................................................................12

### Rules

Fed. R. Civ. P. 12(b)(6)............................................................................20

Fed. R. Civ. P. 23 .............................................................................5, 18, 22

# I.    INTRODUCTION

Plaintiffs bring a Renewed Motion for Class Certification ("Motion") seeking certification of two classes against the City of Los Angeles ("City") based on a legal premise this Court previously found baseless.  That legal premise being that a justified seizure of a vehicle is rendered unjustified as a matter of law solely due to a certain (currently unknown) passage of time.  There remains no legal support for this nonsensical premise.  Indeed, the law is to the contrary based on the Ninth Circuit's opinion in this matter and a subsequent Ninth Circuit decision expressly noting that "a 30-day impound does not necessarily violate the Fourth Amendment." *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018).  As such, there is no common quality in the proposed class definitions which, if true or false, would determine liability.  Rather, whether impounds of proposed class members' vehicles was constitutional will turn on the individual circumstances of each impound, precluding class treatment.

The Motion should be denied for additional reasons.  First, Plaintiffs' Fifth Amendment takings claim should not be certified because calculation of the damages will turn on the characteristics of each vehicle, rendering class adjudication unmanageable.  Second, the proposed representative of these classes, Julian Vigil, is inadequate due to his admitted ruse in retrieving his vehicle: he brought a licensed friend so he could retrieve the vehicle (his license remained suspended); she drove the vehicle out of the lot, and once they left the lot, they switched seats and he drove home.  Not only does this bring the proposed representative's credibility into question, disqualifying him as a potential representative, but these facts demonstrate that a continued impound was justified, rendering his claim atypical of that of the class he seeks to represent.  Finally, Plaintiffs' proposed classes are temporally overbroad, as the proposed class periods do not match the statute of limitations for the claim brought by the proposed representative.

## II.   BACKGROUND

### A.   Plaintiffs' Claims

In their Fourth Amended Complaint underlying their original Motion as well as their Renewed Motion, Plaintiffs Lamya Brewster, Elias Arizmendi, and Julian Vigil bring claims in part under 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, and Fourteenth Amendments and the California Constitution.  Dkt. 175.  The basis for those claims is Cal. Veh. Code § 14602.6, which authorizes a peace officer to seize and impound a vehicle for 30 days if the driver (1) has never been issued a driver's license; (2) had their driving privilege suspended or revoked; or (3) was required to have a certified interlock device installed in the vehicle but did not.  Plaintiffs allege that impounding vehicles for 30 days pursuant to Section 14602.6 constitutes an unreasonable seizure, a taking of their property, and violates their due process rights. Dkt. 175, pp. 4-6, 19-24.

Before Arizmendi and Vigil were added to this lawsuit, the Court dismissed Brewster's claims.  Dkt. 54.  The Ninth Circuit reversed based on Brewster's allegation that her vehicle was not released from impound following her attempted retrieval of the vehicle with presentation of proof of ownership and a valid driver's license.  *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017).  The Ninth Circuit held that "[a] seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force.  Thereafter, the government must cease the seizure or secure a new justification."  *Id*. at 1197.

Following remand, Brewster filed a Second Amended Complaint on June 12, 2018 adding Arizmendi as a named plaintiff.  Dkt. 103.  On May 22, 2019, Brewster and Arizmendi filed a Third Amended Complaint adding Vigil as a named plaintiff. Dkt. 139.  Following the Court's partial grant of Defendants' motion to dismiss, Plaintiffs filed a Fourth Amended Complaint.  Dkt. 175.  After the Court partially granted another motion to dismiss, Plaintiffs filed a Fifth Amended Complaint on August 3, 2020.  Dkt. 198.

**B.    Plaintiffs' First Class Certification Motion**

On July 10, 2020, Plaintiffs moved for certification of three classes: (1) the OPG Class with Vigil as the proposed representative for persons whose vehicles were impounded for at least one day and were ultimately released to their owner; (2) the LO Class with Brewster as the proposed representative for persons whose vehicles were impounded for a 30-day period and records show that the vehicle's registered owner paid the requisite fee or the vehicle remained registered to the registered owner six months after the impound; and (3) the Lien Class with Arizmendi as the proposed representative for persons whose vehicles were impounded for at least one day, the vehicle was ultimately sold at a lien sale, and the owner had a valid driver's license or a licensed driver available to pick the vehicle up before the lien sale.  Dkt. 190, pp. 2-3.

