HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
JOSEPH S. PERSOFF, Deputy City Attorney (SBN 307986)
200 North Main Street, 6th Floor, City Hall East
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
Los Angeles, CA 90012
Phone No.: (213) 978-7560
Fax No.:    (213) 978-7011

*Attorneys for Defendants,*
**CITY OF LOS ANGELES et al.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMYA BREWSTER and ELIAS ARIZMENDI, and JULIAN VIGIL, individually and as a class representatives,<br><br>            Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal corporation; LOS ANGELES POLICE DEPARTMENT, a public entity, CHIEF CHARLIE BECK, individually and in his official capacity, and Does 1 through 10,<br><br>            Defendants. | CASE NO.  EDCV 14-02257 JGB (SPx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion; Statement of Undisputed Material Facts and Conclusions of Law; Compendium of Evidence; Notice of Lodging; and [Proposed] Judgment]<br><br>**<u>Hearing</u>**<br>Date: March 13, 2023<br>Time: 9:00 a.m.<br>Courtroom 1 |

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.     INTRODUCTION ....................................................................................1

II.    RELEVANT BACKGROUND ................................................................2

    A.     The Impounds .............................................................................2

    B.     California Vehicle Code § 14602.6 .............................................3

    C.     Special Order No. 7 ....................................................................4

    D.     Plaintiffs' Claims .......................................................................5

III.   SUMMARY JUDGMENT STANDARD ................................................6

IV.    LEGAL ARGUMENT ............................................................................7

    A.     Arizmendi Asserts Untimely Claims ..........................................7

    B.     Plaintiffs' Second Cause Of Action For Violation Of The Fourth Amendment Fails As A Matter Of Law ....................................8

        1.     Plaintiffs Cannot Establish A Fourth Amendment Violation..........8

        2.     Brewster's Claim Also Fails For Lack Of Any Damages ...............9

    C.     Plaintiffs' Third Cause Of Action For Violation Of Procedural Due Process Fails As A Matter Of Law...........................................10

        1.     The Impound Procedures Satisfy The Due Process Clause...........10

        2.     Plaintiffs' Allegations Independently Fail....................................12

        3.     Plaintiffs' Claims Fail Under The *Mathews* Test .........................15

    D.     Plaintiffs' Fourth Cause Of Action For Violation Of The Fifth Amendment Fails As A Matter Of Law ...............................16

    E.     Plaintiffs Cannot Establish *Monell* Liability Because No City Policy, Custom, Or Practice Proximately Caused Any Constitutional Injury....16

        1.     Special Order No. 7 Played No Part In Brewster's And Arizmendi's Alleged Injury.........................................................17

        2.     All *Monell* Claims Fail Because Special Order No. 7 Is Facially Constitutional..................................................................18

i

3.   All *Monell* Claims Fail Because Special Order No. 7 Cannot Be
     The Proximate Cause Of Any Refusal To Release A Vehicle Prior
     To Expiration Of The 30-Day Hold ................................................. 18

4.   Special Order No. 7 Provides No Guidance For How Storage
     Hearings Are To Be Conducted..................................................... 23

F.   Former Chief Beck Is Immune ................................................................. 23

G.   Plaintiffs' Fifth Cause Of Action For Breach Of Mandatory Duty Under
     California Law Fails As A Matter Of Law.............................................. 24

H.   Plaintiffs' Sixth Cause Of Action For Violation Of The California
     Constitution Fails As A Matter Of Law ................................................. 25

I.   Plaintiffs Have No Entitlement To Injunctive Relief............................ 25

J.   Vigil's Claims Are Barred By His Unclean Hands ............................... 26

V.   CONCLUSION........................................................................................................... 27

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Action Apt. Ass'n v. Santa Monica Rent Control Op. Bd.*,
509 F.3d 1020 (9th Cir. 2007) .................................................................7

*Aguilar v. Cnty. of Orange*,
No. SA CV 05–1277-DOC, 2006 WL 8435393 (C.D. Cal. July 6, 2006) ...............26

*AHCS – Mental Health and Wellness Inc. v. L.A. Cnty.*,
No. 21-7694, 2021 WL 6495038 (C.D. Cal. Dec. 16, 2021)....................................24

*Alviso v. Sonoma Cnty. Sheriff's Dep't*,
186 Cal. App. 4th 198 (Cal. Ct. App. 2010).......................................................11, 25

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)...................................................................................6

*Bates v. United Parcel Serv., Inc.*,
511 F.3d 974 (9th Cir. 2007) ........................................................................26

*Brewster v. Beck*,
859 F.3d 1194 (9th Cir. 2017) .............................................................8, 18, 22, 23

*Buckingham v. Sec'y of U.S. Dep't of Agric.*,
603 F.3d 1073 (9th Cir. 2010) ...................................................................11

*Castro v. Cnty. of L.A.*,
833 F.3d 1060 (9th Cir. 2016) ....................................................................19

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...................................................................................6

*Conner v. City of Santa Ana*,
897 F.2d 1487 (9th Cir. 1990) .................................................................12, 13

*David v. City of L.A.*,
307 F.3d 1143 (9th Cir. 2002), *vacated on other grounds by* 538 U.S. 715 (2003) .12

*Doby v. DeCrescenzo*,
171 F.3d 858 (3d Cir. 1999)........................................................................20

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

*Enciso v. City of Los Altos*,
  No. H037770, 2015 WL 1952275 (Cal. Ct. App. 2015) ..........................................24

*Estate of Brooks ex rel. Brooks v. U.S.*,
  197 F.3d 1245 (9th Cir. 1999) ................................................................................21

*Evers v. Cnty. of Custer*,
  745 F.2d 1196 (9th Cir. 1984) ................................................................................20

*Ford v. Wainwright*,
  477 U.S. 399 (1986) ................................................................................................11

*Galen v. Cnty. of L.A.*,
  477 F.3d 652 (9th Cir. 2007) ..................................................................................19

*Gravelet-Blondin v. Shelton*,
  728 F.3d 1086 (9th Cir. 2013) ..........................................................................17, 19

*Hernandez v. Cnty. of Riverside*,
  No. EDCV 20-676, 2021 WL 6496410 (C.D. Cal. Nov. 24, 2021) ........................24

*Herrera v. LAUSD*,
  No. SACV 17-00069, 2017 WL 7888037 (C.D. Cal. Nov. 6, 2017) ......................24

*Holman v. Cnty. of Butte*,
  68 Cal. App. 5th 189 (Cal. Ct. App. 2021) ...............................................................7

*Humphries v. L.A. Cnty.*,
  No. SACV 03-697, 2012 U.S. Dist. LEXIS 199831 (C.D. Cal. Oct. 17, 2012)........20

*Hupp v. City of Walnut Creek*,
  389 F.Supp.2d 1229 (N.D. Cal. 2005) ....................................................................11

*In re Oracle Corp. Sec. Litig.*,
  627 F.3d 376 (9th Cir. 2010) ....................................................................................6

*Jordan v. City of Lake Oswego*,
  734 F.2d 1374 (9th Cir. 1984) ................................................................................12

*Kaufman v. City of S.F.*,
  434 Fed.Appx. 583 (9th Cir. 2011)....................................................................14, 26

iv

*Keenan v. Allan,*
   91 F.3d 1275 (9th Cir. 1996) ........................................................................6

*Mathews v. Eldrige,*
   424 U.S. 319 (1979) ........................................................................11

*Memphis Community School Dist. v. Stachura,*
   477 U.S. 299 (1986) ........................................................................9

*Miranda v. City of Cornelius,*
   429 F.3d 858 (9th Cir. 2005) ........................................................................9, 16

*Northbay Wellness Group, Inc. v. Beyries,*
   789 F.3d 956 (9th Cir. 2015) ........................................................................26

