1  **BARRETT S. LITT**, SBN 45527
2  Email: blitt@mbllegal.com
   McLane, Bednarski & Litt
3  975 East Green Street
4  Pasadena, California 91106
   Ph: (626) 844-7660
5  Fax: (626) 844-7670

6
7  **DONALD W. COOK**, SBN 116666        **HYDEE FELDSTEIN SOTO**, CITY
   Email: manncook@earthlink.net          ATTORNEY
8  Attorney at Law                        SCOTT MARCUS, CHIEF ASSISTANT
   3435 Wilshire Boulevard, Suite 2910    CITY ATTORNEY
9  Los Angeles, California 90010          GABRIEL S. DERMER, ASSISTANT
10 Ph: (213) 252-9444                     CITY ATTORNEY
   Fax: (213) 252-0091                    JOSEPH S. PERSOFF, DEPUTY CITY
11 Attorneys for Plaintiffs               ATTORNEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMYA BREWSTER, ELIAS ARIZMENDI and JULIAN VIGIL, individually and as class representative, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. EDCV14-2257 JGB (SPx)<br>[Honorable Jesus G. Bernal]<br><br>**JOINT STATUS REPORT REGARDING REMAINING STEPS PRECEDENT TO FINAL JUDGMENT.** |

Pursuant to the Court's summary judgment order (Doc #314), the parties file this "joint status report with regard to what issues, if any, remain for this Court to resolve by May 22, 2023, along with a detailed plan to resolve them, including

1

applicable future dates and deadlines." The parties have met and conferred, and agree that the following steps remain to conclude this case.

## I. RECONSIDERATION OF CERTAIN CLASS CERTIFICATION RULINGS

Plaintiffs will file a motion for reconsideration of certain of the Court's previous rulings in light of the Court's Summary Judgment Order.

*First*. The Court denied certification of the OPG class because the proposed class definitions in that motion did not include "information about whether there was an attempt to retrieve the car and whether the attempt was denied. …¶Both [proposed alternative OPG] class definitions fail to state whether the registered owners, or another authorized agent, attempted but failed to retrieve their vehicles before the 30-day period expired." ECF 264 @ 8.

Plaintiffs contend that in the Court's Summary Judgment Order (ECF 314), the Court definitively concluded that the 30 day impounds were not justifiable under the Fourth Amendment; that class members did not have to seek or request a storage hearing or return of their vehicle; that defendants' policy was to keep vehicles for 30 days regardless of a request for an earlier return, including "for Mr. Vigil or any class members"; and that the notice provided regarding the availability of a Cal. Veh. Code § 22852 storage hearing for seeking early release of their vehicle was constitutionally deficient in violation of due process. ECF 314 @ 71-91.

*Second*. Plaintiffs will seek reconsideration of the Court's denial of class certification on Plaintiffs' procedural due process claims. The Court denied certification because the Court decided that the due process claim presented divergent factual predicates and different legal issues, including whether a class member requested an impound hearing or whether a class member attended an impound hearing, and the length of the impound. ECF 220 @ 11, 22. In contrast, in the summary Judgment Order, the Court concluded that Defendants provided

constitutionally deficient notice with regard to *all* vehicle owners' right to contest the 30-day impounds, and that the Cal. Veh. Code § 22852 storage hearing defendants provided to *all* owners of § 14602.6 impounded vehicles, did not satisfy due process standards applicable to *all* 30-day impounds. ECF 220 @ 71-91.

On this basis and for other reasons to be elaborated in the motions for reconsideration, Plaintiffs contend that the Summary Judgment Order constitutes changed circumstances justifying reconsideration under LR 7-3. Defendant disagrees and intends to oppose both motions.

The parties have agreed, subject to the Court's approval, to the following schedule:

Motion for reconsideration: file by June 5, 2023;

Opposition: file by June 26, 2023;

Reply: file by July 10, 2023;

Hearing: July 24, 2023.

The filing and hearing on the reconsideration motion should *not* delay Plaintiffs' damages calculations using the computer data described below. That is, simultaneous with the prosecution of the reconsideration motion, Plaintiffs expect to obtain the necessary DMV data and incorporate that data into the damages calculation formula (which can be easily and quickly adjusted to conform to the Court's reconsideration rulings).

