1   **BARRETT S. LITT**, CSB 45527
     McLANE, BEDNARSKI & LITT
2   975 East Green Street
     Pasadena, CA 91106
3   (626) 844-7660 / (626) 844-7670 facsimile
     blitt@kmbllaw.com
4
     **DONALD W. COOK**, CSB 116666
5   ATTORNEY AT LAW
     3435 Wilshire Blvd., Suite 2910
6   Los Angeles, CA  90010
     (213) 252-9444 / (213) 252-0091 facsimile
7   manncook@earthlink.net

8   Attorneys for Plaintiffs

**PAUL L. HOFFMAN**, SBN 071244
**JOHN CLAY WASHINGTON**, SBN 315991
SCHONBRUN SEPLOW HARRIS & HOFFMANN LLP
11543 W. Olympic Blvd.
Los Angeles, CA 90064
(310) 396-0731 / (310) 399-7040 facsimile
hoffpaul@aol.com
jwashington@sshhlaw.com

**ROB BONTA**
Attorney General of California
**GARY S. BALEKJIAN**
Supervising Deputy Attorney General
**LORINDA D. FRANCO**, CSB 213856
Deputy Attorney General
300 South Spring St., Ste. 1702
Los Angeles, CA 90013-1230
(213) 269-6459 / (916) 731-2119 facsimile
lorinda.franco@doj.ca.gov
Attorneys for Custodian of Records
Department of Motor Vehicles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LAMYA BREWSTER, and ELIAS
ARIZMENDI, individually and as class
representatives,

          Plaintiff,

vs.

CITY OF LOS ANGELES, a municipal
corporation; LOS ANGELES POLICE
DEPARTMENT, a public entity, CHIEF
CHARLIE BECK, individually and in his
official capacity, and Does 1 through 10,

          Defendants.

Case No. EDCV 14-2257 JGB
(SPx)

[DISCOVERY MATTER]

**LOCAL RULE 37.2
STIPULATION RE
PLAINTIFFS' MOTION TO
COMPEL ENFORCEMENT
OF 8/15/23 AND 11/17/23
SUBPOENAS;
DECLARATIONS OF
DONALD W. COOK AND
DWIGHT W. COOK;
DECLARATIONS OF
WILLIAM CARINO AND
LORINDA D. FRANCO;
EXHIBITS**

Date: 3/12/24
Time: 10:00 A.M.
Ctrm: 4 (Riverside)

DCO: N/A
Pretrial: N/A
Trial: N/A

00158786.WPD

1    TO THE HON. SHERI PYM, UNITED STATES MAGISTRATE JUDGE:

2         Pursuant to L.R. 37-2, Plaintiffs and non-party California Department of Motor

3    Vehicles ("DMV") submit this Stipulation on Plaintiffs' motion to compel the DMV to

4    produce computer data in its original electronic format as sought under subpoenas

5    issued August 15, 2023 (**Exhibit A**) and November 17, 2023 (**Exhibit B**). This

6    Stipulation follows a conference of counsel on January 25, 2024, pursuant to L.R. 37-1.

7    DATED: February 16, 2024

8                             **BARRETT S. LITT**

9                             **PAUL L. HOFFMAN**
                         **DONALD W. COOK**

10                             Attorneys for Plaintiffs

11

12    By _____
                         Donald W. Cook

13    DATED: February 16, 2024

14

15                          **ROB BONTA**
                  Attorney General of California

16                      **GARY S. BALEKJIAN**
            Supervising Deputy Attorney General

17                    **LORINDA D. FRANCO**
               Deputy Attorney General

18               Attorneys for Non-Party California
             Department of Motor Vehicles

19    Lorinda D.
                     Digitally signed by Lorinda D. Franco

20    By Franco
                     Date: 2024.02.16 14:48:01 -08'00'

21                      Lorinda D. Franco

22                      Deputy Attorney General

23

24         Pursuant to L.R. 5-4.3.4, the filer of this document attests that all other signatories

25    listed and on whose behalf the filing is submitted, concur in the filing's content and

26    have authorized the filing.

27

28

                                                          00158786.WPD

# TABLE OF CONTENTS

Page

PLAINTIFFS' INTRODUCTORY STATEMENT .......................... 5

NON-PARTY CALIFORNIA DEPARTMENT OF MOTOR VEHICLES
INTRODUCTORY STATEMENT ........................................ 7

I. THE SUBPOENAS. ................................................ 9

II. THE ISSUES. .................................................... 9

   ISSUE NO. 1: HAS THE DMV PROVIDED A PROCESS THAT WILL
   GENERATE ALL THE DATA PLAINTIFFS' SUBPOENAED? ........ 10
      *Plaintiffs' Position:* No. .................................. 10
      *DMV's Position:* ......................................... 11
         I.   July 22, 2019 and September 15, 2019 Orders: the Court Has
            Already Denied Plaintiffs' Motion to Compel the Production Of the
            Data it Seeks by Way of Their August and November 2023
            Subpoenas ........................................ 12
         II.   Plaintiffs Seek the Same Class Member Data Information via Their
            August 2023 and November 2023 Subpoenas ............ 13
         III.  In Compliance with Court Orders and to Assist Plaintiffs With
            Obtaining Information to Identify Class Members, the DMV Entered
            into and Fulfilled Every Term of the VR Stipulation and October 26,
            2023 Protective Order ................................ 14
         IV.  The DMV Fully Complied with the Court's Orders, and the VR
            Stipulation ........................................ 15
         V.   Despite the DMV's Exhaustive Efforts to Assist Them, Plaintiffs'
            Inability to Obtain the Data from the VR Database Is Caused by
            Plaintiffs Unwillingness or Inability To Correct Their Search Errors
            or Hire a Vendor to Perform Correct Searches ............ 16
         VI.  The DMV Has Always Been Willing to Provide Plaintiffs Access to
            the DMV's Driver's License Database and Proposed Two
            Stipulations, Which Plaintiffs Rejected .................. 21
   ISSUE NO. 2: DOES THE DMV HAVE THE CAPABILITY TO PROVIDE
   ALL THE SUBPOENAED DATA? ............................... 25
      *Plaintiffs' Position:* Yes. ................................. 25
      *DMV's Position:* ......................................... 26
         I.   Writing a Program Is Not Required and Plaintiffs Can Merely
            Employ A Vendor to Aid Them with Their Searches And Use Lexis
            Nexis or Westlaw to Obtain the Most Current Addresses or
            Sufficient Information to Upload into DL Database ......... 26

DECLARATION OF DONALD W. COOK ............................. 29

DECLARATION OF DWIGHT W. COOK ............................. 36

DECLARATION OF LORINDA D. FRANCO ......................... 46

DECLARATION OF WILLIAM CARINO ............................. 57

8/15/23 Subpoena ................................... EXHIBIT A

11/17/23 Subpoena .................................. EXHIBIT B

00158786.WPD

1    Keskeny 7/12/19 deposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT C

2    Carino 12/18/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT D

3    Batch (overnight) Processing Manual . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT E

4    11/28/18 Gerald Zielinski declaration . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT F

5    LAPD 11/4/14 CLETS printout . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT G

6    DMV output re 7EAT501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT H

7    Carino 12/20/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT I

8    Egan 11/9/18 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT J

9    Cook 12/19/23 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT K

10    Cook 12/29/23 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT L

11    Cook 1/9/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT M

12    Cook 1/12/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT N

13    Cook 1/19/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT O

14    Cook 1/23/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT P

15    Cook 1/25/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT Q

16    Cook 1/25/24 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT R

17    Franco 11/16/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 1

18    DMV 12/11/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 2

19    Fowler 12/14/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 3

20    Carino 12/18/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 4

21    Carino 12/21/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 5

22    Franco 1/23/24 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 6

23    Franco 1/24/24 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 7

24    Cook 1/25/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 8

25    Franco 12/6/23 email . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 9

26    Stipulation re Terms of Compliance etc. . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 10

27    Stipulation re Terms of Compliance etc. . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 11

28    Cook 2/9/24 letter . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . EXHIBIT 12

00158786.WPD

## PLAINTIFFS' INTRODUCTORY STATEMENT

This is a class action lawsuit seeking monetary damages for three classes of registered owners of vehicles defendants (City of Los Angeles and LAPD) wrongfully impounded during an almost-five year period of November 2012 through June 2017. There are about 35,000 class members. By orders filed May 9, 2023 and July 17, 2023 (ECF 314 and 322) District Judge Bernal granted summary *judgment* in Plaintiffs' favor. All that remains is for Plaintiffs to identify (by name and *current* address) the approximately 35,000 class members so that a final class-based damages judgment can be entered. In granting summary judgment for Plaintiffs, Judge Bernal stated "[a]s this case will have already gone on for a decade or so," he "hopes to avoid much further delay . . ." 5/9/23 Order (ECF 314) @ page 144.

This Court has previously recognized that Plaintiffs are entitled to obtain DMV computer data that, when combined with other data Plaintiffs has, will enable Plaintiffs to identify the class members. *See* 7/22/19 Order (ECF 159). To that end, after Judge Bernal granted summary judgment, Plaintiffs served on the DMV two subpoenas for obtaining the DMV computer data Plaintiffs believe is contained in the DMV's Vehicle/Vessel Registration Database, or VVRD:

A. *8/15/23 Subpoena* (**Exhibit A**): Seeking names and addresses of vehicle owners as Plaintiffs identified in three data files of class members' vehicles (vehicles identified by the license plate number [if any] and *V*ehicle *I*dentification *N*umber or VIN).

B. *11/17/23 Subpoena* (**Exhibit B**): Seeking the driver's license / identification numbers for registered owners who are class members as identified by their respective vehicle's license plate number and VIN provided in the same three data files used in support of the 8/15/23 subpoena.

The 11/17/23 subpoena was necessary because after service of the 8/15/23 subpoena, Plaintiffs' counsel realized he had inadvertently limited the subpoena to obtaining only vehicle owners' names and addresses whereas VVRD also has the

registered owner's California driver's license or identification number (if it was provided when the DMV requested the number).

The service of the 8/15/23 subpoena resulted in the DMV agreeing to produce the VVRD data sought by that subpoena (subject to a protective order and Plaintiffs paying the DMV's claimed cost of production). See Stipulation filed 10/25/23 (ECF 324) and Order filed 10/26/23 (ECF 325). The DMV purported to comply with the 10/26/23 Order by providing Plaintiffs' counsel with a commercial "requester account" for use of the DMV's pre-programmed " 'Non-urgent' overnight batch processing mode" for obtaining ownership data. But as explained below, Plaintiffs' counsel and Plaintiffs' data expert ascertained that the requester account cannot provide ownership data for *all* class members' vehicles – the requester account provides ownership data for only about 45%, or less than half, of the 35,000 class members' vehicles. Furthermore, even for those vehicles for which ownership data is provided (name and address), the data does *not* include the registered owner's driver's license / identification number where that data is recorded in VVRD.

Despite Plaintiffs' counsel providing DMV's counsel the evidence establishing the inability of the requester account to provide ownership data for the majority of class members' vehicles, DMV's counsel stubbornly refuses to acknowledge the evidence ***even though DMV personnel have verified the requester account's shortcomings.*** Instead, DMV's counsel wrongly insists Plaintiffs made data input errors while refusing to address the hard evidence establishing that another DMV process is available and must be utilized to provide the data Plaintiffs' subpoenaed.

Plaintiffs thus seek the Court's order compelling the DMV to produce vehicle ownership data for class members' vehicles Plaintiffs have identified by license plate number and/or VIN (*V*ehicle *I*dentification *N*umber), with ownership data to include the vehicle owner(s)' (a) name, (b) address, and (c) driver license / identification number where such data is recorded in VVRD. If it is necessary for the DMV to pay for a programmer to write a program for generating the desired data, Plaintiffs will pay or

1   reimburse the DMV for its actual costs for the programming service.

2   **NON-PARTY CALIFORNIA DEPARTMENT OF MOTOR VEHICLES**

3   **INTRODUCTORY STATEMENT**

4   Again, Plaintiffs attempt to have a non-party, the California Department of Motor

5   Vehicles ("DMV"), search for and compile the contact information of Plaintiffs' class

6   members by producing the registered owner information of 34,864 vehicles as of the

7   date each of those vehicles were impounded. This issue was already decided by the

8   court in its July 22, 2019 Order and September 5, 2019 Order. But Plaintiffs raise the

9   same issue repeatedly by issuing multiple subpoenas—first seeking registered owner

10  information via an August 23, 2023 subpoena and then seeking driver's license data via

11  a November, 2023 subpoena--that in essence has already been considered and ruled

12  upon by the court; not once, but twice. Plaintiffs ultimately demand that the DMV

13  produce to them the class member data pertaining to the impound of the 34,864

14  vehicles. But now, Plaintiffs also demand that the DMV create a software or computer

15  program and hire employees to create such a program for the sole purpose of searching

16  and compiling the registered owner information for the 34,864 vehicles that comprise

17  their class members. Such a demand is undoubtedly unduly burdensome to the DMV,

18  unauthorized by any federal rule of civil procedure, and is tantamount to a request for

19  an impermissible mandatory injunction to compile and create documents that previously

20  never existed in the normal course of the DMV's business.

21  It's clear that Plaintiffs are simply contriving issues and refusing to follow

22  instructions and directions of the DMV personnel on how to perform the searches so

23  that they can plead that the DMV's databases are insufficient or inadequate. Plaintiffs

24  have been provided the same access to its databases that every attorney or authorized

25  member of the public has been provided through the Commercial Requestor Account

26  Process to access the VR database. And when those members of the public follow the

27  instructions and guidance provided by DMV personnel, they are able to perform their

28  searches and obtain the information they seek.

00158786.WPD

There is nothing inadequate with the DMV's databases. Many attorneys in the past have used it successfully after correcting input errors and accepting and following the instructions provided by DMV personnel. And for those members of the public, including attorneys, who did have continued difficulty with using the Commercial Requestor Account program to access the VR database, they were provided with a list of vendors who were able to help them with their searches, and they were able to successfully obtain the information that they sought. However, despite the exhaustive efforts of the DMV personnel and its counsel, they cannot force Plaintiffs to properly conduct searches, accept their suggestions, direction, guidance, or instructions, or explanations, or hire a vendor to assist them when Plaintiffs are intentionally willing to sabotage all these efforts so they can claim that the DMV's system is insufficient and argue that the DMV has to conduct the searches for them, produce the data for them, or in this case develop a computer or software program to conduct the searches and produce the information for them. The subpoenas that Plaintiffs have issued, the conduct of their counsel in consuming the time and resources of the DMV and its counsel in bad faith, and what Plaintiffs seek to compel—creating a program or software that would perform the searches and provide the data that Plaintiffs' seek—is contrary to Rule 45 of the Federal Rules of Civil Procedure. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." But undue burden and expense is exactly what Plaintiffs seek to shift onto the DMV by their motion to compel and numerous subpoenas and incessant demands.

00158786.WPD

**I. THE SUBPOENAS.**

The 8/15/23 Subpoena (**Exhibit A**) sought the following:

1. In its originally recorded form as electronic data, "Ownership Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," i.e., vehicle ownership identity information as of a particular date.

2. "Ownership Data" refers to the name(s) and address(s) of the vehicle's registered and legal owner(s) *as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX*.

*See* **Exhibit A** at page 63 hereto.

\*    \*    \*    \*

The 11/17/23 Subpoena (**Exhibit B**) sought the following:

1. In its originally recorded form as electronic data, "License Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," i.e., vehicle ownership identity information as of a particular date.

2. "License Data" refers to the driver's license number or identification number of the vehicle's registered owner(s) *as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX*.

*See* **Exhibit B** at page 66 hereto.

00158786.WPD

## II. THE ISSUES.

## ISSUE NO. 1: HAS THE DMV PROVIDED A PROCESS THAT WILL GENERATE ALL THE DATA PLAINTIFFS' SUBPOENAED?

*Plaintiffs' Position:* No.

Between the two subpoenas, Plaintiffs are seeking the names and addresses of owners of class members' vehicles *as of the vehicles' respective impound dates*, along with the registered owner's driver license / identification number when it is recorded in VVRD (the DMV's vehicle registration database). But after the DMV provided Plaintiffs' counsel with a commercial "requester account" for using the DMV's pre-programmed " 'Non-urgent' overnight batch processing mode" for obtaining ownership data, Plaintiffs determined that the requester account was seriously deficient for Plaintiffs' purposes:

> *Reason One*: The batch process will not return historical ownership data for a vehicle that has been disposed of as junk or scrap metal, meaning it can no longer be titled. Test runs using the batch process of vehicles that as of today cannot be titled because they were disposed of in an auto junk yard or sold as scratch metal, established that the process does not provide ownership data for these vehicles. See Declaration of Donald W. Cook ("Cook decl.") ¶¶6-9. This was also verified by DMV employee and designated contact person William Carino. Cook decl. ¶7.

> *Reason Two*: Although the VVRD records a registered owner's driver's license or identification number (assuming the owner provides it when the DMV requests it upon the vehicle being titled to that owner, see 7/12/19 Deposition of Mark Daniel Keskeny, 34:12-35:4; 38:18-39:9 [**Exhibit C**]), the batch process cannot and does not return a registered owner's driver's license / identification number.

The batch process' inability to provide historical ownership data for vehicles that no longer be titled, posses a serious problem for Plaintiffs. As much as 55% of class

1  members' vehicles can no longer be titled because the vehicles were junked or disposed
2  as scrap metal. Dw. Cook decl. ¶14(A).

3       Through their counsel Plaintiffs have provided DMV's counsel the proof that the
4  batch process does not provide the data Plaintiffs subpoenaed. Instead of addressing the
5  evidence of the batch process' shortcomings, DMV's counsel wrongly accused Plaintiffs
6  of having inputted the data incorrectly while ignoring what the DMV's employees have
7  said – the batch process cannot return ownership data for vehicles that can no longer be
8  titled. Cook decl. ¶¶13-15.

9       The other problem is that even when the batch process generates the historical
10  ownership data, the data does *not* include the registered owner's driver's license /
11  identification number (when that information is recorded in VVRD). Cook decl. ¶11.
12  Below is an example of what DMV employee William Carino stated was a valid output
13  record generated by the batch process:

14

15  **Here is an example of a valid output record:**

```
12445   JX6561082715A12445                                                        1
12445   190902 50 TRI   6T5203N                        CARLSBAD      92008 37    2
12445   180814BTALCOVE MITCHELL B            1778 GUEVARA RD                     3
12445   465 09/06/17 01 0058 0011300 00/00/00 B00                               9
12445   465 09/14/17 05 0077 0005000 00/00/00 T00                               9
12445   IN1 12/06/17 21 1159 0001400 00/00/00 FR3                               9
12445   465 01/23/18 05 0081 0000000 00/00/00 H00                               9
12445   140 07/31/18 03 6117 0015900 00/00/00 POT                               9
```

19  *See* **Exhibit D** hereto at page 80.

20       The Court will note the absence of driver's license / identification number data.
21  That is because the batch process was not designed to provide that data in an output file.
22  Cook decl. ¶11 and **Exhibit E** thereto.

23       Driver's license / identification numbers are highly important because they are
24  unique identifiers that Plaintiffs can run against the DMV's driver's license /
25  identification database and thereby obtain class members' *current* address as reflected
26  in DMV records. Declaration of Dwight W. Cook ("Dw. Cook decl.") ¶¶10-11.

27  ///

28  ///

00158786.WPD

*DMV's Position:*

# I. JULY 22, 2019 AND SEPTEMBER 15, 2019 ORDERS: THE COURT HAS ALREADY DENIED PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF THE DATA IT SEEKS BY WAY OF THEIR AUGUST AND NOVEMBER 2023 SUBPOENAS

The information that Plaintiffs seek by way of their present motion to compel is the electronic data of the contact information of the registered owners of 34,864 vehicles by issuing two separate subpoenas to circumvent the prior court orders. Plaintiffs sought that information by way of the May 16, 2019 subpoena, via a motion to compel and a motion challenging the court's order that essentially denied Plaintiffs' request to order the DMV, a non-party, to produce class member information. Plaintiffs are improperly re-litigating issues that have been brought before, ruled upon and resolved by the court twice before. To the extent Plaintiffs are seeking to have those two prior orders reconsidered via this motion to compel, Plaintiffs have failed to establish any of the grounds necessary for reconsideration under Rule 59 of the Federal Rules of Civil Procedure.

The subject of the court's July 22, 2019 Order concerned Plaintiffs' May 16, 2019 subpoena, which asked for the following:

> DMV electronically recorded data reflecting vehicle owners names & addresses, as matched to the vehicle license plate number with corresponding date, and vehicle identification number (VIN) and corresponding date, per attached TXT files (provided on DVD).

The court ordered, "…the court will not quash the subpoena and require plaintiffs to simply obtain the records through the statutorily provided mechanism…Plaintiffs may obtain this data from the DMV, but must pay DMV $2 per record. Plaintiffs are also directed to work with DMV and the other parties in this case to reach agreement on a stipulated protective order to protect the personal identity information they seek from public dissemination." (July 22, 2019 Order, ECF 159.)

In their Motion for Review of the Magistrate Judge's July 22, 2019 Discovery

00158786.WPD

Order (ECF 172), Plaintiffs sought, in the alternative, an order to have the DMV produce the data pursuant to Rule 23, subdivision (d) of the Federal Rules of Civil Procedure. (ECF 172, Motion at p. 10.) However, Rule 23, subdivision (3) is irrelevant as it does not authorize a court to order discovery of class-member identities by ordering a non-party to provide records. On September 5, 2019, the court denied the request to order the DMV, a non-party, to produce class member information because Rule 45 establishes a procedure meant to protect non-parties from burdensome discovery requests and the court declined to circumvent that procedure. (September 5, 2019 Order, ECF 179.) The court also iterated that Rule 45, subdivision (d)(1) of the Federal Rules of Civil Procedure provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45, subd. (d)(1). (September 5, 2019 Order, ECF 179.)

## II.    PLAINTIFFS SEEK THE SAME CLASS MEMBER DATA INFORMATION VIA THEIR AUGUST 2023 AND NOVEMBER 2023 SUBPOENAS

On or about August 15, 2023, Plaintiffs served the DMV with a subpoena duces tecum for the ownership information of 34,864 vehicles Defendants seized pursuant to California Vehicle Code section 14602.6. The records identified for production were:

> (1) In its originally recorded form as electronic data, "Ownership Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of information," i.e., vehicle ownership identity information as of a particular date.

> (2) "Ownership Data" refers to the name(s) and address([es]) of the vehicle's registered and legal owner(s) as of the date in

00158786.WPD

each record for the [34,864] vehicle[s] identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX, 00157079.XLSX.

On or about November 20, 2023, Plaintiffs served the DMV with a subpoena duces tecum for the driver's license information of registered owners of vehicles Defendants seized pursuant to California Vehicle Code section 14602.6 ("November 2023 subpoena"). The DMV received the November 2023 subpoena on or about November 20, 2023. The records identified for production were:

(1) In its originally recorded form as electronic data, "License Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of information," i.e., vehicle ownership identity information as of a particular date.

(2) "License Data" refers to the driver's license number or identification number of the vehicle's registered owner(s) as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX, 00157079.XLSX.

….

**III.** **IN COMPLIANCE WITH COURT ORDERS AND TO ASSIST PLAINTIFFS WITH OBTAINING INFORMATION TO IDENTIFY CLASS MEMBERS, THE DMV ENTERED INTO AND FULFILLED EVERY TERM OF THE VR STIPULATION AND OCTOBER 26, 2023 PROTECTIVE ORDER**

Although the August 2023 subpoena was duplicative of Plaintiffs' May 2019 subpoena seeking the ownership information of the impounded vehicles and contrary

to the court's July 22, 2019 and September 5, 2019 Orders, the DMV, in good faith, complied with the court's July 22, 2019 and September 5, 2019, by entering into a stipulation entitled Stipulation Re Terms of Compliance of July 22, 2019 Order and August 15, 2023 Subpoena and for Issuance of Protective Order ("VR Stipulation") that governed the conditions and terms upon which Plaintiffs' counsel may use the DMV's Commercial Requestor Account System to access and search the DMV's VR Registration database using the VR Overnight Batch Inquiry program to obtain vehicle registration information for the 34,864 vehicles. (ECF 324.) The court issued and granted the protective order on or about October 26, 2023. (ECF 325.)

## IV.   THE DMV FULLY COMPLIED WITH THE COURT'S ORDERS, AND THE VR STIPULATION

The DMV complied with the court's July 22, 2019 and September 5, 2019 Orders, and the VR Stipulation and October 26, 2023 Protective Order as follows:

• On or about November 9, 2023, the DMV mailed Plaintiffs' counsel a Notification Letter that his Commercial Requestor Account was opened and activated, and the Commercial Requestor Code. (Declaration of Lorinda D. Franco Decl. ("Franco Decl."), ¶2.)

• On November 16, 2023, the DMV's counsel provided Plaintiffs' counsel a copy of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119. (Franco Decl., ¶3.)

• On November 17, 2023, the DMV's counsel provided a courtesy copy of the Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and activated, and the commercial requestor code. DMV's counsel also provided Plaintiffs' counsel with additional information as to how to properly format the searches. Specifically, Plaintiffs' counsel was

00158786.WPD

advised that with the aid of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119 that was sent to Plaintiffs' counsel the day before, Plaintiffs' counsel should refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the vehicle identification numbers, and that for every license plate, the proper file code must be keyed, and that the VIN's have the same file code, which is "V". In addition, as a courtesy and to aid Plaintiffs' counsel, DMV's counsel provided Plaintiffs' counsel a copy of the DMV's Secure File User Manual and Secure File Transfer Application Non-EPN form. (Franco Decl., ¶4.)

● On or about November 21, 2023, the DMV processed the Secure File Transfer Application Non-EPN form that was completed and signed by Plaintiffs' counsel. (Franco Decl., ¶5.)

● On November 29, 2023, DMV's counsel provided Plaintiffs' counsel a user ID and temporary password to the DMV SFTC website, and instructions on how to access, login and change his password and to advise when his password has been completed. (Franco Decl., ¶6.)

As of November 29, 2023, the DMV had fully complied with all its obligations under the terms of the VR Stipulation and October 26, 2023 Protective Order, consistent with the July 22, 2019 and September 5, 2019 Orders.

**V.** **DESPITE THE DMV'S EXHAUSTIVE EFFORTS TO ASSIST THEM, PLAINTIFFS' INABILITY TO OBTAIN THE DATA FROM THE VR DATABASE IS CAUSED BY PLAINTIFFS UNWILLINGNESS OR INABILITY TO CORRECT THEIR SEARCH ERRORS OR HIRE A VENDOR TO PERFORM CORRECT SEARCHES**

The DMV provided extensive guidance and instructions to Plaintiffs' counsel to properly input searches and how to correct the errors in his searches, but Plaintiffs'

00158786.WPD

counsel is either unwilling or incapable of performing the searches and refuses to hire a vendor from a list of vendors that have performed such searches for other attorneys who have had difficulty using the DMV's Commercial Requestor Account System to access and search the DMV's VR Registration database using the VR Overnight Batch Inquiry program. Plaintiffs' counsel was provided a list of vendors but he refuses to use them, and he refuses to correct his input errors.

Even after the DMV had complied with all its obligations under the terms of the VR Stipulation and October 26, 2023 Protective Order, on December 8, 2023, Plaintiffs' counsel emailed the DMV asking them for direction on how to properly format the files and that same day, DMV personnel offered to review Plaintiff's file for proper formatting, and in response, Plaintiffs' counsel stated that he needed to wait until December 11, 2023, because his "IT guy" was cleaning up some errors. (Franco Decl., ¶7.)

On December 8, 2023, DMV personnel provided Plaintiffs' counsel the following guidance with respect to formatting:

> "When you're submitting a VR inquiry, you would specify a plate number with a File Code or a VIN with the File Code. A plate and VIN cannot be submitted concurrently. If you submit both the plate and the VIN, it will error out. When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry. The File Code for VIN will always be indicated with a "V". A successful inquiry will include the registered owner name and address."

(Franco Decl., ¶8.)

In its attempts to aid and guide Plaintiffs' counsel with his searches of the VR Database, from December 8, 2023 through on or about December 28, 2023, via multiple emails, DMV personnel provided Plaintiffs' counsel with: direction on how to properly format the search inquiries; detailed explanations and instructions on how to correct

00158786.WPD

improperly entered search queries; updated copies of the DMV's VR Registration Inquiry Manual for Batch (Overnight) Processing; detailed explanations in answer to questions; detailed explanations that most of the record results refer to VIN requests that do not exist in the DMV VR database; specific citations by section and page numbers to the information in the VR Registration manual that lists and describe the meaning of the error codes he received; detailed explanations on how to read the valid output record that he claims did not provide the registered owner information when it had; detailed explanations on how to understand the error messages using two examples of error messages that he received; and detailed explanations that if the format of the request was incorrect then he would receive an error message for the entire inquiry. DMV personnel and DMV's counsel repeatedly explained to Plaintiffs' counsel that he was inputting License Plates and/or VINs that do not exist, not inputting the correct information to generate the information, and not using the manual provided to him to identify the error codes for further explanation. DMV personnel repeatedly explained to Plaintiffs' counsel the errors with his search inquiries and submissions, and instructions on how to correct the errors. For example, the DMV personnel also identified that most of the errors had to do with license plates being inputted as the incorrect type of license plate, and that every plate in the DMV database has different file codes. But Plaintiffs' counsel refused to correct and resubmit the search inquiries as explained and instructed by DMV personnel. (Franco Decl., ¶¶10- 17; Declaration of William Carino ("Carino Decl.") ¶2.)

In addition, on December 28, 2023, DMV personnel and the DMV's counsel met with Plaintiffs' counsel via telephone to answer his questions and to assist him with his search inquiries. Plaintiffs' counsel insisted that specialized programming would be required to obtain the ownership information he seeks. (Carino Decl., ¶3.)

On or about January 4, 2024, the DMV's counsel spoke with Plaintiffs' counsel and explained that the error messages that he is receiving was due to input errors on his end, as a sampling of the vehicles for which he received error messages produced results

00158786.WPD

for the DMV using the Commercial Requestor Account database. When asked as to how the searches of the 34,864 vehicles were performed, Plaintiffs' counsel stated that as of January 4, 2024, he searched for registered owner information for 6000 of the vehicles using the vehicle's license plates, and that he received results for 45% of those 6,000 vehicles and then received error messages for 55% of those 6,000 vehicles. Plaintiffs' counsel stated that when he performed another search of the same 6,000 vehicles using the VIN, he only received results for 5% of them. The DMV's counsel asked Plaintiffs' counsel whether he performed a VIN search for just the 55% of the vehicles for which he received error messages when he performed the search using just the license plates. Plaintiffs' counsel said that he would not. The DMV's counsel suggested that he perform that search so he can cull down or isolate the vehicles for which he is receiving errors and better identify the input errors that are generating the error messages. But he refused to do so. (Franco Decl., ¶18.) The DMV's counsel suggested that if Plaintiffs' counsel performed License Plate or VIN searches of the remaining 34K+ vehicles beyond the initial 6,000, so that time is not wasted and he can further isolate the vehicles for which he is not receiving results and isolate the input errors or issues he is having with the vehicles for which he is receiving error messages. Plaintiffs' counsel refused to do so and claimed that such a method is inefficient. The DMV's counsel suggested that if Plaintiffs' counsel continues to perform the searches as suggested, he can continue to move forward and reduce, isolate and identify the vehicles for which he is receiving error messages, and then those can be addressed. Plaintiffs' counsel refused and stated that there was no user error and the License Plate and VINs were being entered correctly. (Franco Decl., ¶18.) Plaintiffs' counsel stated that the VR database was insufficient and that a programmer needed to get into the system to conduct the searches and provide the records. (Franco Decl., ¶18.)

The claim of Plaintiffs' counsel that he knows the VR database is insufficient because he entered the license plate number and VIN of the lead plaintiff, Lamya Brewster, and he received an error message for that vehicle when he knows it exists is

00158786.WPD

incorrect. Also, the claim of Plaintiffs' counsel that the VR database is insufficient because it is not accounting for the vehicles that have been junked for scrap metal is incorrect. Plaintiffs' counsel erroneously assumes that because he did not get a valid response for the majority of his records, he thinks the plate was purged or became non-revivable junk. DMV personnel has repeatedly explained to Plaintiffs' counsel that the error message "NO VIN MATCH INPUT CRITERIA" returned because the query search cannot use an as-of date with a VIN and that it should be resubmitted without the date. However, it will return registered owner information as of the date it was requested. Specifically with respect to Ms. Brewster's vehicle, Plaintiffs' counsel utilized a search for an as-of date of November 8, 2014 when the correct date was November 4, 2014, and used the license plate number and VIN of Ms. Brewster's vehicle. DMV personnel explained to Plaintiffs' counsel that he used the incorrect date, and that he was not to search the VR database simultaneously using the license plate number and VIN of the vehicle. DMV personnel also specifically explained to Plaintiffs' counsel that he is not supposed to search the VR database using the VIN and as-of date, he is supposed to search the VR database using the license plate number and the as-of date. The VIN search can be used to further corroborate the information received via the license plate and the as-of date searches. But Plaintiffs' counsel continued to insist that there was a problem with the VR database. (Carino Decl., ¶4.)

DMV personnel also performed a random search of the errors Plaintiffs' counsel received and explained that the majority of the inquiries used incorrect file codes or keyed invalid VINs. Plaintiffs' counsel has expressed that he understood this, but he did not correct the inquiry request with the correct file codes. (Carino Decl., ¶5.)

As it appeared that Plaintiffs' counsel was having difficulty utilizing the Commercial Requestor Account System to access and search the DMV's VR Registration database using the VR Overnight Batch Inquiry program properly, and was either intentionally refusing to or was incapable of understanding and following the instructions provided by the DMV personnel, it was apparent that Plaintiffs' counsel

1   would not accept the suggestions of the DMV personnel when performing the searches.

2   (Carino Decl., ¶6.)

3          Therefore, in a further effort to assist Plaintiffs, on January 23, 2024, the DMV

4   provided Plaintiffs' counsel with a list of vendors that the DMV has worked with in the

5   past to aid authorized users, such as attorneys, to perform searches using the VR

6   Overnight Batch Inquiry program, VR Direct Online Access program, and the SFT/FTP

7   Driver's License Overnight Batch program. (Franco Decl., ¶19; Carino Decl., ¶7.) But

8   Plaintiffs apparently refuse and instead demand that the DMV create a computer or

9   software program that will compile the data identifying the class members, and hire

10  someone to perform that very task.