The Court certified the LO Class and Lien Class but not the OPG Class.  Dkt. 220.  The Court reasoned that certification of the LO and Lien classes was proper in light of the Ninth Circuit's ruling, concluding that the justification for continued impound does not apply "when a licensed driver is denied return of a vehicle under a 30-day impound."  Dkt. 220, p. 16.  In contrast, the proposed OPG Class definition did not contain the characteristic of "the availability of a licensed driver" present in the LO and Lien Classes.  Dkt. 220, pp. 19-20.

**C.    Plaintiffs' Renewed Class Certification Motion**

Following the Court's order granting them permission to "file a renewed Motion for Class Certification as to the 'OPG Class,'" Plaintiffs filed this Motion seeking certification of two classes.  Dkt. 227.  First, the "OPG 30 Day Class" for persons who retrieved their vehicles and paid for all fees and charges for an impound of at least 30 days.  Second, the "General OPG Class" for persons who retrieved their vehicles and paid all fees and charges for an impound of either one day or whatever "number of impound days, based on duration of the impound alone, the impound constituted a constitutional violation." Dkt. 227, pp. 1.

## III.   LEGAL STANDARD

Plaintiffs bear the burden to show that class certification is warranted and "must affirmatively demonstrate [their] compliance" with Fed. R. Civ. P. 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ["*Wal-Mart*"].  Under Rule 23(a), Plaintiffs must establish that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).  Under Rule 23(b)(3), Plaintiffs must additionally show that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy.  "[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim[.]'"  *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 465-66 (2013) (quoting *Wal-Mart*, 564 U.S. at 351).

## IV.   PLAINTIFFS' MOTION SHOULD BE DENIED

Plaintiffs' Motion seeks certification of two classes: (1) vehicles impounded under Section 14602.6 for 30 days or more and (2) vehicles impounded under Section 14602.6 for less than 30 days.  Plaintiffs' Motion should be denied for the straightforward reason that their proposed classes are based on a common issue that has no bearing on ultimate liability.  Plaintiffs' Motion is premised on their contention that the continued seizure of putative class members' vehicles was unreasonable as a matter of law solely due to the passage of time (either 30 days or some undetermined time less than 30 days).  This premise is unsupported by case law and is counter to established authority.  Rather, adjudication of these proposed class claims will turn on (1) whether the individual class member can present evidence demonstrating that justification for the initial impound dissipated and (2) whether there existed a new

justification for application of the community caretaking doctrine, both requiring a fact-intensive, individualized inquiry.  This Court made this very conclusion in its ruling on Plaintiffs' initial Motion for Class Certification.  *See* Dkt. 220, p. 19 ("Whether a vehicle removed from public roadways and continuously impounded for fewer than 30 days constitutes an unreasonable seizure . . . requires individualized analysis of the circumstances surrounding each seizure.").  As there are no changed circumstances warranting reconsideration of that conclusion, Plaintiffs still cannot meet the requirements of class certification.

Plaintiffs' Motion should be denied for the additional reason that there is no adequate class representative for the proposed classes.  This is because Vigil admits that, after retrieving his car from impound, he drove the car home despite his driver's license still being suspended.  As such, Vigil's experience is not typical of that of the putative class members, as the community caretaking doctrine would plainly still apply to prevent Vigil, an unlicensed driver, from driving his car, and Vigil's disregard of the law disqualifies him from being a class representative.

## A.   The Court's Prior Ruling On This Issue

In its ruling on Plaintiffs' initial Motion, this Court denied certification of a class premised on an impound pursuant to Section 14602.6 being rendered unconstitutional based solely on the passage of a certain amount of time.  The basis for this Court's reasoning was that the passage of a certain amount of time was not a dispositive factor for rendering an impound unconstitutional; therefore, resolution of the claims for that class would need to be determined by additional factors, rendering adjudication of individualized issues predominant over common issues.  Dkt. 220, pp. 19-20 ("But the length of an impound is merely one part of the Fourth Amendment reasonableness equation; the reason for the length of the impound is equally important.  Furthermore, the reason for the length of each impound will vary on a case-by-case basis, requiring thoughtful balancing of the length of impound relative to the provided justification.").