*Palmer v. Stassinos,*
   236 F.R.D. 460 (N.D. Cal. 2006) ........................................................................7

*Paroline v. U.S.,*
   572 U.S. 434 (2014) ........................................................................21

*Pearson v. Callahan,*
   555 U.S. 223 (2009) ........................................................................23

*Pembaur v. City of Cincinnati,*
   475 U.S. 469 (1986) ........................................................................19

*Ramirez v. City of Buena Park,*
   No. SACV 03-01754, 2010 WL 11628015 (C.D. Cal. Apr. 13, 2010) ........................................9

*Rodriguez v. U.S.,*
   575 U.S. 348 (2015) ........................................................................9

*Salazar v. Schwarzenegger,*
   No. CV 07–1854-SJO, 2007 WL 9662364 (C.D. Cal. Oct. 23, 2007) ........................................26

*Sanchez v. Cnty. of San Diego,*
   464 F.3d 916 (9th Cir. 2006) ........................................................................25

*Sandoval v. Cnty. of Sonoma,*
   912 F.3d 509 (9th Cir. 2019) ........................................................................9, 16, 22

v

*Snyder v. King,*

    745 F.3d 242 (7th Cir. 2014) ........................................................................20

*Surplus Store & Exch., Inc. v. City of Delphi,*

    928 F.2d 788 (7th Cir. 1991) ........................................................................20

*Thomas v. Magnachip Semiconductor Corp.,*

    167 F. Supp. 3d 1029 (N.D. Cal. 2016) ..........................................................7

*Vives v. City of N.Y.,*

    524 F.3d 346 (2nd Cir. 2008)........................................................................20

*Yagman v. Garcetti,*

    852 F.3d 859 (9th Cir. 2017) ........................................................................11

## Statutes

Cal. Gov. Code § 820.4..........................................................................................25

Cal. Gov. Code § 821.6..........................................................................................25

Cal. Lab. Code § 2775 ...........................................................................................13

Cal. Veh. Code § 14602.6 ..........................................................................13, 18, 20, 26

Cal. Veh. Code § 22650 ................................................................................11, 13, 14

Cal. Veh. Code § 22651(p) .....................................................................................22

## Rules

Fed. R. Civ. P. 56(a)..................................................................................................6

## Constitutional Provisions

Cal. Const., art. XI, § 7 ..........................................................................................20

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

# I. INTRODUCTION

This case primarily concerns the Constitutional rights of vehicle owners in obtaining the release of their vehicles during the 30-day impound period that Cal. Veh. Code § 14602.6 mandates when a vehicle is driven by an unlicensed person. All of Plaintiffs' claims fail, whether based on constitutional issues or state law, and for multiple reasons. For example, all of Plaintiff Elias Arizmendi's claims are time-barred.

Plaintiffs' claims survived the pleading stage based on the assertion of unsupported allegations. Plaintiff Lamya Brewster's contention that she "showed up with proof of ownership and a valid driver's license" to request the release of her vehicle is simply false. Brewster did not appear at a storage hearing and her driver's license was suspended at the time. Similarly, Arizmendi and Plaintiff Julian Vigil each lacked a valid driver's license for the 30 days following the impounds of their vehicles. Vigil never requested a hearing to seek release of his vehicle. While Arizmendi did, he told the hearing officer he would continue driving his vehicle without a driver's license. Similarly, the procedural due process claim fails because a prompt and sufficient hearing was available and the potential return of the vehicle was reasonably provided. The Fifth Amendment claim fails for these same reasons.

In addition, Plaintiffs' sole basis for *Monell* liability against the City is a document called Special Order No. 7, but Special Order No. 7 cannot support *Monell* liability as it was not the proximate cause of any of Plaintiffs' alleged injuries. In any case, Special Order No. 7 is facially constitutional as it requires any impound be consistent with the Fourth Amendment and community caretaking. Further, former Chief Beck is immune as it was not clearly established that any of his alleged conduct was unconstitutional at the time of Plaintiffs' alleged injuries. Finally, Plaintiffs have failed to allege a viable claim of mandatory duty or for violation of the California Constitution.

1

For all these reasons and more, discussed below, Defendants are entitled to summary judgment, or in the alternative, partial summary judgment.

## II.   RELEVANT BACKGROUND

### A.   The Impounds

Plaintiffs Lamya Brewster, Elias Arizmendi, and Julian Vigil had their vehicles impounded under Cal. Veh. Code § 14602.6.  The vehicle registered to Brewster was impounded on October 28, 2014 as it was being driven by someone with a suspended license.  (Declaration of Scott Frus ["Frus Decl."], ¶¶ 7, 10 and Ex. 1.)  Following the impound, Brewster's attorney requested and received a storage hearing to challenge the impound of the vehicle.  (Frus Decl., ¶¶ 8, 9, 11.)  Brewster did not attend the hearing.  (Frus Decl., ¶ 12.)  The detective conducting the storage hearing ultimately found that releasing the vehicle was not justified.  (Frus Decl., ¶ 18.)  At the time the vehicle was impounded for the 30 days following the impound, Brewster's driver's license was suspended by the Department of Motor Vehicles.  (Frus Decl., ¶¶ 16-17 and Ex. 2.)  On November 7, 2014, the legal owner of the vehicle (not Brewster) repossessed the vehicle.  (Declaration of Travonne Dixon ["Dixon Decl."], ¶¶ 3-13.)  At the time the vehicle was impounded, Brewster did not consider the vehicle "her vehicle"; rather, Brewster's sister had been using the vehicle and paying all its expenses.  (Declaration of Joseph S. Persoff ["Persoff Decl."], Ex. 20 [Deposition of Lamya Brewster ("Brewster Dep."), 12:16-13:11, 75:1-76:4, 99:6-10].)  Ultimately, Brewster's sister paid the legal owner to reclaim the vehicle.  (Persoff Decl., Ex. 20 [Brewster Dep., 88:18-89:18, 92:17-93:3].)

Arizmendi was pulled over on August 4, 2014 and his vehicle was impounded after Arizmendi failed to present valid vehicle registration, proof of insurance, or a valid driver's license.  (Declaration of Helen Papietro ["Papietro Decl."], ¶ 5 and Ex. 5.)  Arizmendi requested and was provided a storage hearing on August 11, 2014 to challenge the impound of his vehicle.  (Papietro Decl., ¶ 6 and Ex. 7.)  Arizmendi

attended the hearing with his attorney and an interpreter.  (Papietro Decl., ¶ 6 and Ex. 7.)  At the hearing, Arizmendi had no valid driver's license and presented no proof of insurance.  (Papietro Decl., ¶¶ 7-9 and Ex. 7.)  Arizmendi also told the hearing officer that, if the vehicle was released to him, he would continue to drive the vehicle without a valid driver's license.  (Papietro Decl., ¶ 9.)  Based on that statement, the hearing officer declined to release the vehicle to him.  (Papietro Decl., ¶ 10.)

Vigil was pulled over on May 30, 2017 for using his cell phone while driving. (Declaration of Aram Khatchaturian ["Khatchaturian Decl."], ¶ 2.)  After the officers pulled Vigil over, they discovered his driver's license was suspended for failure to submit to a chemical test under suspicion of driving under the influence. (Khatchaturian Decl., ¶ 3.)  After notifying Vigil that his vehicle was being impounded, the police officer advised Vigil that he should speak to a detective at the North Hollywood police station to see about having his vehicle released and that Vigil could request a storage hearing to seek release of his vehicle.  (Khatchaturian Decl., ¶ 6, Ex. 14 at 22:49-23:26.)  Vigil did not request a storage hearing.  (Persoff Decl., Ex. 21 [Deposition of Julian Vigil ("Vigil Dep."), 44:24-25]; Frus Decl., ¶ 23.)  Vigil brought a friend with a valid driver's license with him to retrieve the vehicle after the 30 days expired.  (Persoff Decl., Ex. 21 [Vigil Dep., 30:2-11].)  Vigil's friend drove the vehicle out of the storage lot, then they immediately switched seats and Mr. Vigil drove home.  (*Id*. at 38:14-23.)  Vigil's driver's license remained suspended at this time.  (*Id*. at 16:5-16, 18:1-11, 38:24-25.)