II. **FINAL DETERMINATION OF DAMAGES**

Regarding final determination of damages, Plaintiffs contend that DMV data is necessary to ascertain the identities of impounded vehicles' registered owners. The DMV has stated it will provide the data Plaintiffs seek provided (a) Plaintiffs submit their request in the appropriate electronic data format and (b) the DMV is first paid a deposit of $40,000 the DMV contends is the cost of production. (Plaintiffs contend the DMV's asserted cost is grossly inflated; however, that dispute will *not*

3

delay the production of the DMV data because Plaintiffs' counsel will pay the fees and separately address their lawfulness.)

To obtain the DMV data, Plaintiffs must submit to the DMV a specially formatted electronic file of VIIC data. Upon receipt of the VIIC data, the DMV should be able to provide the corresponding DMV data in one to three business days. Plaintiffs estimate they can provide the DMV with the VIIC data in about two weeks. Upon receipt of the DMV data, the Plaintiffs will provide their updated file of VIIC / DMV data to Defendants, and Defendants will have two weeks to analyze it, and identify any disagreements. The parties propose that they file a status report addressing those issues as soon as practicable, but in any event no later than June 19, 2023.

### A.   CALCULATION OF ECONOMIC DAMAGES

Below, the parties elaborate on differences they have regarding the calculation of damages, and provide sufficient information for.

#### 1.   *Plaintiffs' Position*

Plaintiffs' position is that calculation of damages is based on the particularities of each class (for which purpose the OPG Class is included), as follows:

1. For the Legal Owner Class, the damages are: a) the amount of fees and charges paid by the Legal Owner to the City at the time it retrieved the vehicle from the City, less the initial towing fee and the first day's storage fee; b) the value of the lost use of the vehicle for 30 days (the period that the Legal Owner was required to hold the vehicle before releasing it to the Registered Owner); and c) prejudgment interest as of the first storage day for each class member to the time of Final Judgment at a rate to be determined by the Court.

2. For the Lien Class, the damages are: a) the amount paid for the sale of the vehicle at the Lien Sale; b) the value of the lost use of the vehicle

for 30 days (the period that LAPD policy called for the vehicle to be withheld before being released); and c) prejudgment interest as of the first storage day for each class member to the time of Final Judgment at a rate to be determined by the Court.

3. For the OPG Class, assuming it is certified on reconsideration, the damages are: a) the amount of fees and charges paid by the Registered Owner at the time she/he/it retrieved the vehicle, less the initial towing fee and the first day's storage fee, not to exceed 30 storage days aggregate fees (in the event the Registered Owner retrieved the vehicle more than 30 days storage fee); b) the value of the lost use of the vehicle for the period of time that the vehicle was in storage, not to exceed storage fees of 30 days storage; and c) prejudgment interest as of the first storage day for each class member to the time of Final Judgment at a rate to be determined by the Court.

Plaintiffs' position is that all these amounts can all be calculated from the VIIC and City data that has already been produced in this case. However, DMV data are relevant to identifying class members entitled to damages for the Legal Owner and Lien Classes (but not the reproposed OPG Class), and for all classes to update their contact information:

1. For the Legal Owner Class, Plaintiffs will use DMV data to identify the registered owners for whom the impounded vehicle remained in their name after the expiration of the 30 days because they had to pay the Legal Owner the fees the Legal Owner presented and had to be either licensed or present a licensed driver in order to retrieve the vehicle. If the vehicle remained registered to that person after the 30 days, it means that they retrieved the vehicle from the Legal Owner and so were either licensed or presented a licensed driver to the Legal Owner, and paid the

    Legal Owner at least the fees paid to the City by the Legal Owner. Each class member would be awarded the amount due to the class member. If they did not file a claim, the funds would escheat to California's Unclaimed Property Fund.

2. For the Lien Class, Plaintiffs will use DMV data to identify the registered owners who were licensed drivers as of 30 days after the initial seizure. If they were, then they could have retrieved the vehicle but for the 30 days fees. (Because there is no administratively feasible way to ascertain whether these class members could have presented a licensed driver, we have excluded that as an avenue of retrieval for the Lien Class.)

3. For the OPG Class, Plaintiffs do not need to use DMV data to determine if the registered owners who retrieved their vehicles were licensed since the owner had to either be licensed themselves or had to present a licensed driver to drive the vehicle away. They also had to pay and did in fact pay all accrued fees when they presented a licensed driver to retrieve their vehicle.