11         Also, on January 24, 2024, the DMV offered Plaintiffs' counsel the option of

12  changing Plaintiffs' Commercial Requestor Account to permit inquiries using the VR

13  Direct Online Access program rather than the VR Overnight Batch Inquiry program,

14  which was opened on or about November 17, 2023 and that Plaintiffs' counsel had been

15  using to perform their inquiries. (Franco Decl., ¶20.) On January 25, 2024, Plaintiffs'

16  counsel elected to continue to use the VR Overnight Batch Inquiry program. (Franco

17  Decl., ¶21.)

18         Plaintiffs refuse to correct their search errors and accept the instructions and

19  suggestions by DMV personnel and counsel to aid them with their search— instructions

20  and suggestions that other attorneys have accepted to aid them with obtaining the

21  information they seek through their Commercial Requestor Account using the VR

22  Overnight Batch Inquiry program or VR Direct Online Access program. The DMV has

23  more than fulfilled its obligations under all the court's orders and the VR Stipulation,

24  and the motion to compel should be denied.

25  **VI.   THE DMV HAS ALWAYS BEEN WILLING TO PROVIDE PLAINTIFFS ACCESS TO**

26  **THE DMV'S DRIVER'S LICENSE DATABASE AND PROPOSED TWO**

27  **STIPULATIONS, WHICH PLAINTIFFS REJECTED**

28         Although Plaintiffs could undertake their own efforts, such as using a private

00158786.WPD

investigator or legal research databases, such as Lexis, Westlaw, or Google, to obtain the most current addresses of the registered owners of the 34,864 vehicles that have resulted from Plaintiffs' inquiries using the VR Registration database via the VR Overnight Batch Inquiry program, which renders the driver's license information unnecessary and irrelevant, the DMV has always been willing to provide Plaintiffs access to the DMV's Driver License Volume Requestor Database to aid them in their search.

On November 18, 2023, the DMV's counsel sent an email to Plaintiffs' counsel expressing that the DMV would be willing to enter into a stipulation and protective order concerning the November 2023 subpoena similar to the VR Stipulation and Protective Order. (Franco Decl., ¶22.)

On December 6, 2023, having received no response from Plaintiffs' counsel, the DMV's counsel sent an email to Plaintiffs' counsel inquiring about the draft stipulation and whether the DMV's counsel should draft one. (Franco Decl., ¶23.)

On December 15, 2023, DMV's counsel met with Plaintiff's counsel to discuss the second subpoena he issued in the *Breonnah Fitzpatrick et al. v. City of Los Angeles et al.*, Case No. EDCV14-2257 JGB (SPx) ("*Fitzpatrick* litigation"), which sought the deposition of DMV Designated Agents and documents evidencing the "actual out-of-pocket costs" incurred by the DMV and/or the State of California for the search, retrieval, actual programming time, and effort to provide the vehicle ownership information, and driver's license/identification data from the Vehicle / Vessel Registration Database ("Database") for 34,864 vehicles in compliance with the VR Stipulation and the October 26, 2023 Protective Order (ECF 324, 325). During that discussion, the DMV's counsel informed Plaintiffs' counsel that he did not request the driver's license information in Plaintiffs' August 2023 subpoena that was the subject of the VR Stipulation and October 26, 2023 Protective Order. The DMV's counsel reiterated that the DMV would enter into a stipulation and for issuance of a protective order concerning the driver's license information of the registered owners of the 34,864

subject vehicles, and asked that Plaintiffs' counsel send a proposed stipulation similar to the VR Stipulation and October 26, 2023 Protective Order. (Franco Decl., ¶24.)

On December 29, 2023, Plaintiffs' counsel sent an email and letter stating that his office would refrain from taking any further steps until DMV personnel or DMV's counsel provide information on how Plaintiffs could obtain ownership data. (Franco Decl., ¶25.)

On January 4, 2024, DMV's counsel informed Plaintiffs' counsel that with respect to the December 2023 subpoena seeking the driver's license information of the registered owners of the same 34,864 vehicles, Plaintiffs' counsel did not request such information in his August 2023 subpoena and that when asked if he was also requesting the driver's license information during our discussions about the August 2023 subpoena, he said that he did not want them at that time. The DMV's counsel informed Plaintiff's counsel that that involved a separate database and that the DMV had already agreed to enter into stipulation that would provide that information. As Plaintiff's counsel never provided a draft proposed stipulated that was requested on December 15, 2023, the DMV's counsel agreed to draft a stipulation and protective order that addresses the November, 2023 subpoena seeking the driver's license information. (Franco Decl., ¶26.)

In the regular course of the DMV's business, the Commercial Requestor Account System that accesses and searches the DMV's VR Registration database using either the VR Direct Online Access program and VR Overnight Batch Inquiry program, does not provide driver's license number information to commercial requestors, the public or attorneys. (Carino Decl., ¶8.) It is the Commercial Requestor Account System that accesses and searches the DMV's Driver License Volume Requestor Database that provides that information. (Carino Decl. ¶8.)

On February 12 and 14, 2024, the DMV's counsel sent Plaintiffs' counsel proposed stipulations entitled Stipulation Re Terms of Compliance of July 22, 2019 Order and November 2023 Subpoena, and for Issuance of Protective Order ("DL Stipulation"). (Franco Decl., ¶27; February 12 and 14, 2024 DL Stipulations.) The DL

00158786.WPD

stipulation outlined the information necessary and procedure that Plaintiffs would utilize to access and successfully use the Driver License Volume Requestor Database. To summarize the DL Stipulation provides:

- Pursuant to Vehicle Code section 1800, subdivision (d), Plaintiffs must input the driver's license number and the first three letters of the last name of the individual sought. Plaintiffs could obtain the driver's license numbers from Google, private investigators, Lexis and Westlaw;

- Plaintiffs' counsel must complete and sign a new Commercial Requestor Application but this time for driver's license information;

- remit payment of $2.00 per driver's license record for each vehicle identified in its three Microsoft Excel Files (00157077.XLSX; 00157078.XLSZ; 00157079.XLSX) or remit payment of $69,728 via check made payable to the Department of Motor Vehicles for the 34,864 vehicles;

- Within ten (10) court days of the DMV's receipt of the check for $69,728 made payable to the Department of Motor Vehicles and a completed and signed Commercial Requestor Account Application, the Department of Motor Vehicles will open a new Commercial Requestor Account, which permits Plaintiffs' counsel to access the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, and issue Plaintiffs' counsel a unique requestor code to obtain the most current contact information of the registered owners of the 34,864 vehicles, only;

- Plaintiffs' counsel shall determine the ownership

00158786.WPD

information relevant and material to the litigation;

● Plaintiffs' counsel shall employ a vendor identified on the vendor list, which was provided to Plaintiffs' counsel on January 23, 2024, and pay for the costs of the vendor's service(s) should Plaintiffs' counsel experience difficulty in conducting the inquiries;

● The DMV will produce a copy of the Volume Requester – Driver License Inquiries bates stamped DMV - Brewster 120 through 127 to Plaintiffs to aid them with searches;

● The information disclosed by the DMV pursuant to the foregoing process is designated as confidential, shall be kept confidential and its use limited to the Parties' attorneys, their legal staff, data consultants, vendor(s), and class administrator; and

● After Plaintiffs' counsel has obtained the ownership information for the 34,864 vehicles, Plaintiffs' counsel shall notify the DMV's counsel via email and the DMV will deactivate the unique requestor code issued to Plaintiffs' counsel and close the Commercial Requestor Account that permits Plaintiffs' counsel to access the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, within five (5) court days.

However, Plaintiffs' counsel refused to agree to enter into the stipulation or utilize other available resources such as Westlaw or Lexis to cross-reference the information he receives from the VR database searches. Plaintiffs' counsel claims that it is "prohibitively expensive and extremely time consuming to search for current addresses because Westlaw and Lexis does not have the capability to conduct batch inquiries, whether pursuant to an already-programmed process or via ad hoc

1    programming written specifically for the matter at hand. (Franco Decl., ¶27.)

2    **ISSUE NO. 2: DOES THE DMV HAVE THE CAPABILITY TO PROVIDE ALL**

3    **THE SUBPOENAED DATA?**

4    *Plaintiffs' Position:* Yes.

5            12. To provide the data Plaintiffs seek, the solution is for the DMV

6    to write a program that retrieves, via license plate number or VIN,

7    historical ownership data for "as-of" dates *even if the vehicle can no longer*

8    *be titled*. Dw. Cook decl. ¶19. And by "ownership information," I mean (a)

9    registered owner's name and address as of the provided impound date (and

10   legal owner if any); and (b) driver's license / identification number when

11   recorded in VVRD.  This can be done. In the *Gonzalez-Tzita* lawsuit,

12   DMV's counsel Deputy Attorney General Audrey Egan told me in a

13   11/9/18 email that in lieu of a requester account, "the DMV would need to

14   write programming to scan the database to the owner-as-of outside of the

15   established record retrieval processes." (She went on to say that there is an

16   hourly cost for the programming time for which the DMV would have to

17   be paid, in addition to a purported record retrieval cost.) *See* **Exhibit J**

18   hereto, true copy of Ms. Egan's email. Ms. Egan's statement was also

19   confirmed by DMV's Assistant Division Chief / Program Manager Mr.

20   Zielinski's statement in his November 28, 2018 *Gonzalez-Tzita* declaration

21   (at ¶4). There, he stated "it would take approximately 20 programming

22   hours" to provide ownership data on "vehicle owners outside of the

23   requester account process [i.e., the DMV's batch process]." *See* **Exhibit**

24   **F** at page 86 hereto.

25   Cook decl. ¶12.

26       All data recorded in VVRD since 1985 or 1987, remains in VVRD, *i.e.,* the data

27   has not been purged. Hence, VVRD has the historical ownership data for vehicles that

28   can no longer be titled. Dw. Cook decl. ¶11(B). Consequently, the ownership data for

00158786.WPD

vehicles that can no longer be titled, ***can be exported from VVRD***. Dw. Cook decl. ¶11(A). Assuming that the DMV does not have a pre-existing programmed process for exporting the data, the DMV can write a program (at Plaintiffs' expense) that generates the data. Dw. Cook decl. ¶11(C) & ¶19. For instance, to generate historical ownership data "outside of the requester account process," Gerald Zielinski, at the time the DMV's Assistant Chief / Program Manager, stated "it would take approximately 20 programming hours which is charged to the CA DMV at $135.00 per hour, for a total of $2,700.00." *See* **Exhibit F** at page 86 hereto.

*DMV's Position:*

**I. WRITING A PROGRAM IS NOT REQUIRED AND PLAINTIFFS CAN MERELY EMPLOY A VENDOR TO AID THEM WITH THEIR SEARCHES AND USE LEXIS NEXIS OR WESTLAW TO OBTAIN THE MOST CURRENT ADDRESSES OR SUFFICIENT INFORMATION TO UPLOAD INTO DL DATABASE**

Rule 26, subdivision (b)(2)(C)(ii) states the court must limit discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." (Fed. R. Civ. P. 26, subd. (b)(2)(C)(ii).)

In the *Gonzalez-Tzita* matter, Plaintiffs' data files yielded errors that took DMV personnel over 40 hours to fix in order to run the record searches for 1,477 vehicles. (ECF 152, Exh. 1, Supplemental Declaration of Wendy Lang, ¶¶10-15.) Plaintiffs have encountered the same problems here and are attempting various ways to force the DMV to fix their errors or do the work for them again. Plaintiffs' counsel refuses to fix the errors in accordance with the instructions, manuals, and directions provided by DMV personnel, or hire a vendor to assist them with their searches, and finds it easier to blame the VR database, and unreasonably demand that the DMV create a software program to search and produce the registered owner information. What Plaintiffs demand is unreasonable. Plaintiffs can simply fix their input errors or hire a vendor to help them conduct their searches using the DMV's Commercial Requestor Account System to access and search the DMV's VR Registration database using the VR Overnight Batch

Inquiry. Plaintiffs do not have substantial need for the DMV to re-program or create programming software within the meaning of Federal Rule of Civil Procedure 26, subdivision (b)(3), because Plaintiffs could perform the queries themselves or with the assistance of a vendor by accessing the DMV databases that already exist and are used by authorized members of the public, such as attorneys, insurance companies and the like, in the normal course of the DMV's business.

Moreover, no Federal Rule of Civil Procedure permits a party to demand that a third-party to discovery create some new software, programming, document or report as part of civil litigation and no Federal Rule of Civil Procedure obligates a third-party to civil litigation to create, much less employ new employees to create software and programs to conduct the searches and produce the data that Plaintiffs demand. In fact, demanding the production of information that is compiled in a manner that does not previously exist in the normal course of business is tantamount to generating or manufacturing documents for the purposes of the discovery request. In other words, the DMV, as a third-party, is being asked to manufacture or produce documents, which did not exist before. The DMV maintains that the discovery rules do not require what Plaintiffs demand.

Under Federal Rule Civil Procedure section 34 subdivision (a),[1] a party is required to produce only documents which are in its "possession, custody or control." A document is not in the possession, custody or control of a party if it does not exist, and production cannot be required of a document which is not yet in existence. Wright and Miller, Federal Practice and Procedure: Civil § 2210, p. 625. Under Rule 34, subdivision (b), it is proper to produce documents as they are kept in the usual course of business. Thus, Rule 34 only requires a party to produce documents that are already

---

[1] When this rule pertaining to subpoena to command persons to produce documentary evidence is being used for the sole purpose of discovery, this rule and Rule 34 of these rules pertaining to discovery must be read in pari materia. *McLean v. Prudential S. S. Co.* (E.D.Va. 1965) 36 F.R.D. 421.

00158786.WPD

1   in existence. *Alexander v. FBI* (D.D.C. 2000) 194 F.R.D. 305, 310. "[A] party cannot

2   be compelled to create, or cause to be created, new documents solely for their

3   production." *Paramount Pictures Corp. v. Replay TV*, (C.D. Cal. 2002) 2002 WL

4   32151632, *2 [denying production of customer data because such information "is not

5   now and has never been in existence"]; *Butler v. Portland General Electric Co.* (D.

6   Oregon 1990) 1990 WL 15680 *2 [refusing to compel production where requested

7   information had not been compiled into the form of a document or a computer program

8   as the law does not require a party to prepare or create a document in response to a

9   discovery request].

10      As the law does not require a party, much less a disinterested third-party to

11  prepare or create a document in response to a discovery request, it does not require the

12  DMV to create software or a program, or hire new employees for the sole purpose of

13  writing software or a program to compile the data that Plaintiffs demand. What Plaintiffs

14  seek to compel is tantamount to an impermissible mandatory injunction that

15  impermissibly requires the DMV to create new data which does not now exist. The

16  motion to compel should be denied.

17

18

19

20

21

22

23

24

25

26

27

28

00158786.WPD

## DECLARATION OF DONALD W. COOK

I, DONALD W. COOK, declare:

1.  I am one of the attorneys representing Plaintiffs. I am the attorney primarily responsible for the discovery enforcement proceedings.

2. True copies of the 8/15/23 and 11/17/23 subpoenas served on the DMV, are attached hereto as hereto as **Exhibits A** [8/15/23 subpoena] and **B** [11/17/23 subpoena]. The 11/17/23 subpoena was necessary because when I prepared the 8/15/23 subpoena, I inadvertently limited it to obtaining only vehicle owners' names and addresses. I later realized that the VVRD also has the registered owner's California driver's license or identification number if it was provided to the DMV upon the DMV's request when issuing a title to the vehicle's then registered owner. See **Exhibit C**, 7/12/19 deposition testimony of DMV's Rule 30(b)(6) agent Mark Daniel Keskeny, @ 34:12-35:4; 38:18-39:9. Driver's license / identification numbers are highly important because they are unique identifiers that when ran against the DMV's driver's license / identification database, will give you that person's *current* address as reflected in DMV records.

3.  The service of the 8/15/23 subpoena resulted in the DMV agreeing to produce the VVRD data sought by that subpoena (subject to a protective order and Plaintiffs paying the DMV's claimed cost of production). See Stipulation filed 10/25/23 (ECF 324) and Order filed 10/26/23 (ECF 325).

4.  The DMV purported to comply with the 10/26/23 Order by providing me with a commercial "requester account" for use of the DMV's pre-programmed " 'Non-urgent' overnight batch processing mode" for obtaining ownership data. Briefly described, a requester account is generally provided to insurance companies and auto manufacturers so that they can obtain vehicle ownership data as of a particular date, by running a vehicle's license plate number or VIN in VVRD. Using an assigned username and password, the requester logs onto a DMV website and then uploads a specially-formatted file that has one or more vehicle records identifying the vehicle by either license plate number or VIN but not both. Assuming a properly uploaded and properly

formatted file, the batch process – an automated pre-programmed process – programmatically generates an output file. The output file contains for each vehicle record submitted in the uploaded input file, the vehicle's registered and legal owner name and address as of the date requested, *assuming* a match was made on either the provided license plate number or VIN. If no match is made on either license plate number or VIN for a particular vehicle, the output file so indicates with an error code and an accompanying brief message.

5. As further explained in the attached declaration of Plaintiffs' computer data consultant Dwight W. Cook at ¶¶12-17,[2] for Plaintiffs' purposes this pre-programmed batch process does not work because (a) the batch process does *not* provide historical ownership data for vehicles that can no longer be titled (because, for example, they have since been disposed of as scrap metal); (b) for vehicles for which ownership data is returned, the batch process does not provide the registered owner's driver's license or identification number even though that information is recorded in VVRD (**Exhibit C** - Keskeny depo. @ 43:23-44:11).

6. Regarding the first point, Plaintiff Lamya Brewster was, as of October / November 2014, the registered owner of a 2010 Chevrolet Impala, license plate number 7EAT501. The LAPD impounded the Impala on October 28, 2014. On November 4, 2014, the LAPD queried VVRD using the Impala's license plate number (7EAT501); the DMV return generated that day – November 4, 2014 – correctly reflected the Impala's then registered and legal owners' identities (Ms. Brewster and Superior Auto). See **Exhibit E**, copy of the LAPD CLETS' 11/4/14 printout for the Impala (redactions made per L.R. 5-2.1). But when I used my requester account to upload to the DMV's website on December 13 and 14, 2023 two files seeking the ownership information for Ms. Brewster's Impala as of 11/4/14 – the same day LAPD sought and obtained

---

[2] See ECF 314 (5/9/23 Order) @ pp. 130-33) for Judge Bernal's acknowledgment of Dwight W. Cook's expertise.

00158786.WPD

ownership information for Ms. Brewster's vehicle – the batch process output files (one for retrieval via license plate number and the other seeking retrieval via VIN) reported NO ownership data for Ms. Brewster's Impala; for the license plate number inquiry the DMV response was "Non-reviable junk as of 11/4/14" whereas the VIN inquiry the DMV response was "No VIN matches input criteria." *See* **Exhibit G**, printouts of DMV output files for Ms. Brewster's Impala.

7.   In a December 20, 2023 email to me, DMV representative William Carino stated that "Non-reviable junk" means the "vehicle valued at $500 or less that was abandoned and the removal and disposal by a licensed dismantler or scrap iron processor was authorized by a peace officer or any designated employee of a public agency (Example: an abated vehicle)," and "[o]nce declared nonrevivable, the vehicle cannot be titled or reregistered." *See* **Exhibit I**, true copy of Mr. Carino's email.

8.   Because Ms. Brewster's Impala was disposed of as scrap metal a few years ago, I realized what happened. Pursuant to law the scrap metal vendor reported the Impala's VIN and license plate numbers to the DMV so that the Impala's vehicle identifiers are *not* re-used as it would enable auto theft and related crimes. So even though the VVRD has Ms. Brewster's Impala's historical ownership data (David Keskeny 7/12/19 depo. 43:23-44:11 [**Exhibit C** - VVRD has all ownership data going back to about 1985 or 1987 when the system was automated]), the automated batch process will *not* provide it since the Impala's VIN and license numbers are now flagged as belonging to a vehicle that can no longer be titled.

9.   I further confirmed the inability of the batch process to return historical ownership data for vehicles that can no longer be titled, by having Plaintiffs' computer consultant prepare batch input files of the 477 vehicles the LAPD impounded under C.V.C. § 14602.6 in 2012-17 but which the OPGs (*O*fficial *P*olice *G*arages) disposed of as junk. Meaning the vehicles were so worthless following expiration of the 30 day impounds that the OGPs could not even sell them at lien sales. The DMV output files for these vehicles show *no* ownership data for almost all of the junked vehicles,

reporting instead either "Non-reviable junk" or "Invalid File Code." *See* attached Dwight W. Cook decl. ¶¶15-17.

10. The inability of the automated batch process to provide ownership data for vehicles that can no longer be titled, is a serious problem. Most class members' vehicles were of low value *when they were impounded*. Plaintiffs are also seeking information about vehicles that were impounded years ago, some nearly 12 years ago while the most recent impounds were nearly seven years ago (June 2017). Thus, as of ***today*** many class members' vehicles can no longer be titled because they now sit in a junk yard and/or have been disposed of as scrap metal. Though the VVRD still has these vehicles' historical ownership data (see Keskeny depo. [**Exhibit C**]), the automated batch process is not programmed to provide it. Unsurprising since the batch process was programmed for commercial requesters like insurance companies who only have an interest in vehicles that are or can be *currently* titled.

11. The other serious problem is that the batch process does *not* return the registered owner's driver's license / identification number when it is recorded in VVRD. *See* **Exhibit D**, a printout of a sample DMV output file DMV employee William Carino gave me (via his 12/18/23 @ 9:51AM email). The Court will note that the output file provides only the name and address for the registered owner. *See also* **Exhibit E**, relevant pages from the DMV's Vehicle Registration Batch Inquiry Manual. At manual page 8 (page 84 hereto) confirms that the DMV output file has no provision for generating the registered owner's driver's license / identification number when recorded in VVRD. As the driver's license / identification number is the gold standard for obtaining the class member's *current* DMV address as reflected in the DMV's driver's license / identification database, it is essential that Plaintiffs obtain the data if available. *See* ECF 192 filed 7/10/20 @ pp. 27-28 (Dwight W. Cook declaration @ ¶21).

12. To provide the data Plaintiffs seek, the solution is for the DMV to write a program that retrieves, via license plate number or VIN, historical ownership data for "as-of" dates *even if the vehicle can no longer be titled*. Dw. Cook decl. ¶19. And by

"ownership information," I mean (a) registered owner's name and address as of the provided impound date (and legal owner if any); and (b) driver's license / identification number when recorded in VVRD.  This can be done. In the *Gonzalez-Tzita* lawsuit, DMV's counsel Deputy Attorney General Audrey Egan told me in a 11/9/18 email that in lieu of a requester account, "the DMV would need to write programming to scan the database to the owner-as-of outside of the established record retrieval processes." (She went on to say that there is an hourly cost for the programming time for which the DMV would have to be paid, in addition to a purported record retrieval cost.) *See* **Exhibit J** hereto, true copy of Ms. Egan's email. Ms. Egan's statement was also confirmed by DMV's Assistant Division Chief / Program Manager Mr. Zielinski's statement in his November 28, 2018 *Gonzalez-Tzita* declaration (at ¶4). There, he stated "it would take approximately 20 programming hours" to provide ownership data on "vehicle owners outside of the requester account process [i.e., the DMV's batch process]." *See* **Exhibit F** at page 86 hereto.

13.  Plaintiffs recognize and accept they will have to pay the DMV's reasonable programming cost; thus, that is not the problem. The problem is that despite my repeated and detailed explanations to DMV personnel and their counsel on why and how the DMV's automated batch process cannot provide most of the data Plaintiffs seek, the DMV's counsel has to-date declined to acknowledge the problem let alone address it (as Ms. Egan and Mr. Zielinski said could be done). My first email was sent December 8, 2023, followed by more email exchanges and telephone conversations with DMV representative William Carino, Supervising Deputy Attorney General Nancy James and Deputy Attorney General Ms. Franco. In response, I heard only vague promises to look into the matter further at some unspecified date (with most promises being made by Ms. Franco) while providing *nothing* contradicting the evidence I gave the DMV establishing the inability of the batch process to provide the required data.  *See* **Exhibit K**, my December 19, 2023 letter to Ms. Franco; **Exhibit L**, my December 29, 2023 letter to Ms. Franco; **Exhibit M**, my January 9, 2024 letter to Ms. Franco; **Exhibit N**, my

January 12, 2024 letter to Ms. Franco; **Exhibit O**, my January 19, 2024 letter to Ms. Franco; and **Exhibit P**, my January 23, 2024 letter to Ms. Franco.

14.  Despite my letters referenced above, Ms. Franco has never responded to the two serious shortcomings of the DMV's batch process for providing the desired ownership data. In our January 25, 2024 L.R. 37-1 conference, I repeatedly asked Ms. Franco to address the batch process' inability to provide ownership data for vehicles like Ms. Brewster's Impala – a car that since its 2014 impound was disposed of as scrap metal. Ms. Franco refused to respond, and ultimately unilaterally terminated our L.R. 37-1 conference. *See* **Exhibit Q**, true copy of my January 25, 2024 letter to Ms. Franco. Ms. Franco's only response (if one calls it that) to the evidence that the batch process does not return ownership data for vehicles like Ms. Brewster, was to falsely accuse me of "yelling" at her when I pressed her to respond to the evidence I had presented. *See* **Exhibit R**, true copy of my January 25, 2024 email to Ms. Franco.

15.  Finally, in case DMV's counsel raises it in connection with this motion, the inability of the batch process to generate historical ownership data for vehicles that can no longer be titled is *not* because of unspecified errors my office allegedly made in formatting the data input files. The data input files were all correctly formatted as confirmed by the fact that the DMV's batch process accepted and processed every file I uploaded. *See also* **Exhibit D** (at second page of email at highlighted portion, Mr. Carino confirmed that the files I uploaded were correctly formatted), *and* Dw. Cook decl. ¶18. The only "error" if one calls it that, is that my initial input file had the passenger vehicle license plate code of "A" for *all* impounded vehicles. As there were a few non-passenger impounded vehicles (commercial or motorcycle), the batch process did not return ownership information for those non-passenger vehicles. However, since most impounded vehicles were passenger vehicles, the incorrect license plate code for the few non-passenger vehicles was quite small (less than 6%). Moreover, of the 12 input files  I uploaded to the DMV, only the first one (uploaded December 12, 2023) had the license plate code "A" for all impounded vehicles; the remaining uploaded

license plate input files had the correct license plate code (whether "A" or "U" or "C" or "M") for impounded vehicles. I explained this in detail to DMV's counsel in my January 23, 2024 letter (**Exhibit P** @ page 2 of the letter), to which the DMV's counsel has never responded.

I declare under penalty of perjury that the foregoing is true and correct. Executed February 7, 2024, at Los Angeles, California.

Donald W. Cook

00158786.WPD

# DECLARATION OF DWIGHT W. COOK

I, DWIGHT W. COOK, declare:

1. I am 68 years of age. I reside in Garfield, Minnesota.

**Professional Qualifications**.

2. Up until June 2017 when I retired, I was an Applications Programmer Analyst for the State of Minnesota, Department of Transportation ("MDOT"). MDOT manages state-owned roads (including interstate highways), bridges, along with vehicle registrations and driver's licenses. I began employment as a Programmer Analyst in May 1987. As a Programmer Analyst I provided systems analysis, database design, software design, testing and installation, customer service (including dataset "data and image" retrieval) for various entities. In the mid- to late 1990s, I designed and piloted the first Electronic Document Management System (EDMS) for the State of Minnesota. The system manages millions of records (or images), with a user base of approximately 5,000 (not including members of the public who have limited access to some of the information). I also designed the first metadata application and database for tracking the optically stored documents for MDOT. That system was used to manage over 500,000 images, with a user base of approximately 200, and has since been expanded to cover millions more records and a far larger user base.

3. I have programmed and managed computer data systems on IBM mainframe and mini-computers, as well as networked PC workstations. I have been a network administrator. In earlier years, I programmed in ASSEMBLER / ASSEMBLY, COBOLII, and RPG2, older programming languages for hierarchical IBM-based database systems (when they were in use; nowadays not used as much since most vendors no longer support them). As of my retirement from MDOT, I was regularly working with Oracle, MySQL, and MS Access databases. That is, I regularly worked with these databases and I wrote code in MS Access to manipulate the data for collection, storage and reporting purposes. Using MS Access, I regularly accessed, imported and/or copied data from Oracle data warehouses as large as several terabytes

(one terabyte is 1,000 gigabytes), and involving many millions of records.

4. Over the years I have also worked and consulted with managers and programmers for large datasets managed by the departments of transportation for other states, and the United States Department of Transportation, discussing common problems and possible solutions.

5. I hold a programmer certificate (two-year degree) from Alexandria Technical College in Alexandria, Minnesota. I have completed numerous post degree courses and classes to enhance my expertise in the area of computer program development, data analysis, design, storage, management, and retrieval.

6. In my employment, I have managed personal computers networked on Microsoft Windows Server and, in years past, the Novel Netware network operating system. I have overseen the installation and maintenance of computer software and hardware systems, including the creation, management and restoration of data files created by the various programs installed on the workstations. Such programs include word processors (e.g., Microsoft Word, Excel and other Office applications), data base programs (Excel, Access) and other document creation and management programs for both text-based and image documents.

**My Role in *Brewster v. City of Los Angeles***

7. In *Brewster*, I am retained to manage the computer data Plaintiffs have obtained from principally two sources: (a) *V*ehicle *I*mpound *I*nformation *C*enter or VIIC data, and (b) California Department of Motor Vehicles ("DMV") data.

8. I am familiar with VIIC data and its companion electronically-stored document storage system (Laserfiche), both of which are maintained by *O*fficial *P*olice *G*arage of *L*os *A*ngeles (OPG-LA) to track and identify vehicles seized at the direction of personnel employed by the City of Los Angeles. For more details on my knowledge of VIIC data, see my declaration filed July 10, 2020 (ECF 192) at pp. 20, 21-23 (¶¶5, 8-12).

9. I am familiar with the California DMV' vehicle / vessel registration database

00158786.WPD

("VVRD") and the DMV's VR overnight batch process ("batch process") based on:

A. Printouts the DMV provided pursuant to a court's order in *Gonzalez-Tzita v. City of Los Angeles*, 2:16-cv-194 FMO;

B. In *Gonzalez-Tzita*, my email and telephone conversations with DMV employee Wendy Lang in the use of the batch process to obtain vehicle ownership data (registered owner / legal owner names and addresses) for specified "as of" dates, as well as my use of the batch process in that case to obtain VVRD ownership data for about 1,477 vehicles;

C. My review of the DMV's "Batch (overnight) Processing" manuals (revised 10/31/18; 11/16/22; 2/7/23);

D. My review of "IT Implementation at California DMV," by Gurpreet Dhillon & Reza Torkzadeh (see http://www.isy.vcu.edu/~gdhillon/Old2/Old /Teaching/ TeachingFall04/ Fall-04- VCU-640-IS-KM/Cases/CALIFORNIA%20 DMV% 20-%20distribution.pdf).

E. Depositions in *Gonzalez-Tzita* that I attended in which agents of the DMV testified about the department's vehicle and driver's license databases (depositions were taken July 12, 2019, in Sacramento, California; Plaintiffs' counsel was Donald W. Cook; deponents were DMV employees Mark Daniel Keskeny and Brian Gilmore);

F. Declarations of Gerald Zielinski and Richard Fu, both dated November 28, 2018. Mr. Zielinski was the DMV's Assistant Division Chief / Program Manager with oversight of the commercial requester account programs. Mr. Fu was a DMV Information Technology Supervisor II with responsibilities over the management of the data dictionary for the DMV's VVRD.

10. Regarding the VIIC and DMV data, in *Brewster* I am informed it is Plaintiffs' objective to identify, by name and *current* address, all registered owners of vehicles the LAPD impounded under C.V.C. § 14602.6 (30 day impound statute) during the time period of approximately November 2012 through June 2017. To do so requires a three

00158786.WPD

step process:

> *First*: Using VIIC data, identify the 35,000 impounded vehicles that comprise the three classes, with each vehicle identified by its respective VIN and license plate numbers. VIIC data has the vehicles' VIN and license plate numbers (though unfortunately not the registered owners' identity information);

> *Second:* Matching VIIC data of class members' VINs and license plate numbers to the corresponding VVRD records and thereby obtain the VVRD data identifying vehicle owners as of each vehicle's respective impound dates (anywhere from October 2012 through June 2017); and

> *Third:* Using VVRD data of class members' name, address *and* if available in VVRD, the registered owner's driver's license or identification number, to match to the class member's corresponding record in the driver's license / identification number database. That way, Plaintiffs can obtain the owner's *current* address (as listed in DMV records).

11. I have already accomplished the first step of identifying the approximately 35,000 class members by their vehicles' VINs and license plate numbers exported from VIIC data. I am now at the second step – matching the VIIC data with corresponding VVRD data so as to come up with the vehicle owner's name and address as of the vehicle's LAPD impound date and, when recorded in VVRD, the registered owner's driver's license / identification number.

**Why The DMV's VR overnight batch process is inadequate.**

12. For Plaintiffs' purposes, the DMV's automated batch process will not work. Two reasons:

> *Reason One*: The batch process will *not* return a vehicle's historical ownership data for a vehicle that has been disposed of as junk or scrap metal, meaning it can no longer be titled. I know that to be true because of test runs using the batch process of vehicles that as of today, cannot be titled because they were disposed of in an auto junk yard or sold as scratch metal. See Declaration

00158786.WPD

of Donald W. Cook ¶¶8-9.

*Reason Two*: Although the VVRD records a registered owner's driver's license or identification number (assuming the owner provides it when the DMV requests it upon the vehicle being titled to that owner, see 7/12/19 Deposition of Mark Daniel Keskeny, 34:12-35:4; 38:18-39:9), the batch process cannot and does not return a registered owner's driver's license / identification number.

13. To test the viability of the batch process to generate the data Plaintiffs need, I prepared test files of class members' vehicles. A file uploaded to the batch process must be based on either license plate or VIN (*V*ehicle *I*dentification *N*umber) but cannot be based on both. That is, to retrieve ownership data via license plate and VIN, you must prepare two separate ASCII text files – one of which is formatted for retrieval via license plate number only and the other formatted for retrieval via VIN only. (The batch process does not permit you to retrieve ownership data via *both* license plate number and/or VIN provided in the same file.) The files I prepared were all properly formatted: – ASCII text file of exactly 80 column width with the first five characters (columns 1-5) the assigned requester code; the sixth character (column 6) the manual processing code of 1; columns 7 through 12 the ownership "as of" date with the entered date including leading zeros where necessary; and the remaining columns formatted depending on whether the ownership data was being sought by license plate number or VIN*:*

● *Ownership data via **license plate number***: 4,991 total records; column 13 was the file code depending on the license plate type (A - passenger; C or U - commercial; M - motorcycle); columns 14 through 20 was the license plate number (which if the license plate number was less than 7 characters, then the entered number was left-justified, i.e., starting at column 14); the remaining columns (21 through 80 were spaces (which the batch process reads as no data entered).

● *Ownership data via **VIN***: 5,901 total records; columns 13 through 20 were blank (because these columns are used only for retrieval by license plate number);

00158786.WPD

columns 21 through 37 were filled with the 17 character VIN (except for a few instances of a VIN less than 17 characters in which case the VIN was left justified at column 21); and columns 38 through 80 were spaces.[3]

14. The return or output files the DMV batch process generated provided the following information:

A. *Ownership data via **license plate number***: ownership data (name and address of registered owner and if there was one, legal owner name and address) for only about 45% of the submitted records.