5

**B.   Plaintiffs Cannot Show Commonality or Typicality**

Plaintiffs seek certification of classes founded on two common questions: (1) Did 30 day impounds violate the Fourth Amendment, or constitute an unlawful taking? (2) Did impounds of less than 30 days violate the Fourth Amendment, or constitute an unlawful taking, and, if so, based on duration alone, at what point in time?  Dkt. 227, pp. 27-28.  The flaw in these proposed questions is that the answer to the first is neither "yes" nor "no," but "maybe."  And the answer to the second is "no," because duration alone is not dispositive.  Because, as the applicable authority makes clear (including the Ninth Circuit's decision in this case), whether there was a Fourth or Fifth Amendment violation turns not on the duration of the impound, but on the continued applicability of the community caretaking doctrine.  And the applicability of the community caretaking doctrine turns not on the passage of time, but on other circumstances determining whether the continued impound of the vehicle benefitted the public safety.  As these "other circumstances" are individualized and not common to the proposed class members, and cannot be discerned from any data, Plaintiffs cannot establish commonality or typicality.

**1.   Resolution of the claims requires case-by-case inquiry**

A review of the law governing Plaintiffs' claims demonstrates that the claims cannot be resolved merely by looking to the duration of a vehicles impoundment, but rather will be resolved by myriad factors which are uncommon to the proposed classes.

**a)   Community Caretaking Doctrine**

A warrantless seizure of a vehicle is permissible under the Fourth Amendment if the community caretaking doctrine applies.  *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012).  This doctrine allows police officers to impound vehicles without a warrant when those vehicles jeopardize public safety.  *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005).  "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the

6

vehicle from an exposed or public location." *Id.* at 865-66. "The state has the right to allow the driver to drive away with the vehicle only if he or she is able to do so in compliance with all regulations intended to ensure the vehicle's safe operation." *Id.* at 865.

The applicability of the community caretaking doctrine "turns on the facts and circumstances of each case." *Sandoval*, 912 F.3d at 516; *Miranda*, 429 F.3d at 864 (same); *Safaie v. City of Los Angeles*, Case No. CV 19-3921 FMO (PJWx), 2020 U.S. Dist. LEXIS 87227, at *8-9 (C.D. Cal. Mar. 23, 2020) (determining application of doctrine "require[s] a fact intensive analysis"). As one court explained, "[i]n community caretaking cases, as elsewhere, reasonableness has a protean quality," and reasonableness is "a mutable cloud, which is always and never the same." *United States v. Rodriguez-Morales*, 929 F.2d 780, 785 (1st Cir. 1991) (quoting *Sierra Club v. Sec. of the Army*, 820 F.2d 513, 517 (1st Cir. 1987)).

### b) Plaintiffs' position is inconsistent with *Brewster*

The Motion relies in part on an inaccurate reading of the Ninth Circuit's ruling in this matter. The Motion suggests that *Brewster* stands for the proposition that the vehicle impounds at issue here did not fall under the community caretaking doctrine, and accordingly were unconstitutional, as a matter of law. Dkt. 227, p. 18, n. 10. Such a conclusion is an inaccurate reading of *Brewster* and inconsistent with this Court's interpretation of *Brewster* in its ruling on Plaintiffs' first Motion for Class Certification.

In *Brewster*, the Ninth Circuit held that Brewster stated a claim for violation of the Fourth Amendment based on her allegations that, after her car was impounded, she showed up to retrieve her car with proof of ownership and a valid driver's license. 859 F.3d at 1196. The Ninth Circuit reasoned that, if true, these allegations would defeat the justification for the continued impound of Brewster's vehicle (the community caretaking doctrine). *Id.* As such, once Brewster showed up with her proof of ownership and a valid driver's license, "the government must cease the seizure *or*

7

*secure a new justification*.”  *Id*. at 1197 (emphasis added).  And because there was no justification provided for the continued impound of Brewster's vehicle, Brewster stated a claim.  *Id*.

As such, the determinative factor in the *Brewster* ruling is the allegation that Brewster attempted to retrieve her vehicle by presenting proof of ownership and a valid driver's license.  That is how this Court interprets the ruling as well.  *See* Dkt. 220, p. 16 (“Brewster's holding is limited to 30-day warrantless impounds continued despite the availability of a licensed driver.”), p. 20 (“But the length of an impound is merely one part of the Fourth Amendment reasonableness equation; the reason for the length of the impound is equally important.”).  There is no language in *Brewster* suggesting that the justification for the impound (the community caretaking doctrine) could be extinguished simply by the passage of time.