## B.    California Vehicle Code § 14602.6

California enacted Cal. Veh. Code § 14602.6 in 1994 along with the Safe Streets Act of 1994.  95 Ops. Cal. Att'y Gen. 1, at 4, n.28 (May 3, 2012).  At the time, the Legislature found that (1) of all drivers involved in fatal accidents, more than 20% are not licensed to drive; (2) an estimated 720,000 driver's licenses issued by California's Dep't of Motor Vehicles ("DMV") were suspended or revoked and approximately

3

1,000,000 persons were driving without ever having been issued a license; and (3) over 4,000 persons were killed and 330,000 persons suffered injuries from traffic accidents in California annually.  Cal. Veh. Code § 14607.4.

  In relevant part, Cal. Veh. Code § 14602.6 provides that a peace officer may impound a vehicle driven by someone without a valid driver's license and that a "vehicle so impounded shall be impounded for 30 days."  Section 14602.6 further provides that the impounding agency must provide both the registered and legal owner of an impounded vehicle a storage hearing under Cal. Veh. Code § 22852 to "determine the validity of, or consider any mitigating circumstances attendant to, the storage."  Section 14602.6 additionally allows for release of an impounded vehicle prior to the expiration of the 30-day hold under five circumstances: (1) when the vehicle was stolen; (2) when the vehicle is subject to bailment and is driven by an unlicensed employee of a business establishment, including a parking service or repair garage; (3) when the license of the driver was suspended or revoked for an offense other than those included in Cal. Veh. Code §§ 13200 et seq. and §§ 13350 et seq.; (4) when the vehicle was seized for an offense that does not authorize the seizure of the vehicle; or (5) when the driver reinstates his or her driver's license or acquires a driver's license and proper insurance.

  **C.**  **Special Order No. 7**

  The Los Angeles Police Department ("LAPD") issued Special Order No. 7 ("SO7") to "provide guidance regarding the enforcement of VC sections 22651(p) 'Unlicensed Driver,' and 14602.6(a)(1) '30-Day Holds,' and guidance on how to apply the 'Community Caretaking Doctrine.'"  (Frus. Decl., Ex. 3 at 16.)  SO7 explained that "statutory authority to impound, alone, does not determine the constitutional reasonableness of the seizure [of a vehicle] under the Fourth Amendment of the United States Constitution."  (*Id.*)  Further, "[o]fficers shall be guided by the Community Caretaking Doctrine and the procedures set forth in this Order when deciding whether

4

to impound a vehicle driven by an unlicensed driver, or a driver with a suspended or revoked license." (*Id*.)  After explaining that community caretaking interests include public safety, convenience, the efficient movement of traffic, and the unlawful operation of a vehicle, SO7 explains, "[t]he totality of circumstances, including the factors listed above, should be considered when deciding whether impoundment is reasonable under the Community Caretaking Doctrine and the Fourth Amendment. The decision to impound any vehicle must be reasonable and in furtherance of public safety." (*Id*. at 16-17.)

SO7 primarily provides guidance to police officers on when to impound vehicles under Cal. Veh. Code § 22651(p) versus Cal. Veh. Code § 14602.6.  (Frus Decl., Ex. 3 at 17-20.)  As to when a vehicle should be released following its impound under Section 14602.6, SO7 provides only that, "[v]ehicles impounded under [Section 14602.6] shall be impounded for 30 days, unless earlier release is authorized by the Area Auto detectives in accordance with Section 14602.6 VC."  (*Id*. at 20.)

## D.  Plaintiffs' Claims

Plaintiffs bring this lawsuit challenging the storage of their vehicles following impound.[1]  After this Court initially dismissed Brewster's claims, the Ninth Circuit reversed, holding that the justification for the initial impound of Brewster's vehicle "vanished once the vehicle arrived in impound and Brewster showed up with proof of ownership and a valid driver's license. . . . Thereafter, the government must cease the seizure or secure a new justification." *Brewster*, 859 F.3d at 1196-97.  Following remand, Arizmendi joined the lawsuit on June 12, 2018, *see* Second Am. Compl., ECF No. 103, and Mr. Vigil joined the lawsuit on May 22, 2019, *see* Third Am. Compl., ECF No. 139.  After various amendments and motions to dismiss, Plaintiffs' operative Fifth Amended Complaint, asserts claims (1) under 42 U.S.C. § 1983 for violation of

---

[1] Plaintiffs do not challenge the initial impound of their vehicles. *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) (community caretaking justified initial impound).

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

the Fourth Amendment, Fifth Amendment, and the Procedural Due Process Clause; (2) breach of mandatory duty under Cal. Gov. Code § 815.2; and (3) violation of the California Constitution, Art. I, §§ 13, 19.  Fifth Am. Compl. ("5AC"), ECF No. 198.

Following class certification briefing, the Court certified two subclasses asserting claims for violation of the Fourth and Fifth Amendments.  *See generally*, Order on Pls.' Mot. for Class Certification, ECF No. 220; Order on Pls.' Renewed Mot. for Class Certification, ECF No. 264.  Brewster and Arizmendi are the representatives of the respective subclasses.  *Id*.

### III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party has the initial burden of identifying the portions of the pleadings and record that it believes demonstrate the absence of an issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears the burden of proof at trial, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case.  *Id*. at 325.

Instead, the moving party need only prove there is an absence of evidence to support the non-moving party's case.  *Celotex Corp.*, 477 U.S. at 325; *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  The moving party must show that "under the governing law, there can be but one reasonable conclusion as to the verdict."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The non-moving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  If the non-moving party fails to make this showing, then "[t]he moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

## IV.    LEGAL ARGUMENT

### A.    Arizmendi Asserts Untimely Claims

Arizmendi's claims all fail as a matter of law because they are barred by the applicable statutes of limitations.  Arizmendi's vehicle was impounded on August 3, his unsuccessful impound hearing was on August 11, 2014, and he joined this lawsuit on June 12, 2018.  (Undisputed Material Fact ["UMF"] Nos. **1** [Papietro Decl., ¶¶ 3, 5, Ex. 5], **3** [Papietro Decl., ¶ 10], **4** [Second Am. Compl., ECF No. 103].)   The statute of limitations for a claim brought under 42 U.S.C. § 1983 is two years.  *Action Apt. Ass'n v. Santa Monica Rent Control Op. Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007). The statute of limitations for a claim brought under Cal. Gov. Code § 815.6 for breach of a mandatory duty is three years.  *Holman v. Cnty. of Butte*, 68 Cal. App. 5th 189, 194 (Cal. Ct. App. 2021). As each of Arizmendi's claims accrued more than three years before he brought his claims, they are all time-barred.

Nor would any of the claims relate back to Brewster's.  In order for a plaintiff's claims to relate back, three requirements must be met: (1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; (2) the relation back does not unfairly prejudice the defendant; and (3) there is an identity of interests between the original and newly proposed plaintiff.  *Rosenbaum v. Syntex Corp.*, 95 F.3d 922, 935 (9th Cir. 1996).  Plaintiffs indisputably fail the second two elements.  First, they do not have an identity of interests, as Plaintiffs acknowledge by proposing Brewster, Arizmendi, and Vigil as separate class representatives.  *See id*. (no identity of interests where claims arose out of different conduct); *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1054 (N.D. Cal. 2016) (same); *Palmer v. Stassinos*, 236 F.R.D. 460, 466 (N.D. Cal. 2006) ("Palmer and Hammer's lack of standing to raise such claims means they have no interest in them."). Second, Defendants would be unfairly prejudiced.  For example, LAPD's practice at the time of Arizmendi's storage hearing was to maintain records from the storage

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

hearing for three years, which would address any timely claim. (Declaration of Benjamin Jones ["Jones Decl."], ¶ 5 and Ex. 8 at 20.) By the passage of four years, those highly probative records would be lost and Arizmendi gains an unfair advantage by exceeding the limitations period.