4. For all class members, DMV data will be used to identify their current contact information to the extent feasible.

Further, Defendants' contention that they are entitled to demand declarations from and depose class members regarding damages is precluded by the 5/9/23 SJ summary judgment ruling, which held that Plaintiffs' damages methodology was reasonable and **undisputed**. Any argument defense raises now to that effect should have been but was not made in opposition to Plaintiffs' summary judgment motion. Thus, defendants cannot now raise it. ECF 314 @ 131, 141-42 ("Without [defendants] offering a single disputed fact or authority in support of their argument or suggesting an alternative approach to damages calculations, the Court has no

choice but to GRANT the MPSJ as to Plaintiffs' damages methodology."). Accordingly, as set forth in Plaintiffs' expert declarations (ECF 283 @ 24-26; ECF 284-1 @ 2-7) damages determinations can be made based on the third parties' computer data, and there is no justification for requiring sworn declarations or depositions from any class members.

### 1. *Defendants' Position*

The City presently intends to dispute three categories of damages: (1) for the Legal Owner Class, the fees paid by the legal owner to retrieve the vehicle from impound (damages which the class representative, Ms. Brewster, did not pay); (2) for the Lien Class, the amount paid for the vehicle at lien sale (presumably by a third party to the police garage); and (3) prejudgment interest.

As to the declaration and deposition issue, this is not a damages issue but a class member identification issue. The Court certified the Lien Class with the following definition, in relevant part, "vehicle owners from November 2, 2012 to July 1, 2017 [who] . . . "iv) had a valid current California driver's license at any point between the expiration of the 30-day impound and the lien sale or **had an available driver to pick up the vehicle as of or before the lien sale date**." ECF No. 220 at 25 (emphasis added). To that end, in the Parties' August 17, 2022 Joint Status Report, Plaintiffs noted that sworn statements may be necessary to identify members of the Lien Class: "As to the Lien Class, the class certification order provides that the relevant conditions to qualify is the class member had their impounded car sold at a lien sale (established by OPG records); and either had a valid current California driver's license at any point between the expiration of the 30-day impound and the lien sale (determinable by DMV records) or had an available driver to pick up the vehicle as of or before the lien sale date (**determinable by a sworn statement under penalty of perjury by the class member**). ECF No. 267 at 5 (emphasis added).

Therefore, to the extent a potential member of the Lien Class's membership in the Lien Class is not determinable by DMV records, Plaintiffs would be required to submit a sworn statement by that potential class member, and the City's position is that it is entitled to depose that person regarding the contents of that sworn statement. The City would not be deposing the person regarding the reasonable rental value of their car, as that is a different issue and has been resolved by the Court's summary judgment ruling. The City agrees with Plaintiffs that this process is not administratively feasible for a class action.

None of this process is necessary, however, in light of Plaintiffs' above contention that they will identify Lien Class members as "registered owners who were licensed drivers as of 30 days after the initial seizure." The City has no objection to narrowing the Lien Class in this aspect, but notes that this definition will exclude the class representative, Mr. Arizmendi, from the Lien Class definition.

### B.   RESOLVING DAMAGES DISPUTES

As noted above, the Parties presently dispute the availability of three categories of damages: (1) for the Legal Owner Class, the fees paid by the legal owner to retrieve the vehicle from impound; (2) for the Lien Class, the amount paid for the vehicle at lien sale; and (3) prejudgment interest. The Parties will continue to meet and confer on these issues in an attempt to resolve or narrow the issues that will require resolution by the Court. In the event the Parties are unable to informally resolve these damages issues, they agree that a proposed briefing schedule be set out in the June 19, 2023 status report referenced above.

[Signature of counsel on following page]

///

///

///

///

|     |                       |                                                                   |
| --- | --------------------- | ----------------------------------------------------------------- |
| 1   |                       | Respectfully submitted,                                           |
| 2   | Dated: May 22, 2023   | McLANE, BEDNARSKI & LITT, LLP                                     |
| 3   |                       | DONALD W. COOK, ATTORNEY AT LAW                                   |
| 4   |                       | SCHONBRUN, SEPLOW, HARRIS, HOFFMAN & ZELDES                       |

By: __/s/_ Barrett S. Litt_____
       Attorneys for Plaintiffs

By: __/s/_ Donald W. Cook_____
       Attorneys for Plaintiffs

Dated: May 22, 2023

HYDEE FELDSTEIN SOTO, CITY ATTORNEY
SCOTT MARCUS, CHIEF ASSISTANT CITY ATTORNEY
GABRIEL S. DERMER, ASSISTANT CITY ATTORNEY
JOSEPH S. PERSOFF, DEPUTY CITY ATTORNEY

By: _/s/_Gabriel S. Dermer_____
       Attorneys for Defendants

Pursuant to L.R. 5-4.3.4, the filer of this document attests that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.