B. *Ownership data via **VIN***: ownership data for less than 5% of the submitted records.

15. Where ownership data was not returned, the output file gave error code 6 for each record of no ownership data and the statement of either "Invalid File Code" or "Non-Reviable Junk As Of [impound date]."

16. It should be noted that when I used the same DMV batch process to generate ownership data for the 1,477 vehicles in the *Gonzalez-Tzita v. City of Los Angeles* lawsuit, the DMV output files generated ownership data for about 75% of *both* the VIN and license plate number files used to generate the output files. The difference is probably attributable to the fact that the *Gonzalez-Tzita* vehicles were of more recent manufacture and generally more valuable than the *Brewster* vehicles; consequently, a much higher percentage of the *Gonzalez-Tzita* vehicles could still be titled and registered.

17. At the request of attorney Donald W. Cook, I prepared two test files of class members' vehicles which the OPGs disposed of as "junk." When an OPG disposes of a vehicle as junk (VIIC disposition code "O") the vehicle is of such low value that the OPG could not even sell the vehicle at a lien sale; instead, the OPG disposed of the

---

[3] The higher number in the VIN input file is because some vehicles did not have a license plate number recorded in the VIIC data whereas there was a VIN for virtually all vehicles.

00158786.WPD

vehicle for its scrap value. Of the approximately 45,000 § 14602.6 vehicles the LAPD impounded in the class period of 2012-17, 477 were disposed of as junk. Thus, the odds are very high that most of these vehicles ended up in a junk yard or sold to a scrap metal vendor. The DMV batch process output files confirmed this point – for nearly all of the 477 junked vehicles the batch process did *not* return any ownership data; instead, for almost all vehicles the output file gave the error code "6" along with the statement of either "Invalid File Code" or "Non-Reviable Junk As Of [impound date]."[4]

18. If the claim is made that the ASCII text input files I prepared for the batch process had the wrong or incorrect data inputted and that is why the DMV's output files provided so little ownership data, the claim is incorrect for the following reasons:

A. *All* input files I prepared were ASCII text files, with each record being exactly 80 columns in width and file name "vrinquiry.txt." If any file was not in this format, the batch process would have rejected it in its entirety. Meaning the batch process would not have even accepted the file for processing and thus would not have generated an output file.

B. The only error in formatting occurred in the first input file. That file (consisting of 4,991 vehicle records) sought ownership data based on license plate number. For each record in such a file, the batch process requires that the appropriate "file code" be entered in column 13 (the column that immediately precedes the seven columns reserved for license plate number). File codes are different depending on whether license plate number is for a passenger vehicle (file code "A"), a commercial vehicle (file codes "C" or "U"), a motorcycle file

---

[4] Because an input file must be limited to either license plate number or VIN, the input file of junked vehicles identified by VIN consisted of 477 records whereas the input file identifying the same junked vehicles but by license plate number was slightly smaller, or 454 records. The smaller number occurred because a small number of junked vehicles were identified only by VIN, i.e., there was no license plate number given for that vehicle. Thus, in creating the input file by license plate number, I eliminated vehicle records for which no license plate number was provided.

00158786.WPD

code "M") (along some other specialized vehicles none of which are in the class). The initial input file had file code "A" in column 13 for all license plate numbers. Since most class members' vehicles are passenger vehicles, this was not an error for most vehicle records and thus did not affect the batch process' ability to find matching data based on license plate number. As to those few records that had commercial or motorcycle license plate numbers, I changed the file code to the correct code that matched to the license plate. The resulting DMV output file still did not provide ownership data for most of the records even with the correct file code.

**How the DMV Can and Should Provide The Ownership Data.**

19. Instead of the batch process, the DMV should write a program to retrieve data from VVRD by license plate number and/or VIN that has vehicle ownership data for *all* class members' vehicles even if the vehicle was later "junked" (meaning the vehicle can no longer be titled or registered). This can be done:

A. Any data that remains in a database can be programmatically identified, retrieved and exported; there are no exceptions (assuming of course appropriate access rights);

B. The VVRD still has the ownership data for *all* vehicles that were titled or registered at any time since about 1985. That is, even though the vehicle can not be presently titled (because, for example, it was disposed of as scrap metal), VVRD still has its historical ownership data. Keskeny 7/12/19 depo. 43:23-44:11 (VVRD has all ownership data going back to about 1985 or 1987 when the system was automated).

C. The DMV can write a program to retrieve from VVRD the ownership data (meaning name, address and registered owner's driver's license / identification number if provided to the DMV) for the "as of" dates for each impounded class member's vehicle (vehicle being identified by either license plate number or VIN along with its impound date). I have done similar

-44-

00158786.WPD

programming tasks myself for MDOT. For example, following the August 1, 2007 collapse of the Minneapolis I-35W Mississippi River bridge which generated substantial litigation against the State of Minnesota and others, MDOT lawyers tasked me with retrieving all computer records regarding that bridge. This required specialized programming to search and retrieve out of the many millions of computerized records covering all MDOT maintained roadways and bridges, the few thousand records regarding the collapsed bridge. It took me about two to three days of programming effort (much of which involved familiarizing myself with the intricacies of the database and obtaining access rights to secure datasets) to generate an output file of all desired records in a format deliverable to the MDOT lawyers. I would not expect a DMV programmer to require any more time to write a program that retrieves and exports *all* the VVRD data Plaintiffs seek (ownership data for "as of" impound dates for *all* vehicles, including the registered owner's driver's license / identification number if recorded in VVRD). This is confirmed by DMV's Assistant Division Chief / Program Manager Mr. Zielinski. In his November 18, 2018 declaration at ¶4, Mr. Zielinski stated "it would take approximately 20 programming hours" (a high estimate in my opinion) to provide ownership data on "vehicle owners outside of the requestor account process [*i.e.,* the DMV's batch process]."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed January 16, 2024, at Garfield, Minnesota.

Dwight W. Cook

00158639.WPD

1  ROB BONTA
   Attorney General of California
2  GARY S. BALEKJIAN
   Supervising Deputy Attorney General
3  LORINDA D. FRANCO
   Deputy Attorney General
4  State Bar No. 213856
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013-1230
    Telephone:  (213) 269-6459
6   Fax:  (916) 731-2119
    E-mail:  Lorinda.Franco@doj.ca.gov
7  *Attorneys for Custodian of Records*
   *Department of Motor Vehicles*
8
                 IN THE UNITED STATES DISTRICT COURT
9
                 FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11

12

13  **LAMYA BREWSTER ET AL.,**            EDCV14-2257 JGB (SPx)

14                          Plaintiff,    **DECLARATION OF LORINDA D.**
                                          **FRANCO IN SUPPORT OF NON-**
15      **v.**                            **PARTY CALFORNIA**
                                          **DEPARTMENT OF MOTOR**
16                                        **VEHICLES' OPPOSITION TO**
    **CITY OF LOS ANGELES , ET AL.,**     **PLAINTIFFS' MOTION TO**
17                                        **COMPEL**
                            Defendant.
18
                                          Judge:      The Honorable Sheri Pym
19

20
        I, Lorinda D. Franco, declare as follows,
21
        1.    I am an attorney duly licensed to practice law before the courts of the
22
    State of California and am a Deputy Attorney General with the Office of the
23
    Attorney General of the State of California, counsel of record for Non-Party
24
    California Department of Motor Vehicles ("DMV"). I have personal knowledge of
25
    the facts set forth below and submit this declaration in support of Non-Party
26
    DMV's Opposition to Plaintiffs' Motion to Compel.
27

28

                                          1

2.     On or about November 9, 2023, the DMV mailed Plaintiffs' counsel a Notification Letter that his Commercial Requestor Account was opened and activated, and the Commercial Requestor Code. I received a copy of that Notification Letter.

3.     On November 16, 2023, I emailed Plaintiffs' counsel a copy of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119. My November 16, 2023, 2:26 a.m. email to Plaintiffs' counsel is attached hereto as **Exhibit 1**.

4.     On November 17, 2023, I emailed a courtesy copy of the Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and activated, and the commercial requestor code. I also emailed Plaintiffs' counsel with additional information as to how to properly format the searches. Specifically, I advised Plaintiffs' counsel that with the aid of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119 that was sent to Plaintiffs' counsel the day before, Plaintiffs' counsel should refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the vehicle identification numbers, and that for every license plate, the proper file code must be keyed, and that the VIN's have the same file code, which is "V". In addition, as a courtesy and to aid Plaintiffs' counsel, I provided Plaintiffs' counsel a copy of the DMV's Secure File User Manual and Secure File Transfer Application Non-EPN form. My November 17, 2023, 7:22 a.m. email to Plaintiffs' counsel is attached hereto as **Exhibit 2, p. 7**.

5.     On or about November 21, 2023, I learned and confirmed that the DMV processed the Secure File Transfer Application Non-EPN form that was completed and signed by Plaintiffs' counsel.

6.     On November 29, 2023, I emailed Plaintiffs' counsel a user ID and temporary password to the DMV SFTC website, and instructions on how to access,

login and change his password and to advise me when his password has been completed.

7.    Even after the DMV had complied with all its obligations under the terms of the VR Stipulation and October 26, 2023 Protective Order, on December 8, 2023, I received the email from Plaintiffs' counsel asking DMV personnel, William Carino, for direction on how to properly format the files. That same day, Mr. Carino offered to review Plaintiffs' file for proper formatting. In response, Plaintiffs' counsel stated that he needed to wait until December 11, 2023, because his "IT guy" was cleaning up some errors. The December 8, 2023, 4:19 p.m. email from Mr. Carino and the December 8, 2023, 4:16 p.m. emails from Plaintiffs' counsel are attached hereto as **Exhibit 2, p. 6**.

8.    On December 8, 2023, Mr. Carino emailed Plaintiffs' counsel the following guidance with respect to formatting:

> "When you're submitting a VR inquiry, you would specify a plate number with a File Code or a VIN with the File Code.  A plate and VIN cannot be submitted concurrently. If you submit both the plate and the VIN, it will error out. When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry. The File Code for VIN will always be indicated with a "V". A successful inquiry will include the registered owner name and address."

The December 8, 2023 4:55 p.m. email from Mr. Carino is attached hereto as **Exhibit 2, p. 6**.

9.    On December 11, 2023, Plaintiffs' counsel emailed Mr. Carino and asked multiple questions concerning the proper formatting for the searches, some of the questions had already been answered by Mr. Carino in his prior December 8, 2023 email to Plaintiffs' counsel. The December 11, 2023 9:27 am & 9:31 am emails from Plaintiffs' counsel are attached hereto as **Exhibit 2, p. 4**.

10.    In continued efforts to aid Plaintiffs' counsel, DMV personnel, Christopher Fowler, from the Digital Services Optimization Section and the

3

Onboarding Unit were asked to assist Plaintiffs' counsel. The December 11, 2023, 10:01 a.m. and 10:48 a.m. emails from Christopher Fowler are attached hereto as **Exhibit 2, p. 3**.

11.   On December 11, 2023, Brian Banuelos, an analyst from DMV's Onboarding Unit emailed, answered all the questions of Plaintiffs' counsel and provided detailed instructions on how to correctly format the data strings to perform the vehicle registration inquiries using either the license plate number or VIN, how to perform the inquiries, what information to enter into each field, and how to upload the inquiries to the DMV SFTC website. In addition, Mr. Banuelos emailed Plaintiffs' counsel another copy of the DMV's VR Registration Inquiry Manual for Batch (overnight) processing consisting of 119 pages for use by authorized requestors only. The December 11, 2023, 10:48 a.m. email from Brian Banuelos is attached hereto as **Exhibit 2, pp. 1-3**.

12.   On December 14, 2023, I received an email from Plaintiffs' counsel that was directed to DMV's Digital Services Optimization Section asking why he is not receiving registered ownership information for most of his file queries and concedes that although it may be a result of user keying errors on his end, he seems to claim that he should not be receiving the error messages because "the data he provided was electronically copied from the same database prepared by the same people pursuant to the same process I used in 2019 to retrieve DMV R/O information (using VINs and license plate numbers)". The December 14, 2023, 6:07 p.m. email from Plaintiffs' counsel is attached hereto as **Exhibit 3**.

13. On December 18, 2023, Mr. Carino emailed Plaintiffs' counsel another copy of the VR Batch Inquiry Manual, and further guidance on how to properly input, explained that the errors messages that Plaintiffs' counsel received identified error code and a description of why Plaintiffs' counsel did not receive a record, explained that most of the records have VIN requests that do not exist in the DMV VR database, specifically cited to the information by section and page numbers in

4

the manual that lists and described the meaning of the error codes Plaintiffs' counsel received, explained how to read the valid output record that Plaintiffs' counsel claims did not provide the registered owner information when it had, explained how to understand the error messages using two examples of error messages that Plaintiffs' counsel received, explained the nature of errors (e.g. file format, incorrect vehicle license plate, and incorrect date inputted), explained how to fix the errors, explained that if the format of the request was incorrect then the he would receive an error message for the entire inquiry, and identified two search queries that Plaintiffs' counsel performed that were correctly formatted so that he may use them as examples. The December 18, 2023, 9:51 a.m. email from Williams Carino is attached to hereto as **Exhibit 4**.

14.    On December 20, 2023, I received an email from Plaintiffs' counsel directed to Mr. Carino. Plaintiffs' counsel again demanded that his additional questions concerning why he is receiving different information from when he runs queries in the LAPD database versus the DMV database, the meaning of the terms "NON-REVIVEABLE JUNK" no ownership information for 95% of the queries he made using the VIN information and receiving ownership information for 40%-45% of the queries he made using the license plate number information for specified "as of" dates. The December 20, 2023, 9:42 a.m. email from Plaintiffs' counsel is attached hereto as **Exhibit 5, p. 4**.

15.    On December 20, 2023, Mr. Carino answered all the questions, and explained that the LAPD database that Plaintiffs' counsel refers to is different from the DMV database and reports different information, the VINs and license plates do not exist or were keyed incorrectly with the wrong File Code for each plate, and again explained how to read the records that resulted from the searches that in fact reflects the registered ownership information. The December 20, 2023, 10:05 a.m. email from William Carino is attached hereto as **Exhibit 5, p. 3**.

16.   On December 20, 2023 and December 21, 2023, I received emails from Plaintiffs' counsel that were directed to Mr. Carino asking to whether the DMV batch process that he has been using will retrieve registered ownership information for those vehicles that either can be titled or registered, or are currently titled / registered. The December 20, 2023, 10:49 a.m. and December 21, 2023, 7:58 a.m. emails from Plaintiffs' counsel is attached hereto as **Exhibit 5, pp. 1-2**.

17.   On December 21, 2023, Mr. Carino emailed Plaintiffs' counsel responding, "No" to the questions of Plaintiffs' counsel, and again explained how to understand and address the error messages Plaintiffs' counsel receives by cross-referencing the error message with the information in the VR Batch Inquiry Manual, and to resubmit the inquiry. Mr. Carino also identified that most of the errors had to do with license plates being inputted as the incorrect type of license plate, and that every plate in the DMV database has different file codes. Although this information was previously provided to Plaintiffs' counsel and is contained in the VR Overnight Batch Inquiry Manual, Mr. Carino provided it again: "Regular auto plates would generally have File Code A.  Commercial plates would generally have File Code C.  Motorcycle plates would generally have File Code M, etc. Please take care that are many types of plates with different File Codes." And Mr. Carino explained that the records, which Plaintiffs' counsel represented yielded error messages, did in fact reflect the registered owner information on the face of the results. The December 21, 2023, 810 email from William Carino is attached hereto as **Exhibit 5, p. 1**. It appeared that Plaintiffs' counsel was not following the instructions of the DMV personnel on how to read the registered owner information.

18.   On or about January 4, 2024, I spoke with Plaintiffs' counsel and explained that the error messages that he is receiving was due to input errors on his end, as a sampling of the vehicles for which he received error messages produced results for the DMV using the Commercial Requestor Account database. When

6

asked as to how the searches of the 34,864 vehicles were performed, Plaintiffs'
counsel stated that as of January 4, 2024, he searched for registered owner
information for 6000 of the vehicles using the vehicle's license plates, and that he
received results for 45% of those 6000 vehicles and then received error messages
for 55% of those 6,000 vehicles. Plaintiffs' counsel stated that when he performed
another search of the same 6,000 vehicles using the VIN, he only received results
for 5% of them. I asked Plaintiffs' counsel whether he performed a VIN search for
just the 55% of the vehicles for which he received error messages when he
performed the search using just the license plates. Plaintiffs' counsel said that he
would not. I suggested that he perform that search so he can cull down or isolate the
vehicles for which he is receiving errors and better identify the input errors that are
generating the error messages. But he refused to do so. I suggested that if Plaintiffs'
counsel performed License Plate or VIN searches of the remaining 34K+ vehicles
beyond the initial 6,000, time would not be wasted and he can further isolate the
vehicles for which he is not receiving results and isolate the input errors or issues he
is having with the vehicles for which he is receiving error messages. Plaintiffs'
counsel refused to do so and claimed that such a method is inefficient. I suggested
that if Plaintiffs' counsel continues to perform the searches as suggested, he can
continue to move forward and reduce, isolate and identify the vehicles for which he
is receiving error messages, and then those can be addressed. Plaintiffs' counsel
refused and stated that there was no user error and the License Plate and VINs were
being entered correctly. Plaintiffs' counsel stated that the VR database was
insufficient and that a programmer needed to get into the system to conduct the
searches and provide the records.

19.   In a further effort to assist Plaintiffs, on January 23, 2024, I received a
list of vendors from Mr. Carino that the DMV has worked with in the past to aid
authorized users, such as attorneys, to perform searches using the VR Overnight
Batch Inquiry program, VR Direct Online Access program, and the SFT/FTP

Driver's License Overnight Batch program. I emailed that list to Plaintiffs' counsel. A true and correct copy of my January 23, 2024 email to Plaintiffs' counsel is attached hereto as **Exhibit 6**. But Plaintiffs apparently refuse and instead demand that the DMV create a computer or software program that will compile the data identifying the class members, and hire someone to perform that very task.

20. Also, on January 24, 2024, I emailed Plaintiffs' counsel and extended the DMV's offer of changing Plaintiffs' Commercial Requestor Account to permit inquiries using the VR Direct Online Access program rather than the VR Overnight Batch Inquiry program, which was opened on or about November 17, 2023 and that Plaintiffs' counsel had been using to perform their inquiries. A true and correct copy of my January 24, 2024 email to Plaintiffs' counsel is attached hereto as **Exhibit** 7.

21. On January 25, 2024, I received a letter from Plaintiffs' counsel where he confirms that he prefers to continue to use the VR Overnight Batch Inquiry program. A true and correct copy of the January 25, 2024 letter from Plaintiffs' counsel is attached hereto as **Exhibit 8**.

22. On November 18, 2023, I sent an email to Plaintiffs' counsel expressing that the DMV would be willing to enter into a stipulation and protective order concerning the November 2023 subpoena similar to the VR Stipulation and Protective Order. A true and correct copy of my November 18, 2023 email is attached hereto as **Exhibit 9, p. 1.**

23. On December 6, 2023, having received no response from Plaintiffs' counsel, I sent an email to Plaintiffs' counsel inquiring about the draft stipulation and whether I should draft one. A true and correct copy of my December 6, 2023 email to Plaintiffs' counsel is attached hereto as **Exhibit 9, p. 1**.

24. On December 15, 2023, I met with Plaintiff's counsel to discuss the second subpoena he issued in the *Breonnah Fitzpatrick et al. v. City of Los Angeles et al.*, Case No. EDCV14-2257 JGB (SPx) ("Fitzpatrick litigation"), which sought

8

the deposition of DMV Designated Agents and documents evidencing the "actual
out-of-pocket costs" incurred by the DMV and/or the State of California for the
search, retrieval, actual programming time, and effort to provide the vehicle
ownership information, and driver's license/identification data from the Vehicle /
Vessel Registration Database ("Database") for 34,864 vehicles in compliance with
the VR Stipulation and the October 26, 2023 Protective Order (ECF 324, 325).
During that discussion, I informed Plaintiffs' counsel that he did not request the
driver's license information in Plaintiffs' August 2023 subpoena that was the
subject of the VR Stipulation and October 26, 2023 Protective Order. I reiterated
that the DMV would enter into a stipulation and for issuance of a protective order
concerning the driver's license information of the registered owners of the 34,864
subject vehicles, and asked that Plaintiffs' counsel send a proposed stipulation
similar to the VR Stipulation and October 26, 2023 Protective Order.

    25.   On December 29, 2023, Plaintiffs' counsel sent an email and letter
stating that his office would refrain from taking any further steps until DMV
personnel or DMV's counsel provided information on how Plaintiffs could obtain
ownership data.

    26.   On January 4, 2024, I informed Plaintiffs' counsel that with respect to the
December 2023 subpoena seeking the driver's license information of the registered
owners of the same 34,864 vehicles, Plaintiffs' counsel did not request such
information in his August 2023 subpoena and that when asked if he was also
requesting the driver's license information during our discussions about the August
2023 subpoena, he said that he did not want them at that time. I informed Plaintiff's
counsel that that involved a separate database and that the DMV had already agreed
to enter into stipulation that would provide that information. As Plaintiff's counsel
never provided a draft proposed stipulated that was requested on December 15,
2023, I agreed to draft a stipulation and protective order that addresses the
November, 2023 subpoena seeking the driver's license information.

9

27.   On February 12 and 14, 2024, I sent Plaintiffs' counsel proposed stipulations entitled Stipulation Re Terms of Compliance of July 22, 2019 Order and November 2023 Subpoena, and for Issuance of Protective Order ("DL Stipulation"). My February 12 and 14, 2024 proposed DL Stipulations are attached hereto as **Exhibits 10 and 11, respectively**.  The DL stipulation outlined the information necessary and procedure that Plaintiffs would utilize to access and successfully use the Driver License Volume Requestor Database. To summarize the DL Stipulation provides:

- Pursuant to Vehicle Code section 1800, subdivision (d), Plaintiffs must input the driver's license number and the first three letters of the last name of the individual sought. Plaintiffs could obtain the driver's license numbers from Google, private investigators, Lexis and Westlaw;

- Plaintiffs' counsel must complete and sign a new Commercial Requestor Application but this time for driver's license information;

- remit payment of $2.00 per driver's license record for each vehicle identified in its three Microsoft Excel Files (00157077.XLSX; 00157078.XLSZ; 00157079.XLSX) or remit payment of $69,728 via check made payable to the Department of Motor Vehicles for the 34,864 vehicles;

- Within ten (10) court days of the DMV's receipt of the check for $69,728 made payable to the Department of Motor Vehicles and a completed and signed Commercial Requestor Account Application, the Department of Motor Vehicles will open a new Commercial Requestor Account, which permits Plaintiffs' counsel to access the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, and issue Plaintiffs' counsel a unique requestor code to obtain the most current contact information of the registered owners of the 34,864 vehicles, only;

- Plaintiffs' counsel shall determine the ownership information relevant and material to the litigation;

- Plaintiffs' counsel shall employ a vendor identified on the vendor list, which was provided to Plaintiffs' counsel on January 23, 2024, and pay for the costs of the vendor's service(s) should Plaintiffs' counsel experience difficulty in conducting the inquiries;
- The DMV will produce a copy of the Volume Requester – Driver License Inquiries bates stamped DMV - Brewster 120 through 127 to Plaintiffs to aid them with searches;
- The information disclosed by the DMV pursuant to the foregoing process is designated as confidential, shall be kept confidential and its use limited to the Parties' attorneys, their legal staff, data consultants, vendor(s), and class administrator; and
- After Plaintiffs' counsel has obtained the ownership information for the 34,864 vehicles, Plaintiffs' counsel shall notify I via email and the DMV will deactivate the unique requestor code issued to Plaintiffs' counsel and close the Commercial Requestor Account that permits Plaintiffs' counsel to access the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, within five (5) court days.

28.   However, Plaintiffs' counsel refused to agree to enter into the stipulation or utilize other available resources such as Westlaw or Lexis to cross-reference the information he receives from the VR database searches. Plaintiffs' counsel claims that it is "prohibitively expensive and extremely time consuming to search for current addresses because Westlaw and Lexis does not have the capability to conduct batch inquiries, whether pursuant to an already-programmed process or via ad hoc programming written specifically for the matter at hand. A true and correct copy of the February 9, 2023 Letter from Plaintiffs' counsel is attached hereto as **Exhibit 12**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of February, 2024.

Lorinda D. Franco
Digitally signed by Lorinda D. Franco
Date: 2024.02.14 15:26:39 -08'00'

Lorinda D. Franco

LA2018502809
66578309.docx

11

-56-

Rob Bonta
Attorney General of California
Gary S. Balekjian
Supervising Deputy Attorney General
Lorinda D. Franco
Deputy Attorney General
State Bar No. 213856
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6459
  Fax:  (916) 731-2119
  E-mail:  Lorinda.Franco@doj.ca.gov
*Attorneys for Custodian of Records*
*Department of Motor Vehicles*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAMYA BREWSTER ET AL.,** | EDCV14-2257 JGB (SPx) |
| Plaintiff, | **DECLARATION OF WILLIAM CARINO IN SUPPORT** |
| **v.** | |
| **CITY OF LOS ANGELES , ET AL.,** | |
| Defendant. | Judge:     The Honorable Sheri Pym |

I, William Carino, declare:

1.     I am employed as a Manager III with the Information Policy and Liaison Branch-Policy Division at the California Department of Motor Vehicles. I assist with the administration of the Commercial Requestor Account System and Program and assisting commercial users, such as attorneys, authorized members of the public to access the different databases at the DMV that house different types of vehicle, registered owner, and licensee information. I submit this declaration in support of Non-Party California Department of Motor Vehicles' Opposition to Plaintiffs' Motion to Compel. I have knowledge of the facts contained in this Declaration and

1

1    if called to testify thereto, I could and would do so competently.

2        2.    In its attempts to aid and guide Plaintiffs' counsel with his searches of the

3    VR Database, from December 8, 2023 through on or about December 28, 2023, via

4    multiple emails, I provided Plaintiffs' counsel, Donald Cook with: direction on how

5    to properly format the search inquiries; detailed explanations and instructions on

6    how to correct improperly entered search queries; updated copies of the DMV's VR

7    Registration Inquiry Manual for Batch (Overnight) Processing; detailed

8    explanations answering his questions; detailed explanations that most of the record

9    requests and results refer to plate numbers with invalid file codes and VIN numbers

10   inputted with as-of date that generate errors in the DMV VR database; specific

11   citations by section and page numbers to the information in the VR Registration

12   manual that lists and describe the meaning of the error codes he received; detailed

13   explanations on how to read the valid output record that he claims did not provide

14   the registered owner information when it had; detailed explanations on how to

15   understand the error messages using two examples of error messages that he

16   received; and detailed explanations that if the format of the request was incorrect

17   then he would receive an error message for the entire inquiry. I repeatedly

18   explained to Plaintiffs' counsel that he was mis-keying License Plates with

19   incorrect file codes and/or VINs with as-of dates, not inputting the correct

20   information to generate the information, and not using the manual provided to him

21   to identify the error codes for further explanation. I repeatedly explained to

22   Plaintiffs' counsel the errors with his search inquiries and submissions, and

23   provided instructions on how to correct the errors. For example, I identified that

24   most of the errors had to do with license plates being inputted as the incorrect type

25   of license plate, and that every plate in the DMV database had different file codes.

26   But Plaintiffs' counsel refused to follow my recommendation to correct and

27   resubmit the search inquiries as explained and instructed by me.

28

2

3.    In addition, on December 28, 2023, Supervising Deputy Attorney General Nancy James and I met with Plaintiffs' counsel via telephone to answer his questions and to assist him with his search inquiries. Notwithstanding my advice, Plaintiffs' counsel insisted that specialized programming would be required to obtain the ownership information he seeks.

4.    Mr. Cook's alleged knowledge of DMV's VR database is overstated. For example, Mr. Cook states that when he entered the plate number and VIN of lead plaintiff's (Lamya Brewster) vehicle, he received an error message, thus resulting in Mr. Cook to conclude that the result was incorrect because he believes the output should have been different.  Further, Mr. Cook's claims that DMV's database doesn't account for junked vehicles or those assigned for scrap – this is incorrect. Mr. Cook represents that because he did not receive a desirable output that a vehicle's plate has been purged or that the vehicle is now considered non-revivable junk. Mr. Cook's understanding is incorrect as license plates and VINs are not purged from the department's VR database.

I have repeatedly explained to Plaintiffs' counsel that the error message "NO VIN MATCH INPUT CRITERIA" returned because the query search cannot use an as-of date with a VIN and that it should be resubmitted without the date. However, it will return registered owner information as of the date it was requested. Specifically with respect to Ms. Brewster's vehicle, Plaintiffs' counsel utilized a search for an as-of date of November 8, 2014. He would refer to a record he received with a date of November 4, 20214 and would compare the record he received for November 8, 2014 using the license plate number and VIN of Ms. Brewster's vehicle. I explained to Plaintiffs' counsel that he used the incorrect date, and that he must not search the VR database simultaneously using the license plate number and VIN of the vehicle. I also specifically explained to Plaintiffs' counsel that he is not supposed to search the VR database using the VIN and as-of date, he is supposed to search the VR database using the license plate number and the as-of

date. The VIN search can be used to further corroborate the information received via the license plate and the as-of date searches. Notwithstanding my recommendations, Plaintiffs' counsel continued to insist that there was a problem with the VR database.

5.    I also performed a random search of the errors Plaintiffs' counsel received to determine what caused the errors. I learned that the majority of errors resulted from improperly formatted inquiries and that the inquiries used incorrect file codes or keyed invalid VINs with as-of dates, or improperly formatted license plate configurations. I explained the nature of these errors to Plaintiffs' counsel. Plaintiffs' counsel has expressed that he understood this, but he did not correct the inquiry request with the correct file codes.

6.    As it appeared that Plaintiffs' counsel was having difficulty utilizing the Commercial Requestor Account System to access and search the DMV's VR Registration database using the VR Overnight Batch Inquiry program properly, and was either intentionally refusing to or was incapable of understanding and following the instructions provided by me and other DMV personnel, it was apparent that Plaintiffs' counsel would not accept my suggestions when performing the searches.

7.    In a further effort to assist Plaintiffs' counsel, on January 23, 2024, I provided Deputy Attorney General Lorinda D. Franco with a list of vendors that the DMV has worked with in the past to aid authorized users, such as attorneys, to perform searches using the VR Overnight Batch Inquiry program, VR Direct Online Access program, and the SFT/FTP Driver's License Overnight Batch program. In the past, when commercial requestors experienced difficulty with performing proper searches and queries of the DMV's databases, they would retain the services of a vendors who has worked with the DMV databases and the DMV to aid the commercial requestor with performing the search queries. But it is my understand that Plaintiffs' counsel refused to hire a vendor to help him perform his

search queries. Other than Plaintiffs' counsel, I have never had the experience of working with an attorney who refused to correct his search errors or failed to obtain the information sought via the databases once they corrected and properly formatted their search queries or used a vendor to perform their search queries in the DMV's databases. Also, I informed Deputy Attorney General Lorinda D. Franco that Plaintiffs' counsel had the option of changing Plaintiffs' Commercial Requestor Account to permit inquiries using the VR Direct Online Access program rather than the VR Overnight Batch Inquiry program, which was opened on or about November 17, 2023 and that Plaintiffs' counsel had been using to perform their inquiries. The VR Direct Online Access program would allow Plaintiffs' counsel to input searches one at a time and receive a direct output shortly thereafter. However, I was informed sometime after January 25, 2024 that Plaintiffs' counsel elected to continue to use the VR Overnight Batch Inquiry program.

8.     In the regular course of the DMV's business, the Commercial Requestor Account System that accesses and searches the DMV's VR Registration database using either the VR Direct Online Access program or VR Overnight Batch Inquiry program, does not provide driver's license number information to commercial requestors, the public or attorneys. It is the Commercial Requestor Account System that accesses and searches the DMV's Driver License Volume Requestor Database that provides that information. Such an account could be set up in a matter of days once authorization to open the account is received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 14th day of February, 2024.

*Will Carino*

William Carino

LA2018502809
William Carino Declaration.docx

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| LAMYA BREWSTER ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:14-cv-2257 JGB (SPx) |
| CITY OF LOS ANGELES, ET AL., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         CUSTODIAN OF RECORDS, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See two page "ATTACHMENT" attached hereto.

| Place: Law Office of Donald W. Cook<br>3435 Wilshire Blvd., Ste. 2910<br>Los Angeles, CA 90010 | Date and Time:<br><br>08/31/2023 11:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/15/2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | *[signature]* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Lamya Brewster, Elias Arizmendi and Julian Vigil         , who issues or requests this subpoena, are:

Donald W. Cook, 3435 Wilshire Blvd., #2910, Los Angeles, CA 90010 (213) 252-9444 / manncooklaw@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**8/15/23 Subpoena**                                    **-62-**                                    **EXHIBIT A**

# ATTACHMENT

*Brewster et al., v. City of Los Angeles, et al.*
Case No. 5:14-cv-2257 JGB (SPx)
Subpoena for Production of Records Only

**\*\*Records to be Produced\*\***

1.  In its originally recorded form as electronic data, "Ownership Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," *i.e.,* vehicle ownership identity information as of a particular date.

2.  "Ownership Data" refers to the name(s) and address(s) of the vehicle's registered and legal owner(s) ***as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX.***

    a.  For file 0015707**9**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157079.XLSX).

    b.  For file 0015707**9**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157079.XLSX).

    c.  For file 0015707**8**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157078.XLSX).

    d.  For file 0015707**8**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157078.XLSX).

    e.  For file 0015707**7**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157077.XLSX).

    f.  For file 00157077.XLSX, the subpoena seeks, ***as of the date stated in the columns***

# ATTACHMENT

***"DATE_IN" and "DATE 30" (columns B and J)***, the name(s) and addresses(s) recorded in VVRD of the vehicle's registered and legal owners (if any) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157077.XLSX).

Files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX are included with this subpoena in the thumb drive (USB 2.0) in the envelope attached to this subpoena.

The Ownership Data should be produced in its electronic form and exported to an ODBC data file (e.g., Microsoft Access, Microsoft Excel, etc.). The subpoena does *not* seek production of paper records or paper print-outs of Ownership Data; the subpoena seeks the Ownership Data as *electronic data*. It is expected that the deponent will use programming to match records in files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX with records in VVRD that reflect the requested Ownership Data.