<b>c)    Plaintiffs' position was rejected by the Ninth Circuit</b>

The *Brewster* opinion is not the only decision inconsistent with Plaintiffs' theory that the duration of an impound alone can extinguish the community caretaking justification for the impound.  The *Sandoval* court expressly provided that, “a 30-day impound does not necessarily violate the Fourth Amendment.”  912 F.3d at 519.  This statement defeats the entire premise of Plaintiffs' Motion.

Notably, under Plaintiffs' theory that an impound duration of 30 days, or less, alone constitutes a violation of the Fourth and Fifth Amendments, Section 14602.6 would be facially unconstitutional because the statute provides for impounding a vehicle for 30 days.  No court has made such a holding or suggested such a holding, however, and the *Sandoval* court held expressly the opposite.

<b>d)    Because duration of impound is not dispositive, Plaintiffs<br>cannot establish commonality or typicality</b>

As the above demonstrates, resolution of Plaintiffs' claims turns not at all on the duration of the impound, but instead on the continued applicability of the community caretaking doctrine.  Therefore, Plaintiffs' proposed classes cannot be certified as the

8

proposed common questions cannot be resolved by common answers and resolving the putative class members' claims will not be determined by typical conduct.  *Wal-Mart*, 564 U.S. at 350 ("What matters to class certification . . . is not the raising of common 'questions' -- even in droves -- but, rather, the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.") (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N. Y. U. L. Rev. 97, 132 (2009)).  Rather, each class member would require a trial of their own to demonstrate that the community caretaking doctrine no longer applied to their own impound, the resolution of which, "turns on the facts and circumstances of each case." *Sandoval*, 912 F.3d at 516.  As this Court noted while previously denying class certification of the OPG class, "the circumstances of a seizure vary depending on the unique facts surrounding each impound, including the duration of the impound and the provided reason for the impound length."  Dkt. 220, p. 19.

Plaintiffs justify their requested reconsideration of this Court's ruling by contending that (as to the 30-day proposed class but not the other proposed class), its "definition is specifically tailored to conform the OPG class definition to the 30 day impounds that the Court's prior class certification order found acceptable for the LO and Lien Classes."  Dkt. 227, p. 17.  The certified classes have the common characteristic that they involve 30-day impounds, but that characteristic is irrelevant to certification.  Rather, as noted above, those classes were certified due to the presentation of a licensed driver which, as the Ninth Circuit held, defeated the presumptive applicability of the community caretaking doctrine.[1]  A 30-day duration alone does not.  Therefore, there is no basis for certification.

---

[1] Further, as discussed in the simultaneously-filed Motion for Decertification of Classes, whether a licensed driver was presented to attempt retrieval of a vehicle is not noted in any database, so ascertaining this key factor for membership in a class will require individualized inquiry, rendering any class unmanageable.

### C.      Plaintiffs Cannot Show Predominance or Superiority

As the predominance requirement is similar, but more stringent than, the commonality requirement, Plaintiffs are unable to meet the predominance requirement for the same reasons they are unable to meet the commonality requirement. *Comcast Corp.*, 569 U.S. at 34 ("If anything, Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a).").

Similarly, Plaintiffs cannot establish that proceeding via class action is superior because resolving each proposed class member's claim would require examining whether the community caretaking doctrine continued to apply, justifying the impound of each car.  This would result in a separate trial for each proposed class member, rendering a class action unmanageable.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001) ("If each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'"); *see also Sandoval*, 912 F.3d at 516 (application of the community caretaking doctrine turns on the facts and circumstances of each case).

Additionally, specific to Plaintiffs' Fifth Amendment takings claim, Plaintiffs cannot show that class treatment of the claim would be manageable.  This is because resolving the damages issue would require inquiry into the rental value of every single impounded car.  *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990) (proving class members' damages may render class action unmanageable).  This is a fact-specific analysis that considers factors such as the car's make, model, year, location sold, condition, and options and accessories.  *See* IRS, PUBLICATION 561 (02/2020), DETERMINING THE VALUE OF DONATED PROPERTY, CARS, BOATS, AND AIRCRAFT, *available at* https://www.irs.gov/publications/p561#en_US_201911_publink1000257982; *How much is my car worth: Instant used car value and trade in value*, EDMUNDS, *available at* https://www.edmunds.com/appraisal/ (last visited Oct. 28, 2021) ("The appraised value is based on factors such as the car's year, make, model, trim, mileage,