**B.** **Plaintiffs' Second Cause Of Action For Violation Of The Fourth Amendment Fails As A Matter Of Law**

**1.** **Plaintiffs Cannot Establish A Fourth Amendment Violation**

In the Ninth Circuit's opinion governing this case, it held that Brewster stated a claim that her vehicle was unlawfully seized only because the justification rendering the initial impound of her vehicle vanished once "Brewster showed up with proof of ownership and a valid driver's license." *Brewster*, 859 F.3d at 1196. While the parties agree, and the Ninth Circuit has already found, that the initial impound and retention of the vehicle was lawful up to that point, the Ninth Circuit held that a new justification was required to continue holding Brewster's vehicle for the remaining 30 days, but only because Brewster had demonstrated ownership and a valid license. *Id*. at 1196-97. Because the undisputed facts establish that either none of the Plaintiffs caused the justification for the initial impound to vanish or that a new justification existed for the continued impound of their vehicles, Plaintiffs' claims fail as a matter of law.

Brewster never showed up to request the release of her vehicle, as she did not attend the vehicle storage hearing. (UMF No. **5** [Frus Decl., ¶¶ 7, 12].) Further, at the time of the storage hearing and through the entirety of the storage of the vehicle, Brewster did not have a valid driver's license. (UMF No. **12** [Frus Decl., ¶ 17, Ex. 2].) Therefore, Brewster never rebutted the undisputedly legitimate impound of her vehicle and her claim fails as a matter of law.

Arizmendi did show up to his storage hearing, but he never presented a licensed driver to the detective conducting the storage hearing and refusing to release Arizmendi's vehicle was justified because he represented that he would continue to

8

drive the vehicle without a valid driver's license.  (UMF Nos. **17** [Papietro Decl., ¶ 9],
**18** [Papietro Decl., ¶ 10; Persoff Decl., Ex. 22 (Deposition of Elias Arizmendi, 34:2-
6)].)  Therefore, there was never a need to provide a "new justification" for storage of
Arizmendi's vehicle, but even if there was, community caretaking interests justified
the continued impound of the vehicle.  *Rodriguez v. U.S.*, 575 U.S. 348, 355 (2015)
(checking a driver's license and proof of insurance ensures that vehicles on the road
are operated safely and responsibly); *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 516
(9th Cir. 2019) ("[T]he 'community caretaking' exception [] permits government
officials to remove vehicles from the streets when they 'jeopardize public safety and
the efficient movement of vehicular traffic.'"); *Miranda v. City of Cornelius*, 429 F.3d
858, 865 (9th Cir. 2005) ("The state has the right to allow the driver to drive away with
the vehicle only if he or she is able to do so in compliance with all regulations intended
to ensure the vehicle's safe operation.").  Accordingly, Arizmendi's claim fails as a
matter of law.

Vigil never attended a storage hearing to retrieve his vehicle during the 30-day
hold.  (UMF Nos. **22** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21, (Vigil Dep., 44:24-25),
**23** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21, (Vigil Dep., 44:24-25)].)  Therefore, Vigil
never rebutted the undisputedly legitimate impound of his vehicle and his claim fails as
a matter of law.  *See Sandoval*, 912 F.3d at 519 ("[A] 30-day impound does not
necessarily violate the Fourth Amendment.").

### 2.    Brewster's Claim Also Fails For Lack Of Any Damages

Brewster's claim also fails because she cannot establish that she suffered any
damages.  *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986)
("[N]o compensatory damages could be awarded for violation of that right absent proof
of actual injury."); *Ramirez v. City of Buena Park*, No. SACV 03-01754, 2010 WL
11628015, at *2 (C.D. Cal. Apr. 13, 2010) (granting summary judgment due to
plaintiff's failure to demonstrate injury).  At the time of impound and storage of the

9

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

vehicle, Brewster was not using the vehicle and she did not consider it "her" vehicle. (UMF Nos. **13** [Persoff Decl., Ex. 20 (Brewster Dep., 13:9-11)], **14** [Persoff Decl., Ex. 20 (Brewster Dep., 75:1-76:4, 99:6-10)].)  Further, after the legal owner repossessed the vehicle, Brewster did not pay anything to retrieve it from the legal owner.  (UMF No. **15** [Persoff Decl., Ex. 20 (Brewster Dep., 88:18-89:18, 92:17-93:3)].)  Therefore, Brewster suffered no actual injury from the impound and storage of the vehicle.

### C.     Plaintiffs' Third Cause Of Action For Violation Of Procedural Due Process Fails As A Matter Of Law

Plaintiffs allege their procedural due process rights were violated by Defendants' "failure to provide or allow a hearing where the lawfulness of the warrantless 30 day impound could be challenged, their failure to provide a hearing before a neutral party, their failure to provide any judicial review of their warrantless seizures, their failure to provide meaningful remedies to remedy their unlawful conduct, their failure to provide notice of the owner's right to retrieve the car in less than 30 days as required by the Fourth Amendment, and their providing false and misleading information to the car's driver and the car's owner that the owner was not lawfully entitled to retrieve the car in less than 30 days all violate due process of law." 5AC at 23, ¶ 70.[2]  Plaintiffs' claims fail as a matter of law because they are contrary to and unsupported by undisputed facts and because the allegations do not give rise to a due process violation as a matter of law under Ninth Circuit precedent.

#### 1.     The Impound Procedures Satisfy The Due Process Clause

The City's impound procedures are reasonable and provide adequate due process.  "The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard at a meaningful time and in a meaningful manner."  *Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1092 (9th Cir.

---

[2] The Court denied certification of any classes alleging a procedural due process claim. Ruling on Mot. for Class Certification at 11, 24, ECF No. 220.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

2010); *see also Ford v. Wainwright*, 477 U.S. 399, 413 (1986) (the fundamental requirement of due process of law is the opportunity to be heard). Therefore, the Due Process Clause does not always require a full evidentiary hearing or formal hearing. *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017). Accordingly, while there generally "are no 'hard and fast' rules for determining the requisite timing and adequacy of pre- and post-deprivation procedures," courts apply a three-part balancing test established in *Mathews v. Eldrige*, 424 U.S. 319 (1979). *Yagman*, 852 F.3d at 864. The three factors under that test are (1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the value of additional procedural safeguards; and (3) the government's interest, including the burdens of additional procedural requirements. *Id*.

Following the impound of a vehicle pursuant to Cal. Veh. Code § 14602.6, a driver can challenge the impound pursuant to Cal. Veh. Code § 22852. *Alviso v. Sonoma Cnty. Sheriff's Dep't*, 186 Cal. App. 4th 198, 209 (Cal. Ct. App. 2010). A hearing under Section 22852 shall be conducted within 48 hours of the driver requesting a hearing and "the storing agency shall have the burden of establishing the authority for, and the validity of, the removal." Cal. Veh. Code § 22650(c). Further, a review of the validity of an impound under Section 22852 "does not prevent a review or other action as may be permitted by the laws of this state by a court of competent jurisdiction." Cal. Veh. Code § 22650(d). Section 22852 also requires the impounding agency to provide notice to the driver of the availability of a storage hearing to challenge their vehicle's impound. Multiple courts have held that storage hearings under Section 22852 comply with due process requirements. *See Hupp v. City of Walnut Creek*, 389 F.Supp.2d 1229, 1233-34 (N.D. Cal. 2005); *Alviso*, 186 Cal. App. 4th at 209-14 ("Analysis of the administrative hearing scheme provided in sections 14602.6 and 22852 under the factors articulated by the Supreme Court in *Mathews* leads us independently to conclude, like the courts in *Conner* and *Hupp*, that due

11

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

process in this context does not require a post-seizure judicial hearing."). Relying on *Mathews*, the Ninth Circuit has rejected many of the claims Plaintiffs specifically allege here: the Due Process Clause does not require an administrative hearing challenging the impound of a vehicle to have judicial involvement nor does it require the hearing be conducted by an "uninvolved person." *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492-93 (9th Cir. 1990). This ruling is binding and dispositive of Plaintiffs' claims.