3.    The "data dictionary" of VVRD.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

| | |
|---|---|
| LAMYA BREWSTER ET AL. | ) |
| _Plaintiff_ | ) |
| v. | )    Civil Action No.   5:14-cv-2275 JGB (SPx) |
| CITY OF LOS ANGELES, ET AL., | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:       CUSTODIAN OF RECORDS, CALIFORNIA DEPARTMENT OF MOTOR VEHICLES

_____
*(Name of person to whom this subpoena is directed)*

   ✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See two page "ATTACHMENT" attached hereto.

| Place: Law Office of Donald W. Cook<br>3435 Wilshire Blvd., Ste. 2910<br>Los Angeles, CA 90010 | Date and Time:<br><br>12/06/2023 11:00 am |
|---|---|

   ☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/17/2023

| | | |
|---|---|---|
| _CLERK OF COURT_ | | |
| _____ | OR | _____ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs Lamya Brewster, Elias Arizmendi and Julian Vigil _____ , who issues or requests this subpoena, are:
Donald W. Cook, 3435 Wilshire Blvd., #2910, Los Angeles, CA 90010 (213) 252-9444 / manncooklaw@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**11/1  /23 Subpoena**          -65-          **EXHIBIT B**

# ATTACHMENT

*Brewster et al., v. City of Los Angeles, et al.*
Case No. 5:14-cv-2257 JGB (SPx)
Subpoena for Production of Records Only

**\*\*Records to be Produced\*\***

1.      In its originally recorded form as electronic data, "License Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," *i.e.,* vehicle ownership identity information as of a particular date.

2.      "License Data" refers to the driver's license number or identification number of the vehicle's registered owner(s) ***as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX***.

   a.      For file 0015707**9**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C)***, the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157079.XLSX).

   b.      For file 0015707**9**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C)***, the License Data addresses(s) recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157079.XLSX).

   c.      For file 0015707**8**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J)***, the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157078.XLSX).

   d.      For file 0015707**8**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J)***, the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157078.XLSX).

   e.      For file 0015707**7**.XLSX, the subpoena seeks, ***as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J)***, the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157077.XLSX).

# ATTACHMENT

f.      For file 00157077.XLSX, the subpoena seeks, ***as of the date stated in the columns
"DATE_IN" and "DATE 30" (columns B and J)***, the License Data recorded in
VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in
VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file
00157077.XLSX).

Files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX are included with this
subpoena in the thumb drive (USB 2.0) in the envelope attached to this subpoena.

The Ownership Data should be produced in its electronic form and exported to an ODBC
data file (e.g., Microsoft Access, Microsoft Excel, etc.). The subpoena does *not* seek production of
paper records or paper print-outs of Ownership Data; the subpoena seeks the Ownership Data as
*electronic data*. It is expected that the deponent will use programming to match records in files
00157077.XLSX, 00157078.XLSX and 00157079.XLSX with records in VVRD that reflect the
requested Ownership Data. Plaintiffs will pay the reasonable costs of programming to produce the
requested data.



1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                    --oOo--

4    LEONARDO GONZALEZ-TZITA, an
     individual; ESTEBAN DIEGO
5    ESTEBAN, an individual;
     SIDONIO LOMELI, an individual;
6    and all as class
     representatives,
7
                     Plaintiffs,
8
     vs.                          No. 2:16-cv-194 GHK (Ex)
9
     CITY OF LOS ANGELES, et al.,
10
                     Defendants.
11    _____/

12

13

14                DEPOSITION OF

15            MARK DANIEL KESKENY

16              July 12, 2019

17

18

19   Reported by:
     DEBRA P. CODIGA, CSR No. 5647
20

21

22

23

24

25

Certified Copy

```
 1                          APPEARANCES

 2


 3     For the Plaintiffs:

 4             DONALD W. COOK
               Attorney at Law
 5             3435 Wilshire Boulevard
               Suite 2910
 6             Los Angeles, CA 90010
               213.252.9444
 7             manncook@earthlink.net

 8

 9     For the Independent Witness MARK DANIEL KESKENY:

10             STATE OF CALIFORNIA DEPARTMENT OF JUSTICE
               Office of the Attorney General
11             BY:  BRAD PARR
                   Deputy Attorney General
11             300 South Spring Street
12             Suite 1702
               Los Angeles, CA 90013
13             213.269.6479
               brad.parr@doj.ca.gov
14

15     Also Present:

16             DWIGHT COOK

17             BRIAN WAYNE GILMORE

18                        --oOo--

19

20

21

22

23

24

25
```

2

1                         EXAMINATION INDEX

2

3    WITNESS:  MARK DANIEL KESKENY                        Page

4              BY MR. COOK                                   5

5              BY MR. PARR                                  61

6

7

8

9

                          EXHIBIT INDEX
10
     Exhibit                Description                   Page
11
     Exhibit A   United States District Court subpoena     12
12               dated 3/16/19, with attachment,
                 2 pages
13
     Exhibit B   Department of Motor Vehicles              22
14               Systems/Databases from POST Learning
                 Domain 36 (excerpts), 3 pages
15

16

17                         --o0o--

18

19

20

21

22

23

24

25

1          BE IT REMEMBERED that at 11:00 a.m. on July 12,

2    2019, at the Law Office of Stewart Katz, 555 University

3    Avenue, Suite 270, Sacramento, California, before me,

4    Debra P. Codiga, a Certified Shorthand Reporter of the

5    State of California, personally appeared

6               MARK DANIEL KESKENY,

7    called as a witness by the plaintiffs.

8                    --o0o--

9          MR. COOK:  Recording on.

10         Today's date is July 12, 2019.  It's 11 o'clock

11   in the morning.  We're at the Law Offices of Stewart

12   Katz, 555 University Avenue, Sacramento, California.

13         My name is Donald Cook.  I represent the

14   plaintiff in Gonzalez-Tzita versus City of Los Angeles

15   pending in the Central District of California, case

16   No. 2:16-cv-194.

17         We're here for a deposition pursuant to

18   subpoena and court order of a designated agent or

19   agents, as the case may be, for the California

20   Department of Motor Vehicle.

21         I am -- besides the stenographic recording, I'm

22   making a video recording, and I ask that each person

23   identify themselves for purposes of the video.

24         Start --

25         MR. DWIGHT COOK:  Dwight Webster Cook.

INSTANT COURT REPORTING, INC.    (800) 498-0288

**Keskeny 7/12/19 depo**              **-71-**                    **EXHIBIT C**

1          MR. GILMORE:  Brian Wayne Gilmore.

2          MR. PARR:  Deputy Attorney General Brad Parr on

3     behalf of the DMV and the witnesses.

4          THE WITNESS:  Mark Daniel Keskeny.

5                    --o0o--

6              MARK DANIEL KESKENY,

7     being first administered the oath by the Certified

8     Shorthand Reporter, testified as follows:

9                    --o0o--

10                  EXAMINATION

11    BY MR. COOK:

12         Q.    Sir, would you state your name again for the

13    reporter's transcript and spell your last name?

14         A.    Mark Daniel Keskeny, K-e-s-k-e-n-y.

15         Q.    Keskeny?

16         A.    Correct.

17         Q.    All right.  Mr. Keskeny, as you've heard, my

18    name is Donald Cook.

19              Have you ever had your deposition taken before?

20         A.    No.

21         Q.    It's a process of obtaining testimony under

22    penalty of perjury but outside of the courtroom, as you

23    can tell by the setting.  There's no court here, but

24    everything is being taken down.

25              The advantage of not having a judge here and

**Keskeny 7/12/19 depo**                    **-72-**                    **EXHIBIT C**

1    reference to a data dictionary being confidential,

2    et cetera; is that correct?

3        A.    No, I don't know what that means.

4        Q.    Presently, to register a vehicle in California,

5    what information does the California DMV require from

6    the vehicle's owner in order to register the vehicle?

7        A.    That could vary, depending on the vehicle type.

8        Q.    Well, let's take a passenger vehicle, personal

9    use.  We're not talking about a commercial vehicle;

10   passenger vehicle.  What information's required?

11       A.    Like a vehicle from out of state?

12       Q.    I buy a used vehicle in California.  I go to

13   the DMV office.  I want to register it under my name.

14   What information does the DMV require from me?

15       A.    The applicant would complete the back of the

16   certificate of ownership with the name, address, I

17   believe the county of residence, purchase date, purchase

18   price, a driver's license number, mailing address,

19   residence address.

20       Q.    What information that you've just listed there

21   gets input into -- if any, gets inputted into the

22   vehicle database?

23       A.    The -- the applicant's -- the registered

24   owner's name, the residence address, a mailing address

25   if it's available, the purchase date, purchase price,

1    driver's license number.

2         Q.    How is the driver's license number entered into

3    the vehicle database?

4         A.    There's a field for it.

5         Q.    And the applicant presumably has to show what

6    appears to be a -- a valid license or California

7    identification; is that correct?

8         A.    No.   They do not need to show their driver's

9    license --

10        Q.    Okay.

11        A.    -- identification.

12        Q.    So the physical process at the counter.   How

13   does it work to get the information into the DMV

14   database?

15             I mean I understand what you've just stated, if

16   I understand it correctly, is that the applicant fills

17   out the back of the title with the information you've

18   just described.   Am I correct?

19        A.    Yes.   That's an application for new ownership.

20        Q.    Application of new ownership.   Okay.

21             Now, then how does that information that's

22   handwritten -- presumably handwritten by the applicant,

23   how does that get entered into the database?

24        A.    The employee would key it.

25        Q.    So the employee would -- withdrawn.

```
 1      Q.    Oh, do you have -- do you have a copy of the

 2   39-page document in front of you?

 3      A.    Yes.

 4      Q.    Let's go to -- start with page 11.  My question

 5   is, is there anything on any of these pages, 11 through

 6   16 and 18 through 19, that reference the ability to

 7   query the vehicle database by driver's license number?

 8      A.    No.

 9      Q.    Do you know if you can -- and -- and I'm

10   also -- it would also be true with page 18 through 19 as

11   well; right?

12      A.    Yes.

13      Q.    Do you know if you, as an end user, can query

14   the vehicle database -- withdrawn.

15            Do you know what it means to like query a

16   database?

17      A.    Yes.

18      Q.    Do you know if you, as an end user, can query

19   the vehicle database by driver's license number?

20      A.    Yes.

21            MR. PARR:  Yes, you know, or yes, it can be

22   done.

23            THE WITNESS:  What's the question?

24   BY MR. COOK:

25      Q.    Sure.  Do you know if you can query the vehicle
```

1    database by driver's license number?

2           Now, my question is, as your attorney points

3    out -- is really -- it's really just a question of can

4    it -- do you know if it can be done, one way or the

5    other.  And then depending on what you say, I'll ask the

6    next question.

7      A.    When you type in the driver's license number,

8    it doesn't pull up the vehicle registration.  It would

9    pull up the driver's license information.

10     Q.    Okay.  Do you know if you can find, by driver's

11   license numbers, vehicles that have been registered to

12   that driver?

13     A.    No.  It's not possible.

14     Q.    And when you say "It's not possible," you are

15   referring to you are unfamiliar with any query

16   function -- that is, unfamiliar with, as an end user --

17   where that is possible; is that correct?

18          MR. PARR:  Objection; misstates prior

19   testimony, vague and ambiguous.

20          THE WITNESS:  Yes.  You cannot use the driver's

21   license number to pull up vehicles owned by that driver.

22   BY MR. COOK:

23     Q.    Yeah.  And again, I just want to make it clear.

24   Because you're not an IT person; you do not understand

25   what foreign key values are or the relationship of data

39

1      Q.    I mean -- I mean you use -- what I'm referring

2   to as basically a common-sense approach here.   Though

3   the name be common, if it has the same address for every

4   vehicle, that strongly suggests it probably is the same

5   person.

6      A.    Yes.

7      Q.    I realize there could be things like maybe

8   one's a "Junior," one's a "Senior," that sort of thing,

9   but it's just a common-sense approach in trying to

10   figure out if it's the same person or not; is that

11   right?

12      A.    Yes.

13      Q.    By entering a VIN, can you call up information

14   about the vehicle?

15      A.    Yes.

16      Q.    That -- as recorded by the DMV, obviously; is

17   that right?

18      A.    Yes.

19      Q.    By entering the VIN, can you call up the

20   information on the ownership -- the registered ownership

21   history for that vehicle?

22      A.    Yes.

23      Q.    And how far back does the ownership history go

24   for the vehicle?  And what I'm referring to is -- is

25   like maybe there's a time limit.

43

**Keskeny 7/12/19 depo**                  **-77-**                  **EXHIBIT C**

1          Maybe it's only VINs for vehicles sold after

2    1960 or 1970, or maybe it's only the last five owners,

3    or maybe it's a combination thereof.  I mean I don't

4    know, but that's what I mean by "is there a limitation."

5          A.    Yes.

6          Q.    What are the limitations or limitation?

7          A.    I believe the limitation might be before the

8    department went automated.

9          Q.    Okay.  And when did the department go

10   automated?

11         A.    I believe in '80 -- '85, '87.

12         Q.    When you say by '85 or '87, the department went

13   automated, what do you mean by "automated"?

14         A.    Prior to those years, it was a manual process

15   in the field office, and I believe they transmitted the

16   work to headquarters.

17         Q.    You say "manual process in the field office."

18   It almost sounds like filling out pieces of paper and

19   then sending the piece of paper to the head office.

20         A.    I believe so.  It was before my time.

21         Q.    All right.  The field office is -- to your

22   understanding.  I realize your information here is

23   obviously very limited.

24          The field offices back then, did they have

25   computer terminals?

```
 1                    REPORTER'S CERTIFICATE

 2                         --oOo--

 3         I certify that the witness in the foregoing

 4    deposition,

 5              MARK DANIEL KESKENY,

 6    was administered the oath by me to testify to the truth,

 7    the whole truth and nothing but the truth in the

 8    within-entitled cause; that the deposition was taken at

 9    the time and place named; that the testimony of the

10    witness was reported by me, a duly certified shorthand

11    reporter; that it was thereafter transcribed into

12    typewriting; and that the transcript is a true record of

13    the testimony given.

14         Pursuant to Federal Rule 30(e), transcript

15    review was requested.  Pursuant to stipulation on the

16    record, the reporter was relieved of her duties

17    regarding the original transcript retention and review.

18         I further certify that I am not financially

19    interested in the action, nor a relative or employee of

20    any attorney or any party to the action.

21    Dated:  July 24, 2019

22

23    _____

24         DEBRA P. CODIGA, CSR #5647

25              State of California
```

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Monday, December 18, 2023 9:51 AM
**To:** Donald W. Cook
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV; 'Lorinda Franco'; Yim, Paul J.@DMV; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good morning,

**I will address the VR output files for 12/12/23 and 12/13/23.**

- Please note valid records have record identifiers with 1, 2, 3, 4 (if any) & 9.

- Please note records with record identifiers with 1 & 6 returned with an error message. For each of the records with Record Identifier 6, it describes the error code and a brief description of why you did not get the record. Most of the records have VIN requests that do not exist in the DMV VR database. Each of the error codes are identified in the attached VR batch inquiry manual, Section 5C, pages 82 through 84.

- Registered owner information can be found with Record Identifiers 3 & 4.

**Here is an example of a valid output record:**

```
12445   JX6561082715A12445                                                    1
12445    190902 50 TRI   6T5203N                      CARLSBAD      92008 37  2
12445    180814BTALCOVE MITCHELL B           1778 GUEVARA RD                  3
12445    465 09/06/17 01 0058 0011300 00/00/00 B00                            9
12445    465 09/14/17 05 0077 0005000 00/00/00 T00                            9
12445    IN1 12/06/17 21 1159 0001400 00/00/00 FR3                            9
12445    465 01/23/18 05 0081 0000000 00/00/00 H00                            9
12445    140 07/31/18 03 6117 0015900 00/00/00 POT                            9
```

*Record identifier 3 shows the registered owner. The registered owner address appears on BOTH Record Identifier 2 & 3. The street address appears on Record Identifier 3. The city & zip code appear on Record Identifier 2. The specifications for card image output can be found on pages 9 through 15.*

**Here is an example of 2 records that returned an error:**

```
980901 JX6561090816A980901                                        1
980901  05    FILE CODE/LICENSE NO MATCH            121223        6
5041162JX6561031918A5041162                                       1
5041162 11    RECORD NOT ON FILE                    121223        6
```

*The first record is identified with a 1 and a 6 in the right margin.  The second record starts with a 1, which indicates a new error record.*

*The explanation of the error is on line 6.  The first record errored out because the plate number you had keyed did not match according to its File Code.  It was keyed as a regular auto plate.  On Record Identifier 1, the plate number, 98090 was keyed with File Code A.  It is not a File Code A.*

*The explanation of the second record is also on line 6 (see right margin).  The plate you had keyed does not exist in the DMV VR database.  The specifications for errors returned are found on pages 19 through 20.  Plate number 5041162 does not exist.*

In regards to **2G1WB5ENXA1111336**.  It was stated you had a VR printout for 11/4/14, but the request you had made through the VR batch program had an as-of date of 11/7/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

In regards to plate **7EAT501**.  The as of date you had keyed was for 11/7/14, but you're using a reference for a VR printout for 11/4/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

==Also please note that if your formatting was incorrect, the entire request would fail.  Your formatting for both 12/12/23 and 12/13/23 were correct.==

Please inform me, if you have additional questions.

Thank you



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**Carino 12/18/23 email**                   **EXHIBIT D**

# Vehicle Registration Inquiry Manual

# Batch (overnight) Processing

# November 16, 2022

**State of California**

**Department of Motor Vehicles**

**For Use by Authorized Requesters Only**

11/16/2022, Department of Motor Vehicles.  For Use by DMV Authorized Requesters Only.

Page 1

VR Inquiry Manual (excerpts)    -82-    DMV-Brewster_001
EXHIBIT E

Produced by
Onboarding Unit
Digital Services Division
Department of Motor Vehicles
State of California


Please direct questions, comments,
or requests for additional copies of this manual to
DMV Onboarding Unit
cpdadu@dmv.ca.gov
Telephone (916) 657-5582
PO Box 942890   M/S H225
Sacramento, CA  94290-0890

This work is protected by U.S. Copyright Law. DMV owns the copyright of this work. Copyright law prohibits:
(1) reproduction of the copyrighted work,
(2) distribution of copies of the copyrighted work,
(3) preparation of derivative works based upon the copyrighted work,
(4) displaying the copyrighted work publicly, or
(5) performing the copyrighted work publicly.
All requests for permission to copy all or any part of this publication should be addressed to

Legal Affairs Office
P.O. Box 932382  M/S C128
Sacramento, CA 94232-3820

11/16/2022, Department of Motor Vehicles.  For Use by DMV Authorized Requesters Only.

Page 2

VR Inquiry Manual (excerpts)          -83-          DMV-Brewster_002
EXHIBIT E

## Output Reply Explanation

Each output (reply) record consists of multiple card image lines. The submitted input record is followed by either a valid or invalid reply. Card images are 80-byte fixed length. There are nine different card images.

| | |
|---|---|
| Card Image 1 | Input Record |
| Card Image 2 | Vehicle Description |
| Card Image 3 | Registered Owner Information |
| Card Image 4 | Additional Registered Owner Information |
| Card Image 5 | Record Condition Information |
| Card Image 6 | Invalid Reply |
| Card Image 7 & 8 | Notice of Release of Liability Information |
| Card Image 9 | Subrecord M (Fees paid information) |

- Replies are output in the same order as they were submitted.

- Valid replies always give Card Images 1, 2, and 3. Card Images 4, 5, 7, 8, and 9 will only be given if information is present.

- Invalid replies contain Card Images 1 and 6. There are three types of invalid reply records (Card Image 6) that can be given. There can be more than one invalid reply for each inquiry record submitted.

11/16/2022, Department of Motor Vehicles.  For Use by DMV Authorized Requesters Only.

Page 8

VR Inquiry Manual (excerpts)          -84-          DMV-Brewster 008
EXHIBIT E

## DECLARATION OF GERALD ZIELINSKI

I, Gerald Zielinski, based on personal knowledge, declare as follows and if required, could and would testify competently thereto:

1. I have been employed at the California Department of Motor Vehicles for over 30 years, and I currently hold the title of Assistant Division Chief/Program Manager. In this position, my duties include oversight of the commercial requester account programs, including policies affecting the enrollment of new and existing participants to ensure the requests meet applicable statutes and regulations. My role also involves identifying any costs associated with an information request to ensure that the fees collected comport with California Vehicle Code section 1810 and California Code of Regulations sec. 350.44.

2. The current cost for an electronic record provided through a commercial requester account, or other process including in response to a Public Records Act Request, is two dollars ($2) for an electronic record, and five dollars ($5) for a paper record, pursuant to California Code of Regulations sec. 350.44. Some responses to requests require the department to generate and mail to the subject of a record a letter notifying that person that their residence address was lawfully requested and provided to an authorized requester. These circumstances are in the event of a casual request under Veh. Code section 1810 (b), and for litigation requests when the requests pertain to the involvement of the use of a motor vehicle permitted under Veh. Code sec. 1808.22(d). The fees collected pursuant to these requests ensure that the total costs associated with producing the information is recovered from the requester, as directed by the legislature in Veh. Code sec. 1810 (a). This letter mailing process is automated and occurs when each such request is processed.

3. To participate in the commercial requester account program, an attorney litigating a lawsuit arising out of the use of a motor vehicle may complete one of two DMV forms, INF 1106 or an INF 1161e. If residence address information is requested, an application fee of $250.00 and a bond of $50,000 are required, pursuant to California Code of Regulations sections 350.22 and 350.24, respectively. Owner-As-Of-Date data has limited availability to commercial requesters, e.g., attorneys, via online methods, but DMV staff could obtain the information via a special request, provided requisite fees are collected. If large volumes of individual records are requested, the department will recommend a batch method be used, as manual processing is time consuming and further diminishes already limited departmental resources. This method requires the requester to submit identifying information for each vehicle and the date(s) for which owner information is needed. Since it is a request related to pending litigation concerning the use of a vehicle, the automated letter required in Vehicle Code section 1808.22(d)(6) would also be sent to each owner of record. The INF 1161e form is

required under Veh. Code sec. 1808.22(d)(1)-(3) and would need to be executed for each individual record request. If the court ordered the records produced, subject to a confidentiality agreement that also prohibited the use of the information for marketing or client solicitation, DMV could process the batch requests, without the requirement that Veh. Code 1808.22(d)(1)-(3) be complied with for (i.e. a signed INF 1161e form) each sought vehicle record.

4.  In order to produce the information requested of 1,477 vehicle owners outside of the requester account process, it is estimated it would take approximately 20 programming hours which is charged to the CA DMV at $ 135.00 per hour, for a total of $ 2700.00. In addition, pursuant to regulations, the requester is required to pay the two-dollar ($2) charge for each electronic record which helps to cover the actual cost of producing these records. Also, a bond is required in the amount of $50,000. If the number of records increases, the change in cost would be due to the two-dollar ($2) charge per record only.

5.  Based on my experience, it takes approximately three weeks to set up a commercial requester account.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct to the best of my knowledge.

Executed/on November 28, 2018, in Sacramento, California.

Gerald Zielinski

```
IV
DATE: 11/04/14 TIME: 18:09
INSURANCE INFORMATION ON FILE
POSSIBLE FILE CODES: A(7EAT501) S(7EAT501)
REG VALID FROM: 08/08/14 TO 08/08/15
LIC#:7EAT501 YRMD:10 MAKE:CHEV BTM :4D VIN :2G1WB5ENXA1111336
R/O :BREWSTER LAMYA CRYSTAL,                        FONTANA C.C.:36
ZIP#:92336
SOLD:00/00/09 RCID:09/24/14 OCID:09/24/14 LOCD:2
L/O :SUPERIOR AUTO CENTER, 16720 FOOTHILL BLVD CITY:FONTANA ZIP :92335
TYPE:11 POWR:G VEH :12 BODY:0 CLAS:CB *-YR:14
REC STATUS:
09/26/14 SMOG DUE 08/08/16
10/04/12 SALVAGED
09/24/14 PREV LIC   6XZD070
CLEARANCE INFORMATION RECORDS:
```

| OFFICE | WORK DATE | TECH/ID | SEQ # | VALUE | FICHE DATE | TTC |
|---|---|---|---|---|---|---|
| V60 | 12/31/10 | 3K | 0022 | 00023.00 | 00/00/00 | F00 |
| 657 | 09/01/11 | 49 | 0024 | 00185.00 | 00/00/00 | H00 |
| V61 | 07/17/12 | GT | 0453 | 00018.00 | 00/00/00 | N00 |
| D34 | 10/04/12 | GI | 0043 | 00269.00 | 00/00/00 | F00 |
| D34 | 10/02/12 | M7 | 0048 | 00269.00 | PRIOR SUSPENSE | |
| 691 | 09/04/14 | E3 | 0063 | 00146.00 | 00/00/00 | SIP |
| 691 | 02/05/14 | B7 | 0035 | 00146.00 | PRIOR SUSPENSE | |
| 183 | 09/24/14 | 05 | 0031 | 00304.00 | 00/00/00 | G45 |
| 183 | 09/24/14 | 05 | 0030 | 00304.00 | PRIOR SUSPENSE | |
| 183 | 09/24/14 | 05 | 0030 | 00304.00 | 00/00/00 | SIP |
| 691 | 09/04/14 | E3 | 0063 | 00304.00 | PRIOR SUSPENSE | |
| 183 | 09/24/14 | 05 | 6031 | 00000.00 | 09/26/14 | G45 |

```
01/10/2014-ODOMETER:   73,558 MILES  ACTUAL MILEAGE
END


OUTPUT MSG 002,      FROM      HY0HYYYY11/04/2014 18:11
```

```
7EAT501JX6561110714A7EAT501                                                    1
7EAT501 31   NON-REVIVABLE JUNK AS OF 11/04/14              121823             6
```

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Wednesday, December 20, 2023 10:05 AM
**To:** Donald W. Cook
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV; 'Lorinda Franco'; Yim, Paul J.@DMV; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good morning Donald,

When you're trying to compare records using an as-of date, you must key it exactly as the report you're referring to. The online database you're referring to reports different information than from the VR overnight batch program. Even if is off by one day, information may appear different or it just might not report it at all. The DMV database updates daily.

1. Why am I not getting the vehicle ownership information recorded for license plate #7EAT501 for either "as of" dates of 11/4/14 or 11/7/14 even though we know the database had that information as of 11/4/14 when LAPD did its query on license plate #7EAT501?
   **WILL:** it is returning an error message 31 for Nonrevivable junk. See explanation for this term in #2 below.

2. What does "NON-REVIVABLE JUNK" mean? The manual you provided in your most recent email does not explain the meaning of this cryptic error code, when it is used, etc.
   **WILL:** pulled from the DMV website –
   **Nonrevivable Junk—A vehicle valued at $500 or less that was abandoned and the removal and disposal by a licensed dismantler or scrap iron processor was authorized by a peace officer or any designated employee of a public agency (Example: an abated vehicle). Once declared nonrevivable, the vehicle cannot be titled or reregistered.**

3. Why is it that for more than 95% of the queries I made based on VIN the DMV output file provided no ownership information, and only about 40-45% of the queries I made based on license plate number does the DMV output file provide ownership information, whereas when I used the same DMV batch process in 2019 in another lawsuit to retrieve vehicle ownership information for specified "as of" dates, the DMV output files provided ownership information for about 75% of all vehicles (with VIN queries providing a slightly higher hit rate than queries based on license plate numbers)?
   **WILL: Most of the VINs and plates do not exist or were keyed incorrectly with the wrong File Code per plate. I randomly pulled some of your plates and VINs and they just don't exist. As explained, registered owner information appears on Record Identifier (RI) 2, 3, and sometimes 4. The card image output program returns raw record information, so it does not appear formatted like an online record you would receive instantaneously.**



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

3

**From:** Audrey Egan <Audrey.Egan@doj.ca.gov>
**To:** "Donald W. Cook"
**Cc:** Elisabeth Frater <Elisabeth.Frater@doj.ca.gov>
**Subject:** RE: Brewster, et al. v. City of LA, et al.; Gonzalez-Tzita, et al. v. City of LA, et al. - Subpoenas
**Date:** Nov 9, 2018 4:06 PM

Hi Donald,

It looks like there are  couple of ways for the DMV to obtain the owner-as-of information that you are seeking from the DMV. Unfortunately, the DMV does not have a simple, quick, and inexpensive way to obtain such information.  The two viable methods of which I have been informed are as follows:

(1) You may apply for a commercial requester account with the DMV if you have a permissible use for the information.  Court authorization, by way of court order, could establish your permissible use.  However, you would need to submit the application, pay the fee, post a bond (approximately $500), and pay $2.00 for each electronic record.  This takes about three weeks to set up;

(2) the DMV would need to write programming to scan the database to match the records to the owner-as-of outside of the established record retrieval processes.  The DMV must receive the list of records (VIN/date and/or Plate/Date) via secure file transfer which the DMV  can help the submitter set up.  The cost involved is the hourly cost for the programmers and for the database run time for which the DMV is charged.  I am told for 3-4000 records the cost is typically $10,000 - $15,000.  It can takes 3 week to several months to complete.  As with the first option, an application fee and bond are required.

The CA DMV cannot agree to disclose such information under either of those two methods without a court order.

I am putting together the CA DMV's portion of the Joint Stipulation which I am planning to provide to you next week.  Please feel free to contact me.

Audrey

**Egan 11/9/18 email**

**EXHIBIT J**

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

December 19, 2023

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Re:     *Lamya Brewster et al. v. City of Los Angeles et al.*
        U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

I write this letter to advise you of the status of the DMV production of data pursuant to the Court's 10/26/23 Order (ECF 325) and the subpoena duces tecum issued November 17, 2023. Before addressing issues specific to the DMV data, for the benefit of your office and the DMV I provide some background for why the DMV must produce the computer data as outlined below.

In *Brewster*, the Court has certified the case as a damages class action and has granted summary judgment in favor of Plaintiffs and class members. The judgment awards all class members damages. Class members are registered owners of vehicles defendant LAPD impounded under Cal. Veh. Code § 14602.6, commencing approximately October 28, 2012. Because the LAPD stopped effecting § 14602.6 impounds on or about July 1, 2017, most class members are in the 2012-17 time period.

To finalize and carry-out the distribution of the class-awarded damages, it is essential that Plaintiffs identify class members (approximately 35,000 registered owners of § 14602.6 impounded vehicles) *and* their **current** addresses. Unfortunately, the owners' identity information is not available from the LAPD because the LAPD did not record the information electronically in a form that makes the information retrievable. Similarly, the owners' identity information is not available from the tow companies (the *O*fficial *P*olice *G*arages, or OPGs) that towed the vehicles at LAPD's direction because the OPGs' VIIC computer system did not record owners' identity information. The only known source for obtaining *en masse* class members' identity information is the DMV. That is why the Court has previously ordered the DMV to provide the information (subject to a protective order and Plaintiffs paying for the cost of production).

From the DMV, Plaintiffs seek class members' identities as of the dates their respective vehicles were impounded, as well as class members' *current* addresses as reflected in DMV computer records. For Plaintiffs to obtain the information, the DMV will need to first produce certain data from the Vehicle/Vessel Registration Database ("VVRD"), from which Plaintiffs will identify, via driver's license / identification numbers, the vehicle owners for whom Plaintiffs seek current addresses as recorded in the Driver License / Identification Card Database ("DLICD"). Thus, based on my understanding of the two databases it will be a two-step process:

*First Step.* Export from VVRD, registered owners' names, addresses *and California Driver's License / Identification numbers*. The search and retrieval criteria for retrieving and exporting this

Lorinda D. Franco
December 19, 2023
Page 2

data would be impound date *and* VIN, then by impound date *and* license plate number.

*Second Step.* Using the California Driver's License / Identification numbers retrieved from VVRD, run those numbers against DLICD to export from DLICD *current* mailing addresses for the registered owners who are class members.

The VVRD captures and records driver's license / identification numbers. On July 12, 2019, I deposed DMV employee Mark Daniel Keskeny. Mr. Keskeny was the DMV's Rule 30(b)(6) agent who testified on the capabilities and data captured by VVRD. Mr. Keskeny testified that VVRD records vehicle owners' driver license or identification numbers when the owners provide that information:

Q: I buy a used vehicle in California. I go to the DMV office. I want to register it under my name. What information does the DMV require from me?

A: The applicant would complete the back of the certificate of ownership with the name, address, I believe the county of residence, purchase date, purchase price, ***a driver's license number***, mailing address, residence address.

Q: What information that you've just listed there gets input into -- if any, gets inputted into the vehicle database?

A: The -- the applicant's -- the registered owner's name, the residence address, a mailing address if it's available, the purchase date, purchase price, ***driver's license number***.

Q: How is the driver's license number entered into the vehicle database?

A: ***There's a field for it.***

\*    \*    \*    \*

Q: Do you know if you, as an end user, can query the vehicle database by driver's license number?

A: Yes.

MR. PARR: Yes, you know, or yes, it can be done.

THE WITNESS: What's the question?

BY MR. COOK:

Q: Sure. Do you know if you can query the vehicle database by driver's license number?

Now, my question is, as your attorney points out -- is really -- it's really just a question of can it -- do you know if it can be done, one way or the other. And then depending on what you say, I'll ask the next question.

00158367.WPD

Lorinda D. Franco
December 19, 2023
Page 3

A: When you type in the driver's license number, it doesn't pull up the vehicle registration. *It would pull up the driver's license information*.

7/12/19 Deposition of Mark Daniel Keskeny, 34:12-35:4; 38:18-39:9.

The batch process the DMV provided me as outlined in the DMV's "Vehicle Registration Inquiry Manual," is insufficient for it does not provide the VVRD data Plaintiffs seek. The batch process (which is a pre-existing program written apparently for vendors like insurance companies and automobile manufacturers) will not and does not export driver's license / identification numbers *even though VVRD captures that data when submitted to the DMV upon a vehicle's registration*. See the Vehicle Registration Inquiry Manual @ pp. 8-11. Thus, the DMV will have to use another process that provides, in addition to vehicle owners' names and addresses, their driver's license / identification numbers (to the extent such data was captured in VVRD).

It may be that the DMV does not have in place an already-programmed process for retrieving *en masse*, VVRD-recorded driver's license and identification data. If that is the case, then the DMV may have to employ a programmer to construct a program that retrieves from VVRD owners' driver's license / identification numbers along with their names and addresses. As I understand the law, if that is the case then the subpoenaing party (here Plaintiffs) is ordinarily expected to pay the out-of-pocket costs actually incurred by the third party in complying with a subpoena. Thus, the DMV may be entitled to reimbursement for its programming costs. (As you know from Ms. Lang's deposition, the DMV incurred no programming cost when Plaintiffs used the Vehicle Registration Inquiry Manual batch process.)

I hope I have made it clear that the DMV cannot comply with the Court's order by doing what the DMV has done to-date, *i.e.*, limiting Plaintiffs to using the Vehicle Registration Inquiry Manual's batch process for retrieving owners' names and addresses. The DMV will have to offer another means for obtaining the relevant VVRD data that includes vehicle owners' driver's license / identification numbers. Because that may require some specialized programming, I suggest we have a (recorded) Zoom conference call where we can flesh out the details on how this can best be accomplished. At your end, I would think you would include someone from the DMV's Information Services Division as that person may have the requisite knowledge for addressing programming issues.