depreciation and features."); *see also Khachatryan v. Toyota Motor Sales U.S.A., Inc.*, Case No. SACV 08-00663-JVS (RNBx), 2009 U.S. Dist. LEXIS 133190, at *2-8 (C.D. Cal. Oct. 28, 2009) (plaintiff's evidence of car's lease price alone was insufficient to establish its value; plaintiff was required to present evidence regarding the diminished value of the vehicle as well); *Stoebner Holdings, Inc. v. Automobili Lamborghini S.P.A.*, Case No. 06-00446 JMS/LEK, 2007 U.S. Dist. LEXIS 88227, at *3-4 (D. Haw. Nov. 30, 2007) (discussing expert's detailed report on valuation of vehicle). Therefore, resolving any damages owed to class members for the taking of their vehicle would require resolution of disputed values for every single vehicle, rendering resolution of class claims unmanageable. *See Sidibe v. Sutter Health*, 333 F.R.D. 463, 498 (N.D. Cal. 2019) (denying class certification where damages could not be established on a class-wide basis); *In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 324 (N.D. Cal. 2014) (absent a class-wide methodology for calculating overcharges and passthroughs, the case would result in "thousands of mini-trials, rendering this case unmanageable and unsuitable for class action treatment").

### D.   Vigil Cannot Serve As A Class Representative

The Motion should be denied for the additional reasons that Vigil, the proposed class representative, has not suffered the same injury as the proposed class members and that he is an inadequate class representative.  This is because, as Vigil testified at his deposition, when he picked his car up from the impound lot, *he drove the car home despite having a suspended driver's license*.  Dkt. 200-5, pp. 38, 43 (Deposition of Julian Vigil ["Vigil Dep."], 38:17-25, 43:5-7).

### 1.   Vigil cannot establish typicality

Due to Vigil driving his vehicle home from the impound lot despite having a suspended license, the continued impound of Vigil's vehicle would have been justified under the community caretaking doctrine.  Therefore, Vigil cannot have suffered the same injury as the proposed class members and he cannot establish typicality.  *Wal-Mart*, 564 U.S. at 348-39 (a class representative must suffer the same injury as the

11

class members).  If the community caretaking doctrine justifies the impound of a vehicle, then no claim for violation of the Fourth or Fifth Amendment can succeed. *See* Dkt. 220, p. 15 (discussing community caretaking doctrine).  A hallmark of the doctrine is that it allows the impound of vehicles when the driver does not have a valid license.  *Miranda*, 429 F.3d at 865 ("An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle . . . .").  As it is undisputed that Vigil drove his vehicle home despite not having a valid license, further impound of Vigil's vehicle would have been justified, and Vigil therefore suffered no injury.  *See* Dkt 200-5, pp. 38, 43 (Vigil Dep., 38:17-25, 43:5-7).  Vigil's situation is precisely the situation suggested by the Ninth Circuit when it noted that a continued impound of a vehicle would not violate the Fourth Amendment if the government "secure[d] a new justification."  *Brewster*, 859 F.3d at 1197.

### 2.     Vigil is an inadequate class representative

Vigil admitted driving his vehicle without a valid license following retrieval of the vehicle from impound, which disqualifies him as a class representative.  Vigil's situation provides two bases for his disqualification as a representative.  First, because Vigil's situation creates a defense to his claims unique to him (the specific facts supporting the application of the community caretaking doctrine), this renders Vigil an inadequate class representative.  In this situation, "[t]he fear is that the named plaintiff will become distracted by the presence of a possible defense applicable only to him so that the representation of the rest of the class will suffer."  *J. H. Cohn & Co. v. Amer. Appraisal Assocs., Inc.*, 628 F.2d 994, 999 (7th Cir. 1980); *see also Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2nd Cir. 1990) ("[T]here is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it."); *Moore v. Addus Healthcare, Inc.*, Case No. 19-cv-01519-HSG, 2021 U.S. Dist. LEXIS 104778, at *23-24 (N.D. Cal. Mar. 17, 2021) (defense unique to named plaintiff rendered him an

inadequate representative).[2]

Second, knowing disregard of the law prohibiting Vigil from driving without a valid license brings into question his honesty and credibility, rendering him an inadequate representative. As Vigil testified, he committed a ruse to retrieve his car from the impound lot: he had a friend with a valid license come with him to retrieve the car and drive it out of the lot, but after driving it out of the lot, Vigil switched seats with the friend—circumventing the purpose of Section 14601.6 to protect the public from unlicensed drivers. Dkt. 200-5, p. 38 (Vigil Dep., 38:17-23). Vigil's conduct at issue is directly related to the claims of this action and his disregard of the Vehicle Code would raise issues as to his credibility at trial, rendering Vigil an inadequate class representative. *See Savino v. Computer Credit*, 164 F.3d 81, 87 (2nd Cir. 1998) (the named plaintiff's credibility issues regarding "the very basis for his lawsuit" rendered him an inadequate representative).