### 2.   Plaintiffs' Allegations Independently Fail

Each of Plaintiffs' allegations independently fail either because they are untrue or they have been rejected by the Ninth Circuit. Plaintiffs allege they were not provided a hearing where they could challenge the lawfulness of their vehicles' impound. This is not true, as both Brewster and Arizmendi were provided hearings pursuant to Cal. Veh. Code § 22852. (UMF Nos. **7** [Frus Decl., ¶ 11], **16** [Papietro Decl., ¶ 3].) Mr. Vigil never requested a storage hearing. (UMF No. **22** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21 (Vigil Dep., 44:24-25)].)

Plaintiffs next allege (contradictory to their prior allegation) that they were not provided a hearing before a neutral party. Plaintiffs have no evidence that either of the hearing officers were biased against them. Regardless, during the relevant time period, detectives were trained to be unbiased when conducting storage hearings. (UMF No. **28** [Jones Decl., ¶¶ 3, 4, Ex. 9 at 16-17].) In fact, Det. Papietro, who conducted Arizmendi's storage hearing, released vehicles following a storage hearing over 50% of the time. (UMF No. **29** [Papietro Decl., ¶ 2].) Further, due process does not bar a hearing officer from being an employee of the impounding agency. *Jordan v. City of Lake Oswego*, 734 F.2d 1374, 1376, n.1 (9th Cir. 1984) ("There is no constitutional requirement that the decisionmaker be an uninvolved person when a property interest protected by due process is at stake."); *see also David v. City of L.A.*, 307 F.3d 1143, 1147 (9th Cir. 2002) (denying plaintiff's claim that the "mere fact that the hearing

12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

examiner was employed by the agency-or the City-was sufficient to show a due process violation because the officer who ordered the towing and storage worked for the agency also"), *rev'd on other grounds*, 538 U.S. 715 (2003).

Regardless, it is likely impossible that anyone conducting storage hearings could avoid being considered an employee of the impounding agency due to California employment law.  Under Cal. Lab. Code § 2775, a person is an employee of the hiring entity unless the person is (1) free from the control and direction of the hiring entity; (2) the person performs work that is outside the usual course of the hiring entity's business; **and** (3) the person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed.  A person conducting storage hearings for an impounding agency would not likely meet any of these requirements.  Also, it would undermine public policy interests to bar an impounding governing entity from having any say over how storage hearings are conducted, as Cal. Lab. Code § 2775 would require to avoid an employment relationship.

Because judicial review was available, Plaintiffs' contrary allegation similarly fails.  Cal. Veh. Code § 22650(d) ("This section does not prevent a review or other action as may be permitted by the laws of this state by a court of competent jurisdiction."); *Conner*, 897 F.2d at 1493 ("Moreover, the Conners did have a right to judicial review of the City Council's action under Cal.Civ.Pro.Code § 1094.5, a right which they did not exercise.").  Either way, "[t]here is no requirement, however, that a court be involved in the process in order to comply with the constitution."  *Conner*, 897 F.2d at 1492-93.

Plaintiffs next allege they were not provided "meaningful remedies" to address the vehicle impound.  This is not true, either.  If, at the storage hearing it is determined that the impound is not justified, the vehicle is to be released and the vehicle owner is not responsible for the towing and storage costs.  Cal. Veh. Code §§ 14602.6(d)(1),

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

22852(e).  During the relevant time period, detectives conducting storage hearings were trained in accordance with these laws.  (UMF No. **30** [Jones Decl., ¶ 2]; *see also* Papietro Decl., ¶ 2 [released vehicles on 30-day holds following storage hearing before expiration of 30 days more than half the time].)

Plaintiffs' last two allegations are that drivers are not notified that they can retrieve their vehicles sooner than 30 days following the impound.  This allegation fails as to Brewster and Arizmendi as they both promptly requested storage hearings. (UMF Nos. **1** [Papietro Decl., ¶¶ 3, 5, Ex. 5], **7** [Frus Decl., ¶ 11], **16** [Papietro Decl., ¶ 3]; *Kaufman v. City of S.F.*, 434 Fed.Appx. 583, 584 (9th Cir. 2011) (a party who knew how to request a storage hearing had no standing to complain about inadequate notice).)  While Vigil did not request a storage hearing, one of the officers that impounded his vehicle notified him of his right to do so.[3]  (UMF Nos. **22** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21 (Vigil Dep., 44:24-25)], **24** [Katchaturian Decl., ¶ 6, Ex. 14 at 22:49-23:26].)

Finally, while not alleged, in the event Plaintiffs argue their due process rights were violated because of the applicable burden of proof at the storage hearings, such an argument would fail.  Under Cal. Veh. Code § 22650(c), the burden of proof is on the impounding agency to establish justification for the impound.  Further, during the relevant time period, detectives conducting storage hearings were trained that the burden of proof was on LAPD by clear and convincing evidence.  (UMF No. **31** [Jones Decl., ¶ 3, Ex. 9 at 17, Ex. 10 at 32].)

For all these reasons, Plaintiffs cannot establish a violation of their procedural due process rights as a matter of law.

---

[3] Because Vigil did not request or attend a storage hearing, he has no standing to challenge the substance of a hearing provided under Section 22852. *Kaufman*, 434 Fed.Appx. at 584 (failure to request hearing precluded standing to challenge sufficiency of hearing)

14

### 3.   Plaintiffs' Claims Fail Under The *Mathews* Test

The Court need not conduct an independent *Mathews* analysis because Plaintiffs' claims fail for the reasons discussed above.  But conducting a *Mathews* analysis confirms Plaintiffs cannot establish a procedural due process claim.  Under the first factor, the private interest affected, Plaintiffs certainly have an interest in access to their vehicles.  The interest is lessened, however, in that none of them had valid driver's licenses at the time and therefore could not lawfully drive the car.  (UMF Nos. **2** [Papietro Decl., ¶¶ 5, 8, 9, Exs. 5, 6], **12** [Frus Decl., ¶ 17, Ex. 2], **21** [Vigil Dep., 16:5-16, 20:6-9, 35:21-24, 38:24-39:4)].)  Further, Brewster was not using the vehicle at all and did not even consider it hers.  (UMF Nos. **13** [Persoff Decl., Ex. 20 (Brewster Dep., 13:9-11), **14** [Persoff Decl., Ex. 20 (Brewster Dep., 75:1-76:4, 99:6-10)].)  Under the second factor, the risk of erroneous deprivation is low because Plaintiffs were entitled to a hearing within 48 hours, where the burden of proof was on LAPD to establish the justification for the impound and storage by clear and convincing evidence, and Plaintiffs could have sought judicial review of the decision. (UMF Nos. **30** [Jones Decl., ¶ 2], **31** [Jones Decl., ¶ 3, Ex. 9 at 17, Ex. 10 at 32], **32** [Jones Decl., ¶ 3, Ex. 9 at 12].)  Additionally, the grounds for impound are reviewed even absent a request for a storage hearing.  The initial impound and issuance of a 30-day hold is reviewed by the impounding officers' supervisor.  (UMF Nos. **33** [Frus Decl., Ex. 1 at 8; Papietro Decl., ¶ 4 and Ex. 5 at 6; Khatchaturian Decl., ¶ 5 and Exs. 12, 13], **34** [Frus Decl., Ex. 1 at 10, Papietro Decl., ¶ 4 and Ex. 5 at 9; Khatchaturian Decl., ¶ 5, Ex. 13].)  Further, the detective who conducted Arizmendi's storage hearing would review the paperwork relating to an impound without contacting the impounding officers and without the driver having requested a storage hearing.  (UMF Nos. **35** [Papietro Decl., ¶ 4], **36** [Papietro Decl., ¶ 4].)  Additionally, following a storage hearing, hearing officers write down the reasons for their ruling, and that form is available to the driver. (UMF Nos. **37** [Papietro Decl., ¶ 11 and Ex. 7; Jones Decl., ¶