Finally, because of the Court's directive that Plaintiffs obtain the class members' identity information as soon as possible, Plaintiffs cannot afford to delay matters any further. Thus, if Plaintiffs and the DMV cannot resolve these issues without Court intervention the week of January 2, 2024, Plaintiffs will have no choice but to seek immediate *ex parte* relief.

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

December 29, 2023

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Re:     *Lamya Brewster et al. v. City of Los Angeles et al.*
        U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

I write to update you on matters since my December 19, 2023 letter to you.

Via various uploads of vehicles identified by their license numbers and VINs, I have verified that the VR overnight batch process the DMV provided me can retrieve historical ownership information *only* for vehicles that are or can be currently titled. Historical ownership information for vehicles disposed as scrap metal or sold / transferred to an automobile junk yard, is not accessible via the batch process. Given the purpose of the batch process, this is unsurprising. It appears the batch process was designed for vehicle manufacturers and insurance companies. Those entities only need ownership information for vehicles that are or can be *currently* titled. For vehicles deposed of in a junk yard or as scrap metal, the junk yard or scrap metal vendor reports to the DMV the vehicles' VINs and license plate numbers so that DMV will know that these vehicles have been scrapped. That is important for law enforcement purposes. VINs and license plates are never to be used for another vehicle; if they are, that indicates to law enforcement possible auto theft and related criminal activity. You can verify what I have said by (a) reviewing the email exchanges I had with William Carino (you were cc'd on the emails) and (b) checking with the appropriate DMV personnel.

The inability of the VR overnight batch process to provide the historical ownership data for vehicles that can be no longer titled (i.e., since its impound date the vehicle became scrap metal or now sits in an automobile junk yard) is a serious problem for my clients. Nearly all of the approximately 35,000 *Brewster* class members had their vehicles impounded in the 2012-17 time period. Furthermore, even as of their respective impound dates many if not most of the vehicles were of very low value. Consequently, as of *today* many thousands of class members' vehicles can no longer be titled because in the years since the vehicles' respective impound dates, the vehicles were disposed of as junk. And once a vehicle is disposed of as junk, the batch process can not retrieve that vehicle's historical ownership information (even though the historical ownership data remains in the vehicle registration database).

Yesterday, in a three-way telephone conversation with Mr. Carino and your colleague Nancy James (Ms. James helpfully arranged for the phone conference) I explained the above and why Plaintiffs need another process for obtaining the ownership data for the *Brewster* lawsuit's class members. I told Mr. Carino and Ms. James that whatever this other process is, it might require specialized or ad hoc programming for exporting the desired ownership data from the vehicle

00158454.WPD

Lorinda D. Franco
December 19, 2023
Page 2

registration database. At the conclusion of our conversation Mr. Carino stated he would need to
check with other DMV personnel about what I had said and for determining how the data my office
seeks can be provided. Hence, I informed Ms. James and Mr. Carino that my office will defer taking
any further steps until I hear from Mr. Carino or your office on how my office can best obtain the
ownership data in light of the limitations of VR overnight batch process. I also informed Mr. Carino
and Ms. James that I expected the DMV would respond very soon; if not today then by next week
sometime after Monday's holiday.

So that is where matters currently stand. If need be, I will followup on this with you by next
Wednesday, January 3.

Sincerely,

Donald W. Cook

DWC:ms

cc:     Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer;
        Joseph S. Persoff.

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

January 9, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Re:     *Lamya Brewster et al. v. City of Los Angeles et al.*
        U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

I write to followup on our telephone conversation last Thursday (January 4) and why the DMV's VR overnight batch process ("batch process") will *not* work to provide Plaintiffs the data they need.

As previously explained, the batch process has two major limitations:

*First*: the batch process returns ownership information only for vehicles that can be *currently* titled and registered (even if not currently registered). For vehicles that have been junked – disposed of in an auto junk yard and/or sold as scrap metal, the batch process will *not* return the vehicle's historical ownership information (as of a particular date, the name / address of registered and legal owner, if any). The reason is simple. By law, the junk yards and scrap metal processors must report to the DMV the vehicle's license plate number (if any) and VIN disposed of as junk. The reason is obvious – a VIN or license plate is *not* to be re-used on another vehicle* for that would enable auto theft and related crimes. Its like giving a person a second set of fingerprints with the corresponding CII number.**

*There is apparently an exception for personalized license plates which I understand can be transferred to another vehicle assuming DMV procedures are followed.

**If you don't know what a CII number is and how it is used, check with the keeper of records with your Department of Justice.

That the batch process will not return historical ownership data for junked vehicles is clear. Please see Mr. William Carino's email to me sent 12/20/23 at 10:05AM. We verified Mr. Carino's statement by making two test runs of vehicles we know have been junked (i.e., no longer capable of being titled and registered. My client Lamya Brewster was, in 2014, the registered owner of a 2010 Chevrolet Impala. The LAPD impounded the Impala on October 28, 2014. About a week later, or on November 4, 2014, the LAPD queried the vehicle registration database via the Impala's license plate number (7EAT501); the DMV return generated that day – November 4, 2014 – correctly reflected the Impala's registered and legal owners' identities. See Enclosure A. But when I made a query on the same vehicle using the license plate number 7EAT501, the batch process returned the error code of "Non-Revivable Junk" with no ownership data provided. See Enclosure B. The explanation here is that a few years ago Ms. Brewster's Impala was disposed of as scrap metal.

00158554.WPD

Lorinda D. Franco
January 9, 2024
Page 2

Using the batch process, we also uploaded a properly formatted file of all vehicles the LAPD impounded pursuant to C.V.C. § 14602.6 in the 2012-17 time period, where the tow yards (*Official Police Garages*, or OPGs) disposed of the vehicles as "junk." Meaning no owner reclaimed the vehicle and the vehicle was of such low value that the OPGs could not even sell the vehicle at a lien sale. Of the approximately 45,000 § 14602.6 impounded vehicles, only 442 were disposed of as junk. Meaning the odds are extremely high that every one of these 442 vehicles ended up in a junk yard or as scrap metal. The DMV confirmed this point. The output files the batch process generated from the files of junked vehicles did not return ownership information for *any* of the 442; instead, it was a "no record on file" error code, even thought we sought ownership data via two separately uploaded ASCII text files (one using license plate numbers and the other VINs).

The batch process' inability to return historical ownership data is not because of data input errors, such as the wrong license plate number or VIN being entered. The vehicle identifiers (meaning license plate numbers and VINs) came directly from the OPG-LA maintained database. This is the same data the individual OPGs use to access DMV data for the vehicles. This data is important to OPGs because in order to enforce the OPGs' statutory lien (C.V.C. § 22851) the OPGs must *correctly* identify the vehicle by VIN and license plate number. Thus while one cannot rule out that there may have been data input errors for some vehicles when the license plate number and VIN was inputted into the OPG-LA database, the frequency of such errors would be very low. Additionally, when my office used OPG data from the same OPG-LA maintained database to obtain ownership information for the approximately 1,400 class members in the *Gonzalez-Tzita* lawsuit, the DMV's batch process returned ownership data for about 75% of all vehicles. The much higher rate of return is explainable by the fact that in *Gonzalez-Tzita*, the impounded vehicles were seized much more recently, i.e., no more than about five years earlier and, in general, were much more valuable. Hence, when we requested the DMV information, the vehicles were much more likely to still be on the road as titled registered owners.

*Second*: even for those vehicles for which ownership information is provided, the batch process will not return the registered owner's driver's license number if that number was provided to the DMV when the vehicle was titled to that owner. Again, on this point I refer you to my December 19, 2023 letter to you.

The above two problems are not due to errors at Plaintiffs' end in the formatting of the files later uploaded to the DMV's batch process. *All* files we uploaded were properly formatted in the 80 column ASCII text file format that the batch process requires; if they were not (e.g., some records were more or less than 80 columns), then the batch process would have rejected the entire file (a point the DMV representative William Carino confirmed). *None* of our files we uploaded were rejected.

The only error we made was with the initial file we uploaded. That license plate file (seeking ownership information via a vehicle's license plate number) had the license plate's file code "A" for *all* vehicle license plate numbers. File code "A" is only for passenger vehicles; commercial vehicles or motorcycles require different file codes (re commercial vehicles, its file code "C" or "U" depending on whether it is a "reversed" commercial plate number; re motorcycles, the file code is "M"). In our subsequent file uploads, we had the correct file code in the correct column (column 13); every record was exactly 80 characters in length (with many characters being, depending on the position, a "space"). That is, for vehicle ownership data sought via license plate number, the first five characters (columns 1-5) was the requestor code assigned to me; the sixth character (column 6) was the required the manual processing code of 1; columns 7 through 12 was the ownership "as of" date with the entered date including leading zeros where necessary (e.g., "01" for January; leading zeros

00158554.WPD

Lorinda D. Franco
January 9, 2024
Page 3

for days of months and years less than ten); column 13 was the file code depending on the license plate type (A - passenger; C or U - commercial; M - motorcycle***); columns 14 through 20 was the license plate number (which if the license plate number was less than 7 characters, then the entered number was left-justified, i.e., starting at column 14); the remaining columns (15 through 80 were spaces (which the batch process reads as no data entered). We received ownership data for the "as of" dates for only about 45% of all records (we submitted approximately 6,000 records). For the remaining 55%, we got error code 6 along with a notation of either "record not found" or "non-revivable junk."

        ***Virtually all class members' vehicles are either passenger, commercial or motorcycles.

        Your suggestion that Plaintiffs continue to use the batch process for those records for which the process returns ownership data (to "keep the process going" as you put it in our conversation), is not reasonable. While I assume you made the suggestion in good faith, it appears you do not fully understand the problem. Because the batch process will not return driver's license numbers even though captured in the vehicle registration database, doing what you suggested means conducting queries for the *same* vehicles in the registration database *twice*. First time to obtain the ownership data the batch process provides; the second using the same search criteria (license plate number; VIN and the "as of" date) but using a *different* process (because the batch process can't do it) to return the owners' driver's license numbers. For reasons of cost and efficiency one should only do this once. That is, run a program that exports both the ownership data for "as of" dates *and* registered owners' driver's license numbers (for those vehicles for which owners' driver's license numbers were provided). This is particularly important to Plaintiffs as Plaintiffs are charged every time they query the vehicle database.

        The other problem with your suggestion is that it does not remedy or otherwise address the problem that the batch process only returns ownership data for vehicles that can be titled and registered. For those vehicles that can no longer be titled and registered, the DMV will have to come up with another process (discussed more in next paragraph). It thus makes sense to use that process (whatever it turns out to be) to obtain via the same query made once, ownership data (including driver's license number) on *all* class members' vehicles, even though some vehicles can no longer be titled and registered.

        Turning to that other process mentioned above, it may be that the DMV has an existing process than can return ownership data for all class member vehicles, including driver's license numbers. Or maybe the DMV has an existing process that can be modified programmatically to provide the information, e.g., perhaps a modified version of the DMV's batch process. Or maybe a DMV programmer will have to write from scratch a program that will retrieve and export the data Plaintiffs seek from the vehicle registration database. However it can be done, it most certainly ***can be done***. *Any* data that is inputted and residing in a database, can be retrieved and exported; there are no exceptions (programmatically speaking). It is only a matter of a person knowledgeable about the database (presumably a programmer), its tables and field definitions, putting in the effort to come up with a process (including possible programming) for exporting the data. In our conversation last Thursday, I have suggested that you check with the appropriate personnel in the DMV's Information Services Division (the unit the DMV's Rule 30(b) agents testified they would go to for this kind of issue) about how the data can be retrieved and exported. I also suggested to you that you check with the DMV's "law enforcement desk" which I understand the DMV maintains to provide information to law enforcement's specialized and ad hoc requests for DMV data. I also made these suggestions to Ms. James and Mr. Carino in our three-way conversation of December 28, 2023.

Lorinda D. Franco
January 9, 2024
Page 4

       If the DMV is required to employ a programmer, whether one of its own or someone from outside the DMV, Plaintiffs acknowledge they will be liable for the reasonable cost of employing that programmer to come up with a process or program for exporting the desired data. In other words, programming cost is not an issue.

       Therefore, the first order of business is that the DMV must provide a process for exporting data from the vehicle registration database that provides the ownership data (name, address and driver's license number if provided to the DMV) for all vehicles in Plaintiffs' classes, including vehicles that can no longer be titled and registered. For reasons stated above, the DMV's batch process as given to Plaintiffs is unacceptable because it cannot provide most of the desired data. Plaintiffs agree that the data will be subject to a protective order along the lines of the order filed October 16, 2023 (ECF 325). I thus ask that you do whatever is necessary at your end to get a process in place that will provide the data. If you or the DMV or both believe you need more information from me and/or the programming consultant Plaintiffs are using, please advise. But whatever you and the DMV does, please give it a high priority. For if this issue is not revolved by the end of the week, *i.e.,* we have a process in place by which Plaintiffs can obtain all the data the DMV has which Plaintiffs seek, Plaintiffs will have no choice but to seek immediate *ex parte* relief.

                    Sincerely,

                    Donald W. Cook

DWC:ms
enc

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer; Joseph S. Persoff.

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

January 12, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Re:    *Lamya Brewster et al. v. City of Los Angeles et al.*
U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

Since receipt of my December 19, 2023 letter (not to mention numerous emails exchanged between myself and DMV personnel) the DMV knows its VR overnight batch process cannot provide the data Plaintiffs seek. In my January 9, 2024 letter, I requested that your client the DMV provide another process by the end of the week by which the DMV can export into an electronic data file(s), the vehicle registration data Plaintiffs sought under the subpoenas issued August 15, 2023 and November 17, 2023. Assuming the worse case scenario that there is no existing DMV process that can provide the data Plaintiffs seek and hence, someone (presumably a programmer) will have to write a program to extract the data, it is *not* a time consuming task. Writing such a program from scratch takes but a few hours (and that includes testing). In short, it should not be taking weeks for the DMV to come up with an acceptable alternative process for exporting the data. Therefore, please be advised that on Tuesday, January 16, 2024, Plaintiffs will file an *ex parte* application before Magistrate Judge Pym seeking enforcement of the above subpoenas. Plaintiffs will ask the Court to set a deadline of no later than January 30, 2024, for the DMV to produce the data (as electronic text data file, e.g., ASCII or other similar text-based file). The requested relief will be without prejudice to the DMV's right to reimbursement for out-of-pocket costs incurred in producing the data. Furthermore, the data would be produced subject to the October 16, 2023 protective order (ECF 325).

Pursuant to L.R. 7-19.1, please advise if the DMV will oppose the *ex parte* application and if so, will it be filing an opposition. Thank you.

Sincerely,

Donald W. Cook

DWC:ms
enc

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer;
Joseph S. Persoff.

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252‑9444 / (213) 252‑0091 facsimile

Donald W. Cook

January 19, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731‑2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

      Re:    *Lamya Brewster et al. v. City of Los Angeles et al.*
              U.S. District Court Case No. 5:14‑cv‑2257 JGB (SPx)

Dear Ms. Franco:

You did not appear today for the 2:00 p. L.R. 37‑1 conference, and did not contact my office beforehand to advise me you would not appear. I did receive, however, the phone message you left at about 2:45 p.m. In your message you stated you thought the VR overnight batch process would still work for Plaintiff's purposes, but you did not explain how it could given the evidence that (a) the batch process will *not* return historical ownership data for vehicles that can no longer be titled, and (b) the batch process does *not* return registered owners' driver's license / identification numbers when it is recorded in VVRD. Hence, Plaintiffs will proceed with the discovery enforcement process under L.R. 37‑1 *et seq.* that began yesterday, January 18. I have set another L.R. 37‑1 conference to be held at my office, for next Tuesday, January 23, 2024, 2:00 p.m. I will, of course, reset it to another date or time of your choosing provided the meeting is held within 10 days of January 18 as is required by L.R. 37‑1. If in the meantime the DMV can come up with a process for generating the ownership data Plaintiffs seeks, that may moot the necessity for proceeding with the discovery enforcement procedures. But to‑date, the DMV has offered *nothing* along those lines. Nor has the DMV ever bothered to refute the evidence Plaintiffs presented showing that the batch process does not and cannot work for Plaintiffs' purposes. Thus, I am not going to defer the discovery enforcement process based on vague promises that somehow this will work out.

So unless you advise me of a different date and/or time, I will be at my office next Tuesday expecting to meet with you at 2:00 p.m. for the L.R. 37‑1 conference.

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer;
       Joseph S. Persoff.

00158666.WPD

**Cook 1/19/24 letter**

**EXHIBIT O**

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

January 23, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

Re:    *Lamya Brewster et al. v. City of Los Angeles et al.*
       U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

Today at about 1:04 p.m., I received an email from you stating you would not be appearing for our 2:00 p.m. L.R. 37-1 conference set for today. In lieu of the meeting today, I accept your offer to meet at my office on Thursday, January 25, from 7:30 a.m. to 2:30 p.m. Please advise me of the time you will be at my office for the meeting. And please note the following requirement under L.R. 37-1: "[T]he *conference must take place in person at the office of the moving party's counsel* unless the parties agree to meet someplace else." Also, because this L.R. 37-1 process began last Thursday, January 18, our in-person conference must occur no later than Monday, January 22.

Turning to the balance of your email received today, you continue to ignore the undisputed proof I gave you and the DMV, to wit: the VR overnight batch process will *not* return historical ownership data for vehicles that can no longer be titled, and does *not* return registered owners' driver's license / identification numbers when it is recorded in VVRD. As to the first point, just run license plate number 7EAT501 (the license plate number for the 2010 Impala registered, as of October / November 2014, to Plaintiff Brewster) asking for the ownership information as of November 4, 2014 – the same day the LAPD queried VVRD for the ownership information. If you do that, the VR overnight batch process will return *NO* ownership data for license plate number 7EAT501 but instead will state the following: "Non-reviable junk as of 11/4/14." I told you this in my January 9 letter to you, a letter that included the printout of the DMV output file verifying what I just told you. Any DMV programmer who understands the overnight batch process program will also verify what I have just said. And by the way, Mr. Carino is not a programmer and he was unfamiliar with this issue as he admitted to me in our December 28 conversation (in which your supervisor Nancy James also participated).

As to the second point – inability of the batch process to return registered owners' driver's license numbers when it is recorded in VVRD – all you need do is read the DMV batch process manuals. But if that is too difficult, then look at the output files the batch process generates – driver's license / identification numbers are not provide for any successful matches because the *only* owner identity information provided are (a) name and (b) address. You could also read William Carino's 12/21/23 @ 10:51 AM email to me (you were cc'd on that email). In that email Mr. Carino provided a sample of what he said was a "valid output record." On the following page is the sample Mr. Carino gave:

00158683.WPD

**Cook 1/23/24 letter**                    -102-                    **EXHIBIT P**

Lorinda D. Franco
January 23, 2024
Page 2

Here is an example of a valid output record:

```
12445   JX6561082715A12445                                                  1
12445   190902 50 TRI    6T5203N                    CARLSBAD    92008 37    2
12445   180814BTALCOVE MITCHELL B            1778 GUEVARA RD               3
12445   465 09/06/17 01 0058 0011300 00/00/00 B00                          9
12445   465 09/14/17 05 0077 0005000 00/00/00 T00                          9
12445   IN1 12/06/17 21 1159 0001400 00/00/00 FR3                          9
12445   465 01/23/18 05 0081 0000000 00/00/00 H00                          9
12445   140 07/31/18 03 6117 0015900 00/00/00 POT                          9
```

Note what is *not* provided – there is no driver's license / identification number. That is because the batch process was not designed to provide that data in an output file. Don't take my word for it; read the DMV manuals on the batch process.

Your claim that the problem is that we inputted incorrect data, is **wrong**. The only data input error at our end – a point Mr. Carino confirmed in my December 28 conversation with him – is that we did not have the correct license plate file code for each vehicle record in our initial input file. But as I previously explained to you, the error affected only non-passenger vehicles (commercial and motorcycles) and thus did *not* affect most class members' vehicles since most are passenger vehicles. And let me emphasize that *no one* from the DMV, including Mr. Carino, has identified or claimed we made any error other than the file code mentioned above. The only person who has suggested otherwise is you. And when you do so, you are vague, non-specific while also not responding to the evidence I gave you and the DMV verifying the inability of the batch process to provide the data Plaintiffs subpoenaed. If you disagree with the foregoing, please give me the name of the person who supposedly told me it was an input error other than the license plate file code, along with directing me to the email or conversation in which I was supposedly told about this alleged data input error you continually allude to without any proof. In short, we have "follow[ed] [the DMV] instructions."

Your claim that "[o]ur DMV personnel have gone above and beyond with trying to assist you but you refuse to comply, fix the errors or even perform the searches necessary for you to obtain the information," could not be more wrong. All the DMV personnel did was (a) set up a requester account in my name; (b) confirmed in response to my request the structure of an input file (ASCII text file; 80 column width, etc.); and (c) inform me that our initial input file did not have the correct license plate file code for all vehicle records in that initial input file. Oh yes, there was one other point the DMV made which assisted Plaintiffs – in his email of 12/20/23 @ 10:05 a.m., Mr. Carino confirmed that the batch process will not return ownership data for vehicles that can no longer be titled. I further point out as I have told you before that when I explained to Mr. Carino in our December 28 conversation that batch process returns ownership data only for vehicles that can be currently titled, he stated he was unfamiliar with that limitation and said he would need to check with his supervisor and get back to me. Neither Mr. Carino nor anyone else has ever gotten back to me.

Your claim that Plaintiffs should continue to run batch queries on "the remaining 34K+ vehicles" for which the batch process will provide owners' names and addresses, is as I previously explained to you, nonsensical. For every record Plaintiffs runs through the batch process, Plaintiffs are charged $2 per record regardless of whether any ownership data is returned. So you are telling Plaintiffs to run about 29,000 thousand vehicle records (the 35,000 minus the 6,000 Plaintiffs have already run) where the end results will be: (a) Plaintiffs will *not* get any ownership data for about 16,000 vehicles (55% of the 29,000) but will be charged $32,000 for these unsuccessful searches, and (b) will *not* get the registered owners' driver's license / identification number for *any* of the 35,000. Ergo, at some later point using a different process (because the batch process cannot do it) Plaintiffs will have to **again** run all 35,000 vehicle identifiers (license plate number / VIN) in order to get registered owners' driver's license / identification numbers. In other words, you are demanding

00158683.WPD

Lorinda D. Franco
January 23, 2024
Page 3

that Plaintiffs pay at least twice as much for running vehicle records twice when the same data can be generated via a single run at half the cost.

In order to make our in-person L.R. 37-1 meeting productive, I suggest you re-read my prior correspondence and the accompanying proof that the DMV's batch process cannot provide the data Plaintiffs subpoenaed. I suggest you also talk with DMV personnel, presumably a programmer or two, who has actual knowledge of VVRD. You might try Gerald Zielinski who was, as of November 2018, the DMV's Assistant Division Chief / Program Manager with oversight of the commercial requester account programs. At one time he was also Wendy Lang's supervisor. Under oath, Mr. Zielinski swore that the DMV could provide the data Plaintiffs seek in about "20 programming hours" of effort. What Mr. Zielinski described in 2018 is a viable "other option" (unlike your reference to "hir[ing] a vendor").

Please provide the time you will be at my office this Thursday, January 25, for our LR. 37-1 conference. I also repeat what I have told you before and reaffirmed in this letter: the overnight batch the DMV provided me is incapable of providing the data Plaintiffs subpoenaed, and you and the DMV have offered *nothing* that disproves this conclusion. Hence, if we are unable to agree upon a process by which the DMV provides ownership data for all class members' vehicles including vehicles that can no longer be titled, and further provides the registered owner's driver's license / identification number when recorded in VVRD, Plaintiffs will bring a motion to compel.

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer; Joseph S. Persoff.

00158683.WPD

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook

January 25, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

     Re:    *Lamya Brewster et al. v. City of Los Angeles et al.*
            U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

    Initially, I note you unilaterally terminated our L.R. 37-1 conference before it had finished and without my consent. In short, you hung up on me (and Mr. Gabriel Dermer who was also on line). That said, here are where the parties stand regarding the two subpoenas served on the DMV:

    ● The parties agree that a motion to compel will be necessary. Plaintiffs will forward their portion of a L.R. 37-2 Stipulation.

    ● For obtaining the data Plaintiffs seek, Plaintiffs would prefer to use an overnight batch process rather than instantaneous on-line access (because a batch process is more efficient and less costly) *provided* the batch process returns ownership data for "as-of" dates, including registered owner's license / identification number when recorded in VVRD, for *all* vehicles, i.e., including vehicles that have been junked or disposed of as scrap metal and thus can no longer be registered or titled. For example, Ms. Brewster's 2010 Impala, license plate number 7EAT501, was sold as scrap metal a few years ago, and reported as such to the DMV. Thus, when I use the VR overnight batch process the DMV provided me in which I seek the Impala's ownership data as of 11/4/14 (the same date the LAPD obtained the DMV's ownership data for the Impala), the DMV's output file the batch process generated does NOT return any ownership data; instead, the output file states that for license plate number 7EAT501, the vehicle is "Non-reviable junk as of 11/4/14."

    ● You claimed that the VR overnight batch process the DMV provided me will, in fact, provide ownership data for vehicles like Ms. Brewster's 2010 Impala, *i.e.*, vehicles that can no longer be titled or registered. But when I asked you to explain why the batch process will not provide the ownership data as of 11/4/14 for Ms. Brewster's Impala, you refused to respond. You also refused to respond to the evidence I gave you, including William Carino's 12/20/23 @ 10:05 AM email, that the batch process does NOT return ownership data for vehicle license plate numbers or VINs that can no longer be titled and registered.

    For purposes of the L.R. 37-2 Stipulation, there should not be any issue of relevancy or privilege or cost of production. Plaintiffs agree that the data the DMV produces will be subject to a protective order and that Plaintiffs are liable for the DMV's actual out-of-pocket expense in generating the requested data. Thus, as Plaintiffs see them, the primary issues are: (1) has the DMV provided a process that will generate *all* the data Plaintiffs' subpoenaed? (Plaintiffs' position is that the DMV has not for reasons stated in the two bullet point paragraphs above; and (2) does the DMV

**Cook 1/25/24 letter**      **-105-**      00158700.WPD
                                           **EXHIBIT Q**

Lorinda D. Franco
January 25, 2024
Page 2


have the capability to provide *all* the requested data? (Plaintiffs' position is that it does for reasons set forth in Plaintiffs' *ex parte* application filed earlier this month).

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer; Joseph S. Persoff.

**Donald W. Cook**

| | |
|---|---|
| **From:** | Donald W. Cook <doncook@earthlink.net> |
| **Sent:** | Thursday, January 25, 2024 8:37 AM |
| **To:** | 'Lorinda Franco' |
| **Cc:** | 'Barry Litt'; 'Gabriel Dermer'; 'Joe Persoff'; 'Gary Balekjian'; 'Nancy James' |
| **Subject:** | RE: Brewster v. City of Los Angeles / subpoenas on DMV re vehicle ownership data |
| **Attachments:** | DWC 1-25-24 ltr to DAG Franco PDF (00158701xAD258).pdf |

Ms. Franco:

Attached as a PDF file is my letter confirming the results of our LR37-1 conference. Also, I did not yell at you; I pressed you for answers to questions you refused to answer (as detailed the attached letter which is also faxed).

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

**Cook 1/25/24 email**                    **-107-**                    **EXHIBIT R**

# EXHIBIT 1

**Lorinda Franco**

---

| | |
|---|---|
| **From:** | Lorinda Franco |
| **Sent:** | Thursday, November 16, 2023 2:26 AM |
| **To:** | 'Donald W. Cook' |
| **Cc:** | 'Barry Litt'; Nancy James |
| **Subject:** | RE: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles |
| **Attachments:** | VR Batch Inquiry Manual 2022 Bates Labeled.pdf |

Good Morning Mr. Cook,

I have attached the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119.

By now you should have received a Notification Letter and the Commercial Requestor Code.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lorinda Franco
**Sent:** Thursday, November 9, 2023 8:17 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** OC: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have been informed that the Commercial Requestor Account will be opened and an approval letter will be sent to you on or before November 17, 2023.

# EXHIBIT 2

**Lorinda Franco**

---

| | |
|---|---|
| **From:** | DMV CPD ADU <CPDADU@dmv.ca.gov> |
| **Sent:** | Monday, December 11, 2023 10:48 AM |
| **To:** | Donald W. Cook |
| **Cc:** | Christensen, Bryce@DMV; Nancy James; Carino, William A.@DMV; Lorinda Franco; Fowler, Christopher E.@DMV; DMV CPD ADU |
| **Subject:** | RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles |
| **Attachments:** | VR Batch Inquiry Manual 2023-02-07.pdf |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

---

Good morning Donald,

To insure that I understand correctly the process, I ask if you could please verify the following:

--The DMV data I'm seeking is captured or copied from an RP2 database, is that correct?

--Regardless of whether the R/O info [name & address] is retrieved via license plate number or VIN, the text file name must be "vrinquiry.txt," is that right?

     Correct, when saving the notepad, it must be saved lower case- "vrinquiry." When the file saves it will have the .txt at the end and look just like you have it shown.

--Every line or record in the text file must be 80 columns (ending with a carriage or hard return), & every column must have an entry even if the entry is only a space, right?

     Correct, the data string must be 80 bytes, including spaces.

--To retrieve R/O info via license plate number, the first five columns will be my requestor code; sixth column will be the manual processing code "1"; columns 7 through 12 are reserved for license plate number (up to seven characters; if less than seven characters, e.g., personalized plate, left justified with "space" in the unused columns reserved for license plate number); column 13 is the file code for data retrieval based on (a) license plate number (file code "A") or VIN (file code "V"); columns 14 through 20 are reserved for a six digit date; columns 21-44 are reserved for VIN (again left justified with "space" filling unused spaces to the right of the last alphanumerical character [presumably beginning with column 38 since VINs are generally just 17 characters]); is this all correct?

     That is correct, when using a plate please verify in Section 5 pages 73 and 74 of the manual to ensure the correct file code is being used. Below is a layout of how to put the data string and file together to upload.

--The batch process CANNOT retrieve R/O info with both license plate number and VIN in a single vrinquiry.txt file; it must be one or the other, right?

     Correct, you can only request an inquiry by plate or vin, but not both.

--To retrieve R/O info via license plate number, records in the vrinquiry.txt file should have columns 7 through 12 filled with the license plate number (including spaces if necessary) while columns 21 through 44 must be blank (meaning spaces), am I right? And to retrieve R/O for the same vehicles but via VIN, there must be a new vrinquiry.txt file with columns 13 through 20 blank (with spaces) with the VIN beginning at column 21, right?

     For correct spacing and data placement please see below. Position 7-12 is the data based on field 3 on the chart. Field 5, positions 14-20 will be plate information.

Attached are two sample text files formatted as I understand the rules:

--License_vrinquiry.txt (retrieval via license plate number);
--VIN_vrinquiry.txt (retrieval via VIN)

You will just name the file vrinquiry. Once processed, you will receive an out file the previous date attached.

The information below on how to prepare the data string for either using a plate or vin to do an inquiry.
Refer to page 6 of the attached.

Create a Notepad file and save it as "vrinquiry". It should automatically save it as a ".txt" extension. It is very important the filename is named this each and every time. Please do not include extra spaces or extra characters in the filename. The filename must be named exactly as shown. If you want to save a copy of what you send, save a carbon copy and insert a date and keep it for your records.

All characters in the Notepad file should only be in uppercase. No hyphens or special characters should ever be used.

These are the specifications for a vehicle registration inquiry:

| Field | Field Description | Format | Bytes | Positions |
|-------|-------------------|--------|-------|-----------|
| 1 | Requester Code | FR | 5 | 1-5 |
| 2 | Manual Processing Code | FR | 1 | 6 |
| 3 | Date (MMDDYY) – see description on next page for more information | FO | 6 | 7-12 |
| 4 | File Code | FR | 1 | 13 |
| 5 | License Number | FO | 7 | 14-20 |
| 6 | Vehicle Identification Number (VIN)* | FO | 24 | 21-44 |
| 7 | Space | FR | 1 | 45 |
| 8 | End User Access Code** | FO | 5 | 46-50 |
| 9 | Spaces | FR | 2 | 51-52 |
| 10 | Spaces | FR | 3 | 53-55 |
| 11 | User Information | FO | 24 | 56-79 |
| 12 | DMV Only | FR | 1 | 80 |

Field 1 would contain your requester code.
Field 2 would always be a "1"
Field 3 would only be used if you wanted to know a status of a record on a given date. If you were to use a date, you would use this format "MMDDYY". MM = two digit month. DD = two digit day. YY = two digit year. If the month or day has no first digit, you would use a 0 (zero).
Field 4 is the File Code associated with the plate. Refer to Section 5 of the manual to guide you with the specific file codes.
Field 5 is the plate number of the vehicle
Field 6 is the VIN – note: you would use EITHER the plate or the VIN (not both).
Fields 7-10 insert blank spaces according to bytes specified above
Field 11 is an optional field. You would use it if you wanted to track your inquiries internally. If you would not use it, insert blank spaces.
Field 12 insert a blank space.

For example, let's say you want to look up a regular auto plate with license plate #:  1ABC123.

When you type out your input string in the Notepad file, you would type it as:

123451     A1ABC123                              USERINFORMATION              |

123451     V      123456789ADFGHJKL1234567      USERINFORMATION              |

12345 is your agency's requester code and never changes.
1 is the Manual Processing Code and never changes.
A is the File Code for a regular auto plate.
V is the File Code for using Vins- Space fill if needed to complete 24 bytes
1ABC123 is the license plate.
USERINFORMATION plus the blank spaces before the hash mark at the end represent Field #11.
NOTE:  the blank spaces displayed reflect where a blank space would appear.  If you did a VIN, the bytes where the license plate would appear would be blank instead.

IMPORTANT:  please do not use the hash mark at all.  I only used it to signify the end of the input string.

For each inquiry you want to do, it has to be on its own line.  So, if you wanted to do 2 or more inquiries, you would list it.  Everything should line up.

Save the file as 'vrinquiry.txt'.

To upload the request, go to https://sftc.dmv.ca.gov and login with your SFT userID and password
Click the DMV Data folder.
Click the SendtoDMV folder.
Click the Upload button and select the "vrinquiry.txt" file.  It should automatically pull it through the VR inquiry program.



**Brian Banuelos** | Analyst
OnBoarding Unit| DigitalServices Division
California Department of Motor Vehicles
O: 916-657-5582

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Sent:** Monday, December 11, 2023 10:01 AM
**To:** Donald W. Cook <doncook@earthlink.net>; DMV CPD ADU <CPDADU@dmv.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

@DMV CPD ADU

Adding my team to this conversation so they can provide responses to the questions below.

Thanks,



**Chris Fowler** | SSM I
Digital Services Optimization Section | Digital Services Division
California Department of Motor Vehicles
Teams: 916.404.5813 |

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Monday, December 11, 2023 9:31 AM
**To:** Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> Some people who received this message don't often get email from doncook@earthlink.net. Learn why this is important

Correction database: is it a DB2 (not RB2) database?