### E.   Plaintiffs' Proposed Classes Are Temporally Overbroad

Plaintiffs seek certification of classes from November 2, 2012 through July 1, 2017. Dkt. 227, p. 2. These proposed classes (which should not be certified for the reasons discussed above) are overbroad because they are tied to the statute of limitations for Brewster's claim, rather than the statute of limitations for the claim of their proposed representative, Vigil.

The statute of limitations for a claim brought under 42 U.S.C. § 1983 is two years. *Action Apt. Ass'n v. Santa Monica Rent Control Op. Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007). A class definition must comport to the statutory period for the class representative's claim. *Sypherd v. Lazy Dog Rests.*, 2020 U.S. Dist. LEXIS 187686, at

---

[2] Similarly, Vigil would be required to testify about his violation of Cal. Veh. Code § 14601.2 which prohibits driving when the person's driving privilege was suspended due to driving under the influence, potentially implicating his Fifth Amendment right against self-incrimination. *See* Dkt. 200-5, p. 16 (Vigil Dep., 16:5-18). If Vigil is preoccupied with his Fifth Amendment right against self-incrimination, that could be harmful to the class.

1
2
3
4
5
6
7
8

*14-15 (C.D. Cal. July 24, 2020) ("Plaintiffs are free to set the class start date as they see fit, so long as the class period does not cover claims barred by the statute of limitations."); *see Keilholtz v. Lennox Hearth Prods.*, 268 F.R.D. 330, 336 (N.D. Cal. 2010) (limiting scope of class to statutory period for class representatives' claim); *see also Nguyen v. Nissan N. Am., Inc.*, 487 F.Supp.3d 845, 857-60 (N.D. Cal. 2020) (lead plaintiff cannot represent class when plaintiff subject to statute of limitations defense); *Taafua v. Quantum Global Techs., LLC*, Case No. 18-cv-06602-VKD, 2020 U.S. Dist. LEXIS 3806, at *18-25 (N.D. Cal. Jan. 8, 2020) (same).

9
10

Vigil became a plaintiff on May 22, 2019. Dkt. 220, p. 3. Therefore, Vigil can only represent a class period starting May 22, 2017.

11
12
13
14

To preempt two potential arguments Plaintiffs may raise in response, neither tolling nor relation-back would apply. As to tolling, *American Pipe* tolling applies only to subsequent individual claims, not subsequent class action claims. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018).

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Vigil's claims do not relate back because there is no identity of interests between Brewster and Vigil. In order for a newly added plaintiff's claims to relate back, three requirements must be met: (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff. *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996). Plaintiffs have recognized that Brewster and Vigil do not have an identity of interest due to their proposed representation of separate classes. Brewster's claims are not typical of the class Plaintiffs seek to have Vigil represent and vice versa. As such, Plaintiffs cannot meet the identity of interest requirement. *See id.* (no identity of interests where claims arose out of different conduct); *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016) (same); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. 2006) ("Palmer and Hammer's lack of standing to raise such claims means they have no interest in them.").

1

2

3

4

       In sum, Vigil cannot represent a class for any claims prior to May 15, 2017, as that is the earliest day Vigil can bring a claim due to the applicable statute of limitations.  Any attempt by Vigil to represent an earlier class would render his claims atypical of those whose claims accrued prior to then.

5

**V.     CONCLUSION**

6

7

       Because Plaintiffs cannot meet the Rule 23 requirements for their proposed classes, Plaintiffs' Renewed Motion for Class Certification should be denied.

8

9

Dated: November 22, 2021   Respectfully submitted,

10

11

12

                            MICHAEL N. FEUER, City Attorney
SCOTT MARCUS, Chief, Civil Litigation Branch
GABRIEL DERMER, Assistant City Attorney
JOSEPH S. PERSOFF, Deputy City Attorney

13

14

15

16

17

                     By:   /s/ Joseph S. Persoff
                         **Joseph S. Persoff**
                         Deputy City Attorney
                         *Attorneys for Defendants* CITY OF LOS ANGELES (including its Police Department) and CHIEF CHARLIE BECK

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO RENEWED MOTION FOR CLASS CERTIFICATION