15

5 and Ex. 10], **38** [Papietro Decl., ¶ 11 and Ex. 7; Jones Decl., ¶ 5 and Ex. 10].)  This form was reviewed by the storage hearing officer's supervisor.  (UMF No. **39** [Papietro Decl., ¶ 11 and Ex. 7; Jones Decl., ¶ 5].)  Plaintiffs have not offered any alternative procedures that would further decrease the possibility of erroneous deprivation and while also preventing vehicle operation by unlicensed drivers.  Under the third factor, "the government has a strong interest in keeping unlicensed drivers off the roads . . . . It also has an interest in providing prompt and efficient hearings before the impounding agency, where the records necessary to show whether the vehicle was properly impounded are presumably maintained and accessible."  *Alviso*, 186 Cal. App. 4th at 214.  Plaintiffs do not challenge the important public safety interest in keeping unlicensed drivers off the road.  *See Sandoval*, 912 F.3d at 516 and *Miranda*, 429 F.3d at 865.

Weighing these factors confirms that Plaintiffs' procedural due process claims fail as a matter of law.

### D.     Plaintiffs' Fourth Cause Of Action For Violation Of The Fifth Amendment Fails As A Matter Of Law

Plaintiffs' and the Class Members' claim for violation of the Fifth Amendment fails for all the same reasons their claim for violation of the Fourth Amendment fails. *See* Ruling on Mot. to Dismiss Fourth Am. Compl. at 12-13, ECF No. 197 ("It is well established the Takings Clause does not prohibit takings made lawfully and pursuant to a power other than the power of eminent domain.").

### E.     Plaintiffs Cannot Establish *Monell* Liability Because No City Policy, Custom, Or Practice Proximately Caused Any Constitutional Injury

Plaintiffs' *Monell* theory is that their injuries were caused by SO 7.  *See* Opp. to Mot. to Dismiss Third Am. Compl. at 7, ECF No. 146.  A municipality is subject to suit under Section 1983 only if it has "caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by

16

that body's officers." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (cleaned up). Plaintiffs cannot establish *Monell* liability as a matter of law. First, Arizmendi and Brewster cannot establish *Monell* liability as a matter of law because SO7 had no impact on how the storage hearing officer conducted either of their storage hearings or the storage hearing officer's ultimate decision not to release either of their vehicles. Second, SO7 is facially constitutional in any case. And third, all Plaintiffs and all class members' *Monell* claims fail because SO7 was not the proximate cause of the alleged injury as a matter of law.

### 1. Special Order No. 7 Played No Part In Brewster's And Arizmendi's Alleged Injury

Brewster alleges that her constitutional rights were violated when LAPD refused to release her vehicle "on account of the Impound Policy." 5AC at 8. Arizmendi alleges that his constitutional rights were violated when he attended a storage hearing to seek release of his vehicle, but "Det. Papietro refused Plaintiff's request and instead affirmed the 30 day impound. In doing so, Plaintiff is informed that Det. Papietro was relying on and acting pursuant to the Impound Policy." 5AC at 9. While the detectives' decisions not to release the vehicles were justified as a matter of law, as discussed above, Plaintiffs cannot establish *Monell* liability against the City in any case because SO7 did not direct their decisions not to release the vehicles. As to Brewster, Det. Frus denied the release of the vehicle because Section 14602.6 stated that the vehicle *shall* be impounded for 30 days. (UMF No. **9** [Frus Decl., ¶ 18].) Further, Det. Frus did not consider SO7 when deciding how to conduct the storage hearing or when deciding not to release Brewster's vehicle. (UMF Nos. **10** [Frus Decl., ¶ 20], **11** [Frus Decl., ¶ 20], **40** [Frus Decl., ¶ 20 and Ex. 3].) As to Arizmendi, SO7 had no impact on how Det. Papietro conducted Arizmendi's storage hearing or her ultimate decision not to release his vehicle. (UMF Nos. **19** [Papietro Decl., ¶ 12], **20** [Papietro Decl., ¶ 12].)

17

2.    **All *Monell* Claims Fail Because Special Order No. 7 Is Facially Constitutional**

All Plaintiffs' and Class Members' claims fail as a matter of law against the City because SO7 expressly provides that the impound of a vehicle must be consistent with the Fourth Amendment and community caretaking.  (UMF No. **41** [Frus Decl., ¶ 20 and Ex. 3 at 16-17].)  Because the basis for Plaintiffs' and the Class Members' claims is that the impounds were not consistent with the community caretaking, and SO7 barred impounds that were inconsistent with community caretaking, then SO7 could not have caused their injuries and their claims fail as a matter of law.  5AC at 19 ("The 30 day impoundments of vehicles belonging to Plaintiff and members of the Damages Class where such impoundments were made without a warrant, did not meet the requirements of the community caretaking doctrine.").

3.    **All *Monell* Claims Fail Because Special Order No. 7 Cannot Be The Proximate Cause Of Any Refusal To Release A Vehicle Prior To Expiration Of The 30-Day Hold**

a)    **The 30-day hold is mandated by state law**

All Plaintiffs' and Class Members' claims fail as a matter of law against the City because SO7 cannot have been the proximate cause of any injury.  Plaintiffs' alleged injuries arise not out of the initial impound of their vehicles, but instead the refusal to release their vehicles prior to the expiration of the 30-day hold.  *Brewster*, 859 F.3d at 1196 ("The parties agree that the LAPD could impound—and, therefore, seize—Brewster's vehicle under section 14602.6(a)(1) pursuant to the community caretaking exception to the Fourth Amendment.").  This 30-day hold was mandated by Cal. Veh. Code § 14602.6 which provides that a vehicle impounded under that section "shall be impounded for 30 days."  (UMF No. **42**.)  Section 14602.6(d)(1) provides that a vehicle impounded under that section may be released prior to the end of the 30-day impoundment under five different circumstances.  (UMF No. **43**.)  The only comment

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

SO7 provides regarding the release of a vehicle prior to expiration of the 30-day hold is that, "[v]ehicles impounded under [Section 14602.6(a)(1)] shall be impounded for 30 days, unless earlier release is authorized by the Area Auto detectives in accordance with Section 14602.6 VC." (UMF No. **44** [Frus Decl., ¶ 20 and Ex. 3 at 20].)