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Donald W. Cook [mailto:doncook@earthlink.net]
**Sent:** Monday, December 11, 2023 9:27 AM
**To:** 'Fowler, Christopher E.@DMV'
**Cc:** 'Christensen, Bryce@DMV'; 'Nancy James'; 'Fowler, Christopher E.@DMV'; 'Carino, William A.@DMV'; 'Lorinda Franco'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Mr. Fowler:

I'm sending this email to you because I understand William Carino is out this week.

To insure that I understand correctly the process, I ask if you could please verify the following:

--The DMV data I'm seeking is captured or copied from an RP2 database, is that correct?

--Regardless of whether the R/O info [name & address] is retrieved via license plate number or VIN, the text file name must be "vrinquiry.txt," is that right?

--Every line or record in the text file must be 80 columns (ending with a carriage or hard return), & every column must have an entry even if the entry is only a space, right?

--To retrieve R/O info via license plate number, the first five columns will be my requestor code; sixth column will be the manual processing code "1"; columns 7 through 12 are reserved for license plate number (up to seven characters; if less than seven characters, e.g., personalized plate, left justified with "space" in the unused columns reserved for license plate number); column 13 is the file code for data retrieval based on (a) license plate number (file code "A") or VIN (file code "V"); columns 14 through 20 are reserved for a six digit date; columns 21-44 are reserved for VIN (again left

justified with "space" filling unused spaces to the right of the last alphanumerical character [presumably beginning with column 38 since VINs are generally just 17 characters]); is this all correct?

--The batch process CANNOT retrieve R/O info with both license plate number and VIN in a single vrinquiry.txt file; it must be one or the other, right?

--To retrieve R/O info via license plate number, records in the vrinquiry.txt file should have columns 7 through 12 filled with the license plate number (including spaces if necessary) while columns 21 through 44 must be blank (meaning spaces), am I right? And to retrieve R/O for the same vehicles but via VIN, there must be a new vrinquiry.txt file with columns 13 through 20 blank (with spaces) with the VIN beginning at column 21, right?

Attached are two sample text files formatted as I understand the rules:

--License_vrinquiry.txt (retrieval via license plate number);
--VIN_vrinquiry.txt (retrieval via VIN)

Please advise if the formatting appears correct in these two files. (Of course, I know that when uploaded to the DMV, the ASCII file name must be "vrinquiry.txt" and not the file names I used above.)

If you have any questions, do not hesitate to contact me. Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William  A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:55 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher  E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald,

I'm including the manager, Chis Fowler, over our Onboarding team which usually assists with the VR formatting requirements.  I will be out next week.

When you're submitting a VR inquiry, you would specify a plate number with a File Code OR a VIN with the File Code.  A plate and VIN cannot be submitted concurrently.  If you submit both the plate and the VIN, it will error out.  When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry.  The File Code for VIN will always be indicated with a "V".  A successful inquiry will include the registered owner name and address.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**DMV 12/11/23 email**                                                   **EXHIBIT 2**

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:42 PM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

I'll do that Monday as my IT guy is cleaning up some errors. But one question I have is, via the batch process can the DMV return the R/O name & address as recorded per license plate & VIN? That is, assuming a valid license plate number & VIN, I would expect the DMV record shows the same R/O name & address data retrieved under license plate number & VIN. But if the license plate number & VIN are not for the same vehicle (b/c, say, there was a data input error re license plate or VIN), then the R/O name & address data returned under VIN & then returned under license plate number, would not match.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:19 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald – please email me the file so I can review it.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:16 PM
**To:** 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Nancy James' <Nancy.James@doj.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>
**Subject:** FW: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

Ms. Franco:

**DMV 12/11/23 email**

**EXHIBIT 2**

Before I upload the first ASCII file to the DMV website I would like to first talk with Mr. Carino to verify the file I have is correctly formatted given Plaintiffs' objectives & the capabilities of the DMV system. Is there a number for Mr. Carino I can call? Of course I would expect you would be on the call. Please advise. Thank you.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Friday, November 17, 2023 7:22 AM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached a courtesy copy of the notice of requestor account approval that reflects the commercial requestor code.

Using the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119 that I sent to you yesterday, November 16, 2023, please refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the VINs.  For every license plate, it must be keyed with the proper File Code.  VIN's have the same File Code which is a "V".


Also, I have attached a Secure File User Manual and an Secure File Transfer Application Non-EPN form. Please complete, sign and return to me the SFT Application form. The inquiry method will be via SFT and will allow you to perform the inquiries directly. William Carino will be the contact for technical information on how inquiries can be made and any related issues. Email would be the preferred method of contact. Mr. Carino's email is William.Carino@dmv.ca.gov.

Thank you.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013

7

**DMV 12/11/23 email**                    -117-                    **EXHIBIT 2**

Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 16, 2023 2:26 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119.

By now you should have received a Notification Letter and the Commercial Requestor Code.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 9, 2023 8:17 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** OC: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

**DMV 12/11/23 email**

**EXHIBIT 2**

I have been informed that the Commercial Requestor Account will be opened and an approval letter will be sent to you on or before November 17, 2023.

The Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119, will also be provided to you on or before November 17, 2023.

I will also confirm on my end that the Commercial Requestor Account has been opened and the code has been timely provided to you.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lorinda Franco
**Sent:** Tuesday, November 7, 2023 1:01 PM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

Let me confirm with my client that the DMV must open the Commercial Requestor Account and issue the unique requestor code to you on or before November 21, 2023.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702

**DMV 12/11/23 email**                                                                 **EXHIBIT 2**

Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Tuesday, November 7, 2023 12:51 PM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

The DMV received the check and has cashed it. See attached PDF file (copy of negotiated check).

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Tuesday, November 7, 2023 12:37 PM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

I am determining whether or when the check for the $69,728 was received by the DMV.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, November 2, 2023 11:05 AM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** Brewster v. City of Los Angeles - DMV requestor application

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is the completed DMV Commercial Requestor Account Application. Plaintiffs thus have completed all terms applicable to them for obtaining the DMV vehicle registration data.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**DMV 12/11/23 email**

**EXHIBIT 2**

# EXHIBIT 3

**Lorinda Franco**

---

| | |
|---|---|
| **From:** | Donald W. Cook <doncook@earthlink.net> |
| **Sent:** | Thursday, December 14, 2023 6:07 PM |
| **To:** | 'Fowler, Christopher E.@DMV' |
| **Cc:** | 'Christensen, Bryce@DMV'; Nancy James; 'Fowler, Christopher E.@DMV'; 'Carino, William A.@DMV'; Lorinda Franco |
| **Subject:** | RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles |
| **Attachments:** | VR Inquiry ASCII - legal owner - VIN - 30 days TXT (00158315xAD258).txt; VRINQ_OUT5620231213.txt; DMV 11-4-14 printout on Brewster vehicle PDF (00158331xAD258).pdf; VRINQ_OUT5620231212.txt; VR Inquiry ASCII - legal owner - license plate - 30 days TXT (00158312xAD258).txt |

---

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr. Fowler:

I write to ask for an explanation on why it appears DMV output files are not providing registered owner ("R/O") information (name & address) even though the TXT files I uploaded to the DMV sftc website were properly formatted with the correct VIN or license plate number (as verified by a DMV printout).

On 12/13/23 I received the attached DMV output file VRINQ_OUT5620231213.TXT, generated from the attached text file 00158315.TXT (but uploaded to the DMV sftc website under file name vrinquiry.txt). The DMV output file does not have R/O information for most of the submitted records. This is contrary to my experience in 2019 when in another lawsuit I obtained from the DMV the R/O info via submission of the specifically formatted text files seeking R/O information via VIN or license plate numbers. The present problem does not appear to be one of data input errors (the wrong or incorrect VIN entered in my uploaded vrinquiry.txt file). One of records in my vrinquiry.txt file had a VIN of 2G1WB5ENXA1111336 seeking the R/O as of 11/7/14. (Search for that VIN in attached file 00158315.TXT and you'll find it.) A DMV printout from 11/4/14 (see attached PDF file 00158331.PDF) confirms that under the aforementioned VIN, the DMV database identified the R/O as "Brewster Lamya Crystal, 14580 Arizona St City: Fontana Zip#: 92336." Yet the DMV output file I received (VRINQ_OUT5620231213.TXT) states that for this VIN as of 11/7/14 "No VIN matches input criteria." How can that be when there is a 11/4/14 DMV printout showing the name and address for this VIN's R/O?

The absence of R/O information for most records also exists if an inquiry is made by license plate number. The attached DMV output file VRINQ_OUT5620231212.TXT was generated from the attached text file 00158312.TXT (but again, uploaded to the DMV sftc website under file name vrinquiry.txt). Most of the output records do not reflect an R/O name or address. Using the aforementioned 11/4/14 DMV printout, DMV had in its database under license plate number 7EAT501 the "Brewster" R/O information stated above. Yet in the DMV output file I received for license plate number 7EAT501 as of 11/7/14 there is no R/O; instead, the output record states "Non-Reviable junk as of 11/7/14." So again, we know that as of 11/14 the DMV registration database had the R/O's name & address under license plate number 7EAT501 yet no R/O information showed up under 7EAT501 in the DMV output file I received.

Thus, I ask if you can you explain why my properly formatted vrinquiry.txt files seeking R/O information by either license plate number or VIN, do not return R/O information for most records. And while data input error might explain a few instances where the DMV is unable to provide R/O information, the data I provided was electronically copied from the same database prepared by the same people pursuant to the same process I used in 2019 to retrieve DMV R/O information (using VINs and license plate numbers).

Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:55 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald,

I'm including the manager, Chis Fowler, over our Onboarding team which usually assists with the VR formatting requirements.  I will be out next week.

When you're submitting a VR inquiry, you would specify a plate number with a File Code OR a VIN with the File Code.  A plate and VIN cannot be submitted concurrently.  If you submit both the plate and the VIN, it will error out.  When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry.  The File Code for VIN will always be indicated with a "V".  A successful inquiry will include the registered owner name and address.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:42 PM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

I'll do that Monday as my IT guy is cleaning up some errors. But one question I have is, via the batch process can the DMV return the R/O name & address as recorded per license plate & VIN? That is, assuming a valid license plate number & VIN, I would expect the DMV record shows the same R/O name & address data retrieved under license plate number & VIN. But if the license plate number & VIN are not for the same vehicle (b/c, say, there was a data input error re license plate or VIN), then the R/O name & address data returned under VIN & then returned under license plate number, would not match.

dwc

donald w. cook

attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:19 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald – please email me the file so I can review it.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:16 PM
**To:** 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Nancy James' <Nancy.James@doj.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>
**Subject:** FW: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

Ms. Franco:

Before I upload the first ASCII file to the DMV website I would like to first talk with Mr. Carino to verify the file I have is correctly formatted given Plaintiffs' objectives & the capabilities of the DMV system. Is there a number for Mr. Carino I can call? Of course I would expect you would be on the call. Please advise. Thank you.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Friday, November 17, 2023 7:22 AM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached a courtesy copy of the notice of requestor account approval that reflects the commercial requestor code.

Using the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119 that I sent to you yesterday, November 16, 2023, please refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the VINs.  For every license plate, it must be keyed with the proper File Code.  VIN's have the same File Code which is a "V".

Also, I have attached a Secure File User Manual and an Secure File Transfer Application Non-EPN form. Please complete, sign and return to me the SFT Application form. The inquiry method will be via SFT and will allow you to perform the inquiries directly. William Carino will be the contact for technical information on how inquiries can be made and any related issues. Email would be the preferred method of contact. Mr. Carino's email is William.Carino@dmv.ca.gov.

Thank you.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lorinda Franco
**Sent:** Thursday, November 16, 2023 2:26 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

**Fowler 12/14/23 email**                                              **EXHIBIT 3**

I have attached the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119.

By now you should have received a Notification Letter and the Commercial Requestor Code.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.


**From:** Lorinda Franco
**Sent:** Thursday, November 9, 2023 8:17 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** OC: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have been informed that the Commercial Requestor Account will be opened and an approval letter will be sent to you on or before November 17, 2023.

The Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119, will also be provided to you on or before November 17, 2023.

I will also confirm on my end that the Commercial Requestor Account has been opened and the code has been timely provided to you.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702

**Fowler 12/14/23 email**          5
                                   -127-                          **EXHIBIT 3**

Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lorinda Franco
**Sent:** Tuesday, November 7, 2023 1:01 PM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgment of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

Let me confirm with my client that the DMV must open the Commercial Requestor Account and issue the unique requestor code to you on or before November 21, 2023.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Tuesday, November 7, 2023 12:51 PM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgment of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

**Fowler 12/14/23 email**                                    **-128-**                                    **EXHIBIT 3**

Ms. Franco:

The DMV received the check and has cashed it. See attached PDF file (copy of negotiated check).

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Tuesday, November 7, 2023 12:37 PM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application --
Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

I am determining whether or when the check for the $69,728 was received by the DMV.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally
privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review,
use or disclosure is prohibited and may violate applicable laws including the Electronic Communications
Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the
communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, November 2, 2023 11:05 AM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** Brewster v. City of Los Angeles - DMV requestor application

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is the completed DMV Commercial Requestor Account Application. Plaintiffs thus have completed all terms applicable to them for obtaining the DMV vehicle registration data.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Fowler 12/14/23 email**

8

**EXHIBIT 3**

# EXHIBIT 4

**Lorinda Franco**

| | |
|---|---|
| **From:** | Carino, William A.@DMV <William.Carino@dmv.ca.gov> |
| **Sent:** | Monday, December 18, 2023 9:51 AM |
| **To:** | Donald W. Cook |
| **Cc:** | Christensen, Bryce@DMV; Nancy James; Fowler, Christopher E.@DMV; Lorinda Franco; Yim, Paul J.@DMV; Fowler, Christopher E.@DMV |
| **Subject:** | RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles |
| **Attachments:** | VR Batch Inquiry Manual 2023-02-07.pdf |

> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning,

**I will address the VR output files for 12/12/23 and 12/13/23.**

- Please note valid records have record identifiers with 1, 2, 3, 4 (if any) & 9.

- Please note records with record identifiers with 1 & 6 returned with an error message.  For each of the records with Record Identifier 6, it describes the error code and a brief description of why you did not get the record.  Most of the records have VIN requests that do not exist in the DMV VR database.  Each of the error codes are identified in the attached VR batch inquiry manual, Section 5C, pages 82 through 84.

- Registered owner information can be found with Record Identifiers 3 & 4.

**Here is an example of a valid output record:**

```
12445   JX6561082715A12445                                                      1
12445   190902 50 TRI    6T5203N                  CARLSBAD        92008 37 2
12445   180814BTALCOVE  MITCHELL B        1778 GUEVARA RD                    3
12445   465 09/06/17 01 0058 0011300 00/00/00 B00                           9
12445   465 09/14/17 05 0077 0005000 00/00/00 T00                           9
12445   IN1 12/06/17 21 1159 0001400 00/00/00 FR3                           9
12445   465 01/23/18 05 0081 0000000 00/00/00 H00                           9
12445   140 07/31/18 03 6117 0015900 00/00/00 POT                           9
```

*Record identifier 3 shows the registered owner.  The registered owner address appears on BOTH Record Identifier 2 & 3.  The street address appears on Record Identifier 3.  The city & zip code appear on Record Identifier 2.  The specifications for card image output can be found on pages 9 through 15.*

**Here is an example of 2 records that returned an error:**

```
980901  JX6561090816A980901                                                 1
980901  05    FILE CODE/LICENSE NO MATCH                121223              6
5041162JX6561031918A5041162                                                 1
5041162 11    RECORD NOT ON FILE                        121223              6
```

*The first record is identified with a 1 and a 6 in the right margin.  The second record starts with a 1, which indicates a new error record.*

*The explanation of the error is on line 6.  The first record errored out because the plate number you had keyed did not match according to its File Code.  It was keyed as a regular auto plate.  On Record Identifier 1, the plate number, 98090 was keyed with File Code A.  It is not a File Code A.*

*The explanation of the second record is also on line 6 (see right margin).  The plate you had keyed does not exist in the DMV VR database.  The specifications for errors returned are found on pages 19 through 20.  Plate number 5041162 does not exist.*

In regards to **2G1WB5ENXA1111336**.  It was stated you had a VR printout for 11/4/14, but the request you had made through the VR batch program had an as-of date of 11/7/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

In regards to plate **7EAT501**.  The as of date you had keyed was for 11/7/14, but you're using a reference for a VR printout for 11/4/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

Also please note that if your formatting was incorrect, the entire request would fail.  Your formatting for both 12/12/23 and 12/13/23 were correct.

Please inform me, if you have additional questions.

Thank you



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, December 14, 2023 6:07 PM
**To:** Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Some people who received this message don't often get email from doncook@earthlink.net. Learn why this is important

Mr. Fowler:

I write to ask for an explanation on why it appears DMV output files are not providing registered owner ("R/O") information (name & address) even though the TXT files I uploaded to the DMV sftc website were properly formatted with the correct VIN or license plate number (as verified by a DMV printout).

On 12/13/23 I received the attached DMV output file VRINQ_OUT5620231213.TXT, generated from the attached text file 00158315.TXT (but uploaded to the DMV sftc website under file name vrinquiry.txt). The DMV output file does not

have R/O information for most of the submitted records. This is contrary to my experience in 2019 when in another lawsuit I obtained from the DMV the R/O info via submission of the specifically formatted text files seeking R/O information via VIN or license plate numbers. The present problem does not appear to be one of data input errors (the wrong or incorrect VIN entered in my uploaded vrinquiry.txt file). One of records in my vrinquiry.txt file had a VIN of 2G1WB5ENXA1111336 seeking the R/O as of 11/7/14. (Search for that VIN in attached file 00158315.TXT and you'll find it.) A DMV printout from 11/4/14 (see attached PDF file 00158331.PDF) confirms that under the aforementioned VIN, the DMV database identified the R/O as "Brewster Lamya Crystal, 14580 Arizona St City: Fontana Zip#: 92336." Yet the DMV output file I received (VRINQ_OUT5620231213.TXT) states that for this VIN as of 11/7/14 "No VIN matches input criteria." How can that be when there is a 11/4/14 DMV printout showing the name and address for this VIN's R/O?

The absence of R/O information for most records also exists if an inquiry is made by license plate number. The attached DMV output file VRINQ_OUT5620231212.TXT was generated from the attached text file 00158312.TXT (but again, uploaded to the DMV sftc website under file name vrinquiry.txt). Most of the output records do not reflect an R/O name or address. Using the aforementioned 11/4/14 DMV printout, DMV had in its database under license plate number 7EAT501 the "Brewster" R/O information stated above. Yet in the DMV output file I received for license number 7EAT501 as of 11/7/14 there is no R/O; instead, the output record states "Non-Reviable junk as of 11/7/14." So again, we know that as of 11/14 the DMV registration database had the R/O's name & address under license plate number 7EAT501 yet no R/O information showed up under 7EAT501 in the DMV output file I received.

Thus, I ask if you can you explain why my properly formatted vrinquiry.txt files seeking R/O information by either license plate number or VIN, do not return R/O information for most records. And while data input error might explain a few instances where the DMV is unable to provide R/O information, the data I provided was electronically copied from the same database prepared by the same people pursuant to the same process I used in 2019 to retrieve DMV R/O information (using VINs and license plate numbers).

Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:55 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald,

I'm including the manager, Chis Fowler, over our Onboarding team which usually assists with the VR formatting requirements.  I will be out next week.

When you're submitting a VR inquiry, you would specify a plate number with a File Code OR a VIN with the File Code.  A plate and VIN cannot be submitted concurrently.  If you submit both the plate and the VIN, it will error out.  When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry.  The File Code for VIN will always be indicated with a "V".  A successful inquiry will include the registered owner name and address.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:42 PM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

I'll do that Monday as my IT guy is cleaning up some errors. But one question I have is, via the batch process can the DMV return the R/O name & address as recorded per license plate & VIN? That is, assuming a valid license plate number & VIN, I would expect the DMV record shows the same R/O name & address data retrieved under license plate number & VIN. But if the license plate number & VIN are not for the same vehicle (b/c, say, there was a data input error re license plate or VIN), then the R/O name & address data returned under VIN & then returned under license plate number, would not match.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:19 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald – please email me the file so I can review it.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:16 PM
**To:** 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Nancy James' <Nancy.James@doj.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>

**Carino 12/18/23 email**

**EXHIBIT 4**

**Subject:** FW: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

---

You don't often get email from doncook@earthlink.net. Learn why this is important

Ms. Franco:

Before I upload the first ASCII file to the DMV website I would like to first talk with Mr. Carino to verify the file I have is correctly formatted given Plaintiffs' objectives & the capabilities of the DMV system. Is there a number for Mr. Carino I can call? Of course I would expect you would be on the call. Please advise. Thank you.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Friday, November 17, 2023 7:22 AM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached a courtesy copy of the notice of requestor account approval that reflects the commercial requestor code.

Using the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119 that I sent to you yesterday, November 16, 2023, please refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the VINs.  For every license plate, it must be keyed with the proper File Code.  VIN's have the same File Code which is a "V".

Also, I have attached a Secure File User Manual and an Secure File Transfer Application Non-EPN form. Please complete, sign and return to me the SFT Application form. The inquiry method will be via SFT and will allow you to perform the inquiries directly. William Carino will be the contact for technical information on how inquiries can be made and any related issues. Email would be the preferred method of contact. Mr. Carino's email is William.Carino@dmv.ca.gov.

Thank you.

**Carino 12/18/23 email**          5
                                 **-136-**                    **EXHIBIT 4**

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 16, 2023 2:26 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119.

By now you should have received a Notification Letter and the Commercial Requestor Code.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 9, 2023 8:17 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** OC: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have been informed that the Commercial Requestor Account will be opened and an approval letter will be sent to you on or before November 17, 2023.

The Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119, will also be provided to you on or before November 17, 2023.

I will also confirm on my end that the Commercial Requestor Account has been opened and the code has been timely provided to you.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Lorinda Franco
**Sent:** Tuesday, November 7, 2023 1:01 PM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

Let me confirm with my client that the DMV must open the Commercial Requestor Account and issue the unique requestor code to you on or before November 21, 2023.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Tuesday, November 7, 2023 12:51 PM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

The DMV received the check and has cashed it. See attached PDF file (copy of negotiated check).

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Tuesday, November 7, 2023 12:37 PM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

I am determining whether or when the check for the $69,728 was received by the DMV.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, November 2, 2023 11:05 AM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** Brewster v. City of Los Angeles - DMV requestor application

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is the completed DMV Commercial Requestor Account Application. Plaintiffs thus have completed all terms applicable to them for obtaining the DMV vehicle registration data.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications

Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 5

**Lorinda Franco**

| | |
|---|---|
| **From:** | Carino, William A.@DMV <William.Carino@dmv.ca.gov> |
| **Sent:** | Thursday, December 21, 2023 8:10 AM |
| **To:** | Donald W. Cook |
| **Cc:** | Nancy James; Lorinda Franco; Yim, Paul J.@DMV; Walker, Gary F.@DMV; Guerard, Melissa J.@DMV; Dieu, Loren E.@DMV |
| **Subject:** | RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Good morning,

Please note updated emals cc'd.

Regarding the following statement:

*Is it correct that the DMV batch process that I've been using will retrieve, per a correctly entered VIN or license plate number, historical ownership information (registered & legal) only for those vehicles that **either** can be titled / registered **or** are currently titled / registered? Please advise. Thank you.*

No – please review the following:

As for records not returning with valid output, please note the error messages noted and cross-reference that error to the Error section of the VR batch inquiry manual and resubmit. Most of those errors had to do with plates being keyed as auto plates when they are commercial plates. Every plate in the DMV database has different File Codes. Regular auto plates would generally have File Code A. Commercial plates would generally have File Code C. Motorcycle plates would generally have File Code M, etc. Please take care that are many types of plates with different File Codes.

In regards to the specific VIN, please request a VR inquiry with the as of date using 11/4/14 if you're trying to match that with the LAPD report dated for 11/4/14. The DMV database changes daily, so to ensure you're getting the information you need, please use the 11/4/14 date on the LAPD report.

As for records that allegedly don't return registered owner and address information, the registered owner information appears on multiple lines.

Thank you



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, December 21, 2023 7:58 AM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>

**Carino 12/21/23 email**                    **EXHIBIT 5**

**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>; Yim, Paul J.@DMV <Paul.Yim@dmv.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

---

You don't often get email from doncook@earthlink.net. Learn why this is important

---

Mr. Carino:

Is it correct that the DMV batch process that I've been using will retrieve, per a correctly entered VIN or license plate number, historical ownership information (registered & legal) only for those vehicles that **either** can be titled / registered **or** are currently titled / registered? Please advise. Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Donald W. Cook [mailto:doncook@earthlink.net]
**Sent:** Wednesday, December 20, 2023 10:49 AM
**To:** 'Carino, William A.@DMV'
**Cc:** 'Christensen, Bryce@DMV'; 'Nancy James'; 'Fowler, Christopher E.@DMV'; 'Lorinda Franco'; 'Yim, Paul J.@DMV'; 'Fowler, Christopher E.@DMV'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Mr. Carino:

Thank you for your prompt response. Based on what you're telling I think I may now know what the problem is. The batch process the DMV provided me returns ownership information (including historical) **only** for vehicles that can be **currently** titled or registered. That would explain why the ownership information for my client's Chevrolet Impala with VIN 2G1WB5ENXA1111336 and, as of November 2014, license plate #7EAT501, shows up on the LAPD 11/4/14 DMV printout, but does NOT show up when I queried (using the DMV's batch process) under either the Impala's VIN or license plate number with the same "as of" dates in November 2014 -- several years after 2014 the Impala was sold as scrap metal and thus can no longer be titled or registered. That is, even though the DMV's database(s) have the historical ownership for my client's Impala, the batch process the DMV gave me will not retrieve that historical ownership information because the batch process appears to be limited to vehicles that can be **currently** titled or registered. Is the batch process I've been using limited to only those vehicles that can be **currently** titled or registered even if under a different license plate number?

The above may also explain why I am not getting ownership information for most of the vehicles I submitted which is contra to my experience with this same batch process in my 2019 litigation in a different case. In that 2019 case, class members' vehicles were in general of much more recent model years **and** more valuable. That last point is particularly important since it's a vehicle's current dollar value that generally determines if the vehicle becomes junk. In my present case, I know that many of the class members' vehicles had a very low dollar value when they were impounded (earliest impounds were in 2012; most recent were in 2017); consequently, since the impound dates undoubtedly many of the class members' vehicles have been disposed of as junk and thus cannot be titled or registered.

So my question is, am I right? That is, is the batch process limited to only those vehicles that can be *currently* titled or registered? Please advise. Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Wednesday, December 20, 2023 10:05 AM
**To:** Donald W. Cook
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV; 'Lorinda Franco'; Yim, Paul J.@DMV; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good morning Donald,

When you're trying to compare records using an as-of date, you must key it exactly as the report you're referring to. The online database you're referring to reports different information than from the VR overnight batch program. Even if is off by one day, information may appear different or it just might not report it at all. The DMV database updates daily.

1. Why am I not getting the vehicle ownership information recorded for license plate #7EAT501 for either "as of" dates of 11/4/14 or 11/7/14 even though we know the database had that information as of 11/4/14 when LAPD did its query on license plate #7EAT501?
   **WILL:  it is returning an error message 31 for Nonrevivable junk.  See explanation for this term in #2 below.**

2. What does "NON-REVIVABLE JUNK" mean? The manual you provided in your most recent email does not explain the meaning of this cryptic error code, when it is used, etc.
   **WILL:  pulled from the DMV website –**
   **Nonrevivable Junk—A vehicle valued at $500 or less that was abandoned and the removal and disposal by a licensed dismantler or scrap iron processor was authorized by a peace officer or any designated employee of a public agency (Example: an abated vehicle). Once declared nonrevivable, the vehicle cannot be titled or reregistered.**

3. Why is it that for more than 95% of the queries I made based on VIN the DMV output file provided no ownership information, and only about 40-45% of the queries I made based on license plate number does the DMV output file provide ownership information, whereas when I used the same DMV batch process in 2019 in another lawsuit to retrieve vehicle ownership information for specified "as of" dates, the DMV output files provided ownership information for about 75% of all vehicles (with VIN queries providing a slightly higher hit rate than queries based on license plate numbers)?
   **WILL:  Most of the VINs and plates do not exist or were keyed incorrectly with the wrong File Code per plate.  I randomly pulled some of your plates and VINs and they just don't exist.  As explained, registered owner information appears on Record Identifier (RI) 2, 3, and sometimes 4.  The card image output program returns raw record information, so it does not appear formatted like an online record you would receive instantaneously.**



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Wednesday, December 20, 2023 9:42 AM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>; Yim, Paul J.@DMV <Paul.Yim@dmv.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

You don't often get email from doncook@earthlink.net. Learn why this is important

Mr. Carino:

Your statement in your 12/18/23 @ 9:51AM email that "In regards to plate 7EAT501 . . . [t]he as of date you had keyed was for 11/7/14, but you're using a reference for a VR printout for 11/4/14," does not explain the problem and makes no sense. Here's why:

● In fact, as of 11/4/14 per the DMV vehicle registration database the vehicle with plate #7EAT501 had valid current registration (as of 11/4/14).  We know that to be true because on 11/4/14 at 18:09 hours, using #7EAT501 the LAPD queried the registration database and received confirmation that the registration was current, along with identities of the vehicle's registered and legal owners (Brewster and Superior Auto). See attached PDF file 00158331.PDF. Why then when I queried the *same* database for the *same* license plate number for ownership status as of 11/7/14, i.e., just three days after the LAPD's 11/4/14 query, the DMV output file I received did not provide any ownership information as of 11/7/14 but instead error code 6 stating "NON-REVIVABLE JUNK AS OF 11/07/14"?

● It is no answer to say, as you do that I needed to use the 11/4/14 date ("Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14."). There was no change in vehicle ownership or registration in the three days following 11/4/14 (the registration was valid up until August 2015). And since the database can return ownership information based on an "as of" date – here 11/7/14 – my "as of" date of 11/7/14 should have generated the same ownership information for that date as the LAPD obtained on 11/4/14 for the same license plate number.

● Further proof of the above is that I did resubmit my query for license #7EAT501 but this time using "as of" date of 11/4/14. Recall that is what your email stated I needed to do. ("In regards to plate 7EAT501 . . . [t]he as of date you had keyed was for 11/7/14, but you're using a reference for a VR printout for 11/4/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.") Yesterday evening, I got the DMV's response – for license #7EAT501 using an "as of" date of 11/4/14 the DMV output file provided the same response as the DMV output file did for 11/7/14 except for the change in date: error code 6 stating "NON-REVIVABLE JUNK AS OF 11/07/14." See attached TXT file VRINQ_OUT5620231219.TXT.

I ask that you or someone who knows the system provide answers to the following questions:

1. Why am I not getting the vehicle ownership information recorded for license plate #7EAT501 for either "as of" dates of 11/4/14 or 11/7/14 even though we know the database had that information as of 11/4/14 when LAPD did its query on license plate #7EAT501?

2. What does "NON-REVIVABLE JUNK" mean? The manual you provided in your most recent email does not explain the meaning of this cryptic error code, when it is used, etc.

3. Why is it that for more than 95% of the queries I made based on VIN the DMV output file provided no ownership information, and only about 40-45% of the queries I made based on license plate number does the DMV output file provide ownership information, whereas when I used the same DMV batch process in 2019 in another lawsuit to retrieve vehicle ownership information for specified "as of" dates, the DMV output files provided ownership information for about 75% of all vehicles (with VIN queries providing a slightly higher hit rate than queries based on license plate numbers)?

Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Monday, December 18, 2023 9:51 AM
**To:** Donald W. Cook
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV; 'Lorinda Franco'; Yim, Paul J.@DMV; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good morning,

**I will address the VR output files for 12/12/23 and 12/13/23.**

- Please note valid records have record identifiers with 1, 2, 3, 4 (if any) & 9.

- Please note records with record identifiers with 1 & 6 returned with an error message. For each of the records with Record Identifier 6, it describes the error code and a brief description of why you did not get the record. Most of the records have VIN requests that do not exist in the DMV VR database. Each of the error codes are identified in the attached VR batch inquiry manual, Section 5C, pages 82 through 84.

- Registered owner information can be found with Record Identifiers 3 & 4.

**Here is an example of a valid output record:**

```
12445   JX6561082715A12445                                                          1
12445   190902 50 TRI   6T5203N                     CARLSBAD       92008 37   2
12445   180814BTALCOVE MITCHELL B        1778 GUEVARA RD                     3
12445   465 09/06/17 01 0058 0011300 00/00/00 B00                           9
12445   465 09/14/17 05 0077 0005000 00/00/00 T00                           9
12445   IN1 12/06/17 21 1159 0001400 00/00/00 FR3                           9
12445   465 01/23/18 05 0081 0000000 00/00/00 H00                           9
12445   140 07/31/18 03 6117 0015900 00/00/00 POT                           9
```

*Record identifier 3 shows the registered owner. The registered owner address appears on BOTH Record Identifier 2 & 3. The street address appears on Record Identifier 3. The city & zip*

*code appear on Record Identifier 2.  The specifications for card image output can be found on pages 9 through 15.*

**Here is an example of 2 records that returned an error:**

```
980901 JX6561090816A980901                                                1
980901  05    FILE CODE/LICENSE NO MATCH              121223              6
5041162JX6561031918A5041162                                               1
5041162 11    RECORD NOT ON FILE                      121223              6
```

*The first record is identified with a 1 and a 6 in the right margin.  The second record starts with a 1, which indicates a new error record.*

*The explanation of the error is on line 6.  The first record errored out because the plate number you had keyed did not match according to its File Code.  It was keyed as a regular auto plate.  On Record Identifier 1, the plate number, 98090 was keyed with File Code A.  It is not a File Code A.*

*The explanation of the second record is also on line 6 (see right margin).  The plate you had keyed does not exist in the DMV VR database.  The specifications for errors returned are found on pages 19 through 20.  Plate number 5041162 does not exist.*

In regards to **2G1WB5ENXA1111336**.  It was stated you had a VR printout for 11/4/14, but the request you had made through the VR batch program had an as-of date of 11/7/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

In regards to plate **7EAT501**.  The as of date you had keyed was for 11/7/14, but you're using a reference for a VR printout for 11/4/14.  Please resubmit the request with the 11/4/14 date you had referenced for the VR printout for 11/4/14.

Also please note that if your formatting was incorrect, the entire request would fail.  Your formatting for both 12/12/23 and 12/13/23 were correct.

Please inform me, if you have additional questions.

Thank you



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, December 14, 2023 6:07 PM
**To:** Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>; Fowler, Christopher E.@DMV <Christopher.Fowler@dmv.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

**Carino 12/21/23 email**                                                **EXHIBIT 5**

Some people who received this message don't often get email from doncook@earthlink.net. Learn why this is important

Mr. Fowler:

I write to ask for an explanation on why it appears DMV output files are not providing registered owner ("R/O") information (name & address) even though the TXT files I uploaded to the DMV sftc website were properly formatted with the correct VIN or license plate number (as verified by a DMV printout).