Therefore, once the City impounded a vehicle under Section 14602.6, the City was mandated by State law to hold the vehicle for 30 days unless one of the five circumstances were present. SO7 provides no separate guidance other than to follow Section 14602.6. Accordingly, if a vehicle was not released when it should have been, it was either because Section 14602.6 is constitutionally inadequate or because Section 14602.6—and accordingly SO7—was not followed. Either way, SO7 could not have proximately caused any Plaintiffs' or Class Members' injury as a matter of law.[4]

To constitute a custom or policy sufficient to establish *Monell* liability, the subject custom or policy must be a "deliberate choice to follow a course of action . . . made from among various alternatives." *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1075 (9th Cir. 2016) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)). A plaintiff seeking to meet this requirement must demonstrate the municipality had a deliberate policy, custom, or practice that was the "moving force" behind the constitutional violation she suffered. *Gravelet-Blondin*, 728 F.3d at 1096. To do so, a plaintiff must show both causation-in-fact and proximate causation. *Id*. If a municipality is alleged to have acted merely consistent with state law, that is insufficient to establish liability under Section 1983. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 667-68 (9th Cir. 2007) (no *Monell* liability when challenged policy was consistent

---

[4] Tellingly, in Plaintiffs' recently-filed Ex Parte Appl. requesting issuance of a contempt citation against the DMV, Plaintiffs' counsel notes in his declaration that "Plaintiffs are individuals and proposed class representatives whose vehicles defendants (City of Los Angeles and LAPD) seized and impounded for 30 days pursuant to Cal. Veh. Code ("VC") § 14602.6(a)(1)." Pls.' Ex Parte Appl. Re: Contempt at 3, ECF No. 275. There is no mention of SO7.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

with state bail law); *Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014) ("To say that any such direct causal link exists when the only local government 'policy' at issue is general compliance with the dictates of state law is a bridge too far; under those circumstances, the state law is the proximate cause of the plaintiff's injury."); *Vives v. City of N.Y.*, 524 F.3d 346, 353 (2nd Cir. 2008) ("[W]e agree with all circuits to address state laws mandating enforcement by municipal police officers that a municipality's decision to honor this obligation is not a conscious *choice.* As a result, the municipality cannot be liable under *Monell* in this circumstance."); *Doby v. DeCrescenzo*, 171 F.3d 858, 868 (3d Cir. 1999) ("[W]hen a county is merely enforcing state law, without adopting any particular policy of its own, it cannot be held liable under the *Monell* line of cases."); *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 790-93 & n.4 (7th Cir. 1991) ("It is difficult to imagine a municipal policy more innocuous and constitutionally permissible, and whose causal connection to the alleged violation is more attenuated, than the 'policy' of enforcing state law."); *Humphries v. L.A. Cnty.*, No. SACV 03-697-JVS, 2012 WL 13014632, at *3 (C.D. Cal. Oct. 17, 2012) ("A municipality cannot be held liable under <u>*Monell*</u> merely for enforcing a state law.").

In light of this authority and the undisputed facts above, Plaintiffs and the Class Members cannot establish that SO7 proximately caused the refusal to release their vehicles. State law mandated that the vehicles be held for 30 days unless one of the enumerated five circumstances were present warranting early release. Cal. Veh. Code § 14602.6(d)(1); *see* Cal. Veh. Code § 15 ("'Shall' is mandatory."). The City cannot disregard State law, so following State law is not a deliberate choice that can confer *Monell* liability. *See* Cal. Const., art. XI, § 7 ("A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws."). That distinguishes this case from *Evers v. Cnty. of Custer*, 745 F.2d 1196, 1203 (9th Cir. 1984), where the court found *Monell* liability

20

attached as the county had discretion on how to act.  *See Sandoval*, 912 F.3d at 518 (*Evers* upheld *Monell* liability because subject policy was discretionary).  Here, in contrast, the City had no discretion.

A Ninth Circuit ruling is illustrative of this concept.  A federal detainee brought a Section 1983 claim after a county held him in pretrial detention for 12 days.  *Estate of Brooks ex rel. Brooks v. U.S.*, 197 F.3d 1245 (9th Cir. 1999).  The Ninth Circuit held the plaintiff failed to state *Monell* liability as a matter of law because the county held the plaintiff so long as the Marshals Service directed it to, which the county was required to do under state law.  *Id*. at 1248.  The court explained that, "the County was without authority either to bring [plaintiff] before a federal magistrate judge itself, because it cannot act for the United States, or to release him, because it cannot ignore the state statute. . . . Therefore, the only causes of [plaintiff's] prolonged detention were the actions of the United States (which settled with [plaintiff]) and the state statute (which goes unchallenged). Causation is, of course, a required element of a § 1983 claim."  *Id*.  This reasoning applies equally here: the City was without power to release the vehicles unless California law said so; therefore, SO7 cannot confer *Monell* liability as a matter of law.

> **b)   The use of Section 14602.6 rather than Section 22651(p) is irrelevant regarding the City's liability**

In response, Plaintiffs will likely repeat their previous argument that SO7 was a cause of their injuries because SO7 provides for when vehicles should be impounded under Cal. Veh. Code § 14602.6, which provides for a 30-day hold, versus Section 22651(p), which does not provide for a 30-day hold.  Such an argument would fail for a number of reasons.  First, SO7 could not be a proximate cause because it is not reasonably foreseeable that subjecting a vehicle to a 30-day impound would violate someone's Fourth or Fifth Amendment rights.  *Paroline v. U.S.*, 572 U.S. 434, 445 (2014) ("Proximate cause is often explicated in terms of foreseeability or the scope of

21

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

the risk created by the predicate conduct."). This is because (1) a 30-day impound is not necessarily unconstitutional, *Sandoval*, 912 F.3d at 519, and (2) Plaintiffs have not contended that Section 14602.6 and its instruction on when to release a vehicle prior to the expiration of the 30-day hold is facially unconstitutional.

Second, Plaintiffs' vehicles would not have been eligible for release even had they been impounded under Cal. Veh. Code § 22651(p). That section provides that a vehicle "shall not be released to the registered owner or his or her agent, except upon presentation of the registered owner's or his or her agent's currently valid driver's license to operate the vehicle." None of the Plaintiffs presented a licensed driver who could drive the vehicle away during the 30-day hold period. (UMF Nos. **8** [Frus Decl., ¶¶ 14, 16, 17, Ex. 2], **18** [Papietro Decl., ¶ 10; Persoff Decl., Ex. 22 (Arizmendi Dep., 34:2-6)], **22** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21 (Vigil Dep., 44:24-25)], **23** [Frus Decl., ¶ 23; Persoff Decl., Ex. 21 (Vigil Dep., 44:24-25)].)

Third, that SO7 provides guidance on which circumstances vehicles should be impounded under Cal. Veh. Code § 14602.6 versus Section 22651(p) is irrelevant since the initial impounds of the vehicles were undisputedly proper. *Brewster*, 859 F.3d at 1196 ("The parties agree that the LAPD could impound—and, therefore, seize— Brewster's vehicle under section 14602.6(a)(1) pursuant to the community caretaking exception to the Fourth Amendment."). Rather, as noted above, the only guidance SO7 provides regarding releasing vehicles prior to the expiration of the 30-day hold is to follow Section 14602.6. Plaintiffs cannot dispute that, if Section 14602.6 provided for releasing their vehicles under their specific, respective circumstances, under SO7, their vehicles should have been released.

For all these reasons, Plaintiffs cannot establish *Monell* liability due to the 30-day storage of their vehicles as a matter of law.

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### 4. Special Order No. 7 Provides No Guidance For How Storage Hearings Are To Be Conducted

Plaintiffs also cannot establish *Monell* liability in regard to their procedural due process claim because there is no City policy, custom, or practice that caused their alleged due process violation. Notably, Plaintiffs do not allege that any City policy, custom, or practice caused their violation, *see* 5AC at 23, ¶ 70. Further, SO7 does not speak to how a storage hearing will be conducted. (UMF No. **40** [Frus Decl., ¶ 20 and Ex. 3].) Therefore, Plaintiffs' procedural due process claim should be dismissed against the City.