On 12/13/23 I received the attached DMV output file VRINQ_OUT5620231213.TXT, generated from the attached text file 00158315.TXT (but uploaded to the DMV sftc website under file name vrinquiry.txt). The DMV output file does not have R/O information for most of the submitted records. This is contrary to my experience in 2019 when in another lawsuit I obtained from the DMV the R/O info via submission of the specifically formatted text files seeking R/O information via VIN or license plate numbers. The present problem does not appear to be one of data input errors (the wrong or incorrect VIN entered in my uploaded vrinquiry.txt file). One of records in my vrinquiry.txt file had a VIN of 2G1WB5ENXA1111336 seeking the R/O as of 11/7/14. (Search for that VIN in attached file 00158315.TXT and you'll find it.) A DMV printout from 11/4/14 (see attached PDF file 00158331.PDF) confirms that under the aforementioned VIN, the DMV database identified the R/O as "Brewster Lamya Crystal, 14580 Arizona St City: Fontana Zip#: 92336." Yet the DMV output file I received (VRINQ_OUT5620231213.TXT) states that for this VIN as of 11/7/14 "No VIN matches input criteria." How can that be when there is a 11/4/14 DMV printout showing the name and address for this VIN's R/O?

The absence of R/O information for most records also exists if an inquiry is made by license plate number. The attached DMV output file VRINQ_OUT5620231212.TXT was generated from the attached text file 00158312.TXT (but again, uploaded to the DMV sftc website under file name vrinquiry.txt). Most of the output records do not reflect an R/O name or address. Using the aforementioned 11/4/14 DMV printout, DMV had in its database under license plate number 7EAT501 the "Brewster" R/O information stated above. Yet in the DMV output file I received for license number 7EAT501 as of 11/7/14 there is no R/O; instead, the output record states "Non-Reviable junk as of 11/7/14." So again, we know that as of 11/14 the DMV registration database had the R/O's name & address under license plate number 7EAT501 yet no R/O information showed up under 7EAT501 in the DMV output file I received.

Thus, I ask if you can you explain why my properly formatted vrinquiry.txt files seeking R/O information by either license plate number or VIN, do not return R/O information for most records. And while data input error might explain a few instances where the DMV is unable to provide R/O information, the data I provided was electronically copied from the same database prepared by the same people pursuant to the same process I used in 2019 to retrieve DMV R/O information (using VINs and license plate numbers).

Thank you.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:55 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'; Fowler, Christopher E.@DMV
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald,

I'm including the manager, Chis Fowler, over our Onboarding team which usually assists with the VR formatting requirements. I will be out next week.

When you're submitting a VR inquiry, you would specify a plate number with a File Code OR a VIN with the File Code. A plate and VIN cannot be submitted concurrently. If you submit both the plate and the VIN, it will error out. When submitting plates, the appropriate File Code must be entered in the appropriate space in the VR inquiry. The File Code for VIN will always be indicated with a "V". A successful inquiry will include the registered owner name and address.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:42 PM
**To:** Carino, William A.@DMV <William.Carino@dmv.ca.gov>; 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** Christensen, Bryce@DMV <Bryce.Christensen@dmv.ca.gov>; 'Nancy James' <Nancy.James@doj.ca.gov>
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

I'll do that Monday as my IT guy is cleaning up some errors. But one question I have is, via the batch process can the DMV return the R/O name & address as recorded per license plate & VIN? That is, assuming a valid license plate number & VIN, I would expect the DMV record shows the same R/O name & address data retrieved under license plate number & VIN. But if the license plate number & VIN are not for the same vehicle (b/c, say, there was a data input error re license plate or VIN), then the R/O name & address data returned under VIN & then returned under license plate number, would not match.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Carino, William A.@DMV [mailto:William.Carino@dmv.ca.gov]
**Sent:** Friday, December 8, 2023 4:19 PM
**To:** Donald W. Cook; 'Lorinda Franco'
**Cc:** Christensen, Bryce@DMV; 'Nancy James'
**Subject:** RE: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Donald – please email me the file so I can review it.



**Will Cariño** | Manager III
Information Policy and Liaison Branch | Policy Division
California Department of Motor Vehicles
O: 916-657-5583

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, December 8, 2023 4:16 PM
**To:** 'Lorinda Franco' <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Nancy James' <Nancy.James@doj.ca.gov>; Carino, William A.@DMV <William.Carino@dmv.ca.gov>
**Subject:** FW: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

> You don't often get email from doncook@earthlink.net. Learn why this is important

Ms. Franco:

Before I upload the first ASCII file to the DMV website I would like to first talk with Mr. Carino to verify the file I have is correctly formatted given Plaintiffs' objectives & the capabilities of the DMV system. Is there a number for Mr. Carino I can call? Of course I would expect you would be on the call. Please advise. Thank you.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Friday, November 17, 2023 7:22 AM
**To:** Donald W. Cook
**Cc:** 'Barry Litt'; Nancy James
**Subject:** OC: Further Instructions and Coordination on Use of Commercial Requestor Account and Companion Secure Transfer Account -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached a courtesy copy of the notice of requestor account approval that reflects the commercial requestor code.

Using the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119 that I sent to you yesterday, November 16, 2023, please refer to Section 3A for the inquiry specifications and 5A for the File Codes used for the plates and for the VINs. For every license plate, it must be keyed with the proper File Code. VIN's have the same File Code which is a "V".

Also, I have attached a Secure File User Manual and an Secure File Transfer Application Non-EPN form. Please complete, sign and return to me the SFT Application form. The inquiry method will be via SFT and will allow you to perform the inquiries directly. William Carino will be the contact for technical information on how inquiries can be made and any related issues. Email would be the preferred method of contact. Mr. Carino's email is William.Carino@dmv.ca.gov.

Thank you.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 16, 2023 2:26 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have attached the Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119.

By now you should have received a Notification Letter and the Commercial Requestor Code.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

10

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Thursday, November 9, 2023 8:17 AM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** OC: Status of Opening of Commercial Requestor Account and Provision of Requestor Code -- Brewster et al. v. City of Los Angeles

Good Morning Mr. Cook,

I have been informed that the Commercial Requestor Account will be opened and an approval letter will be sent to you on or before November 17, 2023.

The Vehicle Registration Non-Urgent Inquiry Manual ,bates stamped DMV Brewster 1 through 119, will also be provided to you on or before November 17, 2023.

I will also confirm on my end that the Commercial Requestor Account has been opened and the code has been timely provided to you.

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Lorinda Franco
**Sent:** Tuesday, November 7, 2023 1:01 PM

**Carino 12/21/23 email**

**EXHIBIT 5**

**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

Let me confirm with my client that the DMV must open the Commercial Requestor Account and issue the unique requestor code to you on or before November 21, 2023.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Tuesday, November 7, 2023 12:51 PM
**To:** Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** RE: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application -- Brewster et al. v. City of Los Angeles

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

The DMV received the check and has cashed it. See attached PDF file (copy of negotiated check).

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

---

**From:** Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
**Sent:** Tuesday, November 7, 2023 12:37 PM
**To:** Donald W. Cook

**Carino 12/21/23 email**                                              **EXHIBIT 5**

Cc: 'Barry Litt'; Nancy James
**Subject:** OC: Status of Receipt of Check and Acknowledgement of Commercial Requestor Account Application --
Brewster et al. v. City of Los Angeles

Thank you, Mr. Cook.

I am determining whether or when the check for the $69,728 was received by the DMV.


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally
privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review,
use or disclosure is prohibited and may violate applicable laws including the Electronic Communications
Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the
communication.


**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Thursday, November 2, 2023 11:05 AM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
**Subject:** Brewster v. City of Los Angeles - DMV requestor application

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is the completed DMV Commercial Requestor Account Application. Plaintiffs thus have completed
all terms applicable to them for obtaining the DMV vehicle registration data.

dwc

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally
privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review,

**Carino 12/21/23 email**        13
        -155-        **EXHIBIT 5**

use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Carino 12/21/23 email**                                        **EXHIBIT 5**

# EXHIBIT 6

**Lorinda Franco**

| | |
|---|---|
| **From:** | Lorinda Franco |
| **Sent:** | Tuesday, January 23, 2024 1:04 PM |
| **To:** | 'Donald W. Cook' |
| **Cc:** | 'Barry Litt'; 'Gabriel Dermer'; 'Joe Persoff' |
| **Subject:** | RE: Brewster v. City of Los Angeles / subpoenas on DMV re vehicle ownership data |
| **Attachments:** | SVC PROVIDER LIST APRIL 2023 Final.pdf |

Good Afternoon Mr. Cook,

I informed you in my voicemail of January 19, 2024 that I would be in touch with you on Wednesday, January 24, 2024. In addition, yesterday, we were informed that our office suffered a tremendous loss of a colleague, with whom I worked very closely and I greatly admired. So, I am unavailable to meet today.

Let me know your availability on January 24, 2024, between 12 p.m. and 1 p.m. or January 25, 2024 from 7:30 a.m. to 2:30 p.m.

**With Respect to the DMV's Compliance with the October 2023 Stipulation and Protective Order Addressing the August 2023 Subpoena:**

However, I have read all your emails and letters, and have culled through the email exchanges between yourself, Mr. William Carino, that evidences the great lengths, assistance, guidance, and effort that was provided to you to obtain the registered ownership information that you seek. The DMV has complied with every term of the October 2023 Stipulation and Protective Order, and has provided you with all the tools, access and information, and guidance necessary to obtain the information concerning the registered ownership information. The assistance that has been provided to you beyond what has been provided to many other attorneys who has requested such information through Commercial Requestor Code Information. Those attorneys had no issues further issues and were able to obtain the information they sought after they complied with the guidance provided by DMV personnel and the VR Batch Inquiry Manuals. Mr. Carino has repeatedly explained to you the nature of the error messages, provided you with instruction and guidance on how to fix the errors, but you refuse to fix the errors.

In addition, during our telephone call on January 4, 2024 (Thursday, not Friday), I explained to you that the error messages that you were receiving was due to input errors on your end, as a sampling of the vehicles for which he received error messages resulted in results on our end.

I asked you about how you performed the searches for the 34,864 vehicles.

You stated that as of January 10, 2024, you searched for registered owner information for 6000 of the vehicles using the Vehicle's License Plates. You said that you received results for 45% of those 6000 vehicles and then received error messages for 55% of those 6000 vehicles.

You proceeded to perform another search of the 6000 vehicles using the VIN, and claimed that you received results for 5% of the 6000 vehicles.

I asked you whether you performed a VIN search for just the 55% of the vehicles for which you received error messages when you performed the search using just the License Plates. You said that you would not. I suggested that you perform that search so you can cull down or isolate the vehicles for which you are receiving errors and better identify the input errors that are generating the error messages. You refused to do so.

I asked you if you performed License Plate or VIN searches of the remaining 34K+ vehicles beyond his initial 6000. You said that you did not. I suggested that you do so for the remaining vehicles, so that time is not wasted and you can further isolate the vehicles for which you are not receiving results and isolate the input errors or issues you are having with the vehicles for which you are receiving error messages. You refused to do so and claimed that such a method is inefficient. I informed you that if you continue to perform the searches as I have suggested, you can continue to move forward and reduce, isolate and identify the vehicles for which you are receiving error messages, and then those can be addressed. You again refused. You contend that there is no user error and the License Plate and VINs were being entered correctly.

We cannot force you to follow instructions, input information correctly, correct your input errors, or conduct the searches, but the DMV has provided you all the information, data base access, guidelines, guidance, user manuals, and commercial requestor code for you to obtain the information of the registered owner information of the 34k+ vehicles. Our DMV personnel have gone above and beyond with trying to assist you but you refuse to comply, fix the errors or even perform the searches necessary for you to obtain the information.

As you appear to be having trouble, another option for you to explore is to hire a vendor that could perform the searches for you. I have attached the list of vendors that attorneys have used in the past to aid you. There is nothing wrong or deficient with the VR Batch Inquiry Database that has been provided to you. And it would be unduly burdensome and harassing to dedicate one of our DMV personnel to commit their time and effort full time to search for the information that you request.

**With Respect to the November 2023 Subpoena Seeking Driver's License Information**

I am preparing the draft stipulation concerning the Driver's License information that you seek, however, in order to use the Driver's License database that will provide the updated contact information of the registered owners of the 34k+ vehicles that you seek according to the dates of the citations, you must first have the registered owners name. You will have to complete an Amended Commercial Requestor Account Application as the one you submitted did not request DL information to be provided with the registered owner information and specifically reads that you did not want the Driver's License Information at the time you completed the Commercial Requestor Code application.

Once you submit the Amended Commercial Requestor Code application, your commercial requestor code account will be updated so that the VR Inquiry Batch Process that you search for seeking the registered ownership information as of the citation date will also include the DL information of that registered owner. We can change the set up fairly quickly within 1-2 business days.

Once you obtain the DL information and the name of the registered owner, you will then input the DL number and the first three letters of the last name into the SFT/FTP Driver's License Overnight Batch database.  The SFT/FTP Driver's Licene Overnight Batch database is what will provide the current address of the registered owner that you seek. As I have repeatedly told you, it's a different database, and it requires a separate $2 per record fee to use that database. Once we receive the check, the DMV can set up your access to the SFT/FTP Driver's License Overnight Batch database within 1-2 business days.

I will prepare the Stipulation and Protective Order to address the November 2023 subpoena, but you will likely run into the same problems using this database as the errors stem from user errors. To expedite matters, you may wish to hire the same vendor. I refer to the same vendor list that I attached to this email.

Thank you.

Lorinda D. Franco
Deputy Attorney General
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, January 19, 2024 4:11 PM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>; 'Gabriel Dermer'
<gabriel.dermer@lacity.org>; 'Joe Persoff' <joseph.persoff@lacity.org>
**Subject:** Brewster v. City of Los Angeles / subpoenas on DMV re vehicle ownership data

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is my 1/19/24 letter. Also faxed.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

# EXHIBIT 7

**Lorinda Franco**

| | |
|---|---|
| **From:** | Lorinda Franco |
| **Sent:** | Wednesday, January 24, 2024 6:42 AM |
| **To:** | 'Donald W. Cook' |
| **Cc:** | 'Barry Litt'; 'Gabriel Dermer'; 'Joe Persoff' |
| **Subject:** | RE: Brewster v.  City of Los Angeles / subpoenas on DMV re vehicle ownership data |

Mr. Cook,

**With Respect to the DMV's Compliance with the October 2023 Stipulation and Protective Order Addressing the August 2023 Subpoena:**

There is VR Direct Online Inquiry program where you manually key in each license plate number of each vehicle and input the as of date, and it will generate the record directly to you as opposed to an overnight batch. However, that VR Direct Online Access program will not provide any driver's license numbers, which you will need to obtain the most current address information of the registered owners of the 34k+ vehicles as of the date of the citation that you seek. I explored this option as well and the draw back is that it is very time consuming, you will run into the same problems you did with the VR Batch Overnight Inquiry program, and it won't provide you with the DL information for cross-referencing in the SFT/FTP Driver's Licene Overnight Batch database to obtain the most current address information.

However this VR Direct Online Inquiry program is an option to address solely the October 2023 Stipulation and Protective Order, let me know if you wish to explore this avenue and I will make further inquiries.

Thank you.

Lorinda D. Franco
Deputy Attorney General
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Franco 1/24/24 email**                    **EXHIBIT 7**

**From:** Lorinda Franco
**Sent:** Tuesday, January 23, 2024 1:04 PM
**To:** 'Donald W. Cook' <doncook@earthlink.net>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; 'Gabriel Dermer' <gabriel.dermer@lacity.org>; 'Joe Persoff' <joseph.persoff@lacity.org>
**Subject:** RE: Brewster v. City of Los Angeles / subpoenas on DMV re vehicle ownership data

Good Afternoon Mr. Cook,

I informed you in my voicemail of January 19, 2024 that I would be in touch with you on Wednesday, January 24, 2024. In addition, yesterday, we were informed that our office suffered a tremendous loss of a colleague, with whom I worked very closely and I greatly admired. So, I am unavailable to meet today.

Let me know your availability on January 24, 2024, between 12 p.m. and 1 p.m. or January 25, 2024 from 7:30 a.m. to 2:30 p.m.

**With Respect to the DMV's Compliance with the October 2023 Stipulation and Protective Order Addressing the August 2023 Subpoena:**

However, I have read all your emails and letters, and have culled through the email exchanges between yourself, Mr. William Carino, that evidences the great lengths, assistance, guidance, and effort that was provided to you to obtain the registered ownership information that you seek. The DMV has complied with every term of the October 2023 Stipulation and Protective Order, and has provided you with all the tools, access and information, and guidance necessary to obtain the information concerning the registered ownership information. The assistance that has been provided to you beyond what has been provided to many other attorneys who has requested such information through Commercial Requestor Code Information. Those attorneys had no issues further issues and were able to obtain the information they sought after they complied with the guidance provided by DMV personnel and the VR Batch Inquiry Manuals. Mr. Carino has repeatedly explained to you the nature of the error messages, provided you with instruction and guidance on how to fix the errors, but you refuse to fix the errors.

In addition, during our telephone call on January 4, 2024 (Thursday, not Friday), I explained to you that the error messages that you were receiving was due to input errors on your end, as a sampling of the vehicles for which he received error messages resulted in results on our end.

I asked you about how you performed the searches for the 34,864 vehicles.

You stated that as of January 10, 2024, you searched for registered owner information for 6000 of the vehicles using the Vehicle's License Plates. You said that you received results for 45% of those 6000 vehicles and then received error messages for 55% of those 6000 vehicles.

You proceeded to perform another search of the 6000 vehicles using the VIN, and claimed that you received results for 5% of the 6000 vehicles.

I asked you whether you performed a VIN search for just the 55% of the vehicles for which you received error messages when you performed the search using just the License Plates. You said that you would not. I suggested that you perform that search so you can cull down or isolate the vehicles for which you are receiving errors and better identify the input errors that are generating the error messages. You refused to do so.

I asked you if you performed License Plate or VIN searches of the remaining 34K+ vehicles beyond his initial 6000. You said that you did not. I suggested that you do so for the remaining vehicles, so that time is not wasted and you can further isolate the vehicles for which you are not receiving results and isolate the input errors or issues you are having with the vehicles for which you are receiving error messages. You refused to do so and claimed that such a method is inefficient. I informed you that if you continue to perform the searches as I have suggested, you can continue to move forward and reduce, isolate and identify the vehicles for which you are receiving error messages, and then those can be addressed. You again refused. You contend that there is no user error and the License Plate and VINs were being entered correctly.

We cannot force you to follow instructions, input information correctly, correct your input errors, or conduct the searches, but the DMV has provided you all the information, data base access, guidelines, guidance, user manuals, and commercial requestor code for you to obtain the information of the registered owner information of the 34k+ vehicles. Our DMV personnel have gone above and beyond with trying to assist you but you refuse to comply, fix the errors or even perform the searches necessary for you to obtain the information.

As you appear to be having trouble, another option for you to explore is to hire a vendor that could perform the searches for you. I have attached the list of vendors that attorneys have used in the past to aid you. There is nothing wrong or deficient with the VR Batch Inquiry Database that has been provided to you. And it would be unduly burdensome and harassing to dedicate one of our DMV personnel to commit their time and effort full time to search for the information that you request.

**With Respect to the November 2023 Subpoena Seeking Driver's License Information**

**Franco 1/24/24 email**                    3
**EXHIBIT 7**

I am preparing the draft stipulation concerning the Driver's License information that you seek, however, in order to use the Driver's License database that will provide the updated contact information of the registered owners of the 34k+ vehicles that you seek according to the dates of the citations, you must first have the registered owners name. You will have to complete an Amended Commercial Requestor Account Application as the one you submitted did not request DL information to be provided with the registered owner information and specifically reads that you did not want the Driver's License Information at the time you completed the Commercial Requestor Code application.

Once you submit the Amended Commercial Requestor Code application, your commercial requestor code account will be updated so that the VR Inquiry Batch Process that you search for seeking the registered ownership information as of the citation date will also include the DL information of that registered owner. We can change the set up fairly quickly within 1-2 business days.

Once you obtain the DL information and the name of the registered owner, you will then input the DL number and the first three letters of the last name into the SFT/FTP Driver's License Overnight Batch database.  The SFT/FTP Driver's Licene Overnight Batch database is what will provide the current address of the registered owner that you seek. As I have repeatedly told you, it's a different database, and it requires a separate $2 per record fee to use that database. Once we receive the check, the DMV can set up your access to the SFT/FTP Driver's License Overnight Batch database within 1-2 business days.

I will prepare the Stipulation and Protective Order to address the November 2023 subpoena, but you will likely run into the same problems using this database as the errors stem from user errors. To expedite matters, you may wish to hire the same vendor. I refer to the same vendor list that I attached to this email.

Thank you.

Lorinda D. Franco
Deputy Attorney General
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**Franco 1/24/24 email**                                    **EXHIBIT 7**

**From:** Donald W. Cook <doncook@earthlink.net>
**Sent:** Friday, January 19, 2024 4:11 PM
**To:** Lorinda Franco <Lorinda.Franco@doj.ca.gov>
**Cc:** 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>; 'Gabriel Dermer'
<gabriel.dermer@lacity.org>; 'Joe Persoff' <joseph.persoff@lacity.org>
**Subject:** Brewster v. City of Los Angeles / subpoenas on DMV re vehicle ownership data

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Ms. Franco:

Attached as a PDF file is my 1/19/24 letter. Also faxed.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

**Franco 1/24/24 email**                                                                 **EXHIBIT 7**

# EXHIBIT 8

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook
_____

January 25, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

  Re: *Lamya Brewster et al. v. City of Los Angeles et al.*
    U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

  Initially, I note you unilaterally terminated our L.R. 37-1 conference before it had finished and without my consent. In short, you hung up on me (and Mr. Gabriel Dermer who was also on line). That said, here are where the parties stand regarding the two subpoenas served on the DMV:

  &bull; The parties agree that a motion to compel will be necessary. Plaintiffs will forward their portion of a L.R. 37-2 Stipulation.

  &bull; For obtaining the data Plaintiffs seek, Plaintiffs would prefer to use an overnight batch process rather than instantaneous on-line access (because a batch process is more efficient and less costly) *provided* the batch process returns ownership data for "as-of" dates, including registered owner's license / identification number when recorded in VVRD, for *all* vehicles, i.e., including vehicles that have been junked or disposed of as scrap metal and thus can no longer be registered or titled. For example, Ms. Brewster's 2010 Impala, license plate number 7EAT501, was sold as scrap metal a few years ago, and reported as such to the DMV. Thus, when I use the VR overnight batch process the DMV provided me in which I seek the Impala's ownership data as of 11/4/14 (the same date the LAPD obtained the DMV's ownership data for the Impala), the DMV's output file the batch process generated does NOT return any ownership data; instead, the output file states that for license plate number 7EAT501, the vehicle is "Non-reviable junk as of 11/4/14."

  &bull; You claimed that the VR overnight batch process the DMV provided me will, in fact, provide ownership data for vehicles like Ms. Brewster's 2010 Impala, *i.e.*, vehicles that can no longer be titled or registered. But when I asked you to explain why the batch process will not provide the ownership data as of 11/4/14 for Ms. Brewster's Impala, you refused to respond. You also refused to respond to the evidence I gave you, including William Carino's 12/20/23 @ 10:05 AM email, that the batch process does NOT return ownership data for vehicle license plate numbers or VINs that can no longer be titled and registered.

  For purposes of the L.R. 37-2 Stipulation, there should not be any issue of relevancy or privilege or cost of production. Plaintiffs agree that the data the DMV produces will be subject to a protective order and that Plaintiffs are liable for the DMV's actual out-of-pocket expense in generating the requested data. Thus, as Plaintiffs see them, the primary issues are: (1) has the DMV provided a process that will generate *all* the data Plaintiffs' subpoenaed? (Plaintiffs' position is that the DMV has not for reasons stated in the two bullet point paragraphs above; and (2) does the DMV

00158700.WPD

**Cook 1/25/24 letter**          **EXHIBIT 8**

Lorinda D. Franco
January 25, 2024
Page 2


have the capability to provide *all* the requested data? (Plaintiffs' position is that it does for reasons set forth in Plaintiffs' *ex parte* application filed earlier this month).

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer; Joseph S. Persoff.

# EXHIBIT 9

**Lorinda Franco**

| | |
|---|---|
| **From:** | Lorinda Franco |
| **Sent:** | Wednesday, December 6, 2023 7:26 AM |
| **To:** | Donald W. Cook |
| **Cc:** | 'Barry Litt'; Nancy James |
| **Subject:** | RE: Brewster et al. v. City of Los Angeles |

Good Morning Mr. Cook,

I have not received a draft stipulation or response to my email proposing to enter into another stipulation to address your November 17, 2023 subpoena. Should I go ahead and draft one?

Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

-----Original Message-----
From: Lorinda Franco <Lorinda.Franco@doj.ca.gov>
Sent: Saturday, November 18, 2023 12:00 AM
To: Donald W. Cook <doncook@earthlink.net>
Cc: 'Barry Litt' <blitt@mbllegal.com>; Nancy James <Nancy.James@doj.ca.gov>
Subject: RE: Brewster et al. v. City of Los Angeles

I see. Let's craft another stipulation and protective order.
_____
From: Donald W. Cook [doncook@earthlink.net]
Sent: Friday, November 17, 2023 10:55 PM
To: Lorinda Franco
Cc: 'Barry Litt'; Nancy James
Subject: RE: Brewster et al. v. City of Los Angeles

EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

1

**Franco 12/6/23 email**       **EXHIBIT 9**

This subpoena is seeking the driver's license / identification numbers of registered owners to the extent such identifiers were recorded in the vehicle registration database. The earlier subpoena sought only the addresses of registered / legal owners, information that is available per the batch process.


donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile


From: Lorinda Franco [mailto:Lorinda.Franco@doj.ca.gov]
Sent: Friday, November 17, 2023 6:10 PM
To: Donald W. Cook
Cc: 'Barry Litt'; Nancy James
Subject: RE: Brewster et al. v. City of Los Angeles


Good Evening Mr. Cook,

How does this subpoena differ from the one you previously served and that we have already resolved via the stipulation and protective order?


Lorinda D. Franco
Deputy Attorney General IV
CA Office of the Attorney General
Civil Division-E.A.M. Section
300 S. Spring Street, Suite 1702
Los Angeles, California 90013
Direct DOJ Cell: (213) 407-6210

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.


From: Donald W. Cook <doncook@earthlink.net<mailto:doncook@earthlink.net>>
Sent: Friday, November 17, 2023 5:55 PM
To: Lorinda Franco <Lorinda.Franco@doj.ca.gov<mailto:Lorinda.Franco@doj.ca.gov>>
Cc: 'Barry Litt' <blitt@mbllegal.com<mailto:blitt@mbllegal.com>>; Nancy James
<Nancy.James@doj.ca.gov<mailto:Nancy.James@doj.ca.gov>>
Subject: Brewster et al. v. City of Los Angeles


EXTERNAL EMAIL: This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.


Ms. Franco:

**Franco 12/6/23 email**

**EXHIBIT 9**

Attached as PDF files are (a) my 11/17/23 letter to the DMV, and (b) a deposition subpoena for records only directed to the DMV.

donald w. cook
attorney at law
3435 wilshire blvd., ste. 2910
los angeles, ca 90010
(213) 252-9444 / (213) 252-0091 facsimile

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

# EXHIBIT 10

BARRET S. LITT, SBN 45527
MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
(626) 844-7660 / (626) 844-7670 fax
Email: blitt@kmbllaw.com
*Attorneys for Plaintiffs*

DONALD W. COOK, SBN 116666
Attorney at Law
3435 Wilshire Boulevard, Ste. 2910
Los Angeles, California 90010
Telephone: (213) 252-9444
Fax: (213) 252-0991
Email: doncook@earthlink.net,
*Attorneys for Plaintiffs*

ROB BONTA
Attorney General of California
GARY BALEKJIAN
Supervising Deputy Attorney General
LORINDA D. FRANCO
Deputy Attorney General
State Bar No. 213856
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6459
Fax: (916) 731-2119
E-mail: Lorinda.Franco@doj.ca.gov
*Attorneys for Non-Interested Party
California Department of Motor
Vehicles*

HYDEE FELDSTEIN SOTO
City Attorney of Los Angeles
GABRIEL S. DERMER, SBN 229424
Assistant City Attorney
JOSEPH S. PERSOFF, SBN 307986
Deputy City Attorney
200 North Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-7560 / (213) 978-7011 fax
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAMYA BREWSTER ET AL.,** | EDCV14-2257 JGB (SPx) |
| Plaintiff, | **STIPULATION RE TERMS OF COMPLIANCE OF JULY 22, 2019 ORDER AND NOVEMBER 2023 SUBPOENA AND FOR ISSUANCE OF PROTECTIVE ORDER** |
| **v.** | |
| **CITY OF LOS ANGELES , ET AL.,** | |
| Defendant. | Courtroom:    4<br>Judge:  The Honorable Sheri Pym |

This Stipulation is entered into by and between Plaintiffs Lamya Brewster,

Elias Arizmendi, and Julian Vigil, et al., as individuals and as class representatives,

Defendants City of Los Angeles, et al. and non-interested party California

Department of Motor Vehicles ("Department of Motor Vehicles" or "DMV") (collectively, the "Parties" and individually, "a Party") with respect to the following procedural facts:

1.    On July 22, 2019, the Court issued an order (the "Order") relating to Plaintiffs' Motion to Compel Non-Party California Department of Motor Vehicles to Produce Computer Data in response to Plaintiffs' subpoena duces tecum without Plaintiffs being required to pay the DMV for the amount of costs of the production as determined by the California Legislature. A true and correct copy of the Order is attached hereto as Exhibit 1. The Motion concerned Plaintiffs' May 16, 2019 subpoena to the DMV, which requested the following:

> DMV electronically recorded data reflecting vehicle owners names & addresses, as matched to the vehicle license plate number with corresponding date, and vehicle identification number (VIN) and corresponding date, per attached TEXT files (provided on DVD).

2.    On or about November 17, 2023, Plaintiffs issued the California Department of Motor Vehicles with a subpoena duces tecum for the driver's license information of registered owners of vehicles Defendants seized pursuant to California Vehicle Code section 14602.6 ("November 2023 subpoena"). The DMV received the November 2023 subpoena on or about November 20, 2023. The records identified for production are:

> (1)    In its originally recorded form as electronic data, "License Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," i.e., vehicle ownership identity information as of a particular date.

**Stipulation Terms etc.**

**EXHIBIT 10**

(2) "License Data" refers to the driver's license number or identification number of the vehicle's registered owner(s) as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX, 00157079.XLSX.

    a.  For file 00157079.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number [is] recorded in column "LICENSE" (column H of file 00157079.XLSX).

    b.  For file 00157079.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C), the License Data addresses(s) recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157079.XLSX).

    c.  For file 00157078.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157078.XLSX).

    d.  For file 00157078.XLSX, the subpoena seeks, as of the date stated in the columns "DATE-IN" and "DATE 180" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157078.XLSX).

STIPULATION RE COMPLIANCE AND PROTECTIVE ORDER (EDCV14-2257 JGB (SPx))

**Stipulation Terms etc.**      **EXHIBIT 10**

e.  For file 00157077.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J), the License Data recorded in VVRD of the vehicle's registered and legal owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157077.XLSX).

f.  For file 00157077.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157077.XLSX).

Files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX are included with this subpoena in the thumb drive (USB 2.0) in the envelope attached to this subpoena.

The Ownership Data should be produced in its electronic form and exported to an ODBC data file (e.g., Microsoft Access, Microsoft Excel, etc.). The subpoena does not seek production of paper records or paper print-outs of Ownership Data; the subpoena seeks the Ownership Data as electronic data. It is expected that the deponent will use programming to match records in files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX with records in VVRD that reflect the requested Ownership Data.

Plaintiffs will pay the reasonable costs of programming to produce the requested data.

1    3.    Plaintiffs have identified a total of **34,864** vehicles in the three Microsoft

2    Excel Files (00157077.XLSX, 00157078.XLSX, 00157079.XLSX) provided to the

3    DMV's counsel via email on August 24, 2023 and September 22, 2023. Each

4    vehicle is identified by license plate number, vehicle identification numbers, make

5    and model, and time frames of the ownership information sought. File

6    00157077.XLSX is comprised of an Excel spreadsheet identifying **19044** vehicles.

7    File 00157078.XLSZ is comprised of an Excel spreadsheet that identifies **5905**

8    vehicles. File 00157079.XLSX is comprised of an Excel spreadsheet that identifies

9    **9915** vehicles. Plaintiffs represent that the driver's license information sought in the

10   November, 2023 subpoena is for the purpose of determining and notifying the class

11   members and calculating the damages award for each class member.

12   4.    The DMV is generally prohibited from disclosing personal information,

13   including driver's license information, by California Vehicle Code section 1808.21,

14   subdivision (a), but section 1808.22 allows exceptions for attorneys. Pursuant to

15   section 1808.22, an attorney is allowed to access the DMV's database if the

16   attorney states the information is necessary in order to represent a client "in a

17   criminal or civil action that directly involves the use of the motor vehicle or vessel

18   that is pending, is to be filed, or is being investigated." The DMV contends that

19   pursuant to Article 13 of the California Code of Regulations, sections 350.16,

20   subdivision (a), 350.22, subdivision (a) and 350.24, and Vehicle Code section

21   1819.2, subdivision (c), in order to obtain this information, an attorney must first

22   submit an application to open a Commercial Requestor Account, which must

23   include certain basic information, and remit a filing fee of $250, and post a $50,000

24   bond upon approval of the application.

25   5.    On or about November 2, 2023, Plaintiffs' counsel submitted a signed

26   Commercial Requestor Code Application seeking access to the VR Registration

27   database via the VR Overnight Batch Inquiry program to obtain the residential

28   addresses of registered owners, determined by Plaintiffs' counsel to be relevant and

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))

**Stipulation Terms etc.**    **-180-**    **EXHIBIT 10**

material to the above entitled action, of 34,864 vehicles identified in its three Microsoft Excel Files (00157077.XLSX, 00157078.XLSX, 00157079.XLSX). The Commercial Requestor Code Application submitted on November 2, 2023 did not request any driver's license information and in fact indicates that in response to Section F, question 2 as to whether the applicant was interested in other electronic information access directly from the DMV, Plaintiffs' counsel indicated. "No. Not at this time but after receipt of the VR info, will be seeking DL info" and in response to the Section G, question 1 asking the applicant to identify the purpose and type of information request, Plaintiff's counsel only indicated "VR" and "Residence address requested", and did not identify "DL".

6.    On or about November 9, 2023, the DMV mailed Plaintiffs' counsel a Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and activated and the commercial requestor code issued to Plaintiffs' counsel.

7.    On November 16, 2023, the DMV's counsel provided Plaintiffs' counsel a copy of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119.

8.    On November 17, 2023, the DMV's counsel emailed Plaintiffs' counsel: (a) a courtesy copy of the Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and the commercial requestor code; (b) a copy of the DMV's Secure File User Manual; and (c) a Secure File Transfer Application Non-EPN form.

9.    On November 21, 2023, Plaintiffs' counsel provided a completed and signed Secure File Transfer Application Non-EPN form.

10.    On November 29, 2023, DMV's counsel provided Plaintiffs' counsel a user ID and temporary password to the DMV SFTC website, and instructions on how to access, login and change his password and to advise when his password has been completed.

6

**Stipulation Terms etc.**    **-181-**    STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))    **EXHIBIT 10**

11.   From December 8, 2023 through on or about December 28, 2023, through multiple emails, DMV personnel provided Plaintiffs' counsel with: direction on how to properly format the search inquiries; detailed explanations and instructions on how to correct improperly entered search queries; updated copies of the DMV's VR Registration Inquiry Manual for Batch (Overnight) Processing; detailed explanations answering his questions and that most of the records refer to VIN requests that do not exist in the DMV VR database; specific citations to the information by section and page numbers in the VR Registration manual that lists and describe the meaning of the error codes he received; detailed explanations on how to read the valid output record that he claims did not provide the registered owner information when it had; detailed explanations on how to understand the error messages using two examples of error messages that he received; and detailed explanations that if the format of the request was incorrect then the he would receive an error message for the entire inquiry. DMV personnel and DMV's counsel repeatedly explained to Plaintiffs' counsel that he was inputting License Plates and/or VINs that do not exist, not inputting the correct information to generate the information, and not using the manual provided to him to identify the error codes for further explanation. DMV personnel repeatedly explained to Plaintiffs' counsel the errors with his search inquiries and submissions, and instructions on how to correct the errors. For example, the DMV personnel also identified that most of the errors had to do with license plates being inputted as the incorrect type of license plate, and that every plate in the DMV database has different file codes. But Plaintiffs' counsel refused to correct and resubmit the search inquiries as explained and instructed by DMV personnel.

12.   In addition, on December 28, 2023, DMV personnel and the DMV's counsel met with Plaintiffs' counsel via telephone to answer his questions and to assist him with his search inquiries. Plaintiffs' counsel insisted that specialized programming would be required to obtain the ownership information he seeks.

**Stipulation Terms etc.**                    **-182-**

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))                                **EXHIBIT 10**

13.   On January 23, 2024, the DMV provided Plaintiffs with a list of vendors that the DMV has worked with in the past to aid authorized users, such as attorneys, to perform searches using the VR Overnight Batch Inquiry program, VR Direct Online Access program, and the SFT/FTP Driver's License Overnight Batch program.

14.   On January 24, 2024, the DMV offered Plaintiffs' counsel the option of changing Plaintiffs' Commercial Requestor Account to permit inquiries using the VR Direct Online Access program rather than the VR Overnight Batch Inquiry program, which was opened on or about November 17, 2023 and that Plaintiffs' counsel had been using to perform their inquiries. On January 25, 2024, Plaintiffs' counsel elected to continue to use the VR Overnight Batch Inquiry program.

15.   In the regular course of the DMV's business, the VR Registration database using either the VR Direct Online Access program and VR Overnight Batch Inquiry program, does not provide driver's license number information to commercial requestors, the public or attorneys.

16.   In his effort to obtain the most current contact information of class members, in addition to other resources available to Plaintiffs such as Google, private investigators, Lexis and Westlaw, Plaintiffs seek access to the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, which requires the input of the driver's license number and the first three letters of the last name of the individual sought provided the individual's last name has three or more letters pursuant to Vehicle Code.

## **JOINT STIPULATION**

In recognition of the foregoing facts, to aid in Plaintiffs' efforts to obtain information concerning the most current addresses of the relevant registered owners of the 34,864 vehicles identified in its three Microsoft Excel Files 00157077.XLSX, 00157078.XLSX, and 00157079.XLSX, and based on their thorough review of the July 22, 2019 Order, the Parties hereby stipulate that full compliance with the July

22, 2019 Order and November, 2023 subpoena seeking shall be accomplished as follows:

1.    Plaintiffs will undertake their own efforts, such as using a private investigator or legal research databases, such as Lexis, Westlaw, or Google, to obtain the driver's license numbers of the registered owners of the 34,864 vehicles identified in its three Microsoft Excel Files 00157077.XLSX, 00157078.XLSX, and 00157079.XLSX that have resulted from Plaintiffs' inquiries using the VR Registration database via the VR Overnight Batch Inquiry program.

2.    **Procedure to Access the Driver License Volume Requestor Database:**
To obtain access to the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, Plaintiffs and Plaintiffs' counsel shall comply with the procedures and information disclosures required in opening such an account, including but not limited to completing and signing a new Commercial Requestor Application, which provides the information described in California Code of Regulations title 13 sections 350.16 and 350.18, and submitting it to the DMV's counsel via email. The Commercial Requestor Account Application was provided to Plaintiffs' counsel on September 22, 2023, and is available to the public at the URL address

https://www.dmv.ca.gov/portal/uploads/2023/07/INF-1106-R11-2006-AS-WWW.pdf

3.    Plaintiffs and Plaintiffs' counsel are not required to pay the $50,000 bond or the $250 application fee that would ordinarily be required to open a Commercial Requestor Account and be issued a requestor code;

4.    As required by the Order, the DMV must be paid $2.00 per record that would ordinarily be required for issuance of the subject information via the Commercial Requestor Account. Plaintiffs' counsel shall remit payment of $2.00 per driver's license record for each vehicle identified in its three Microsoft Excel Files (00157077.XLSX; 00157078.XLSZ; 00157079.XLSX) or remit payment of

**Stipulation Terms etc.**                              **EXHIBIT 10**

**$69,728** via check made payable to the Department of Motor Vehicles for the

**34,864** vehicles identified in the three Microsoft Excel files, and mailing it to:

> Attn: Jerry Zielinski/Paul Yim, Department of Motor Vehicles  - AMU
> C/O AARON FLORES
> 2570 24th Street, M/S H264
> Sacramento, CA  95818.

Upon mailing the check for **$69,728** to the DMV, Plaintiffs' counsel will send

proof of mailing the check to DMV's counsel via email. Within **ten (10) court**

**days** of the DMV's receipt of the check for **$69,728** made payable to the

Department of Motor Vehicles and a completed and signed Commercial Requestor

Account Application, the Department of Motor Vehicles will open a new

Commercial Requestor Account, which permits Plaintiffs' counsel to access the

Driver License Volume Requestor Database using the SFT/FTP Driver's License

Overnight Batch program, and issue Plaintiffs' counsel a unique requestor code to

obtain the most current contact information of the registered owners of the **34,864**

vehicles, only, identified in its three Microsoft Excel Files (00157077.XLSX;

00157078.XLSZ; 00157079.XLSX). Plaintiffs' counsel shall determine the

ownership information relevant and material to the litigation. Plaintiffs' counsel

shall employ a vendor identified on the vendor list, which was provided to

Plaintiffs' counsel, *supra,* at paragraph 11, and pay for the costs of the vendor's

service(s) should Plaintiffs' counsel experience difficulty in conducting the

inquiries.

5.    After Plaintiffs' counsel has obtained the ownership information for the

**34,864** vehicles identified in its three Microsoft Excel Files (00157077.XLSX,

00157078.XLSX, 00157079.XLSX), Plaintiffs' counsel shall notify the DMV's

counsel via email and the DMV will deactivate the unique requestor code issued to

Plaintiffs' counsel and close the Commercial Requestor Account that permits

Plaintiffs' counsel to access the Driver License Volume Requestor Database using

the SFT/FTP Driver's License Overnight Batch program, within five (5) court days;

**Stipulation Terms etc.**                    **-185-**                    STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))                                          **EXHIBIT 10**

1    6.    The DMV will produce a copy of the Volume Requester – Driver License

2    Inquiries bates stamped DMV - Brewster 120 through 127.

3    7.    This stipulation cannot be used as evidence in this or any other

4    proceeding to support a motion to compel discovery.

5    8.    The information disclosed by the DMV pursuant to the foregoing process

6    is designated as confidential, shall be kept confidential and its use limited to the

7    Parties' attorneys, their legal staff, data consultants, vendor(s), and class

8    administrator. Counsel for the Parties shall inform their legal staff, data consultants

9    and class administrator(s) of the terms of this stipulation and protective order, and

10   document and maintain the names of the data consultants and class administrator(s)

11   who were provided access to the information subject to this stipulation and

12   protective order. The information shall be used for the purposes of this litigation

13   only, and shall be destroyed at the conclusion of this litigation. The July 22, 2019

14   Order does not require the individual confidentiality agreements for each record

15   provided that would otherwise be required by Vehicle Code section 1808.22,

16   subdivision (d).

17   9.    Breach of the terms of this Stipulation entitles, the non-breaching party to

18   seek monetary sanctions against the breaching party in an amount of no less than

19   the attorneys' fees and costs incurred in responding to the November 2023

20   subpoena, including all time spent during meet and confer conferences, the

21   preparation of this Stipulation, the preparation of opposition briefs seeking to

22   compel compliance, for issuance of monetary sanctions, to quash, or for protective

23   order pertaining to the November 2023 deposition subpoena.

24   10.   Plaintiffs and the DMV request that the Court issue a protective order in

25   the form submitted with this Stipulation, compelling production of the information

26   subject to the July 22, 2019 Order and sought in the subpoena issued November,

27   2023 but as limited by the proposed protective order.

28

11

**Stipulation Terms etc.**         **-186-**                    **EXHIBIT 10**

1     SO STIPULATED.

2

3     Dated: _____, 2024

McLANE, BEDNARSKI & LITT, LLP
4                                              DONALD W. COOK, ATTORNEY AT LAW
SCHONBRUN, SEPLOW, HARRIS,
5                                              HOFFMAN & ZELDES

6

7                                              DONALD W. COOK
Attorneys for Plaintiffs Lamya
8                                              Brewster, Elias Arizmendi, and Julian
Vigil, et al., as individuals and as class
9                                              representatives

10

11    Dated: _____, 2024

HYDEE FELDSTEIN SOTO
12                                             City Attorney of Los Angeles
GABRIEL S. DERMER
13                                             Assistant City Attorney
JOSEPH S. PERSOFF
14                                             Deputy City Attorney

15

16                                             GABRIEL S. DERMER
Assistant City Attorney
17                                             JOSEPH S. PERSOFF
Deputy City Attorney, *Attorneys for*
18                                             *Defendants*

19

20

21    Dated: February 12, 2024

ROB BONTA
22                                             Attorney General of California
GARY BALEKJIAN
Supervising Deputy Attorney General

23

24

25                                             LORINDA D. FRANCO
Deputy Attorney General
26                                             *Attorneys for Non-Interested Party*
*California Department of Motor*
27                                             *Vehicles*

28

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))

**Stipulation Terms etc.**          **-187-**          **EXHIBIT 10**

1

2                                    **<u>ORDER</u>**

3          **GOOD CAUSE APPEARING,** the Court hereby approves this Stipulation

4    and Protective Order.

5          **IT IS SO ORDERED.**

6

7    **Dated:**_____                    **The Honorable Sheri Pym, U.S.**
                                                           **Magistrate Judge**
8

9

10   LA2018502809 66565992.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))                          **EXHIBIT 10**

# EXHIBIT 11

BARRET S. LITT, SBN 45527
MCLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
(626) 844-7660 / (626) 844-7670 fax
Email: blitt@kmbllaw.com
*Attorneys for Plaintiffs*

DONALD W. COOK, SBN 116666
Attorney at Law
3435 Wilshire Boulevard, Ste. 2910
Los Angeles, California 90010
Telephone: (213) 252-9444
Fax: (213) 252-0991
Email: doncook@earthlink.net,
*Attorneys for Plaintiffs*

ROB BONTA
Attorney General of California
GARY BALEKJIAN
Supervising Deputy Attorney General
LORINDA D. FRANCO
Deputy Attorney General
State Bar No. 213856
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6459
Fax: (916) 731-2119
E-mail: Lorinda.Franco@doj.ca.gov
*Attorneys for Non-Interested Party*
*California Department of Motor*
*Vehicles*

HYDEE FELDSTEIN SOTO
City Attorney of Los Angeles
GABRIEL S. DERMER, SBN 229424
Assistant City Attorney
JOSEPH S. PERSOFF, SBN 307986
Deputy City Attorney
200 North Main Street, 6th Floor
Los Angeles, CA 90012
(213) 978-7560 / (213) 978-7011 fax
gabriel.dermer@lacity.org
joseph.persoff@lacity.org
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LAMYA BREWSTER ET AL.,**<br><br>Plaintiff,<br><br>v.<br><br>**CITY OF LOS ANGELES , ET AL.,**<br><br>Defendant. | EDCV14-2257 JGB (SPx)<br><br>**STIPULATION RE TERMS OF COMPLIANCE OF JULY 22, 2019 ORDER AND NOVEMBER 2023 SUBPOENA AND FOR ISSUANCE OF PROTECTIVE ORDER**<br><br>Courtroom:   4<br>Judge:  The Honorable Sheri Pym |

This Stipulation is entered into by and between Plaintiffs Lamya Brewster,

Elias Arizmendi, and Julian Vigil, et al., as individuals and as class representatives,

Defendants City of Los Angeles, et al. and non-interested party California

**Stipulation re Terms**

1

-190-

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))
**EXHIBIT 11**

Department of Motor Vehicles ("Department of Motor Vehicles" or "DMV") (collectively, the "Parties" and individually, "a Party") with respect to the following procedural facts:

1.    On July 22, 2019, the Court issued an order (the "Order") relating to Plaintiffs' Motion to Compel Non-Party California Department of Motor Vehicles to Produce Computer Data in response to Plaintiffs' subpoena duces tecum without Plaintiffs being required to pay the DMV for the amount of costs of the production as determined by the California Legislature. A true and correct copy of the Order is attached hereto as Exhibit 1. The Motion concerned Plaintiffs' May 16, 2019 subpoena to the DMV, which requested the following:

> DMV electronically recorded data reflecting vehicle owners names & addresses, as matched to the vehicle license plate number with corresponding date, and vehicle identification number (VIN) and corresponding date, per attached TEXT files (provided on DVD).

2.    On or about November 17, 2023, Plaintiffs issued the California Department of Motor Vehicles with a subpoena duces tecum for the driver's license information of registered owners of vehicles Defendants seized pursuant to California Vehicle Code section 14602.6 ("November 2023 subpoena"). The DMV received the November 2023 subpoena on or about November 20, 2023. The records identified for production are:

> (1)    In its originally recorded form as electronic data, "License Data" (see paragraph 2 below) contained in the California Department of Motor Vehicles' "Vehicle/Vessel Registration Database" ("VVRD"), or other database(s) that provide(s) a record of vehicle ownership, both registered and legal. This database contains what the Department of Justice has described as "owner-as-of-information," i.e., vehicle ownership identity information as of a particular date.

(2) "License Data" refers to the driver's license number or identification number of the vehicle's registered owner(s) as of the date in each record for the vehicle identified in the attached Microsoft Excel files 00157077.XLSX, 00157078.XLSX, 00157079.XLSX.

    a.  For file 00157079.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number [is] recorded in column "LICENSE" (column H of file 00157079.XLSX).

    b.  For file 00157079.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE_OUT" (columns B and C), the License Data addresses(s) recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157079.XLSX).

    c.  For file 00157078.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 180" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157078.XLSX).

    d.  For file 00157078.XLSX, the subpoena seeks, as of the date stated in the columns "DATE-IN" and "DATE 180" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157078.XLSX).

3

STIPULATION RE COMPLIANCE AND PROTECTIVE ORDER (EDCV14-2257 JGB (SPx))

**EXHIBIT 11**

e.   For file 00157077.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J), the License Data recorded in VVRD of the vehicle's registered and legal owner(s) where the vehicle's license number recorded in VVRD, matches to the vehicle's license number recorded in column "LICENSE" (column H of file 00157077.XLSX).

f.   For file 00157077.XLSX, the subpoena seeks, as of the date stated in the columns "DATE_IN" and "DATE 30" (columns B and J), the License Data recorded in VVRD of the vehicle's registered owner(s) where the vehicle's VIN recorded in VVRD, matches to the vehicle's VIN recorded in column "VIN" (column I of file 00157077.XLSX).

Files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX are included with this subpoena in the thumb drive (USB 2.0) in the envelope attached to this subpoena.

The Ownership Data should be produced in its electronic form and exported to an ODBC data file (e.g., Microsoft Access, Microsoft Excel, etc.). The subpoena does not seek production of paper records or paper print-outs of Ownership Data; the subpoena seeks the Ownership Data as electronic data. It is expected that the deponent will use programming to match records in files 00157077.XLSX, 00157078.XLSX and 00157079.XLSX with records in VVRD that reflect the requested Ownership Data.

Plaintiffs will pay the reasonable costs of programming to produce the requested data.

3.    Plaintiffs have identified a total of **34,864** vehicles in the three Microsoft Excel Files (00157077.XLSX, 00157078.XLSX, 00157079.XLSX) provided to the DMV's counsel via email on August 24, 2023 and September 22, 2023. Each vehicle is identified by license plate number, vehicle identification numbers, make and model, and time frames of the ownership information sought. File 00157077.XLSX is comprised of an Excel spreadsheet identifying **19044** vehicles. File 00157078.XLSZ is comprised of an Excel spreadsheet that identifies **5905** vehicles. File 00157079.XLSX is comprised of an Excel spreadsheet that identifies **9915** vehicles. Plaintiffs represent that the driver's license information sought in the November, 2023 subpoena is for the purpose of determining and notifying the class members and calculating the damages award for each class member.

4.    The DMV is generally prohibited from disclosing personal information, including driver's license information, by California Vehicle Code section 1808.21, subdivision (a), but section 1808.22 allows exceptions for attorneys. Pursuant to section 1808.22, an attorney is allowed to access the DMV's database if the attorney states the information is necessary in order to represent a client "in a criminal or civil action that directly involves the use of the motor vehicle or vessel that is pending, is to be filed, or is being investigated." The DMV contends that pursuant to Article 13 of the California Code of Regulations, sections 350.16, subdivision (a), 350.22, subdivision (a) and 350.24, and Vehicle Code section 1819.2, subdivision (c), in order to obtain this information, an attorney must first submit an application to open a Commercial Requestor Account, which must include certain basic information, and remit a filing fee of $250, and post a $50,000 bond upon approval of the application.

5.    On or about November 2, 2023, Plaintiffs' counsel submitted a signed Commercial Requestor Code Application seeking access to the VR Registration database via the VR Overnight Batch Inquiry program to obtain the residential addresses of registered owners, determined by Plaintiffs' counsel to be relevant and

STIPULATION RE COMPLIANCE AND PROTECTIVE ORDER (EDCV14-2257 JGB (SPx))

material to the above entitled action, of 34,864 vehicles identified in its three Microsoft Excel Files (00157077.XLSX, 00157078.XLSX, 00157079.XLSX). The Commercial Requestor Code Application submitted on November 2, 2023 did not request any driver's license information and in fact indicates that in response to Section F, question 2 as to whether the applicant was interested in other electronic information access directly from the DMV, Plaintiffs' counsel indicated. "No. Not at this time but after receipt of the VR info, will be seeking DL info" and in response to the Section G, question 1 asking the applicant to identify the purpose and type of information request, Plaintiff's counsel only indicated "VR" and "Residence address requested", and did not identify "DL".

6.     On or about November 9, 2023, the DMV mailed Plaintiffs' counsel a Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and activated and the commercial requestor code issued to Plaintiffs' counsel.

7.     On November 16, 2023, the DMV's counsel provided Plaintiffs' counsel a copy of the Vehicle Registration Non-Urgent Inquiry Manual, bates stamped DMV Brewster 1 through 119.

8.     On November 17, 2023, the DMV's counsel emailed Plaintiffs' counsel: (a) a courtesy copy of the Notice of Requestor Account Approval Letter that indicated the Commercial Requestor Account had been opened and the commercial requestor code; (b) a copy of the DMV's Secure File User Manual; and (c) a Secure File Transfer Application Non-EPN form.

9.     On November 21, 2023, Plaintiffs' counsel provided a completed and signed Secure File Transfer Application Non-EPN form.

10.   On November 29, 2023, DMV's counsel provided Plaintiffs' counsel a user ID and temporary password to the DMV SFTC website, and instructions on how to access, login and change his password and to advise when his password has been completed.

11.   The DMV contends that the VR Registration database via the VR Overnight Batch Inquiry program is sufficient and that from December 8, 2023 through on or about December 28, 2023, through multiple emails, DMV personnel provided Plaintiffs' counsel with: direction on how to properly format the search inquiries; detailed explanations and instructions on how to correct improperly entered search queries; updated copies of the DMV's VR Registration Inquiry Manual for Batch (Overnight) Processing; detailed explanations answering his questions and that most of the records refer to VIN requests that do not exist in the DMV VR database; specific citations to the information by section and page numbers in the VR Registration manual that lists and describe the meaning of the error codes he received; detailed explanations on how to read the valid output record that he claims did not provide the registered owner information when it had; detailed explanations on how to understand the error messages using two examples of error messages that he received; and detailed explanations that if the format of the request was incorrect then the he would receive an error message for the entire inquiry. DMV personnel and DMV's counsel repeatedly explained to Plaintiffs' counsel that he was inputting License Plates and/or VINs that do not exist, not inputting the correct information to generate the information, and not using the manual provided to him to identify the error codes for further explanation. DMV personnel repeatedly explained to Plaintiffs' counsel the errors with his search inquiries and submissions, and instructions on how to correct the errors. For example, the DMV personnel also identified that most of the errors had to do with license plates being inputted as the incorrect type of license plate, and that every plate in the DMV database has different file codes. But Plaintiffs' counsel refused to correct and resubmit the search inquiries as explained and instructed by DMV personnel.

Plaintiffs disputes that foregoing contention and contends the VR Registration database via the VR Overnight Batch Inquiry program is insufficient.

7

12.   In addition, on December 28, 2023, DMV personnel and the DMV's counsel met with Plaintiffs' counsel via telephone to answer his questions and to assist him with his search inquiries. Plaintiffs' counsel insisted that specialized programming would be required to obtain the ownership information he seeks.

13.   On January 23, 2024, the DMV provided Plaintiffs with a list of vendors that the DMV has worked with in the past to aid authorized users, such as attorneys, to perform searches using the VR Overnight Batch Inquiry program, VR Direct Online Access program, and the SFT/FTP Driver's License Overnight Batch program.

14.   On January 24, 2024, the DMV offered Plaintiffs' counsel the option of changing Plaintiffs' Commercial Requestor Account to permit inquiries using the VR Direct Online Access program rather than the VR Overnight Batch Inquiry program, which was opened on or about November 17, 2023 and that Plaintiffs' counsel had been using to perform their inquiries. On January 25, 2024, Plaintiffs' counsel elected to continue to use the VR Overnight Batch Inquiry program.

15.   In the regular course of the DMV's business, the VR Registration database using either the VR Direct Online Access program and VR Overnight Batch Inquiry program, does not provide driver's license number information to commercial requestors, the public or attorneys; the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program provides driver's license number information to commercial requestors.

16.   In his effort to obtain the most current contact information of class members, in addition to other resources available to Plaintiffs such as Google, private investigators, Lexis and Westlaw, Plaintiffs seek access to the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, which requires the input of the driver's license number and the first three letters of the last name of the individual sought provided the individual's last name has three or more letters pursuant to Vehicle Code.

**JOINT STIPULATION**

In recognition of the foregoing facts, to aid in Plaintiffs' efforts to obtain information concerning the most current addresses of the relevant registered owners of the 34,864 vehicles identified in its three Microsoft Excel Files 00157077.XLSX, 00157078.XLSX, and 00157079.XLSX, and based on their thorough review of the July 22, 2019 Order, the Parties hereby stipulate that full compliance with the July 22, 2019 Order and November, 2023 subpoena seeking shall be accomplished as follows:

1.    Plaintiffs will undertake their own efforts, such as using a private investigator or legal research databases, such as Lexis, Westlaw, or Google, to obtain the driver's license numbers of the registered owners of the 34,864 vehicles identified in its three Microsoft Excel Files 00157077.XLSX, 00157078.XLSX, and 00157079.XLSX that have resulted from Plaintiffs' inquiries using the VR Registration database via the VR Overnight Batch Inquiry program.

2.    **Procedure to Access the Driver License Volume Requestor Database:** To obtain access to the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, Plaintiffs and Plaintiffs' counsel shall comply with the procedures and information disclosures required in opening such an account, including but not limited to completing and signing a new Commercial Requestor Application, which provides the information described in California Code of Regulations title 13 sections 350.16 and 350.18, and submitting it to the DMV's counsel via email. The Commercial Requestor Account Application was provided to Plaintiffs' counsel on September 22, 2023, and is available to the public at the URL address https://www.dmv.ca.gov/portal/uploads/2023/07/INF-1106-R11-2006-AS-WWW.pdf

**Stipulation re Terms**

STIPULATION RE COMPLIANCE AND PROTECTIVE ORDER (EDCV14-2257 JGB (SPx))    **EXHIBIT 11**

3.    Plaintiffs and Plaintiffs' counsel are not required to pay the $50,000 bond or the $250 application fee that would ordinarily be required to open a Commercial Requestor Account and be issued a requestor code;

4.    As required by the Order, the DMV must be paid $2.00 per record that would ordinarily be required for issuance of the subject information via the Commercial Requestor Account. Plaintiffs' counsel shall remit payment of $2.00 per driver's license record for each vehicle identified in its three Microsoft Excel Files (00157077.XLSX; 00157078.XLSZ; 00157079.XLSX) or remit payment of **$69,728** via check made payable to the Department of Motor Vehicles for the **34,864** vehicles identified in the three Microsoft Excel files, and mailing it to:

Attn: Jerry Zielinski/Paul Yim, Department of Motor Vehicles  - AMU
C/O AARON FLORES
2570 24th Street, M/S H264
Sacramento, CA  95818.

Upon mailing the check for **$69,728** to the DMV, Plaintiffs' counsel will send proof of mailing the check to DMV's counsel via email. Within **ten (10) court days** of the DMV's receipt of the check for **$69,728** made payable to the Department of Motor Vehicles and a completed and signed Commercial Requestor Account Application, the Department of Motor Vehicles will open a new Commercial Requestor Account, which permits Plaintiffs' counsel to access the Driver License Volume Requestor Database using the SFT/FTP Driver's License Overnight Batch program, and issue Plaintiffs' counsel a unique requestor code to obtain the most current contact information of the registered owners of the **34,864** vehicles, only, identified in its three Microsoft Excel Files (00157077.XLSX; 00157078.XLSZ; 00157079.XLSX). Plaintiffs' counsel shall determine the ownership information relevant and material to the litigation. Plaintiffs' counsel shall employ a vendor identified on the vendor list, which was provided to Plaintiffs' counsel, *supra,* at paragraph 11*,* and pay for the costs of the vendor's

1    service(s) should Plaintiffs' counsel experience difficulty in conducting the

2    inquiries.

3          5.     After Plaintiffs' counsel has obtained the ownership information for the

4    **34,864** vehicles identified in its three Microsoft Excel Files (00157077.XLSX,

5    00157078.XLSX, 00157079.XLSX), Plaintiffs' counsel shall notify the DMV's

6    counsel via email and the DMV will deactivate the unique requestor code issued to

7    Plaintiffs' counsel and close the Commercial Requestor Account that permits

8    Plaintiffs' counsel to access the Driver License Volume Requestor Database using

9    the SFT/FTP Driver's License Overnight Batch program, within five (5) court days;

10         6.     The DMV will produce a copy of the Volume Requester – Driver License

11   Inquiries bates stamped DMV - Brewster 120 through 127.

12         7.     This stipulation cannot be used as evidence in this or any other

13   proceeding to support a motion to compel discovery.

14         8.     The information disclosed by the DMV pursuant to the foregoing process

15   is designated as confidential, shall be kept confidential and its use limited to the

16   Parties' attorneys, their legal staff, data consultants, vendor(s), and class

17   administrator. Counsel for the Parties shall inform their legal staff, data consultants

18   and class administrator(s) of the terms of this stipulation and protective order, and

19   document and maintain the names of the data consultants and class administrator(s)

20   who were provided access to the information subject to this stipulation and

21   protective order. The information shall be used for the purposes of this litigation

22   only, and shall be destroyed at the conclusion of this litigation. The July 22, 2019

23   Order does not require the individual confidentiality agreements for each record

24   provided that would otherwise be required by Vehicle Code section 1808.22,

25   subdivision (d).

26         9.     Breach of the terms of this Stipulation entitles, the non-breaching party to

27   seek monetary sanctions against the breaching party in an amount of no less than

28   the attorneys' fees and costs incurred in responding to the November 2023

**Stipulation re Terms**                    **-200-**

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))                                       **EXHIBIT 11**

1    subpoena, including all time spent during meet and confer conferences, the

2    preparation of this Stipulation, the preparation of opposition briefs seeking to

3    compel compliance, for issuance of monetary sanctions, to quash, or for protective

4    order pertaining to the November 2023 deposition subpoena.

5         10.   Plaintiffs and the DMV request that the Court issue a protective order in

6    the form submitted with this Stipulation, compelling production of the information

7    subject to the July 22, 2019 Order and sought in the subpoena issued November,

8    2023 but as limited by the proposed protective order.

9         SO STIPULATED.

10

11   Dated: _____, 2024

12                                                McLANE, BEDNARSKI & LITT, LLP
                                                  DONALD W. COOK, ATTORNEY AT LAW
13                                                SCHONBRUN, SEPLOW, HARRIS,
                                                  HOFFMAN & ZELDES

14

15

16                                                DONALD W. COOK
                                                  Attorneys for Plaintiffs Lamya
17                                                Brewster, Elias Arizmendi, and Julian
                                                  Vigil, et al., as individuals and as class
18                                                representatives

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| 1 | Dated: _____, 2024 | HYDEE FELDSTEIN SOTO |
| 2 | | City Attorney of Los Angeles |
| | | GABRIEL S. DERMER |
| 3 | | Assistant City Attorney |
| | | JOSEPH S. PERSOFF |
| 4 | | Deputy City Attorney |

Dated: _____, 2024

HYDEE FELDSTEIN SOTO
City Attorney of Los Angeles
GABRIEL S. DERMER
Assistant City Attorney
JOSEPH S. PERSOFF
Deputy City Attorney

GABRIEL S. DERMER
Assistant City Attorney
JOSEPH S. PERSOFF
Deputy City Attorney, *Attorneys for Defendants*

Dated: February 14, 2024

ROB BONTA
Attorney General of California
GARY BALEKJIAN
Supervising Deputy Attorney General

LORINDA D. FRANCO
Deputy Attorney General
*Attorneys for Non-Interested Party California Department of Motor Vehicles*

LA2018502809 66576677.docx

**Stipulation re Terms**

STIPULATION RE COMPLIANCE AND
PROTECTIVE ORDER (EDCV14-2257 JGB
(SPx))
**EXHIBIT 11**

# EXHIBIT 12

**DONALD W. COOK**
*Attorney at Law*
3435 Wilshire Blvd., Ste. 2910, Los Angeles, CA 90010
(213) 252-9444 / (213) 252-0091 facsimile

Donald W. Cook
‾‾‾‾‾

February 9, 2024

**Via Email (lorinda.franco@doj.ca.gov) & facsimile (916) 731-2119**

Lorinda D. Franco
Deputy Attorney General
300 S. Spring St., Ste. 1702
Los Angeles, CA 90013

    Re:    *Lamya Brewster et al. v. City of Los Angeles et al.*
           U.S. District Court Case No. 5:14-cv-2257 JGB (SPx)

Dear Ms. Franco:

    This is in response to your email of February 8, 2024.

    I was already aware that the VR Direct Online Access and VR Overnight Batch Inquiry program does not generate a registered owner's driver's license / identification number when recorded in VVRD. All one needs to do is read the Vehicle Registration Inquiry Manual. Moreover, William Cavino verified the point in his 12/18/23 email to me (you were cc'd on the email) when he provided a sample DMV output file generated by the VR overnight batch process. I also told you this in numerous communications with you, both in writing and when we spoke on January 25. It is because the batch process and direct online access were never programmed to return the owner's driver's license or identification number that another method must be used. And then there is the additional issue that the batch inquiry program will ***not*** provide VVRD historical ownership data for vehicles that can no longer be titled. Because half or more of the 35,000 class members' vehicles are no longer capable of being titled (because in the years since the vehicles were impounded they were disposed of in a junk yard or sold for scrap metal, e.g., Ms. Brewster's Impala as one example) the batch process is *not* an acceptable means for obtaining the data Plaintiffs subpoenaed. (By "data," I mean vehicle owners' name and address along with their driver's license / identification number as recorded in VVRD.)

    You are also ignoring the significance of obtaining license / identification numbers from VVRD. When recorded in VVRD, the ***license / identification number is matched to the registered owner by his or her name.*** Thus, by obtaining the license / identification number ***from VVRD*** (again, when it is recorded in VVRD) Plaintiffs will have a unique identifier for the *Brewster* class member that can then be used to retrieve from the driver license database, the class member's last known *current* address. Without a unique identifier known to belong to a *Brewster* class member, running a name in the driver license database does not insure you are getting the *current* address for the class member as many people share the same or similar name.

    As I have explained to you (most recently in our January 25 conference and repeated in Plaintiffs' portion of the L.R. 37-2 Stipulation you received on February 7) the solution is for the DMV to write a program that generates the requested data – including ownership data for vehicles that can no longer be titled – outside of the requester account process. I again refer you to Gerald Zielinski's 11/28/18 declaration and your colleague Audrey Egan's 11/9/18 email to me. As Mr. Zielinski has been subpoenaed for a deposition next week in the *Fitzpatrick* lawsuit, perhaps you can

Lorinda D. Franco
February 9, 2024
Page 2

use it as an opportunity to speak with Mr. Zielinski about using a programmer as he suggested in his 2018 *Gonzalez-Tzita* declaration. You should also review the declaration of Plaintiffs' data consultant Dwight W. Cook. *See* ECF 327 @ pp. 16-17 (¶19). As Plaintiffs are willing to pay for the programmer's time to write this program, this is what the DMV should do.

Finally, your suggestion that Plaintiffs should use Westlaw or Lexus to track down class members' identities and current addresses, is patently unworkable. I went through this with your office in the *Gonzalez-Tzita* litigation. The Westlaw / Lexus method cannot verify that a name and address is actually the name and address of a registered owner who is a *Brewster* class member; only the DMV data can do that. Additionally, using Westlaw / Lexus would have been prohibitively expensive and *extremely* time consuming to search for current addresses of only 1,500 class members (the number in *Gonzalez-Tzita*) because Westlaw / Lexus does not have the capability to conduct batch inquiries, whether pursuant to an already-programmed process or via *ad hoc* programming written specifically for the matter at hand.

Sincerely,

Donald W. Cook

DWC:ms

cc:    Supervising Deputy Attorney General Nancy James; Barrett S. Litt; Gabriel S. Dermer; Joseph S. Persoff.