### F. Former Chief Beck Is Immune

All claims against individual defendant former Chief Beck fail as a matter of law because qualified immunity bars the claims as no authority was clearly established at the time that his alleged conduct was unconstitutional. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"). As to Plaintiffs' alleged unlawful seizure and takings claims, it was not clearly established that once a vehicle was seized it could be considered seized a second time without any further action from the City until the Ninth Circuit reversed this Court's initial dismissal of Brewster's claim. *Brewster*, 859 F.3d 1194 and at 1196 ("We have no cases on point . . ."). As to Plaintiffs' procedural due process claim, there is no authority holding that the procedure provided by Cal. Veh. Code § 22852 is constitutionally inadequate. Rather, as discussed above, the available authority holds that the process provided by Section 22852 is constitutionally adequate. Therefore, the claims against former Chief Beck should be dismissed.

23

### G.    Plaintiffs' Fifth Cause Of Action For Breach Of Mandatory Duty Under California Law Fails As A Matter Of Law

Plaintiffs' Fifth Cause of Action for breach of a mandatory duty under Cal. Gov. Code § 815.6 is derivative of Plaintiffs' claims that their vehicles were unlawfully seized and taken and that they were deprived of procedural due process.  5AC at 78.  Because those claims fail as a matter of law, so does this claim.  This claim also fails because those alleged violations cannot give rise to a violation of a mandatory duty under Cal. Gov. Code § 815.6.  *AHCS – Mental Health and Wellness Inc. v. L.A. Cnty.*, No. 21-7694, 2021 WL 6495038, at *4-5 (C.D. Cal. Dec. 16, 2021) ("California courts have rejected the notion that the U.S. and California Constitutions create a mandatory duty giving rise to a private right of action under section 815.6."); *Hernandez v. Cnty. of Riverside*, No. EDCV 20-676, 2021 WL 6496410, at *6 (C.D. Cal. Nov. 24, 2021) (Bernal, J.) ("Courts in this district 'have consistently held that "[g]eneral constitutional provisions, such as the . . .  Fourteenth Amendment[ ] . . ." cannot undergird a breach-of-mandatory duty claim.'"); *Herrera v. LAUSD*, No. SACV 17-00069, 2017 WL 7888037, at *6 (C.D. Cal. Nov. 6, 2017) ("General constitutional provisions, such as the ... Fourteenth Amendment[ ] and the analogous provisions of the California Constitution, do not create an affirmative mandatory duty or provide implementing guidelines."); *Enciso v. City of Los Altos*, No. H037770, 2015 WL 1952275, at *19-20 (Cal. Ct. App. 2015) ("The parties have cited no authority—nor are we aware of any—that supports the position that article 1, section 13 of the California Constitution creates a mandatory duty upon public agencies and officials (such as the School District, the High School, and Meagher) that would support Enciso's negligence claim here. . . . California Constitution, article I, section 13 was not an enactment that imposed mandatory duties owed by the District to Enciso under section 815.6.").

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES

### H. Plaintiffs' Sixth Cause Of Action For Violation Of The California Constitution Fails As A Matter Of Law

Plaintiffs allege that their rights under the California Constitution against unreasonable seizures and takings without just compensation were violated. 5AC at 28. Because the scope of these rights parallel the rights afforded under the U.S. Constitution, those claims fail for the same reason. *Sanchez v. Cnty. of San Diego*, 464 F.3d 916, 928-29 (9th Cir. 2006) ("[T]he right to be free from unreasonable searches under Art. I § 13 of the California Constitution parallels the Fourth Amendment inquiry into the reasonableness of a search."). This claim fails for the additional reason, as discussed above, that Plaintiffs have no basis for asserting direct liability against the City and violations of the United States or California constitutions cannot give rise to a mandatory duty. Further, Plaintiffs cannot establish vicarious liability against the City because any city employee would be immune under Cal. Gov. Code §§ 820.4 and 821.6. *See* Cal. Gov. Code § 815.2(b) (municipality not liable when the employee is immune). Section 820.4 immunizes a public employee for any act or omission in the execution or enforcement of any law while exercising due care. Plaintiffs cannot reasonably dispute that (1) the impounds and 30-day holds of Plaintiffs' vehicles were done to enforce Cal. Veh. Code § 14602.6 and (2) the 30-day holds were reasonable as they pre-dated the Ninth Circuit's reversal in this case. Section 821.6 immunizes public employees for their prosecution of an administrative proceeding, even if she acts "maliciously and without probable cause"; a storage hearing is an administrative proceeding. *Alviso*, 186 Cal. App. 4th at 209.

### I. Plaintiffs Have No Entitlement To Injunctive Relief

Plaintiffs seek injunctive relief based on their underlying claims. Based on those, Plaintiffs request (1) a declaration that SO7 is facially unconstitutional because it directs 30-day impounds of vehicles and (2) ordering the release to Plaintiffs and Class Members their respective vehicles. 5AC at 18-19, 29. As an initial matter,

Plaintiffs' claim fails because "injunctive relief is not a cause of action per se." *Aguilar v. Cnty. of Orange*, No. SA CV 05–1277-DOC, 2006 WL 8435393, at *1, n.1 (C.D. Cal. July 6, 2006).  Substantively, Plaintiffs are not entitled to injunctive relief because their underlying claims fail for the reasons discussed above.  Plaintiffs are not entitled to injunctive relief for the additional reason that SO7 is facially constitutional, as discussed above.  Finally, Plaintiffs have no standing to seek injunctive relief for release of vehicles since, as they allege, the City is not in possession of any of their vehicles, and because they have not shown a "sufficient likelihood that [their vehicles will again be impounded under Section 14602.6] in a similar way."  5AC at 8, ¶ 26, 9-10, ¶ 31, 10, ¶ 31.3; *Kaufman*, 434 Fed.Appx. at 585 (quoting *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)); *Salazar v. Schwarzenegger*, No. CV 07–1854-SJO, 2007 WL 9662364, at *2 (C.D. Cal. Oct. 23, 2007) ("Plaintiffs' allegations fail to show any likelihood that Defendants will again impound their cars under authority of § 14602.6. Plaintiffs make no allegations that they will drive their cars without a license or allow a person without a license to drive their cars; therefore, they are in no danger of having their cars impounded under the challenged statute.").

## J.    Vigil's Claims Are Barred By His Unclean Hands

Vigil used a friend with a valid driver's license to obtain release of his vehicle, but he drove his vehicle with his suspended license as soon as the vehicle left the lot. (UMF Nos. **25** [Persoff Decl., Ex. 21 (Vigil Dep., 35:17-24, 38:1-11)], **26** [Persoff Decl., Ex. 21 (Vigil Dep., 38:14-23)].)  Vigil also continued to drive with a suspended license after receiving his car back.  (UMF No. **27** [Persoff Decl., Ex. 21 (Vigil Dep., 18:9-11; 19:21-24; 21:9-11)].)  Vigil's disregard of the law and the safety of others precludes his entitlement to relief.  The doctrine of unclean hands requires that a plaintiff "shall have acted fairly and without fraud or deceit as to the controversy in issue." *Northbay Wellness Group, Inc. v. Beyries*, 789 F.3d 956, 959 (9th Cir. 2015). Vigil's conduct is directly related to the underlying controversy: if Vigil had admitted,

26

like Arizmendi, that he would continue to drive his vehicle without a valid driver's license, LAPD would have been justified in refusing to release his vehicle to protect the community from an unlicensed driver.

**V.      CONCLUSION**

Plaintiffs' claims against the City and former Police Chief Beck fail as a matter of law and judgment should be entered in their favor.


Dated: January 13, 2023          Respectfully submitted,
                                 HYDEE FELDSTEIN SOTO, City Attorney
                                 SCOTT MARCUS, Chief Assistant City Attorney
                                 GABRIEL DERMER, Assistant City Attorney
                                 JOSEPH S. PERSOFF, Deputy City Attorney

                                 By:    /s/ Joseph S. Persoff
                                      **Joseph S. Persoff**
                                      Deputy City Attorney
                                      *Attorneys for Defendants* CITY OF LOS ANGELES
                                      (including its Police Department) and CHIEF
                                      CHARLIE BECK

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES